Gary L. Bostwick (Bar. No. 79000)
gbostwick@B1Law.com
**BOSTWICK LAW**
12400 Wilshire Blvd., Ste. 400
Los Angeles, CA 90025
(310) 979-6059

Corey D. Silverstein (appearing *pro hac vice*)
corey@silversteinlegal.com
Kevin S. Toll (appearing *pro hac vice*)
kevin@silversteinlegal.com
**SILVERSTEIN LEGAL**
30150 Telegraph Rd., Ste. 444
Bingham Farms, MI 48025
(248) 290-0655

Lawrence G. Walters (appearing *pro hac vice*)
larry@firstamendment.com
**WALTERS LAW GROUP**
195 W. Pine Ave.
Longwood, FL 32750
(407) 975-9150

Attorneys for Defendant Tiger Media Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **ALS SCAN, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CLOUDFLARE, INC.**, et al.,<br><br>*Defendants*. | Case No. 2:16-cv-05051-GW-AFM<br><br>**Evidentiary Objections by Defendant Tiger Media Inc. to Plaintiff ALS Scan, Inc.'s Motion for Preliminary Injunction**<br><br>Date: October 3, 2016<br>Time: 8:30 a.m.<br>Place: Courtroom 10<br>Judge: Hon. George H. Wu |

Defendant Tiger Media Inc. hereby objects to the following evidence presented by Plaintiff ALS Scan, Inc.'s Motion for a Preliminary Injunction against Defendant Tiger set for hearing on Monday, October 3, 2016, at 8:30 a.m., before this Court.

Defendant Tiger will respectfully request the Court at the hearing on the Motion to sustain the above objections and to strike the evidence referred to below.

| **Proffered Evidence** | **Objection** | **Court Ruling** |
|---|---|---|
| 1. The entire Declaration of Eric Penn (Document 12) on each occasion where he concludes that images he saw were "stolen" or "infringed." | Legal conclusion; lacks foundation. | ☐ Sustained<br>☐ Overruled |
| 2. The entire Declaration of Steve Easton (Document 13) on each occasion where he concludes that a site is a "pirate" website. | Legal conclusion; lacks foundation; vague and ambiguous as to meaning of "pirate." | ☐ Sustained<br>☐ Overruled |
| 3. Declaration of Steve Easton (Document 13), 8:22–25, "At first, Juicy Jay's correspondence reflected a very cooperative attitude, one comporting with my understanding of what JuicyAds is required to do under the law and its own Terms, namely, terminate the accounts of any repeat infringer." | Lay opinion; not relevant; legal conclusion. | ☐ Sustained<br>☐ Overruled |

| | | | |
|---|---|---|---|
| 4. Any characterization of emails and other written documents testified to in the Declarations of Sarah Walsh (Document 11), Eric Penn (Document 12), and Steve Easton (Document 13). | Best evidence; documents speak for themselves. | ☐ ☐ | Sustained Overruled |
| 5. Declaration of Sarah Walsh (Document 11), 1:26–28, "ALS's receipts and net profits from exploitation of its proprietary content grew steadily and impressively from 1996 through about 2001. Since 2001 to the present, by contrast, those receipts and profits have decreased." | Lacks foundation; double hearsay; lay opinion. | ☐ ☐ | Sustained Overruled |
| 6. Declaration of Sarah Walsh (Document 11), 3:16–21, "I know from discussion with many adult industry executives and through personal observation that the pirates continuously steal copyrighted content to lure consumers, direct Internet traffic through banner advertisements, receive remuneration from the traffic networks or companies receiving the Internet traffic and then | Hearsay; lay opinion; lacks foundation. | ☐ ☐ | Sustained Overruled |

3

| | | | | |
|---|---|---|---|---|
| | repeat the cycle. In this fashion these networks engaging with the pirate sites keep the pirate sites in business." | | | |
| 7. | The entire Declaration of Sarah Walsh (Document 11) on each occasion where she refers to "pirate" websites. | Legal conclusion; lacks foundation; vague and ambiguous as to meaning of "pirate." | ☐ ☐ | Sustained Overruled |
| 8. | Declaration of Sarah Walsh (Document 11), 2:3–6, "I know from personal experience and numerous discussions with people in the adult industry that around this time consumers began to graduate from relatively slow dial-up Internet access to dedicated higher speed Internet connections." | Double hearsay; lacks foundation. | ☐ ☐ | Sustained Overruled |
| 9. | Declaration of Sarah Walsh (Document 11), 4:7–11, "Just as the emergence of file sharing sites like 'Napster' and 'Grokster' brought declining sales to the record industry, and just as pirate sites offering bootleg copies of movies have brought declining sales to the | Lacks foundation; lay opinion; speculation. | ☐ ☐ | Sustained Overruled |

| | | | |
|---|---|---|---|
| | movie industry, the same phenomena have brought declining sales and profits to the adult industry generally and ALS specifically." | | |
| 10. | Declaration of Eric Penn (Document 12), 12:7–9, "In fact, I located the existence of a number of the infringing sites that are listed in this declaration and in the Complaint through information I retrieved from juicyads.com." | Lacks foundation; vague and ambiguous as to which sites and how they were located. | ☐ Sustained<br>☐ Overruled |
| 11. | Declaration of Eric Penn (Document 12), 12:17–20, "Attached hereto as Exhibit 21 is a true and correct series of screen captures showing how I accessed the JuicyAds search utility, used it to find 'Free Porn Sex Videos' and an infringing ALS video on the site bearing the ALS watermark." | Mischaracterizes evidence; best evidence. | ☐ Sustained<br>☐ Overruled |

Dated: September 12, 2016

                                          Respectfully submitted,

By:  /s/Kevin S. Toll
KEVIN S. TOLL (appearing *pro hac vice*)
SILVERSTEIN LEGAL
*Attorneys for Defendant Tiger Media Inc.*

5