Jay M. Spillane (Bar No. 126364)
jspillane@spillaneplc.com
SPILLANE TRIAL GROUP PLC
468 N. Camden Drive, Second Floor
Beverly Hills, CA 90210
(424) 217-5980
(888) 590-1683 (fax)

Attorneys for Plaintiff ALS Scan, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>       Plaintiff,<br><br>  vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; OVH SAS, a French corporation; HEBERGEMENT OVH INC., a Québec provincial corporation; DOLPHIN MEDIA LTD., a Hong Kong company; HIVELOCITY VENTURES CORPORATION, a Florida corporation; STEADFAST NETWORKS, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>      Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>JOINT STATUS CONFERENCE REPORT<br><br>Date:  Nov. 28, 2016<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br>      350 W. 1st Street<br>Judge: Hon. George H. Wu |

1    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local

2    Rule 26-1, and the Court's October 20, 2016 order setting the Scheduling

3    Conference for November 28, 2016 at 8:30 a.m. (ECF No. 58), Plaintiff ALS

4    Scan, Inc. ("ALS") and Defendants Cloudflare, Inc. ("Cloudflare") and

5    Hivelocity Ventures Corporation ("Hivelocity") submit the following Joint

6    Status Conference Report.

7    Defendants' initial comment: In light of the current status of this case,

8    with the pleadings not yet settled and various defendants not yet served, and

9    consistent with the Court's comments at the October 24, 2016 hearing that the

10   Court was not expecting the parties to be able to address all of the Rule 26(f)

11   issues at this juncture, Defendants respectfully request the right to seek

12   modification or amendment of the below-referenced scheduling proposals, once

13   all parties have appeared and the pleadings have been finalized.

14   **Initial Disclosures**: Concerning Initial Disclosures under FRCP

15   26(a)(1)(A), the parties propose as follows:

16   Plaintiff's Position.  ALS proposes to exchange Initial Disclosures on

17   December 12, 2016.  ALS believes that the parties should reasonably be able to

18   draft, approve and send disclosures within three weeks of filing of this report.

19   ALS believes the Defendants' request for an exceptionally late initial disclosure

20   is inconsistent with their below request for an early and aggressive discovery

21   cutoff on "territoriality."

22   Defendants' Position.  Cloudflare proposes to exchange Initial

23   Disclosures on December 20, 2016.  Hivelocity proposes to exchange Initial

24   Disclosures on January 11, 2017.  ALS's proposed date is problematic due to

25   the unavailability of Hivelocity's outside counsel in December due to a pre-

26   scheduled trial in another matter in mid-December.

27   **Discovery**: The parties do not propose changes in the limitations on

28   discovery provided by law.

1   <u>Plaintiff's Position</u>.  ALS opposes discovery being conducted in phases
2   or limited or focused on particular issues.  ALS specifically opposes
3   Cloudflare's request to conduct a first discovery phase and "early" motion for
4   summary judgment focused exclusively on "extraterritoriality."  ALS believes
5   all of the sites in question were either primarily served in the US territory
6   and/or had copies served territorially on Cloudflare's CDN.  ALS will require
7   full discovery from Cloudflare regarding the parties with whom it contracted
8   and efforts to serve copies of infringing content in the US before it will be
9   prepared to oppose summary judgment on extraterritoriality or any other issue.
10  Cloudlare's DNS blocks information concerning the host and owners of pirate
11  sites, information that ALS needs to urgently discover.  ALS believes that
12  discovery should be open now and that the parties should file one MSJ.

13      <u>Cloudflare's Position</u>.  Cloudflare proposes that discovery be phased as
14  to the case against Cloudflare, to permit a brief discovery period limited to the
15  issue of the extraterritoriality of the alleged direct infringements upon which
16  ALS bases its contributory copyright infringement claim against Cloudflare.

17      Extraterritoriality is a threshold issue for all copyright claims, including
18  this one, because the U.S. Copyright Act is territorial and prohibits only
19  domestic acts of direct infringement.  Thus, an underlying act of direct
20  infringement occurring abroad cannot form the basis for a contributory
21  infringement claim – even where the contributory acts took place domestically.[1]
22  Some courts consider extraterritoriality a question of subject matter jurisdiction.

