QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (Bar No. 191060)
rachelkassabian@quinnemanuel.com
Carolyn M. Homer (Bar No. 286441)
carolynhomer@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Cloudflare, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **ALS SCAN, INC.**, <br><br> Plaintiff, <br><br> vs. <br><br> **CLOUDFLARE, INC.**, et al, <br><br> Defendants. | Case No. 2:16-cv-05051-GW-AFM <br><br> **CLOUDFLARE, INC.'S ANSWER TO SECOND AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Defendant Cloudflare, Inc. hereby answers the Second Amended Complaint of ALS Scan, Inc. ("ALS") as follows:

## INTRODUCTORY STATEMENT

Cloudflare provides internet security and website optimization services with the goal of "building a better internet." Cloudflare offers protection against malicious attacks to the operators of over 4 million websites in virtually every industry, with customers as varied as the FBI, the Library of Congress, NASDAQ, large tech companies and various state governments. Cloudflare has been honored with many industry awards and accolades, including the Wall Street Journal Technology Innovation Award in 2011 and 2012, and the TechCrunch 2015 award for Best Enterprise Startup. A cyber-security innovator, Cloudflare's services add value to its customers, who already have complete existing websites including hosting facilities, Internet connectivity, and all the technical applications needed to run the websites.

In this case, adult publisher, pay site operator and content owner ALS tries to lump Cloudflare in as a co-defendant to a copyright dispute between itself and certain allegedly infringing adult website operators. ALS's lawsuit is baseless and misguided. Cloudflare does not operate any of the sites at issue, and Cloudflare's optimization and cyber-security services are not to blame for ALS's alleged harm. Cloudflare looks forward to vindicating its rights and defeating ALS's claims.

## RESPONSES TO SPECIFIC ALLEGATIONS

### Jurisdiction and Venue

1. Paragraph 1 consists entirely of legal conclusions to which no response is required.

2. Cloudflare admits that it conducts business activities in this District. The remainder of Paragraph 2 consists of legal conclusions to which no response is required.

**Nature of Action**

3. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 3's allegations and on that basis denies them.

4. To the extent Paragraph 4's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 4's allegations and on that basis denies them.

5. To the extent Paragraph 5's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 5's allegations and on that basis denies them.

6. To the extent Paragraph 6's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 6's allegations and on that basis denies them.

7. To the extent Paragraph 7's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 8's allegations and on that basis denies them.

8. To the extent Paragraph 8's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 8's allegations and on that basis denies them.

**Parties**

9. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 9's allegations and on that basis denies them.

10. Cloudflare admits that it is a Delaware corporation with its principal offices at 101 Townsend Street, San Francisco, CA, 94107, and that it provides a

variety of security and optimization services to customers, including "content delivery network" services. Except as expressly admitted, Cloudflare denies the remainder of the allegations of Paragraph 10.

11. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 11's allegations and on that basis denies them.

12. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 12's allegations and on that basis denies them.

13. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 13's allegations and on that basis denies them.

14. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 14's allegations and on that basis denies them.

15. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 15's allegations and on that basis denies them.

16. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 16's allegations and on that basis denies them.

17. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 17's allegations and on that basis denies them.

**ALS Background**

18. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 18's allegations and on that basis denies them.

19. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 19's allegations and on that basis denies them.

20. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 20's allegations and on that basis denies them.

21. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 21's allegations and on that basis denies them.

**The Challenge Posed By Infringement On the Internet**

22. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 22's allegations and on that basis denies them.

23. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 23's allegations and on that basis denies them.

24. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 24's allegations and on that basis denies them.

25. To the extent Paragraph 25's allegations are directed at Cloudflare, Cloudflare admits that its Terms of Service prohibit copyright and trademark infringement, and that Cloudflare reserves the right to (and does) terminate service in appropriate circumstances. Except as expressly admitted, Cloudflare denies the remainder of the allegations to the extent they are directed at Cloudflare. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 25's allegations and on that basis denies them.

26. To the extent Paragraph 25's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 25's allegations and on that basis denies them.

