Jay M. Spillane (Bar No. 126364)
jspillane@spillaneplc.com
SPILLANE TRIAL GROUP PLC
468 N. Camden Drive
Second Floor
Beverly Hills, CA 90210
(424) 217-5980
(888) 590-1683 (fax)

Attorneys for Plaintiff ALS Scan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>          Plaintiff,<br><br>   vs.<br><br>CLOUDFLARE, INC., a Delaware corporation, et al.,<br><br>          Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANT STEADFAST NETWORKS, LLC**<br><br>Filed Concurrently: Request for Judicial Notice<br><br>Date: February 16, 2017<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br>          350 W. 1st Street<br>          Los Angeles, CA |

**Table of Contents**

SUMMARY OF OPPOSITION ............................................................................1

STATEMENT OF ALLEGED FACTS................................................................2

MOTION TO DISMISS STANDARDS ............................................................4

ARGUMENT ....................................................................................................5

   I.     ALS HAS PLAUSIBLY PLEADED A CLAIM AGAINST STEADFAST FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT..............................5

   II.    ALS HAS PLAUSIBLY PLEADED A CLAIM AGAINST STEADFAST FOR VICARIOUS COPYRIGHT INFRINGEMENT. ............7

     A.   ALS Has Plausibly Averred Right and Ability to Supervise...................8

     B.   ALS Has Plausibly Averred Direct Financial Benefit. ...........................8

   III.   ALS HAS PLAUSIBLY AVERRED CLAIMS FOR SECONDARY TRADEMARK INFRINGEMENT. ..................................................................9

CONCLUSION..................................................................................................9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Table of Authorities

**Cases**

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ........... 5, 7, 8

*BMG Rights Management (US) LLC v. Cox Communications, Inc.*,
149 F.Supp.3d 634 (E.D. Va. 2015).....................................................6

*BWP Media USA Inc. v. Hollywood Fan Sites LLC*, 115 F.Supp.3d 397
(S.D.N.Y. 2015) ...............................................................................6

*BWP Media USA, Inc. v. Hollywood Fan Sites, LLC*, 69 F.Supp.3d 342
(S.D.N.Y. 2014) ...............................................................................7

*Capitol Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703 (S.D.N.Y. 2014)....6

*Columbia Pictures Industries Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013)......6, 8

*Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004) ...........................................7

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159
(2d Cir.1971) ...................................................................................5

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980
(9th Cir. 1999) ..............................................................................9

*Perfect 10 v. Amazon, Inc.*, 508 F.3d 1146 (9th Cir. 2007)..............................1, 5

*Perfect 10 v. Visa Intern. Service Ass'n*, 494 F.3d 788 (9th Cir. 2007) ..............8

Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378 (9th Cir.1984) ..........................9

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ....................................................4

*Viacom Intern. Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012).................5, 7

*Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163 (9th Cir. 2013) .....................4

**Statutes**

*17 U.S.C. § 106* .....................................................................................1, 5

17 U.S.C. § 512 ......................................................................................1, 6

*17 U.S.C. § 512(i)* ..................................................................................1, 7

**Rules**

*Fed R. Civ. P. 12(i)* ..........................................................................2, 5

*Fed R. Civ. P. 15(a)(2)* ......................................................................2, 4

Opposition to Steadfast Motion to Dismiss

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **SUMMARY OF OPPOSITION**

The Court should deny the motion by Defendant Steadfast Networks, LLC ("Steadfast") to dismiss the claims against it in the Second Amended Complaint ("SAC") filed by Plaintiff ALS Scan, Inc. ("ALS").

In the SAC ALS avers that Steadfast hosts imagebam.com, a website that has repeatedly displayed images that infringe ALS copyrights and trademarks. ALS has sent numerous notifications of infringement on imagebam.com to Steadfast. However, at no time has Steadfast removed the infringing images or imagebam.com from its servers or implemented its own terms of service, or followed the law, by terminating services to imagebam.com as repeat infringers.

