1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

7
8
9
10
11
12

| | |
|---|---|
| **ALS SCAN, INC.**,<br><br>              Plaintiff,<br><br>    vs.<br><br>**CLOUDFLARE, INC.**, et al.,<br><br>              Defendants. | Case No. 2:16-cv-05051-GW-AFM<br><br>**[PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

13

14   **I.      PURPOSES AND LIMITATIONS**

15         Discovery in this action may involve production of confidential, private, or proprietary

16   information that warrants special protection from public disclosure and from use for any purpose

17   other than prosecuting this litigation.  Accordingly, the parties hereby stipulate to and petition the

18   Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order

19   does not confer blanket protections on all disclosures or responses to discovery and that the

20   protection it affords from public disclosure and use extends only to the information or items that

21   are entitled to confidential treatment under applicable legal principles.  The parties further

22   acknowledge that this Stipulated Protective Order does not entitle them to file confidential

23   information under seal; Civil Local Rule 79-5 governs when a party may file material under seal.

24   **II.     GOOD CAUSE STATEMENT**

25         This action may involve confidential or proprietary information about the parties and/or

26   their customers, information otherwise generally unavailable to the public, as well as information

27   which may be otherwise protected from disclosure under state or federal statutes, court rules, case

28

[PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF
CONFIDENTIAL INFORMATION

07215-00001/8791361.1

1  decisions, or common law.  Such information warrants special protection from public disclosure

2  and from use for any purpose other than prosecution of this action.

3          Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

4  disputes over confidentiality of discovery materials, to protect information the parties are entitled

5  to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such

6  material in preparation for and in the conduct of trial, to address the materials' handling at the end

7  of the litigation, and to serve the ends of justice, a protective order for such information is justified

8  in this matter.  It is the intent of the parties that information will not be designated as confidential

9  for tactical reasons and that nothing be so designated without a good faith belief that it has been

10  and/or should be maintained in a confidential, non-public manner, and there is good cause why it

11  should not be part of the public record of this case.

12  **III.    DEFINITIONS**

13          1.      "**ACTION**" refers to this pending federal lawsuit, *ALS Scan, Inc. v. Cloudflare,*

14  *Inc. et al.*, No. 2:16-cv-05051-GW-AFM (C.D. Cal.).

15          2.      "**CHALLENGING PARTY**" refers to a Party or Non-Party that challenges the

16  designation of information or items under this Order.

17          3.      "**CONFIDENTIAL**" refers to information (regardless of how it is generated,

18  stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil

19  Procedure 26(c), and as specified in Section II in the Good Cause Statement.

20          4.      "**COUNSEL**" refers to Outside Counsel of Record and House Counsel.

21          5.      "**DESIGNATING PARTY**" refers to a Party or Non-Party that designates

22  information or items that it produces in disclosures or in responses to discovery as Confidential or

23  Highly Confidential – Attorneys' Eyes Only.

24          6.      "**DISCOVERY MATERIAL**" refers to all items or information, regardless of the

25  medium or manner in which it is generated, stored, or maintained (including, among other things,

26  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

27  responses to discovery in this matter.

28

07215-00001/8791361.1

7.     "**EXPERT**" refers to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

8.     "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" refers to extremely sensitive Confidential information, which has such highly significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury.

9.     "**HOUSE COUNSEL**" refers to attorneys who are employees of a party to this Action and their support staff.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

10.     "**NON-PARTY**" refers to any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

11.     "**OUTSIDE COUNSEL OF RECORD**" refers to attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

12.     "**PARTY**" refers to any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

13.     "**PRODUCING PARTY**" refers to a Party or Non-Party that produces Discovery Material in this Action.

14.     "**PROFESSIONAL VENDOR**" refers to persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, transcribing, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15.     "**PROTECTED MATERIAL**" refers to any Discovery Material designated as Confidential or Highly Confidential - Attorneys' Eyes Only.

16.     "**RECEIVING PARTY**" refers to a Party that receives Discovery Material from a Producing Party.

