Jay M. Spillane (Bar No. 126364)
jspillane@spillaneplc.com
SPILLANE TRIAL GROUP PLC
468 N. Camden Drive
Second Floor
Beverly Hills, CA 90210
(424) 217-5980
(888) 590-1683 (fax)

Attorneys for Plaintiff ALS Scan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CLOUDFLARE, INC., a Delaware corporation, et al.,<br><br>　　　　　Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANT DOLPHIN MEDIA LIMITED**<br><br>**[Filed Concurrently: Penn Declaration; Spillane Declaration]**<br><br>Date: February 27, 2017<br>Time: 8:30 a.m.<br>Place: Courtroom 10<br>　　　312 N. Spring Street<br>　　　Los Angeles, CA |

## SUMMARY OF OPPOSITION

The Court should deny the motion by Defendant Dolphin Media Limited ("Dolphin") to dismiss the Second Amended Complaint ("FAC") filed by Plaintiff ALS Scan, Inc. ("ALS") as to Dolphin.

As demonstrated below, Dolphin maintains an interactive website, imgchili.net, which enables customers worldwide, including California customers, to sign up for an imgchili account. Account holders can upload massive galleries of images, including images from California servers owned by California copyright holders, to imgchili. Imgchili pays account holders for page views of uploaded images, including through PayPal, a company headquartered in San Jose. Imgchili is retrieved from servers in California maintained by Cloudfare, a company headquartered in San Jose.

Galleries of self-proclaimed infringing ALS content were uploaded to imgchili.net from a website, stolencaliforniagirls.com, maintained in California. Dolphin maintain huge galleries of stolen content from California copyright owners, including Playboy, uploaded from California servers.

Dolphin therefore has sufficient minimum contacts with California. It maintains an interactive web service through which it can conduct commerce with California consumers. Dolphin contracts with California vendors, PayPal and Cloudflare. Dolphin enables massive uploads of stolen content from California copyright owners, thus directing injury into the California forum. Dolphin thus as "minimum contacts" sufficient to warrant assertion of personal jurisdiction over Dolphin.

Venue is proper wherever personal jurisdiction may be asserted over Dolphin. Since personal jurisdiction over Dolphin is proper in this forum, venue is proper as well.

Dolphin's motion to dismiss on grounds of *forum non conveniens* is not well taken. Dolphin must show that its alternative forum, Hong Kong, is an

available forum for suit against *all* defendants. It has not. Further, public and private factors militate against dismissal based upon *forum non conveniens*.

## STATEMENT OF FACTS

Dolphin maintains an interactive website, imgchili.net, wherein customers worldwide, including California customers, may sign up for an imgchili account. (Mazal Decl. ¶¶ 4, 5; Penn Decl. ¶ 4-13; Spillane Decl. ¶ 2-4.) "Imgchili is an image hosting service that allows users to upload images and to make money by referring vistor[s] to these uploaded images." (Mazal Decl. ¶ 5.) Imgchili pays account holders for page views of images uploaded by such holders. (Mazal Decl. ¶ 5; Penn Decl. ¶¶ 4.)

Imgchili enables easy and fast uploads of massive numbers of images, either through a flash upload utility from a computer file, or by supplying the URL of a web page containing image galleries to be uploaded to imgchili.net (Penn Decl. ¶ 4, 14-23.)

In the pre-filing conference of counsel, ALS disclosed that its opposition to Dolphin's anticipated motion to dismiss would include evidence that California consumers could sign up for and obtain an imgchili account, and obtain payment into California bank accounts for uploaded images. In response to this disclosure, Dolphin shut off imgchili account signups from California IP addresses sometime between January 12, 2107 and January 19, 2017. (Spillane Decl. ¶ 2-4, Penn Decl. ¶ 30-37.)

Imgchili account holders may sign up to receive their payments through PayPal, a California-based company located in San Jose. PayPal user agreement requires all disputes with PayPal to be arbitrated in San Jose, California. (Penn Decl. ¶ 27; Spillane Decl. ¶ 20, 21.)

Domain lookups for imgchili.net show that the site is retrieved from servers in California maintained by Cloudfare, a California-based company located in San Francisco. (Spillane Decl. ¶ 16.) Cloudflare recently produced

- 2 -
Opposition to Dolphin Motion to Dismiss

customer information about imgchili.net, which will be filed conditionally under seal. (Spillane Decl. ¶ 17.)

Imgchili's upload utilities enabled massive and convenient upload of galleries of images from website maintained on a California server, www.stolencaliforniagirls.com, a website that openly proclaim that it was peddling stolen and infringing images owned by ALS. Imgchili's upload utilities offer easy and convenient links to web pages with links to the uploaded infringing material, including adult fan forum sites frequented by users surfing for free infringing adult content. (Penn Decl. ¶¶ 14-23.)

