# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-5051-GW(AFMx) | | Date | February 16, 2017 |
|---|---|---|---|---|
| Title | *ALS Scan, Inc. v. Cloudflare, Inc., et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jay M. Spillane | Colin T.J. O'Brien |
| | John L. Ambrogi |

PROCEEDINGS:     **DEFENDANT STEADFAST NETWORKS LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [89]**

The Court's Tentative Ruling is circulated and attached hereto.  Court hears oral argument.  Based on the Tentative, and for reasons stated on the record, Defendant Steadfast's motion is GRANTED WITH LEAVE TO AMEND.

A Scheduling Conference is set for February 27, 2017 at 8:30 a.m.

|  | : | 08 |
|---|---|---|
| Initials of Preparer | JG | |

*ALS Scan, Inc. v. CloudFlare, Inc., et al.*, Case No. CV-16-5051-GW-AFM
Tentative Ruling on Steadfast Networks LLC's Motion to Dismiss

## I. Background

ALS Scan, Inc. ("Plaintiff") sues CloudFlare, Inc. ("CloudFlare"); OVH SAS; Hebergement OVH Inc.; Dolphin Media Ltd. ("Dolphin"); Hivelocity Ventures Corporation; Steadfast Networks, LLC ("Steadfast"); and Does 1-10 (collectively, "Defendants") for various claims related to Defendants' alleged infringement of Plaintiff's copyrighted and trademarked works. *See generally* Second Am. Compl. ("SAC"), Docket No. 64. The SAC asserts six causes of action: (1) direct copyright infringement, against Dolphin and Does 1-5; (2) contributory copyright infringement, against all Defendants except Dolphin; (3) vicarious copyright infringement, against all Defendants except Dolphin; (4) direct trademark infringement, against Dolphin and Does 1-5; (5) direct trademark counterfeiting, against Dolphin and Does 1-5; and (6) contributory trademark infringement, against all Defendants except Dolphin. *Id.*

Plaintiff owns a library of copyrighted and trademarked works of adult entertainment. *Id.* ¶ 3. Plaintiff alleges that its works are repeatedly infringed by pirate Internet sites, which display Plaintiff's works without Plaintiff's permission. *Id.* ¶ 4. These sites are allegedly supported by third-party service providers that continue doing business with the sites even after receiving actual notice of infringement from Plaintiff. *Id.* ¶ 6.

The SAC alleges that Steadfast "hosts" pirate sites, including imagebam.com ("Imagebam"). *Id.* ¶ 15. Plaintiff has allegedly sent numerous notifications to Steadfast alerting it of infringing content on Imagebam, but Steadfast has failed to implement or enforce a repeat infringer policy by removing Imagebam from its servers. *Id.* ¶ 49.

Plaintiff seeks actual damages; statutory damages; disgorgement of profits; attorneys' fees and costs; injunctive relief; and such other relief as the Court deems appropriate. *See* SAC at 18:21-19:5.

On October 3, 2016, the Court granted Defendant Tiger Media, Inc.'s ("Tiger") Motion to Dismiss the First Amended Complaint ("FAC") on the grounds that Plaintiff had failed to allege secondary liability for copyright or trademark infringement against Tiger. *See* Tiger MTD Ruling, Docket No. 53. The FAC had alleged that Tiger, an online advertising brokerage business that sells advertising space on pirate websites, was liable for infringing material posted on those pirate websites. *Id.* at pages 1-2. The Court dismissed the contributory copyright claim

against Tiger, explaining that a third party can only be liable for contributing to copyright infringement where its participation in the infringing conduct of the primary infringer is substantial (pursuant to a "material contribution" theory) or where it intentionally encourages the infringing activity (pursuant to an "inducement" theory). *Id.* at page 4. However, Plaintiff had failed to allege any link between Tiger's advertising brokerage services and the infringing conduct of the pirate websites, and therefore had failed to state a claim for contributory copyright infringement. *Id.* at page 6. Similarly, the Court dismissed the claims for vicarious copyright infringement and contributory trademark infringement, reasoning that the FAC failed to allege that Tiger had the right and ability to supervise and control the infringing conduct of the pirate websites. *Id.* at pages 9-10.

