1 [counsel listed on signature page]
2
3
4
5  UNITED STATES DISTRICT COURT
6  CENTRAL DISTRICT OF CALIFORNIA
7  WESTERN DIVISION
8

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; OVH SAS, a French corporation; HEBERGEMENT OVH INC., a Québec provincial corporation; DOLPHIN MEDIA LTD., a Hong Kong company; HIVELOCITY VENTURES CORPORATION, a Florida corporation; STEADFAST NETWORKS, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>DEFENDANTS' SUPPLEMENTAL JOINT SCHEDULING CONFERENCE REPORT<br><br>Date: Feb. 27, 2017<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br>         350 W. 1st Street<br>Judge: Hon. George H. Wu |

07215-00001/8985534.1

Supplemental Joint Scheduling Conference Report

Pursuant to the Court's February 16, 2017 order setting a Scheduling Conference for February 27, 2017 at 8:30 a.m. (ECF No. 111), as well as the Court's request at the February 16 hearing that scheduling proposals be submitted by February 23, Defendants Cloudflare, Inc. ("Cloudflare"), Hivelocity Ventures Corporation ("Hivelocity") and Steadfast Networks LLC ("Steadfast") hereby submit the following Supplemental Joint Scheduling Conference Report.

Despite Defendants' invitation, Plaintiff ALS Scan refused to participate in this filing.

**Case Status**.  ALS filed its Second Amended Complaint on November 11, 2016 (ECF No. 64).  The current status of the case with respect to each of the defendants is below.

<u>Cloudflare</u>: Cloudflare moved to dismiss the First Amended Complaint on September 26, 2016, and its motion was granted on all counts except for one, contributory copyright infringement.  Cloudflare filed its answer to the Second Amended Complaint on December 2, 2016 (ECF No. 70), and the parties have commenced discovery.  Cloudflare will file an early summary judgment motion on the issue of extraterritoriality, which motion should vastly narrow the case, if not resolve it entirely.

<u>Steadfast</u>: Steadfast moved to dismiss the Second Amended Complaint for failure to state a claim on January 5, 2017, which was granted with leave to amend on February 16, 2017 (ECF No. 111).  The Court has not yet set a deadline for the filing of ALS Scan's Third Amended Complaint.  If the defects are not cured via the Third Amended Complaint, Steadfast may file another motion to dismiss.

<u>Hivelocity</u>: Hivelocity filed an answer to the Second Amended Complaint on December 14, 2016 (ECF No. 77).  The parties have commenced discovery.

1  <u>Dolphin Media</u>: Dolphin filed a motion to dismiss the Second Amended Complaint for lack of personal jurisdiction, improper venue, and forum non conveniens on January 19, 2017 (ECF No. 93). That motion is set to be heard on February 27, 2017.[1]

<u>OVH SAS and Hebergement OVH</u>: On February 23, 2017, following a February 21 conference of counsel on OVH SAS's planned motion to dismiss the complaint for lack of personal jurisdiction and failure to state a claim, Plaintiff dismissed both OVH companies from this case. *See* Dkt. No.113.

**Case Schedule**.

Defendants submit that good cause exists to extend the case schedule, because the case is in its early stages, and the pleadings are not yet final, yet discovery is set to close just six weeks from now.

First, the pleadings are not yet final. Only two of the four defendants have filed answers to the current operative complaint. And, ALS must now amend its complaint for the fourth time in this case, the deadline for which has not yet been set. The forthcoming-Third Amended Complaint is likely to draw further challenges by defendants, and thus, the parties may not have a final operative complaint in this action until summer. Once any challenges to the Third Amended Complaint are resolved, the remaining allegations will affect the claims and scope of this case, including discovery to be taken during the summer and fall.

Second, ALS is not conducting itself in a manner consistent with the expedited discovery cutoff it requested (over defendants' objection) at the parties' last scheduling conference on November 28, 2016. For instance, defendants waited more than six weeks after the last scheduling conference for ALS to circulate a draft Protective Order, so that the parties could begin their

---

[1] Dolphin Media has a pending motion to dismiss for lack of personal jurisdiction and did not participate in this filing.