23
24  [1]    *See Subafilms Ltd. v. MGM-Pathe Comm'n Co.*, 24 F.3d 1088, 1093 (9th
    Cir. 1994); *Perfect 10 v. Yandex*, 962 F.Supp.2d 1146, 1157-58 (N.D. Cal.
25  2013) (granting summary judgment for a defendant internet service provider on
26  secondary infringement claims, where the underlying directly infringing adult
    images were hosted on origin servers located abroad, because "[f]or
27  contributory infringement, the servers that matter are the servers where the
    underlying direct infringement [] occurred.  . . . the underlying direct
28  infringements [must have] occurred in the United States.").

1    *See, e.g.*, *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d
2    1073, 1097 (C.D. Cal. 2003); *see also Palmer v. Braun*, 376 F.3d 1254, 1258
3    (11th Cir. 2004).  Other courts consider extraterritoriality a required element of
4    a copyright claim.  *See, e.g., Litecubes, LLC v. Northern Light Products, Inc.*,
5    523 F.3d 1353, 1368 (Fed. Cir. 2008); *Shropshire v. Canning*, 809 F. Supp. 2d
6    1139, 1141 (N.D. Cal. 2011) (following *Litecubes*).  The Ninth Circuit has not
7    yet ruled on this precise issue, though the trend in decisions seems be in favor
8    of finding territoriality to be an element of the claim.  Either way, territoriality
9    of the underlying direct infringements (or lack thereof) is a gating item here and
10   should be taken up before reaching the merits.

11        Here, Cloudflare's preliminary investigations have revealed that all or
12   nearly all of the domains ALS Scan alleges to be direct infringers in the Second
13   Amended Complaint are hosted by others on origin servers located outside the
14   United States.  Thus, ALS's contributory infringement claim against Cloudflare
15   is not cognizable under the Copyright Act.

16        Cloudflare anticipates that the extraterritoriality issue will dispose of all,
17   or nearly all, of the case against Cloudflare, thereby vastly narrowing or
18   eliminating the need for discovery or motion practice on other issues, such as
19   copyright ownership, registration and chain of title, infringement liability,
20   DMCA safe harbor, Plaintiff's entitlement (or lack thereof) to statutory
21   damages, and the like.  Discovery on extraterritoriality will be minimal and
22   expeditious – Cloudflare need only produce the names of the server hosts of the
23   domains at issue, and the corresponding IP addresses of those domains, which
24   Cloudflare will do expeditiously.  Publicly available IP address lookup tools
25   can confirm the geographic location of the servers corresponding to these IP
26   addresses.  Cloudflare has proposed an initial two-month period for discovery
27   limited to extraterritoriality issues only, which will allow ALS (and Cloudflare)
28

1 to ask extraterritoriality-related questions and seek extraterritoriality-related
2 documents.
3        Should the Court wish to receive separate briefing on the issue of phasing
4 discovery to consider extraterritoriality first, Cloudflare would be happy to
5 provide it on an abbreviated and expedited basis.
6        Hivelocity's Position.  Hivelocity does not oppose Cloudflare's position.
7 **Dispositive Motions**:
8        Plaintiff's Position.  ALS opposes phased or sequential motions for
9 summary judgment or adjudication.  ALS specifically opposes an "early" MSJ
10 on extraterritoriality for the reasons stated above.  ALS urges that the
11 defendants are entitled to one MSJ and ALS reserves all rights under FRCP
12 56(d).
13       Cloudflare's Position.  As referenced above, Cloudflare proposes that it
14 be permitted to file an early Rule 56 motion for summary judgment, or in the
15 alternative Rule 12(b)(1) motion to dismiss for lack of subject matter
16 jurisdiction, on the issue of extraterritoriality.  If Cloudflare prevails on this
17 issue, it will dispose of all or nearly all of the case against Cloudflare.
18 Resolving this issue as a threshold matter, in the first quarter of 2017, will
19 conserve the parties' resources and minimize the burdens on this Court.
20       Should this motion not dispose of the entire case against Cloudflare,
21 Cloudflare proposes a regular motion cutoff for all other dispositive motions of
22 May 3, 2018.  At that time, Cloudflare anticipates filing at least two motions for
23 summary judgment, on liability and DMCA safe harbor grounds.
24       Hivelocity's position.  Hivelocity does not oppose Cloudflare's request to
25 file an early dispositive motion, nor Cloudflare's request to file more than one
26 summary judgment motion.
27
28

**Other Motions:**  The parties anticipate moving the Court for entry of a Protective Order governing the exchange of confidential and highly confidential information.