**Cloudflare**

27. Cloudflare admits the allegations of Paragraph 27.

28. Cloudflare admits the allegations of Paragraph 28.

29. Cloudflare admits the allegations of Paragraph 29.

30. Cloudflare admits that it offers content delivery network services to customers, that Cloudflare protects over 4 million websites using its global network which spans 86 cities across 45 countries, and that Cloudflare's CDN automatically caches customers' static files at Cloudflare's edge nodes so these files are stored closer to customers' visitors while delivering customers' dynamic content directly from their web servers. Cloudflare further admits that Cloudflare then uses a

technology called Anycast to route customers' visitors to the nearest data center, and that the result is that customers' websites, on average, load two times faster regardless of visitors' location. Except as expressly admitted, Cloudflare denies the remainder of the allegations of Paragraph 30.

31. Cloudflare admits that it offers proxy services to customers, meaning that an IP address lookup for Cloudflare customers using these services will trace to a Cloudflare IP address rather than the customer's host server IP address, thereby reducing or averting DDOS attacks. (A DDOS attack is where the attacking machines use the public domain name service (DNS) to look up the IP address that hosts a customer's domain (*i.e.* www.sample.com) and send their traffic to that machine hoping to shut it down. If an attacker tries to take down a customer's site, its traffic will go to Cloudflare machines around the world instead of directly to the customer's web server. The Cloudflare network therefore acts as a filter to block bad traffic and only send legitimate traffic through to the customer's origin server.) Cloudflare further admits that without this proxy service, hackers and cybercriminals would be able to more easily attack customers directly. Cloudflare further admits that it processes valid notices of infringement, including by providing the host server's identity to copyright holders, and that it is unable to remove allegedly infringing content from third party sites. Except as expressly admitted, Cloudflare denies the allegations in Paragraph 31, including the allegation that Cloudflare conceals the identity of "pirate" sites "from copyright owners," which is utterly false.

32. Cloudflare admits the allegations of Paragraph 32.

33. Cloudflare admits its Terms of Service retain the right to modify its customers' sites with respect to functions such as image compression or insertion of code in order to improve page load performance. Cloudflare admits the quoted language in Paragraph 33 appears in its Terms of Service. Except as expressly admitted, Cloudflare denies the remainder of the allegations of Paragraph 33.

34. Cloudflare admits its website displays the phrase "Growing Global Network Built for Scale: 10 Tbps Capacity and 101 Data Center Global Footprint." Except as expressly admitted, Cloudflare denies the remainder of the allegations in Paragraph 34.

35. Cloudflare admits that its website states, "Everyone's Internet application can benefit from using Cloudflare. Pick a plan that fits your needs." Cloudflare further admits that it offers a free plan ($0/month), a Pro plan ($20/month) and a Business plan ($200/month). Except as expressly admitted, Cloudflare denies the remaining allegations of Paragraph 35.

36. Cloudflare admits that it received defective and mis-directed purported allegations of infringement from Mr. Easton, which claimed to have been sent on behalf of ALS Scan. Except as expressly admitted, Cloudflare denies the remainder of the allegations in Paragraph 36.

37. Cloudflare denies the allegations of Paragraph 37.

38. Cloudflare admits that prior to entering an appearance in this case, it engaged in a protected settlement communication with ALS Scan's counsel pursuant to Federal Rule of Evidence 408. Other than as expressly admitted, Cloudflare denies the remaining allegations of Paragraph 38.

39. Cloudflare admits that an internet search reveals numerous websites associated with the phrase "Pirate Bay." Without a specific domain name, which is not alleged, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 39's allegations and on that basis denies them.

40. Cloudflare admits that the Digital Citizens Alliance published a factually inaccurate and unsupported report referencing (1) hosting companies and (2) content delivery network companies (including Cloudflare). Except as expressly admitted, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 40's allegations and on that basis denies them.

41. To the extent Paragraph 41 consists of factual allegations, Cloudflare denies them. The remainder of Paragraph 41 consists of legal conclusions to which no response is required.

**OVH Companies**

42. Cloudflare admits that in the rare instance that ALS sent Cloudflare an allegation of infringement via Cloudflare's required abuse webform, Cloudflare processed it and provided ALS with the name of the server host of the third party website in question. Cloudflare denies that it "stonewalled" Mr. Easton. Except as expressly admitted, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 42's allegations and on that basis denies them.

43. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 43's allegations and on that basis denies them.

**Dolphin**

44. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 44's allegations and on that basis denies them.

45. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 45's allegations and on that basis denies them.

46. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 46's allegations and on that basis denies them.

**Hivelocity**

47. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 47's allegations and on that basis denies them.

48. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 48's allegations and on that basis denies them.

**Steadfast**

49. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 49's allegations and on that basis denies them.

**Notifications of Infringement of ALS's Copyrights and Trademarks**

50. Cloudflare admits that it has received defective and mis-directed purported allegations of infringement from Steve Easton claiming to be sent on behalf of ALS Scan. Except as expressly admitted, Cloudflare denies the remaining allegations of Paragraph 50 with respect to Cloudflare. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 50's allegations and on that basis denies them.

51. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 51's allegations and on that basis denies them.

52. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 52's allegations and on that basis denies them.

53. Cloudflare admits that it received defective and mis-directed purported allegations of infringement from Mr. Easton claiming to be sent on behalf of ALS Scan, which notices contained links. Except as expressly admitted, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 53's allegations and on that basis denies them.

54. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 54's allegations, which contain no specific references to Cloudflare, and on that basis denies them.

55. Cloudflare admits that it received defective and mis-directed purported allegations of infringement from Mr. Easton claiming to be sent on behalf of ALS Scan, one or more of which notices referenced the following domains: bestofsexpics.com, cumonmy.com, fboom.me, greenpiccs.com, img.yt, imgchili.net, imgflash.net, imgsen.se, imgspice.com, imgspot.org, imgtrex.com, pornwire.net, slimpics.com, stooorage.com, vipergirls.to. Cloudflare admits that the operators of the following domains are Cloudflare customers: bestofsexpics.com, cumonmy.com, fboom.me, greenpiccs.com, img.yt, imgchili.net, imgflash.net, imgsen.se, imgspice.com, imgspot.org, imgtrex.com, pornwire.net, slimpics.com,

stooorage.com, vipergirls.to. Except as expressly admitted, to the extent that Paragraph 55's remaining allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 55's allegations and on that basis denies them.

56. Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 56's allegations and on that basis denies them.

57. To the extent Paragraph 57's allegations are directed at Cloudflare, Cloudflare admits that its Terms of Service prohibit copyright infringement, and that Cloudflare reserves the right to terminate service in appropriate circumstances; except as expressly admitted, Cloudflare denies the remainder of the allegations of Paragraph 57 to the extent they are directed at Cloudflare. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 57's allegations and on that basis denies them. The remainder of Paragraph 57 consists of legal conclusions to which no response is required.

58. To the extent Paragraph 58's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 58's allegations and on that basis denies them.

59. Cloudflare admits that it offers content delivery network services worldwide, including in the United States. Except as expressly admitted, to the extent Paragraph 59's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 59's allegations, and on that basis denies them.

60. Cloudflare admits that it is entitled to DMCA safe harbor pursuant to 17 U.S.C. § 512. Except as expressly admitted, to the extent Paragraph 60 contains factual allegations directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth

of Paragraph 60's allegations and on that basis denies them. The remainder of Paragraph 60 consists of legal conclusions to which no response is required.

### First Claim for Relief – Against Dolphin and Does 1-5
### Direct Copyright Infringement

61. Cloudflare incorporates by reference its answers to Paragraphs 1-60.

62. The allegations in Paragraph 62 are not directed at Cloudflare and thus no response is required.

63. The allegations in Paragraph 63 are not directed at Cloudflare and thus no response is required.

### Second Claim for Relief – Against All Defendants
### (other than Dolphin) and Does 6-10
### Contributory Copyright Infringement

64. Cloudflare incorporates by reference its answers to Paragraphs 1-63.

65. To the extent Paragraph 65's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 65's allegations and on that basis denies them. To the extent Paragraph 65 contains legal conclusions no response is required.

66. To the extent Paragraph 66's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 66's allegations and on that basis denies them. To the extent Paragraph 66 contains legal conclusions no response is required.

67. To the extent Paragraph 67's allegations are directed at Cloudflare, Cloudflare denies them. Otherwise, Cloudflare lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 67's allegations and on that basis denies them. To the extent Paragraph 67 contains legal conclusions no response is required.