Steadfast's continued provision of hosting services to a repeat infringer, with actual and constructive notice of infringement, materially assisted direct violations of ALS's exclusive rights to reproduce, display and distribute its copyrighted works. *17 U.S.C. § 106(1), (3), (5).* Steadfast could have, but did not, "take simple measures to prevent further damage to [ALS's] copyrighted works." *Perfect 10 v. Amazon, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007). "There is no question that providing direct infringers with server space satisfies [the contributory infringement] standard." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 943 (9th Cir. 2011). ALS has therefore stated a plausible claim for contributory coyright infringement.

ALS has plausibly averred that Steadfast is vicariously liable for copyright infringement. Steadfast could remove the infringements on imagebam.com, or the site itself, from the Internet. Steadfast financially benefited from the draw of infringement on imagebam.com.

Steadfast's safe harbor defenses are intensely factual, not susceptible of resolution on demurrer. Steadfast failed to reasonably implement a policy of terminating account holders who are repeat infringers, and thus cannot claim DMCA safe harbors. *17 U.S.C. § 512(i).*

The bootleg copies of ALS works on pirate sites displayed the ALS mark.  ALS has averred a plausible claim for contributory trademark infringement, because Steadfast continued to host a website with infringing content after receiving multiple notices of trademark infringement.  *Louis Vuitton, supra,* 658 F.3d at 942-43 (continuing to provide hosting services to site directly engaging in trademark infringement constituted contributory trademark infringement).

In the unlikely event the Court concludes that ALS has not plausibly averred its claims against Steadfast, ALS moves for leave to amend, *Fed R. Civ. P. 15(a)(2),* or deferral on ruling until after discovery.  *Fed R. Civ. P. 12(i).*

## STATEMENT OF ALLEGED FACTS

Steadfast's motion is based upon facts regarding the operations of a non-party to this action, facts nowhere plead in the SAC.  Steadfast's motion does not address the facts that <u>are</u> averred concerning Steadfast.

### ALS Background

ALS was founded in 1996.  ALS owns a substantial library of adult entertainment works.  ALS charges consumers fees to access ALS's adult content on ALS's secure Internet sites.  ALS displays its trademark and copyright information on its works.  (SAC ¶ 18.)

ALS has submitted hundreds of registrations for its copyrighted works to the U.S. Copyright Office, including registrations covering all of the works referenced in the notices of infringement submitted in connection with this motion.  (SAC ¶ 19, Ex. 1.)  ALS is the owner of registered trademarks for the mark "ALS Scan" in connection with adult entertainment.  (SAC ¶ 22, Ex. 2.)

### The Challenge Posed by Infringement on the Internet

One of the most significant business threats faced by ALS is widespread infringement of its copyrighted works and trademarks on the Internet.  (SAC ¶

1   22.)  The observed growth of infringing content on these networks coincided
2   with noticeable decline in ALS's profits.  (SAC ¶ 23.)
3       "Pirate" sites – those with largely infringing material – would not be able
4   to thrive were it not for third party service providers who provide valuable
5   services to these sites.  These third party providers include storage space
6   providers such as Steadfast.  (SAC ¶¶ 24-26.)

7   <u>**Steadfast's Hosting Services and Failure to Terminate Repeat**</u>
8   <u>**Infringers**</u>

9       Steadfast hosts pirate sites, including imagebam.com. ALS has sent
10   numerous notifications to Steadfast of infringing ALS content on
11   imagebam.com.  Steadfast has failed to remove the infringing images or
12   imagebam.com itself from the Internet.  Nor has Steadfast implemented or
13   enforced a repeat infringer policy by terminating services to imagebam.com.
14   (SAC ¶¶ 49, 55h.)  This is because Steadfast makes money by continuing to do
15   commerce with sites that draw traffic through the lure of free infringing content.
16   (SAC ¶¶ 56-57.)

17       Steadfast has, with actual or constructive knowledge of direct
18   infringements of ALS's copyrighted works, materially contributed to or aided in
19   such infringement by continuing to host the infringing images and websites.
20   (SAC ¶ 65.)

21       Steadfast, with the right and ability to control or supervise the direct
22   infringements, failed to exercise such right and ability and has directly
23   benefited financially from such infringing activity.  (SAC ¶ 69.)