**IV.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**V.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI.     DESIGNATING PROTECTED MATERIAL**

**A.     Exercise of Restraint and Care.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

Mass, indiscriminate, or routinized designations are prohibited.  Designations shown to be clearly unjustified or to have been made for an improper purpose may expose the Designating Party to sanctions.

1   If it comes to a Designating Party's attention that information or items that it designated

2   for protection do not qualify for protection, that Designating Party must promptly notify all other

3   Parties that it is withdrawing the inapplicable designation.

4   **B.      Manner and Timing of Designations.**

5   Except as otherwise provided in this Order, or as otherwise stipulated or ordered,

6   Discovery Material can become Protected Material only if it is designated as protected before the

7   material is disclosed or produced.

8   Designation in conformity with this Order requires:

9   (a)     for information in documentary form (*e.g.*, paper or electronic documents,

10  but excluding transcripts of depositions or of pretrial or trial proceedings), that the Producing

11  Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

12  ATTORNEYS' EYES ONLY", to each page that contains protected material.  If only a portion of

13  the material on a page qualifies for protection, the Producing Party also must clearly identify the

14  protected portion (*e.g.*, by making appropriate markings in the margins).

15  A Party or Non-Party that makes original documents available for inspection need not

16  designate them for protection until after the inspecting Party has indicated which documents it

17  would like copied and produced.  During the inspection and before the designation, all of the

18  material made available for inspection is deemed to have the HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY legend.

20  (b)     **for testimony given in depositions, that the Designating Party identify**

21  **all protected testimony preferably on the record before the close of the deposition, but not**

22  **later than the creation of the final transcript of that deposition.**

23  (c)     **for information produced in some form other than documentary and**

24  **for any other tangible items (excluding hard drives or other document storage media), that**

25  **the Producing Party affix in a prominent place on the exterior of the item the**

26  **CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend.  If**

27  **only a portion of the information warrants protection, the Producing Party, to the extent**

28  **practicable, must identify the protected portion.**

C.    **Inadvertent Failures to Designate.**

If timely corrected upon discovery, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VII.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.    **Timing of Challenges**

Any Party or Non-Party may challenge a designation of confidentiality at any time.

B.    **Meet and Confer**

The Challenging Party must initiate the dispute resolution process under Civil Local Rule 37-1 *et seq*.

C.    **Judicial Intervention**

If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so.  The motion must be brought in accordance with Civil Local Rule 37-2.

The burden of persuasion in any such challenge proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

VIII.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

A.    **Basic Principles**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories

07215-00001/8791361.1
[PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

of persons and under the conditions described in this Order.  When the Action is terminated, a Receiving Party must comply with the provisions of section XIV below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B.      Disclosure of "CONFIDENTIAL" Information or Items**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose material designated "Confidential" only to:

(a)      **the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;**

(b)      **the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;**

(c)      **Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and, with respect to designated testimonial experts, which such signed  "Acknowledgment and Agreement to Be Bound" has been provided to Outside Counsel of Record at least 5 (five) days prior to  any disclosure of Confidential Information;**

(d)      **the court and its personnel;**

(e)      **court reporters and their staff;**

(f)      **professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);**

(g)      **the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;**

(h)      **during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and**

1  **(2) they will not be permitted to keep any confidential information if they do not sign that**

2  **form, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of**

3  **transcribed deposition testimony or exhibits to depositions that reveal Protected Material**

4  **may be separately bound by the court reporter and may not be disclosed to anyone except as**

5  **permitted under this Stipulated Protective Order; and**

6      (i)    any mediator or settlement officer, and their supporting personnel,

7  mutually agreed upon by any of the parties engaged in settlement discussions.

8      **C.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

9          **Information or Items**

10     Unless otherwise ordered by the court or permitted in writing by the Designating Party,

11  material designated as "Highly Confidential – Attorneys' Eyes Only" shall be treated as material

12  designated "Confidential" with the further restriction that it shall not be disclosed to any person

13  identified in Section VIII.B(b) above.