Imgchili monetizes this uploaded content from a California server by framing individual stolen images with banner advertisements placed by imgchili that pay out to Dolphin. (Penn Decl. ¶¶ 24-29.)

Dolphin's disclaimer that it could not find California accounts is misleading. Dolphin's signup processes do not require disclosure of any street locations. (Penn Decl. ¶ 28.)

Dolphin's disclaimer that it could not find evidence of payment to California customers is misleading. Those payment records would be maintained by Paypal. (Penn Decl. ¶ 29.)

Dolphin enables massive uploads of stolen content from California copyright owners. An example is Playboy. Imgchili displays massive galleries of content belonging to Playboy, stolen from a server in California and owned by Playboy, a company headquartered in Beverly Hills, California. (Spillane Decl. ¶¶ 5-15.)

In sum, Dolphin engages in the following business practices:

    a. Imgchili enables people to sign up as an imgchili user and enable a Paypal account to receive payments from imgchili within minutes;

Opposition to Dolphin Motion to Dismiss

    b.    Until being served with this lawsuit imgchili enabled users to register for an imgchili account from a California computer;

    c.    Imgchili still enables users to upload content from a California computer;

    d.    Imgchili offers utilities that enable users to conveniently upload entire galleries of images through techniques as simple as providing the URL to a web page on which the images reside or flash upload large numbers of images from a computer file;

    e.    Someone who pays for a membership on ALSScan.com could zip download entire galleries of copyrighted ALS content available only to paid members, save those images to a computer file and then upload those images to imgchili in minutes using the flash upload utility;

    f.    If ALS spots the stolen ALS images uploaded to imgchili and sends an infringement notification, imgchili takes that particular page down, but the same imgchili user or another user with access to ALS's members area could upload a different gallery of stolen ALS content to imgchili at any time;

    g.    Imgchili monetizes the traffic it enjoys from the lure of stolen galleries of adult content by juxtaposing the full size images with banner advertisements placed by imgchili;

    h.    Advertisers receiving traffic from imgchili pay imgchili for the traffic, usually priced at cents per click or dollars per join;

    i.    Imgchili receives this income from advertisers then pays a subset of that income to users based upon clicks on imgchili pages with full size images.

(Penn Decl. generally.)

# ARGUMENT

## I. DOLPHIN HAS MINIMUM CONTACTS WITH THE CALIFORNIA FORUM, SUCH THAT ASSERTION OF PERSONAL JURISDICTION OVER DOLPHIN WOULD COMPORT WITH FAIR PLAY AND SUBSTANTIAL JUSTICE.

"For a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of personal jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Scharzenegger v. Fred Martin Motor Corp.*, 374 F.3d 797, 801 (9th Cir. 2004), quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945).

Courts employ a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Scharzenegger, supra,* 374 F.3d at 802.

Courts have asserted personal jurisdiction over companies maintaining interactive websites that enable commerce to be conducted with, and particularly where the defendant contracts with, forum residents. *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F.Supp.2d 1104, 1108-09 (C.D. Cal. 1999) (court asserted personal jurisdiction over defendant maintaining adult entertainment

- 5 -
Opposition to Dolphin Motion to Dismiss

1 site allowing users to contract to access members-only areas, including
2 California users); *Zippo Manufacturing Company v. Zippo Dot Com, Inc.*, 952
3 F.Supp. 1119, 1124 (E.D.Pa.1997) (personal jurisdiction asserted over company
4 with interactive website that enabled commerce with in-forum residents and
5 where company contracted with in-forum service providers).

6 Further, personal jurisdiction may be found where a website directs
7 injury into the California forum under the *Calder v. Jones* case. *Brayton*
8 *Purcell v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010).

9 Here, the above test is met.

10 Dolphin has purposefully directed its activities to the California forum. It
11 has an interactive website that facilitates commerce with California customers.
12 Dolphin's customers can contract with PayPal, a California company, to receive
13 payment for images uploaded to imgchili.net. Imchili.net is retrieved from
14 servers maintained from California by Cloudfare, a California company.

15 Dolphin has enabled massive uploads of stolen content from California
16 servers owned by California companies, thus directing injuries into the
17 California forum.

18 The present claims arise out of Dolphin's activities, which enable users,
19 including California users, to upload stolen copyrighted content from California
20 servers injuring companies, including California copyright owners.

21 Given Dolphin's intentions to enable commerce with California
22 consumers and profit from infringement of copyrighted content from California,
23 this Court's exercise of jurisdiction over Dolphin would comport with fair play
24 and substantial justice.

25 **II. VENUE IS PROPER IN THIS DISTRICT.**

26 "In copyright infringement actions, venue is proper 'in the district in
27 which the defendant or his agent resides or may be found.' *28 U.S.C. § 1400(a)*.
28 The Ninth Circuit interprets this statutory provision to allow venue 'in any

1 judicial district in which the defendant would be amenable to personal
2 jurisdiction if the district were a separate state.'" *Brayton Purcell LLP v.*
3 *Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (citation omitted).