On October 24, 2016, the Court granted-in-part and dismissed-in-part Defendant CloudFlare's Motion to Dismiss. *See* CloudFlare MTD Ruling, Docket No. 60. With respect to contributory copyright liability, the Court held that the FAC adequately pleaded a claim under a material contribution theory because it alleged that CloudFlare's content delivery network ("CDN") services made it faster and easier for consumers to access infringing websites and load infringing images from any location. *Id.* at pages 8-9. However, the Court held that Plaintiff had failed to allege a claim under an inducement theory because there were no allegations that CloudFlare directly encouraged the pirate websites to display infringing content. *Id.* at pages 9-10. In addition, the Court dismissed the vicarious copyright and contributory trademark infringement claims because CloudFlare did not have the legal right to stop the infringing websites or remove the infringing content from the pirate websites. *Id.* at pages 11-15.

Now pending before the Court is Steadfast's Motion to Dismiss. *See* Mot. to Dismiss ("MTD"), Docket No. 90.

## II. <u>Legal Standard</u>

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

In deciding a 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] . . . the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citations omitted).

## III. Analysis

The SAC asserts three causes of action against Steadfast, including contributory copyright infringement, vicarious copyright infringement, and contributory trademark infringement. *See generally* SAC.

Steadfast asserts that Plaintiff has failed to adequately plead each cause of action. In addition, Steadfast asserts that it is entitled to protection under the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, which provide protections to internet service providers under certain conditions. *See generally* MTD.

### A. The SAC Fails to State a Claim for Contributory Copyright Infringement

Contributory copyright infringement "may be imposed for intentionally encouraging infringement through specific acts." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1170 (9th Cir. 2007) ("*Amazon.com*") (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("*Grokster*")). Thus, "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." *Id.* (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)); *see also Perfect 10, Inc. v. Visa Intern.*

*Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) ("*Visa*") (explaining that contributory infringement can be established through either material contribution or inducement).

### 1. Material Contribution

A third party can only be liable for materially contributing to infringement where its participation in the infringing conduct of the primary infringer is "substantial." *See Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F.Supp. 1361, 1375 (9th Cir. 1995) ("*Netcom*") (citing *Gershwin Publ'g*, 443 F.3d at 1162; *Apple Computer, Inc. v. Microsoft Corp.*, 821 F.Supp. 616, 625 (N.D. Cal. 1993); *Demetriades v. Kaufmann*, 690 F.Supp. 289, 294 (S.D.N.Y. 1988)).

In *Amazon.com*, the Ninth Circuit analyzed the material contribution prong in the context of an Internet search engine operator (Google) and held that:

> a computer system operator can be held contributorily liable if it "has *actual* knowledge that *specific* infringing material is available using its system," and can "take simple measures to prevent further damage" to copyrighted works, yet continues to provide access to infringing works.

508 F.3d at 1172 (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001); *Netcom*, 907 F.Supp. at 1375 (emphasis in original). Although an "actor's contribution to infringement must be material to warrant the imposition of contributory liability," the Ninth Circuit emphasized that "services or products that facilitate access to [infringing] websites throughout the world can significantly magnify the effects of otherwise immaterial infringing activities." *Id.* (internal quotations and citations omitted).

In *Amazon.com*, the district court had dismissed a contributory copyright infringement claim against Google, holding that even assuming Google had knowledge that links to websites displaying infringing material were made available using its search engine, because Google did not undertake promotional or advertising efforts to encourage visits to the infringing websites, it could not be liable for contributory infringement. *Id.* The Ninth Circuit reversed, reasoning that:

> [t]here is no dispute that Google substantially assists websites to distribute their infringing copies to a worldwide market and assists a worldwide audience of users to access infringing materials. We cannot discount the effect of such a service on copyright owners, even though Google's assistance is available to all websites, not just infringing ones. Applying our test, Google could be held contributorily liable if it had knowledge that infringing [copies of plaintiff's] images were available using its search engine, could

4

> take simple measures to prevent further damage to [plaintiff's]
> copyrighted works, and failed to take such steps.

*Id.* The Ninth Circuit thereafter remanded the case to the district court to resolve factual disputes over the adequacy of the plaintiff's notices to Google of the infringement and Google's responses to the notices, as well as factual disputes over whether there was a reasonable and feasible means for Google to refrain from providing access to the infringing websites. *Id.* at 1172-73.