1 document productions. ALS never did so. Cloudflare, needing to get its first
2 production out the door, circulated one on January 12. It then took another
3 several weeks, until February 2, to secure ALS's agreement. Additionally, ALS
4 has requested various extensions of its deadlines to respond to served discovery
5 requests, which again is not consistent with the expedited schedule ALS
6 initially requested.

7      The status of discovery taken to date further supports extending the case
8 schedule. While preliminary discovery requests have been exchanged as to a
9 few of the defendants, others have not even begun discovery. Moreover, the
10 documents ALS has produced to date are defective and incomplete in many
11 respects. And, ALS's interrogatory responses to Cloudflare, served on
12 February 15, 2017, admit that ALS does not even know how many copyrighted
13 images and/or videos are at issue in its case: "ALS *has only begun* to count the
14 number of works involved in all of its notification of infringement to
15 Cloudflare, and thus does not have a count of the total number of works
16 involved at this point." (emphasis added). Cloudflare is working diligently to
17 resolve these discovery issues with Plaintiff, but if those efforts fail, motion
18 practice may become necessary.

19      Similarly, the discovery ALS provided to Hivelocity consists of
20 thousands of copyright registrations (where the alleged infringing works at
21 issue in relation to Hivelocity seems limited to approximately 150 works based
22 on the URLs in the infringement notices to Hivelocity); however, there is no
23 indication nor verification by ALS Scan as to which copyright registrations
24 pertain to the infringement notifications sent to Hivelocity. Indeed, none of the
25 infringement notifications to Hivelocity identify the alleged copyrighted work
26 being infringed, and instead consist of inactive hyperlink URLs. After multiple
27 correspondences with ALS Scan, ALS Scan has still not indicated which
28 copyright registrations pertain to the infringement notification nor whether it

will even be able to provide this information reasonably in advance of the mediation cutoff, if at all.  There are other discovery issues to be resolved in addition to the foregoing that will not likely be resolved prior to the current deadlines.  ALS Scan urges the court to maintain the current schedule including the mediation cutoff without accounting for the serious discovery deficiencies and practical amount of time that will be necessary to resolve such issues and permit the parties to effectively mediate.

For these reasons, the defendants hereby propose the following revised schedule, which they believe builds in sufficient time for ALS to prepare and file its Third Amended Complaint, and for all named defendants to respond to the complaint, to exchange necessary discovery, and to permit the orderly filing and adjudication of dispositive motions.  Given that (1) the final operative complaint has not yet been filed, (2) two of the named defendants, Steadfast Networks and Dolphin Media, have not yet completed their respective attacks on the pleadings in the form of Rule 12 motions, and (3) discovery is still in its early stages as to the remaining defendants, Defendants' revised proposed schedule is as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Mediation cutoff | March 24, 2017 | October 27, 2017 |
| Post-Mediation Status Conference | March 27, 2017 | October 30, 2017 |
| Fact discovery cutoff | April 3, 2017 | November 6, 2017 |
| Expert discovery cutoff | May 1, 2017 | December 1, 2017 |
| Deadline to file dispositive motions | | December 7, 2017 |
| Deadline to oppose dispositive motions | | December 14, 2017 |

07215-00001/8985534.1              - 4 -
Supplemental Joint Status Conference Report

| Event | Current Date | Proposed Date |
|---|---|---|
| Deadline to reply re dispositive motions | | December 21, 2017 |
| Motion hearing cutoff | June 1, 2017 | January, 8, 2018 |
| Pretrial Conference | June 29, 2017 | February 5, 2018 |
| Trial | July 11, 2017 | February 20, 2018 |

Defendants respectfully request that the Court enter the revised case schedule set forth above.

Respectfully submitted,

DATED: February 23, 2017        PARTRIDGE PARTNERS, P.C.


By: _s/Colin O'Brien_____
    John L. Ambrogi
    Colin T.J. O'Brien
Attorneys for Defendant Steadfast Networks, LLC


DATED: February 23, 2017        QUINN EMANUEL URQUHART & SULLIVAN LLP


By: _____
    Rachel Herrick Kassabian
Attorney for Defendant Cloudflare, Inc.

DATED:  February 23, 2017	KRAMER HOLCOMB SHEIK LLP


By: s/Shahrokh Sheik
　　John L. Holcomb
　　Shahrokh Sheik
Attorneys for Defendant Hivelocity
Ventures Corporation