**ESI and Privilege**: The parties do not believe that the case involves special or difficult issues concerning electronically stored information or privilege.

**Complex Litigation**: The parties do not believe that the Manual For Complex Litigation should be utilized.

**ADR:** The parties select ADR Procedure No. 3 (private mediator).

**Status of Pleadings (Domestic Defendants):**  ALS represents that: Hivelocity filed an Answer.  ECF No. 56.  Steadfast has been served and ALS has requested a clerk's default on Steadfast.  ECF Nos. 61, 65.  The only claim against Cloudflare in the Second Amended Complaint is for contributory infringement, which the Court has already ruled states a claim, thus ALS is expecting Cloudflare to file an Answer.

**Service on Foreign Defendants:**

Plaintiff's position.  There are three foreign defendants specifically named in the Second Amended Complaint, the OVH Companies and Dolphin. ALS is in the process of serving those Defendants under Rule 4.

The defense seeks a distant trial date in part relying on anticipated delays involving service, possible motions to dismiss, etc. regarding the foreign defendants.  ALS desires the earliest possible trial date.  If serving and obtaining responses from the foreign defendants does unduly elongate administration of the case, ALS may request that the case be severed for a separate trial as to those defendants.  If the Court is unwilling to entertain such a motion, ALS may dismiss the foreign defendants without prejudice and name those defendants, potentially along with other presently unknown parties, in a separate action and file a notice of related case.

1    Defendants' Position.  It is unclear why ALS has not made meaningful

2    progress in serving the foreign defendants in the more than five months that

3    have passed since ALS filed this action.  ALS's stance that it should receive a

4    trial date less than eight months from now because it "might" choose to dismiss

5    these foreign defendants is immaterial.  As of now, these foreign defendants are

6    in the case, and based on ALS's representations below, ALS may add even

7    more foreign defendants to the case in the future.  ALS is the master of its

8    complaint and chose to file a cumbersome, multi-defendant action with multiple

9    foreign parties.  A realistic case schedule should be set based on the current

10   parties and pleadings, and if ALS subsequently elects to narrow its case and

11   dismiss parties or claims, the schedule can be revisited at that time.

12   **Additional Parties:**

13   Plaintiff's position.  ALS is not aware of the identity of certain hosts and

14   owners of the sites identified in the Second Amended Complaint, largely

15   because they use Cloudflare for DNS services and thus their names are not

16   accessible through public domain lookup services.  ALS will serve discovery on

17   Cloudflare to learn the names of these parties.  ALS will either file and serve

18   Doe amendments specifically naming these parties in this action when their

19   identities are learned, or file a separate action naming those parties with a notice

20   of related case.  Again, ALS would be inclined toward the second option if

21   naming Doe defendants in this action is going to unduly extend the trial date.

22   Defendants' position.  Defendants submit that ALS's intention to add yet

23   more defendants to this six-defendant case underscores why ALS's proposed

24   case schedule is infeasible and unworkable, and requests that the Court adopt

25   Defendants' proposed schedule instead.  Even with the three existing and as-

26   yet-unserved foreign defendants, hailing from Canada, France and Hong Kong,

27   ALS's proposed schedule of less than eight months to trial is impractical.

28   Indeed, these defendants do not even have the opportunity to have their voices

Joint Status Conference Report

heard in connection with this case scheduling conference (if there is even personal jurisdiction over them in the first place).

Cloudflare will provide Plaintiff with the identities of the origin server hosts of the domains at issue in the case against Cloudflare, as listed in paragraph 55 of the Second Amended Complaint.  Indeed, Cloudflare would have done so months ago per Cloudflare's usual DMCA policy and practice, had Plaintiff sent Cloudflare valid and properly directed DMCA notices in the first place.  *See* Cloudflare Support, "How do I file a DMCA complaint?", *available at* https://support.cloudflare.com/hc/en-us/articles/200167716-How-do-I-file-a-DMCA-complaint ("All DMCA complaints **must be** submitted to the **DMCA form** … When presented with a valid complaint we can provide who the web hosting provider is for the site in question.").