**Third Claim for Relief – Against the OVH Companies,**

**Hivelocity, Steadfast and Does 6-10**

**Vicarious Copyright Infringement**

68. Cloudflare incorporates by reference its answers to Paragraphs 1-67.

69. The allegations in Paragraph 69 are not directed at Cloudflare and thus no response is required.

70. The allegations in Paragraph 70 are not directed at Cloudflare and thus no response is required.

**Fourth Claim for Relief – Against Dolphin and Does 1-5**

**Direct Trademark Infringement**

71. Cloudflare incorporates by reference its answers to Paragraphs 1-70.

72. The allegations in Paragraph 72 are not directed at Cloudflare and thus no response is required.

73. The allegations in Paragraph 73 are not directed at Cloudflare and thus no response is required.

**Fifth Claim for Relief – Against Dolphin and Does 1-5**

**Direct Trademark Counterfeiting**

74. Cloudflare incorporates by reference its answers to Paragraphs 1-73.

75. The allegations in Paragraph 75 are not directed at Cloudflare and thus no response is required.

76. The allegations in Paragraph 76 are not directed at Cloudflare and thus no response is required.

**Sixth Claim for Relief – Against the OVH Companies,**

**Hivelocity, Steadfast and Does 6-10**

**Contributory Trademark Infringement**

77. Cloudflare incorporates by reference its answers to Paragraphs 1-76.

78. The allegations in Paragraph 78 are not directed at Cloudflare and thus no response is required.

79. The allegations in Paragraph 79 are not directed at Cloudflare and thus no response is required.

## GENERAL DENIAL

80. Except as expressly admitted herein, Cloudflare denies each and every allegation of ALS's Second Amended Complaint, and specifically denies that it has infringed upon ALS's purported rights, or that ALS is entitled to any relief against Cloudflare.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Cloudflare does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

### First Affirmative Defense

ALS's Second Amended Complaint fails to state a cause of action against Cloudflare.

### Second Affirmative Defense

ALS's secondary copyright claims are not actionable under the United States Copyright Act, because the underlying direct infringements are extraterritorial.

### Third Affirmative Defense

ALS's claims are barred by the Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512, and Cloudflare is entitled to DMCA safe harbor from any monetary liability ALS seeks to impose by its copyright claims.

### Fourth Affirmative Defense

ALS's copyright claims are barred on the grounds that ALS has not received registration for the alleged copyrights as required by 17 U.S.C. § 411, or, in the alternative, ALS's claims are barred, in whole or in part, to the extent it seeks to enforce copyright registrations that contain misstatements or omissions that were material to the registrations and material to the purpose for which ALS invokes the registrations in this action.

### Fifth Affirmative Defense

ALS's claims are barred by the doctrine of fair use.

### Sixth Affirmative Defense

ALS's claims are barred by relevant statutes of limitations.

### Seventh Affirmative Defense

ALS's claims are barred by laches.

### Eighth Affirmative Defense

ALS's claims are barred by its failure to mitigate damages.

### Ninth Affirmative Defense

ALS's claims are barred by the First Amendment to the United States Constitution.

### Tenth Affirmative Defense

ALS's claims are barred by the doctrine of estoppel.

### Eleventh Affirmative Defense

ALS's claims are barred by the doctrines of consent, acquiescence, and license.

### Twelfth Affirmative Defense

ALS's claims are barred by the doctrine of unclean hands.

### Thirteenth Affirmative Defense

ALS's claims for statutory damages and attorney's fees are barred by 17 U.S.C. § 412.

### Fourteenth Affirmative Defense

ALS's claims for damages are limited by the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE, Cloudflare prays for judgment against ALS, as follows:

1. That judgment be entered in favor of Cloudflare and against ALS on ALS's Second Amended Complaint, and that ALS take nothing thereon;

2. That the Court grant Cloudflare an award of its reasonable attorneys' fees, costs and disbursements incurred in this action pursuant to statute, including but not limited to 17 U.S.C. § 505; and

3. That the Court grant Cloudflare such other and further relief as the Court deems just and proper.

Dated: December 2, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By *(signature)*
Rachel Kassabian

*Attorney for Defendant
Cloudflare, Inc.*