24       Any safe harbors claimed by Steadfast under the DMCA have been lost
25   through ignoring red flags of infringement, ignoring actual notifications of
26   infringement, failure to adopt and reasonably implement a repeat infringer
27   policy and failure to accommodate, and interference with, standard technical
28   measures. (SAC ¶ 60.)

1   **Steadfast's Contributory Trademark Infringement**

2          The infringing ALS works that are the subject of the notifications averred

3   above bear the registered ALS Scan trademarks.  Imagebam.com directly

4   infringed ALS's trademarks by using ALS's registered marks without ALS's

5   knowledge or consent in a manner likely to cause confusion among ordinary

6   consumers as to the source, sponsorship, affiliation or approval of such works.

7   The works being published by the direct infringers are counterfeits bearing the

8   ALS marks without authority.  (SAC ¶ 58.)

9          Steadfast continued to provide hosting services to imagebam.com with

10  actual and constructive knowledge of imagebam.com's direct trademark

11  infringement.  (SAC ¶ 78.)

12         **Order in Seide v. Steadfast**

13         Steadfast is a Defendant in *Seide v. Level-(1), Steadfast*, USDC N.D. Ill.

14  1:16-cv-02975.  The plaintiff averred that Steadfast hosted a site with copyright

15  infringements.  Steadfast moved in that case for an order dismissing the

16  complaint on the theory that the DMCA supposedly provided immunity from

17  suit.  On August 10, 2016 the court in *Seide* denied Steadfast's motion on the

18  grounds that its DMCA defenses were fact intensive and not susceptible of

19  resolution on the pleadings.  (Request for Judicial Notice.)

20                      **MOTION TO DISMISS STANDARDS**

21         The Court must "accept as true all well pleaded facts in the complaint

22  and construe them in the light most favorable to the nonmoving party."

23  *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013).  When a

24  pleading's allegations are susceptible of more than one inference, the court

25  must adopt whichever plausible inference supports a valid claim.  *Starr v. Baca*,

26  652 F.3d 1202, 1216 (9th Cir. 2011).

27         If the court believes that any defect in the pleadings may be cured by

28  amendment, leave to amend should be freely granted.  *Fed R. Civ. P. 15(a)(2)*.

1   Additionally, if the conduct of discovery could help a plaintiff plead a plausible
2   claim, the Court may defer ruling on a motion under Rule 12(b) until later in the
3   case or to trial.  *Fed R. Civ. P. 12(i).*

4   **ARGUMENT**

5   **I.    ALS HAS PLAUSIBLY PLEADED A CLAIM AGAINST
6           STEADFAST FOR CONTRIBUTORY COPYRIGHT
7           INFRINGEMENT.**

8          ALS's own the exclusive rights to reproduce, display and distribute its
9   copyrighted works.  *17 U.S.C. § 106(1), (3), (5).*

10         ALS has plausibly pleaded claims against Steadfast for contributory
11  copyright infringement. "[O]ne who, with knowledge of the infringing activity,
12  induces, causes or materially contributes to the infringing conduct of another,
13  may be held liable as a 'contributory' infringer."  *A&M Records, Inc. v.
14  Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001), citing *Gershwin Publ'g
15  Corp. v. Columbia Artists Mgmt., Inc.,* 443 F.2d 1159, 1162 (2d Cir.1971);
16  *Fonovisa v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) ("[P]roviding
17  the site and facilities for known infringing activity is sufficient to establish
18  contributory liability").  A party is liable for contributory infringement where it
19  could have, but did not, "take simple measures to prevent further damage to [the
20  plaintiff's] copyrighted works."  *Perfect 10 v. Amazon, Inc.*, 508 F.3d 1146,
21  1172 (9th Cir. 2007).

22         It is beyond dispute that continuing to provide server space to – "hosting"
23  – direct infringers with actual or constructive knowledge of infringement
24  materially contributes to direct infringement.  *Louis Vuitton, supra,* 658 F.3d at
25  943 ("There is no question that providing direct infringers with server space
26  satisfies [the contributory infringement] standard"); *Viacom Intern. Inc. v.
27  YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012) (host of video upload site potentially
28  secondarily liable for copyright infringement if acting with requisite

1  knowledge); *Capitol Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703
2  (S.D.N.Y. 2014) (Internet service provider secondarily liable for maintaining
3  online "storage lockers" into which users could upload infringing files); *BWP*
4  *Media USA Inc. v. Hollywood Fan Sites LLC*, 115 F.Supp.3d 397 (S.D.N.Y.
5  2015) (defendants hosting celebrity sites with infringing images not entitled to
6  DMCA safe harbors).