14  **IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

15          **OTHER LITIGATION**

16     If a Party is served with a subpoena or a court order issued in other litigation that compels

17  disclosure of any Protected Material, that Party must:

18      (a)    promptly notify in writing the Designating Party.  Such notification must

19  include a copy of the subpoena or court order;

20      (b)    promptly notify in writing the party who caused the subpoena or order to

21  issue in the other litigation that some or all of the material covered by the subpoena or order is

22  subject to this Protective Order.  Such notification must include a copy of this Stipulated

23  Protective Order; and

24      (c)    cooperate with respect to all reasonable procedures sought to be pursued by

25  the Designating Party whose Protected Material may be affected.  If the Designating Party timely

26  seeks a protective order, the Party served with the subpoena or court order must not produce any

27  Protected Material before a determination by the court from which the subpoena or order issued,

28  unless the Party has obtained the Designating Party's permission.  The Designating Party will bear

Case No. 2:16-cv-05051-GW-AFM

[PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF
CONFIDENTIAL INFORMATION

1   the burden and expense of seeking protection in that court and nothing in these provisions should

2   be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

3   directive from another court.

4   **X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

5   **THIS LITIGATION**

6   The terms of this Order are applicable to Protected Material of a Non-Party.  Such

7   information produced by Non-Parties in connection with this litigation is protected by the

8   remedies and relief provided by this Order.  Nothing in these provisions should be construed as

9   prohibiting a Non-Party from seeking additional protections.

10   **XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12   Material to any person or in any circumstance not authorized under this Stipulated Protective

13   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

14   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

15   Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

16   terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

17   Agreement to Be Bound" (Exhibit A).

18   **XII.   INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

19   When a Producing Party gives notice to Receiving Parties that certain inadvertently

20   produced material is subject to a claim of privilege or other protection, the obligations of the

21   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

22   provision is not intended to modify whatever procedure the parties may separately agree upon to

23   resolve the inadvertent disclosure of a communication or information covered by the attorney-

24   client privilege or work-product protection.

25   **XIII.   MISCELLANEOUS**

26   **A.   Right to Further Relief**

27   Nothing in this Order abridges the right of any person to seek its modification by the Court

28   in the future.

### B. Right to Assert Other Objections

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C. Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## XIV. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section V, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. In this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

## XV. VIOLATIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and monetary sanctions.

-10-

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3 Dated: January 20, 2017     Respectfully submitted,

4              SPILLANE TRIAL GROUP PLC

5

6              By_____

7               Jay M. Spillane
               *Attorneys for Plaintff ALS Scan, Inc.*

8

9 Dated: January 20, 2017     Respectfully submitted,

10             QUINN EMANUEL URQUHART &

11             SULLIVAN LLP

12

13            By_____

14             Rachel Herrick Kassabian

15             *Attorney for Defendant Cloudflare, Inc.*

16
 Dated: January 20, 2017     Respectfully submitted,

17

18             KRAMER HOLCOMB SHEIK LLP

19

20

21            By_____

22             John L. Holcomb
             Shahrokh Sheik

23

24             *Attorney for Defendant Hivelocity Ventures*
             *Corporation*

25

26

27

28

[PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF
CONFIDENTIAL INFORMATION

07215-00001/8791361.1

1   Dated:  January 20, 2017

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,
PARTRIDGE PARTNERS, P.C.

By /s/ John L. Ambrogi
_____
John L. Amborgi
Colin T.J. O'Brien
Paul D. Supnik
*Attorneys for Steadfast Networks LLC*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  January  _____, 2017

_____
The Honorable George H. Wu
United States District Court Judge

-12-

Case No. 2:16-cv-05051-GW-AFM
[PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF
CONFIDENTIAL INFORMATION

07215-00001/8791361.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the U.S. District Court for the Central District of California on _____ [date] in *ALS Scan, Inc. v. Cloudflare, Inc. et al.*, No. 2:16-cv-05051-GW-AFM (C.D. Cal.).  I agree to be bound by all the terms of this Stipulated Protective Order, and I acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I agree that I will not disclose in any manner to any person or entity any information or item that is subject to this Stipulated Protective Order, except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State: _____

Printed name: _____

Signature: _____

07215-00001/8791361.1