4     Here, since Dolphin is amenable to personal jurisdiction in this district,
5 venue is proper.

6 **III.  THE CLAIMS AGAINST DOLPHIN SHOULD NOT BE DISMISSED**
7       **BASED UPON PRINCIPLES OF *FORUM NON CONVENIENS*.**

8     Dolphin urges inapplicable California law standards for dismissal based
9 upon *forum non conveniens*. In federal court, a party urging dismissal in favor
10 of jurisdiction in a foreign nation bears the burden of showing: (1) there is an
11 adequate alternative forum; and (2) the balance of private and public interest
12 factors favors dismissal. *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping*
13 *Corp.*, 549 US 22, 429, 127 S.Ct. 1184, 1190 (2007).

14     **A.  Dolphin has Failed to Show the Existence of an Adequate**
15         **Alternative Forum.**

16     Where there are multiple defendants, <u>all</u> defendants must be available in
17 the alternative forum. Otherwise plaintiff would be subject to piecemeal
18 litigation in multiple jurisdictions. *Watson v. Merrell Dow Pharmaceuticals,*
19 *Inc.*, 769 F.2d 354, 357 (6th Cir. 1985); *In re Air Crash Disaster Near New*
20 *Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1168-69 (5th Cir. 1987).

21     Here, Dolphin has made no effort to prove that any party other than itself
22 would be subject to jurisdiction in Hong Kong. No other defendant is a Hong
23 Kong company or resident. Cloudflare, Steadfast and Hivelocity are all U.S.
24 companies. The OVH companies are French and Canadian. There is no reason
25 to believe that the other defendants would be subject to jurisdiction in Hong
26 Kong.

27
28

- 7 -

Opposition to Dolphin Motion to Dismiss

## B. Dolphin Failed to Show that Private and Public Factors Favor Dismissal.

Private factors include location of witnesses, costs of bringing witnesses to the place of trial, availability of compulsory process for attendance of witnesses and "all other practical problems that make [or fail to make] trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947). Public factors include local interest in the lawsuit, familiarity with governing law and avoidance of unnecessary problems in conflicts of law or application of foreign law. *Id.*, 330 U.S. at 508-09, 67 S.Ct. at 843.

Here, to some degree private and public factors converge. It is the nature of Internet copyright cases that defendants try to disclaim liability and point down the line to other supposedly more culpable parties – the content delivery and DNS provider (Cloudfare) blames the hosts, the hosts (Steadfast, Hivelocity, OVH) blame the site owner and the site owner (Dolphin) claims it is a passive bulletin board and blames its users. If one defendant is severed for trial in a separate forum, this either hands that defendant an unwarranted opportunity to try an empty chair defense (other parties not present in the trial are the real culprits) or forces the plaintiff to drag all potentially culpable parties into a distant forum to remove the empty chair argument. Here, forcing ALS to drag all of the witnesses to what happened here to Hong Kong would be costly to impossible, truly an undue burden.

Additional public factors weigh heavily against Dolphin's motion. This Court is familiar with US copyright law and principles of primary and secondary liability. There are established jury instructions and a well-developed body of US law in this area. ALS may seek statutory damages, a creature of US copyright law. Dolphin failed to show that Hong Kong courts are familiar with or have experience trying any of these issues.

Dolphin has failed to meet its burden of showing either private or public factors favor dismissing Dolphin in favor of the Hong Kong forum.

## CONCLUSION

Dolphin's motion to dismiss should be denied.

DATED: February 2, 2017         SPILLANE TRIAL GROUP PLC

By: _____
Jay M. Spillane
Attorneys for Plaintiff ALS Scan, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this action. My business address is: 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507. A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANT DOLPHIN MEDIA LIMITED**
 will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 6, 2017, I checked the CM/ECF docket for this action and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Gary L. Bostwick– gbostwick@B1Law.com<br>Kevin S. Toll – kevin@silversteinlegal.com<br>Lawrence G. Walters – larry@firstamendment.com<br>Corey D. Silverstein – corey@silversteinlegal.com<br>Rachel H. Kassabian – rachelkassabian@quinnemanuel.com<br>Carolyn M. Homer – carolynhomer@quinnemanuel.com<br>John Lewis Holcomb – jholcomb@khslaw.com<br>Tammy X. W – twu@khslaw.com | Colin TJ O'Brien – tm@partridgepartnerspc.com<br>John L. Ambrogi – jla@partridgepartnerspc.com<br>Paul Supnick – paul@supnick.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 6, 2017, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule, on (*date*) February 6, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served by Overnight Mail*
Hon. George H. Wu
U.S. District Court
312 N. Spring Street
Courtroom 10 – Spring St. Floor
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/6/2017 | Jessie Gietl | *Jessie Gietl* |
|---|---|---|
| Date | Printed Name | Signature |