Shortly after *Amazon.com*, the Ninth Circuit issued its decision in *Perfect 10, Inc. v. Visa Intern. Serv. Ass'n* ("*Visa*"), 494 F.3d 788 (9th Cir. 2007). In that case, the plaintiff sued various credit card companies for contributory copyright infringement, alleging that the credit card companies had contracted with issuing banks to issue branded credit cards to consumers, and the issuing banks then contracted with merchant banks to settle transactions using those cards, including transactions for payments to Internet websites that infringed the plaintiff's copyrights. *See Visa*, 494 F.3d at 792. The plaintiff claimed that the credit card companies had materially contributed to the websites' infringement because they were aware of the infringement, yet continued to process credit card payments for the infringing websites. *Id.* at 795.

The Ninth Circuit held that the plaintiff had failed to allege facts sufficient to establish material contribution, because the credit card companies:

> cannot be said to materially contribute to the infringement because they have no direct connection to that infringement. Here, the infringement rests on the reproduction, alteration, display and distribution of [plaintiff's] images over the Internet. [Plaintiff] has not alleged that any infringing material passes over [d]efendants' payment networks or through their payment processing systems, or that [d]efendants' systems are used to alter or display the infringing images . . . . Here, [] the services provided by the credit card companies do not help locate and are not used to distribute the infringing images. While [plaintiff] has alleged that [d]efendants make it easier for websites to profit from this infringing activity, the issue here is reproduction, alteration, display and distribution, which can occur without payment. Even if infringing images were not paid for, there would still be infringement.

*Id.* at 796. The Court further distinguished *Amazon.com*, emphasizing that "Google may materially contribute to infringement by making it fast and easy for third parties to locate and distribute infringing material, whereas [d]efendants make it easier for infringement to be *profitable*," which the Court emphasized could not be the basis of contributory copyright

liability. *Id.* at 797 (emphasis in original).

Here, the only allegations specific to Steadfast that are raised in the SAC are that Steadfast "hosts" pirate sites, including Imagebam, and that Plaintiff has sent numerous notifications to Steadfast of infringing content on Imagebam, but Steadfast has failed to implement or enforce a repeat infringer policy by removing Imagebam from its servers.[1]  *Id.* ¶¶ 15, 49.

Steadfast asserts that it cannot be liable for contributory copyright infringement because the SAC fails to allege that Steadfast had knowledge of the infringing activity on the Imagebam website.  *See* MTD at 13:19-20:4.  Steadfast does not contend that it did not receive notices of the infringing content, but instead relies on the DCMA safe harbor provisions, which, as discussed *infra*, the Court would not resolve at this juncture.  In any event, because the SAC fails to allege material contribution or inducement, the Court need not reach the issue of whether Steadfast had knowledge of the infringement.  *See Visa*, 494 F.3d at 795 ("Because we find that [plaintiff] has not pled facts sufficient to establish that [d]efendants induce or materially contribute to the infringing activity, [plaintiff's] contributory infringement claim fails and we need not address the [d]efendants' knowledge of the infringing activity.").

Steadfast also contends that the SAC fails to allege material contribution or inducement. *See* MTD at 13:17-16:19.  The Court would agree.  The SAC alleges only that Steadfast "hosts" pirate sites that feature infringing content.  It is entirely unclear what services Steadfast provides to Imagebam; what type of infringing activity Imagebam conducts (or even what Imagebam is); or how Steadfast contributes to or facilitates that infringing activity.[2]  As such, the Court would find that the SAC fails to plead material contribution.  *See UMG Recordings, Inc. v. Shelter*

---

[1] In its Motion, Steadfast asserts that it is a data center service company that provides cloud-based storage solutions to businesses, including Imagebam.  *See* MTD at 1:2-5.  In turn, "Imagebam provides hosting to individually registered users in order to upload images."  *Id.* at 1:5-6.

   A major problem with portions of Steadfast's Motion to Dismiss is its proffering of factual assertions which are not contained in the pleadings in this lawsuit, nor has it requested and established a basis for this Court to take judicial notice of those facts.

[2] The Court readily admits that it does not know (and Plaintiff has clearly not alleged) if the word "host" is a "term or art" and/or has an established definition in the industry such that when the word is used it means to provide mechanisms (such as server space and bandwidth) and/or operations which directly allow customers to continue to conduct businesses which engage in copyright infringement.  *See generally Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 940-41 (9th Cir. 2011).  As to co-defendant Cloudflare, Plaintiff did provide several paragraphs delineating the nature of that company's operations, *see* SAC at ¶¶ 27-41 (and, subsequently, this Court found that Plaintiff had adequately plead a claim for contributory copyright liability); whereas, for Steadfast, Plaintiff simply relies on one word in one paragraph (*Id.* at ¶ 49).