**Other Matters**: N/A

**Case Schedule**.  The parties propose the following case schedules:

ALS:

| Non-expert discovery cutoff | April 1, 2017 |
|---|---|
| Exchange expert reports under FRCP R. 26(a)(2) | April 7, 2017 |
| Rebuttal expert reports | April 21, 2017 |
| Expert discovery cutoff | May 5, 2017 |
| Last day to file discovery motions and any other pretrial motion, including dispositive motions | May 8, 2017 |
| Final pretrial conference | June 26, 2017 |
| Jury trial (five day estimate) | July 10, 2017[2] |

[2]  ALS's owner and key witness Sarah Walsh has planned two out of country trips that render her unavailable starting July 24, 2017 and into September 2017.  ALS picked the July 10, 2017 trial date and related dates so that the case can be tried within one year of filing, and so that Ms. Walsh can appear at the

<u>Defendants:</u>

Defendants propose the following schedule, which they believe builds in sufficient time to finalize the pleadings, account for service of all named defendants, account for possible amendments to the pleadings or addition of parties to the case, to exchange necessary discovery, and to permit the orderly filing and adjudication of dispositive motions:

| | |
|---|---|
| Deadline for ALS to complete service on all named defendants, or to seek leave for an extension of this deadline upon a showing of reasonable diligence | January 31, 2017 |
| Expedited discovery cutoff for discovery pertaining to extraterritoriality issues only (for case against Cloudflare) | January 31, 2017 |
| Cloudflare's deadline to file its dispositive motion on extraterritoriality grounds | February 23, 2017 |
| Hearing on Cloudflare's extraterritoriality motion | March 23, 2017 |
| Regular fact discovery commences as to Cloudflare | March 24, 2017 |
| Deadline to amend pleadings or add parties | April 30, 2017 |
| Regular fact discovery cutoff for all parties | November 17, 2017 |

trial before she leaves.  If this trial date is not possible, the next available trial date for ALS would need to be no earlier than October 1, 2017.

| Deadline to exchange expert reports under FRCP R. 26(a)(2) on all issues on which the proffering party bears the burden of proof | December 15, 2017 |
|---|---|
| Deadline to exchange rebuttal expert reports | January 12, 2018 |
| Expert discovery cutoff | February 9, 2018 |
| Last day to file discovery motions | March 9, 2018 |
| Last day to file dispositive motions | May 3, 2018 |
| Final pretrial conference | August 7, 2018 |
| Jury trial (7-10 day estimate) | August 28, 2018 |

DATED:  November 21, 2016          SPILLANE TRIAL GROUP PLC

By: _____
          Jay M. Spillane
Attorneys for Plaintiff ALS Scan, Inc.

DATED:  November 21, 2016          QUINN EMANUEL URQUHART &
                                   SULLIVAN LLP

By: _____
          Rachel Herrick Kassabian
Attorneys for Defendant Cloudflare, Inc.

| Deadline to exchange expert reports under FRCP R. 26(a)(2) on all issues on which the proffering party bears the burden of proof | December 15, 2017 |
| --- | --- |
| Deadline to exchange rebuttal expert reports | January 12, 2018 |
| Expert discovery cutoff | February 9, 2018 |
| Last day to file discovery motions | March 9, 2018 |
| Last day to file dispositive motions | May 3, 2018 |
| Final pretrial conference | August 7, 2018 |
| Jury trial (7-10 day estimate) | August 28, 2018 |

DATED:  November 21, 2016          SPILLANE TRIAL GROUP PLC

By: _____
      Jay M. Spillane
Attorneys for Plaintiff ALS Scan, Inc.

DATED:  November 21, 2016          QUINN EMANUEL URQUHART & SULLIVAN LLP

By: _____
      Rachel Herrick Kassabian
Attorneys for Defendant Cloudflare, Inc.

07215-00001/8582297.1                    - 9 -

Joint Status Conference Report

1    DATED:  November 21, 2016          KRAMER HOLCOMB SHEIK LLP

2

3

4                                       By: _____
                                            John L. Holcomb
5                                           Shahrokh Sheik
                                        Attorneys for Defendant Hivelocity
6                                       Ventures Corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07215-00001/8582297.1                   - 10 -

Joint Status Conference Report