7          Here, Steadfast continued to host imagebam.com despite repeated
8  notification that imagebam.com infringed ALS's copyrights and trademarks.
9  This is sufficient for contributory infringement.

10         Steadfast's point is that they are not uploading infringing ALS images --
11  imagebam or imagebam's clients are doing that.  This is irrelevant.  Steadfast is
12  being sued for secondary, not direct, infringement.  In all of the cases cited
13  above, the host was not the direct infringer, but contributed to the direct
14  infringement by continuing to host infringing images or repeatedly infringing
15  sites after obtaining notices of infringement.

16         Steadfast says it did take steps – it forwarded the infringement notices to
17  imagebam.com.  This is not alleged in the SAC.  Even taking this into account,
18  however, merely continuing to forward infringement notices is not enough.  To
19  avoid liability for contributory infringement, a service provider must terminate
20  services to repeat infringers.  *Columbia Pictures Industries Inc. v. Fung*, 710
21  F.3d 1020, 1032-33 (9th Cir. 2013) (Fung contributorily liable by continuing to
22  provide services to repeat infringers); *BMG Rights Management (US) LLC v.*
23  *Cox Communications, Inc.*, 149 F.Supp.3d 634, 655 (E.D. Va. 2015) (on
24  summary judgment motion Cox liable for contributory infringement because it
25  did not terminate repeat infringers).

26         Steadfast claims a safe harbor under 17 U.S.C. § 512.  A party claiming
27  safe harbors must show it lacked knowledge of direct infringement, 17 U.S.C. §
28  512(c)(1)(A), lacked a financial benefit from infringement where the provider

- 6 -

has the right and ability to control infringing activity, 17 U.S.C. § 512(c)(1)(B) and, upon notification of infringement, acted expeditiously to remove or disable access to the infringing content.  17 U.S.C. § 512(c)(1)(C).  Further, to retain safe harbor protection, a service provider must adopt and reasonably implement a policy to terminate service to repeat infringers and must accommodate and not interfere with standard technical measures.  17 U.S.C. § 512(i).

Any determination of whether the safe harbor applies is intensely factual, not subject to resolution on a motion to dismiss.  *Ellison v. Robertson*, 357 F.3d 1072, 1080 (9th Cir. 2004) ("It is difficult to conclude as a matter of law, as the district court did, that AOL had 'reasonably implemented' a policy against repeat infringers. There is ample evidence in the record that suggests that AOL did not have an effective notification procedure in place at the time the alleged infringing activities were taking place"); *BWP Media USA, Inc. v. Hollywood Fan Sites, LLC*, 69 F.Supp.3d 342, 359 (S.D.N.Y. 2014) ("Defendants may attempt to establish their eligibility for the DMCA safe harbor at a later point in the litigation, when they can present evidence in support of the defense. At this stage, however, Defendants' premature attempt to qualify for the safe harbor is rejected.")  *See Viacom, supra* (triable issues of disputed fact prevented summary judgment on YouTube's DMCA defenses).

Here, discovery is needed to determine whether Steadfast's DMCA defenses have merit.

## II.     ALS HAS PLAUSIBLY PLEADED A CLAIM AGAINST STEADFAST FOR VICARIOUS COPYRIGHT INFRINGEMENT.

Vicarious copyright liability exists where a defendant "'has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities.'"  *Napster, supra,* 239 F.3d at 1022, quoting *Fonovisa, supra,* 76 F.3d at 262.

- 7 -

**A.     ALS Has Plausibly Averred Right and Ability to Supervise.**

"The ability to block infringers' access to a particular environment for any reason whatsoever is evidence of the right and ability to supervise." *Napster, supra,* 239 F.3d at 1022.  Napster had vicarious liability because it could block access to infringing files.