*Capital Partners LLC*, 718 F.3d 1006, 1032 (9th Cir. 2013) (affirming dismissal of complaint for failing to allege material contribution where complaint did not allege facts indicating that defendants gave material assistance in helping infringing website or its users accomplish infringement).

Plaintiff asserts that "[i]t is beyond dispute that continuing to provide server space to – 'hosting' – direct infringers with actual or constructive knowledge of infringement materially contributes to direct infringement." *See* Opp'n at 5:22-6:6. However, the cases Plaintiff cites in support involved far more substantial factual assertions which established that the services provided by the defendant actually contributed to infringement. For example, Plaintiff cites to *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936 (9th Cir. 2011); however, in that case, the losing defendants hosted entire websites on its servers, routed internet traffic to and from those websites, and had direct control over the services and servers provided to the websites, thereby rendering the defendant's "an essential step in the infringement process." *See* 658 F.3d at 943-944.[3] In addition, Plaintiff cites to *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012), however, that case did not even address contributory copyright infringement, but rather only addressed whether a district court had properly granted summary judgment based on the DCMA safe harbor provisions. Plaintiff also cites to *Capitol Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 713 (S.D.N.Y. 2014), but in that case, the defendant was found to have contributed to infringement by funding the site and facilities for the infringing activity, directing the primary infringer's development and setting policies for it, and creating, developing, and marking programs for the primary infringer. Here, the sparse allegations in the SAC do not indicate what services Steadfast provides to Imagebam or clarify Steadfast's role in the infringement process.

In short, the Court is unaware of any authority holding that merely alleging that a defendant provides some form of "hosting" service to an infringing website is sufficient to establish contributory copyright infringement. The Court would therefore find that the SAC fails to allege facts establishing that Steadfast materially contributed to the infringement.

### b. Inducement

Steadfast also argues that the SAC fails to state a claim for inducement liability. *See*

---

[3] One of the defendants in the *Louis Vuitton Malletier* case (*i.e.* Managed Solutions Group, Inc.) obtained a judgment as a matter of law even though it "leased servers, bandwidth, and some IP addresses to [the infringing co-defendants who], in turn, operated the servers and otherwise ran the business." 658 F.3d at 940, 942.

MTD at 16:21-17:13.  In *Visa*, the Ninth Circuit explained that inducement liability can be established where one "'distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement.'" *See Visa*, 494 F.3d at 800 (quoting *Grokster*, 545 U.S. at 936-37).  "[T]he standard for inducement liability is providing a service 'with the object of promoting its use to infringe copyright'. . . . inducement 'premises liability on purposeful, culpable expression and conduct, and thus does nothing to compromise legitimate commerce or discourage innovation having a lawful promise.'"  *Id.* (quoting *Grokster*, 545 U.S. at 937); *see also Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1033 (9th Cir. 2013) (explaining that "the inducement copyright doctrine . . . applies to services available on the Internet as well as to devices or products").

Here, the SAC does not allege that Steadfast provides its services for the purpose of promoting copyright infringement, or that it has directly encouraged Imagebam to display infringing content on its website.  *Cf. Grokster*, 545 U.S. at 923-24 (finding file-sharing service liable for infringement where the record was "replete with evidence that from the moment [plaintiffs] began to distribute their free software, each one clearly voiced the objective that recipients use it to download copyrighted works, and each took active steps to encourage infringement").  As such, the Court would find that Plaintiff has failed to plead contributory liability by inducement.

Because Plaintiff has failed to allege contributory copyright infringement, the Court would DISMISS the second cause of action as to Steadfast.

### B.  The SAC Fails to State a Claim for Vicarious Copyright Infringement

"To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant (1) has the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity."  *See Visa*, 494 F.3d at 802 (citations omitted).  Steadfast argues that the SAC fails to adequately state a claim for vicarious liability because Steadfast does not have the requisite right and ability to supervise and control the infringing conduct.  *See* MTD at 17:25-18:19.

The Court would agree.  In *Visa*, the Ninth Circuit held that the defendants could not be held vicariously liable for infringement by independent websites because they did not have the ability to "take away the software the offending websites use to copy, alter, and distribute the infringing images, cannot remove those websites from the Internet, and cannot themselves block

the distribution of those images over the Internet." *See Visa*, 494 F.3d at 805. Similarly, in *Amazon.com*, the Ninth Circuit found that there was no vicarious liability because Google did not have the legal right to stop or limit the direct infringement of third-party websites. *See Amazon.com*, 508 F.3d at 1173. Here, the SAC contains no allegations that Steadfast has a direct financial interest in the infringing activity or has the right and ability to stop the infringing conduct.[4]

For the foregoing reasons, the Court would DISMISS the third cause of action for vicarious copyright infringement against Steadfast.

### C. The SAC Fails to State a Claim for Contributory Trademark Infringement

"To be liable for contributory trademark infringement, a defendant must have (1) 'intentionally induced' the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *See Visa*, 494 F.3d at 807 (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). "The tests for secondary trademark infringement are even more difficult to satisfy than those required to find secondary copyright infringement." *Id.* (citing *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 439 n.19 (1984)). "For liability to attach, there must be 'direct control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark.'" *Id.* (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 984 (9th Cir. 1999)).

Steadfast asserts that the SAC fails to allege any facts that would support a claim that Steadfast induced Imagebam to infringe Plaintiff's trademarks, or even any facts establishing what the purported trademark infringement entailed. *See* MTD at 19:9-18. Nor does the SAC allege that Steadfast controls or monitors any instrumentality used by Imagebam to engage in trademark infringement. *Id.* The Court would agree.

In sum, the Court would DISMISS the sixth cause of action for contributory trademark infringement against Steadfast.

### D. DCMA Defense

Steadfast alternatively argues that it is immune from liability under the DMCA's Section 512(c) safe harbor. *See* MTD at 9:10-13:15. To qualify for protection under any safe harbor of

---

[4] The SAC conclusorily alleges that Defendants have "right and ability to control or supervise the direct infringement" and "have directly benefited financially from such infringing activity," *see* SAC ¶ 69, but fails to allege any facts substantiating that assertion.

the DMCA, a defendant must establish certain threshold requirements, including that the defendant is a "service provider" as defined by the DMCA; the defendant adopted and reasonably implemented a "repeat infringer" policy that "provides for the termination in appropriate circumstances of subscribers and account holders of the service providers' system or network"; and the defendant accommodates "standard technical measures" that identify or protect copyrighted works. *See Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 27-28 (2d Cir. 2012). In addition, under Section 512(c), a defendant must establish:

> (A) (i) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;
> (ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or
> (iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;
> (B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and
> (C) upon notification of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.

*See* 17 U.S.C. § 512(c)(1)(A)-(C).

Most courts have refused to determine on a motion to dismiss whether a party is entitled to protection under the DMCA, noting that "it is difficult to conclude as a matter of law [that a defendant] ha[s] 'reasonably implemented' a policy against repeat infringers." *See Ellison v. Robertson*, 357 F.3d 1072, 1080 (9th Cir. 2004); *see also BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F.Supp.3d 342, 358-59 (S.D.N.Y. 2014) ("At the complaint stage, there are insufficient facts to demonstrate that the Defendants named in this action satisfy even the threshold requirements [of the DMCA]. Defendants bring no credible argument that the complaint, and attachments themselves, establish, for instance, that they have 'reasonably implemented' a repeat infringer policy."); *Viacom Int'l*, 676 F.3d at 41 (vacating district court's grant of summary judgment on DMCA defense, explaining that "further fact-finding is required to determine whether [defendant] is ultimately entitled to safe harbor protection in this case").

Here, because the Court would grant Steadfast's Motion to Dismiss based on the insufficient allegations in the SAC, the Court need not address Steadfast's alternative basis for dismissal under the DMCA. In any event, given the sparse factual allegations in the SAC regarding Steadfast's role in the infringement, it is highly unlikely that the Court has enough

information to determine whether Steadfast is entitled to protection at this stage in the proceedings.

## IV.  **Conclusion**

Because Plaintiff has failed to allege secondary liability against Steadfast, the Court would GRANT Steadfast's Motion and DISMISS the SAC as to Steadfast.  Because Plaintiff may be able to cure the deficiencies in its allegations, the Court would dismiss the SAC without prejudice.