Here, Steadfast, host of imagebam.com, could "pull the plug" and take the infringements or the site off the Internet.  Steadfast can "remove [copies of] those websites from the Internet" and can "block distribution" of the infringing works on its servers.  *Perfect 10 v. Visa Intern. Service Ass'n*, 494 F.3d 788, 805 (9th Cir. 2007).  Steadfast can "exert substantial influence on the activities of users," *Columbia Pictures Industries Inc. v. Fung*, 710 F.3d 1020, 1045 (9th Cir. 2013), by removing the infringements or the site from its servers.  ALS has therefore plausibly averred right and ability to supervise.

**B.     ALS Has Plausibly Averred Direct Financial Benefit.**

"Financial benefit exists where the availability of infringing material 'acts as a "draw" for customers.'"  *Napster,* 239 F.3d at 1023, quoting *Fonovisa,* 76 F.3d at 263-64.  Further, financial benefit exists where future revenues depend upon "increases in user base."  *Id.*

In *Capitol Records, Inc. v. MP3tunes, LLC, supra,* the proprietors of an online music storage locker service were vicariously liable for copyright infringement because the draw of infringing content grew the business.  48 F.Supp.3d at 712.

Here, infringements were a draw to imagebam.com, which allegedly paid Steadfast for hosting services.  This is a sufficient averment of direct financial benefit.

**III.  ALS HAS PLAUSIBLY AVERRED CLAIMS FOR SECONDARY TRADEMARK INFRINGEMENT.**

One may also be contributorily liable for trademark infringement by continuing to provide goods or services to the direct trademark infringer with actual or constructive knowledge of the infringement. *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1382 (9th Cir.1984) ("[I]f a manufacturer or distributor . . . continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer is contributorily responsible for any harm done as a result of the deceit"); *Fonovisa, supra*, 76 F.3d at 265 (flea market turned a blind eye to continuous trademark infringement by its vendors, and thus plaintiff stated a claim for contributory trademark infringement).

Here, Steadfast had "direct control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark," *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 984 (9th Cir. 1999) because it could remove the infringements or imagebam.com from the Internet.

*Louis Vuitton, supra*, is directly on point. There, the defendants hosted websites that sold goods infringing Louis Vuitton's copyright and trademarks. Louis Vuitton sent eighteen infringement notices to the defendants concerning these infringements. The jury awarded damages for contributory trademark and copyright infringement and the court entered a permanent injunction. The Ninth Circuit largely affirmed the results.

## CONCLUSION

Steadfast's motion to dismiss should be denied.

1    In the unlikely event the Court does not believe ALS has plausibly

2  averred its claims, ALS prays for leave to amend.  Additionally, ALS moves

3  that the questions raised by Steadfast be deferred until after ALS has been able

4  to conduct discovery.

5

6  DATED:  January 26, 2017            SPILLANE TRIAL GROUP PLC

7

8

9                                     By: _____

10                                          Jay M. Spillane
                                     Attorneys for Plaintiff ALS Scan, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition to CloudFlare Motion to Dismiss

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this action.  My business address is: 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507.  A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANT STEADFAST NETWORKS, LLC**
 will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 26, 2017, I checked the CM/ECF docket for this action and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Gary L. Bostwick– gbostwick@B1Law.com
Kevin S. Toll – kevin@silversteinlegal.com
Lawrence G. Walters – larry@firstamendment.com
Corey D. Silverstein – corey@silversteinlegal.com
Rachel H. Kassabian – rachelkassabian@quinnemanuel.com
Carolyn M. Homer – carolynhomer@quinnemanuel.com
John Lewis Holcomb – jholcomb@khslaw.com
Tammy X. W – twu@khslaw.com

Colin TJ O'Brien – tm@partridgepartnerspc.com
John L. Ambrogi – jla@partridgepartnerspc.com
Paul Supnick – paul@supnick.com

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) January 26, 2017, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule, on (*date*) January 26, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served by Overnight Mail***
Hon. George H. Wu
U.S. District Court
312 N. Spring Street
Courtroom 10 – Spring St. Floor
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/26/2017 | Jessie Gietl | *Jessie Gietl* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |