UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5051-GW(AFMx) | Date | February 27, 2017 |
|---|---|---|---|
| Title | *ALS Scan, Inc. v. Cloudflare, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jay M. Spillane | R. Paul Katrinak |
| | Robert Carreon |
| | Rachel H. Kassabian |
| | John L. Ambrogi - by telephone |

**PROCEEDINGS:** **DEFENDANT DOLPHIN MEDIA LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR IMPROPER VENUE, OR IN THE ALTERNATIVE FORUM NON CONVENIENS [93];**

**SCHEDULING CONFERENCE**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. Plaintiff will have until March 13, 2017 to submit an offer of proof regarding nationwide jurisdiction. The Court will issue its ruling by March 20, 2017. If the offer of proof raises a possibility that jurisdiction exists, the court will ask Defendant Dolphin to submit a response. If it does not raise a possibility, the Court will make the tentative its final.

The scheduling conference is continued to March 13, 2017 at 8:30 a.m. Parties will file a joint status report by noon on March 8, 2017.

|  | : | 10 |
|---|---|---|
| | Initials of Preparer | JG |

<u>*ALS Scan, Inc. v. CloudFlare, Inc., et al.*</u>, Case No. CV-16-5051-GW-AFM
Tentative Rulings on Motions to Dismiss for Lack of Personal Jurisdiction, for Improper Venue, and/or for Forum Non Conveniens

## I. <u>Background</u>

ALS Scan, Inc. ("Plaintiff") sues CloudFlare, Inc. ("CloudFlare"); OVH SAS; Hebergement OVH Inc.; Dolphin Media Ltd. ("Dolphin"); Hivelocity Ventures Corporation; Steadfast Networks, LLC ("Steadfast"); and Does 1-10 (collectively, "Defendants") for various claims related to Defendants' alleged infringement of Plaintiff's copyrighted and trademarked works. *See generally* Second Am. Compl. ("SAC"), Docket No. 64. The SAC asserts six causes of action: (1) direct copyright infringement, against Dolphin and Does 1-5; (2) contributory copyright infringement, against all Defendants except Dolphin; (3) vicarious copyright infringement, against all Defendants except Dolphin; (4) direct trademark infringement, against Dolphin and Does 1-5; (5) direct trademark counterfeiting, against Dolphin and Does 1-5; and (6) contributory trademark infringement, against all Defendants except Dolphin. *Id.*

Plaintiff is a Maryland corporation with its principal place of business in Woodstock, Maryland. *Id.* ¶ 9. Plaintiff owns a library of copyrighted and trademarked works of adult entertainment. *Id.* ¶ 3. Plaintiff alleges that its works are repeatedly infringed by pirate Internet sites, which display Plaintiff's works without Plaintiff's permission. *Id.* ¶ 4. These sites are allegedly supported by third-party service providers that continue doing business with the sites even after receiving actual notice of infringement from Plaintiff. *Id.* ¶ 6.

The SAC alleges that Dolphin is a Hong Kong corporation with offices located in Hong Kong. *Id.* ¶ 12. Dolphin allegedly owns and operates imgchili.net, one of the pirate sites that display infringing copies of Plaintiff's works. *Id.* ¶ 44. The SAC alleges that Dolphin provides monetary incentives to induce members of imgchili.net to steal and upload large quantities of infringing content. *Id.* ¶ 46. Plaintiff has sent Dolphin infringement notifications on numerous occasions, but Dolphin refused to remove the images. *Id.* ¶ 45.

Plaintiff seeks actual damages; statutory damages; disgorgement of profits; attorneys' fees and costs; injunctive relief; and such other relief as the Court deems appropriate. *See* SAC at 18:21-19:5.

Now pending before the Court is Dolphin's Motion to Dismiss for Lack of Personal

Jurisdiction, Improper Venue, or alternatively, Forum Non Conveniens. *See* Mot. to Dismiss ("MTD"), Docket No. 93.

## II. Motion to Dismiss for Lack of Personal Jurisdiction

### A. *Legal Standard*

"In personam jurisdiction, simply stated, is the power of a court to enter judgment against a person." *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). In filing a complaint, the plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The defendant may move to dismiss the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). When a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *See Doe*, 248 F.3d at 922 (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)); *see also Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2002). Where not directly controverted, the plaintiff's version of the facts is taken as true, and any conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *See Doe*, 248 F.3d at 922. However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See id.* California permits "[a] court of [the] state [to] exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10.

"Due process permits the exercise of personal jurisdiction over a nonresident defendant in the following four situations: (1) where the defendant is domiciled in the forum state when the lawsuit is commenced; (2) where the defendant is personally served with process while physically present in the forum state; (3) where the defendant consents to jurisdiction; or (4) where the defendant has sufficient 'minimum contacts' with the forum state, such that the exercise of jurisdiction would not 'offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Gutierrez*, No. CV039416 NM(PJWX), 2004 WL 3737123, *3 (C.D. Cal. July 13, 2004) (citing *Fitzgerald v. Wilson,* 39 Cal.App.4th 1419, 1425-26 (1995)). "With respect to the fourth situation, courts may exercise either: (1) general jurisdiction, which arises

2

out of a defendant's 'continuous and systematic' contacts with the forum; or (2) specific jurisdiction, which arises where a defendant's specific contacts with the forum have given rise to the claim at issue." *Id.* (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)).

General personal jurisdiction exists where a nonresident defendant's affiliations with the forum state are so "continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A., et al. v. Brown*, 594 U.S. 915, 919 (2011) (citing *Int'l Shoe Co.,* 326 U.S. at 317); *see also Daimler AG v. Bauman*, 134 S.Ct. 746, 749 (2014). Where general jurisdiction does not exist, the Ninth Circuit has established a three-factor test to determine whether the exercise of specific jurisdiction is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). The plaintiff bears the burden on the first two prongs, *see Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990), but the burden then shifts to the defendant to a make a "compelling case" that the exercise of jurisdiction would not be reasonable. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-78 (1985). The "reasonableness" prong of the test for specific jurisdiction is examined according to the following factors:

> (1) the extent of purposeful interjection, (2) the burden on the defendant to defend the suit in the chosen forum, (3) the extent of conflict with the sovereignty of the defendant's state, (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 (9th Cir. 1993).

*B. Analysis*

Dolphin asserts that there is no personal jurisdiction over it because it is a Hong Kong corporation headquartered in Hong Kong, and does not have sufficient contacts with California. *See* MTD at 1:2-12.

1. General Jurisdiction

Dolphin asserts that there is no general jurisdiction over it because Dolphin does not own property, hold offices, conduct or solicit business, hold bank accounts, or enter into contracts in California. *See* MTD at 5:6-14; *see also* Decl. of Tomas Mazal ("Mazal Decl.") ¶¶ 17-28, Docket No. 93-2. In addition, Dolphin contends that imgchili.net does not have any registered users located in California, and that neither Dolphin nor imgchili.net has sent payment to any individual or entity located in California. *See* Mazal Decl. ¶ 24. As a result, Dolphin asserts that it does not have any continuous or systemic contacts with California that would subject it to general jurisdiction. *Id.* at 5:15-14.

In response, Plaintiff asserts that imgchili.net is an interactive website that enables customers worldwide, including California customers, to sign up for an imgchili.net account. *See* Opp'n to MTD ("Opp'n") at 1:5-12, Docket No. 105. Plaintiff alleges that account holders can upload galleries of infringing images, including images uploaded from California servers, to imgchili.net. *Id.* In addition, imgchili.net allegedly pays account holders based on the number of page views of uploaded images using PayPal, a California-based company headquartered in San Jose, and also utilizes servers maintained by CloudFlare, a California-based company headquartered in San Jose. *Id.*

The Court would find that these contacts are by no means "so extensive" that they render Dolphin subject to general jurisdiction. *See Schwarzenegger*, 374 F.3d at 801. Indeed, in *Schwarzenegger*, the Ninth Circuit held that a defendant's contacts with California, which included purchases of automobiles imported by California entities, regular retention of services from California-based companies, and maintenance of an Internet website that could be accessed by people residing in California, fell "well short of the 'continuous and systematic' contacts that the Supreme Court and [the Ninth Circuit] have held to constitute sufficient 'presence' to warrant general jurisdiction." *Id.* (quoting *Helicopteros*, 466 U.S. at 418 ("mere purchases, even if occurring at regular intervals, are not enough" to establish general jurisdiction); *Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (distinguishing "doing

4

business *in* California," which potentially could support general jurisdiction, from "doing business *with* California," which is not sufficient) (emphases added)). Dolphin is certainly not "essentially at home" in California. *See Goodyear Dunlop Tires Operations, S.A.*, 594 U.S. at 919.

The Court would therefore find that Plaintiff has failed to establish a prima facie case of general jurisdiction.

### 2. Specific Jurisdiction

As discussed *supra*, the Ninth Circuit utilizes a three-prong test to analyze specific jurisdiction; Plaintiff bears the burden of establishing the first two prongs. The three prongs include: (1) whether Dolphin purposefully directed its activities at California or purposefully availed itself of the privilege of conducting activities in California; (2) whether Plaintiff's claims arise out of Dolphin's forum-related activities; and (3) whether the exercise of jurisdiction is reasonable. *See Schwarzenegger*, 374 F.3d at 802.

#### a. Purposeful Direction

Where a defendant "has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper analytical framework.'" *Mavrix Photo v. Brand Techs.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (quoting *Schwarzenegger*, 374 F.3d at 802). Purposeful direction is analyzed pursuant to the "effects" test outlined in *Calder v. Jones*, 465 U.S. 763 (1984), which "requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *See Mavrix Photo*, 647 U.S. at 1228 (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)).

Here, the parties do not appear to dispute that the posting of infringing photos on imgchili.com is an intentional act. Indeed, the Ninth Circuit has made clear that "[t]here is no question that [a defendant] act[]s intentionally reposting [] allegedly infringing photos." *See Mavrix Photo*, 647 F.3d at 1229. Thus, the relevant inquiry is whether Dolphin expressly aimed its acts of infringement at California, and whether the infringement caused harm that Dolphin knew was likely to be suffered in California.

#### 1. **Express Aiming**

In order to establish that Dolphin expressly aimed its infringing acts at California, Plaintiff must show not only that Dolphin maintained an website that was accessible in

5

California, but also "something more" indicating that it purposefully targeted its actions at California. *See Mavrix Photo*, 647 F.3d at 1229. In *Mavrix Photo*, the Ninth Circuit explained that:

> In determining whether a nonresident defendant has done "something more," we have considered several factors, including the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant individually targeted a plaintiff known to be a forum resident.

*Id.* Utilizing these factors, the Ninth Circuit held that the defendant had expressly aimed its copyright infringement at California because it displayed copyrighted photos on its website "as part of its exploitation of the California market for its own commercial gain." *Id.* The Ninth Circuit explained that a "substantial number of hits to [defendant's] website came from California residents"; the website utilized advertisements targeting California residents, thereby indicating that the defendant knew about its California user base; and it was clear from the record that the defendant "operated a very popular website with a specific focus on the California-centered celebrity and entertainment industries." *Id.* at 1230. It was emphasized that the defendant "anticipated, desired, and achieved a substantial California viewer base. This audience is an integral component of [defendant's] business model and its profitability." *Id.*

Here, Plaintiff asserts that Dolphin expressly aimed its infringement of Plaintiff's photos at California because it maintains an interactive website that enables uploads of copyrighted content by California users, utilizes servers owned by California companies, and "direct[s] injuries into the California forum," "including [injuries to] California copyright owners." *See* MTD at 6:10-20.

With respect to the factors delineated by the Ninth Circuit in *Mavrix Photo*, while imgchili.net is certainly interactive, because Dolphin profits from it and users must register in order to fully access the features, this alone is not sufficient to establish specific jurisdiction. Nor is Plaintiff's assertion that California residents can access imgchili.net – a fact the parties dispute, but a fact the Court presumes is true for purposes of this Motion – sufficient. *See DFSB Kollective Co. Ltd. v. Bourne*, 897 F.Supp.2d 871, 881 (N.D. Cal. 2012) ("'If the defendant merely operates a website, even a highly interactive website, that is accessible from, but does not target, the forum state, then the defendant may not be [subject to specific jurisdiction].'" (quoting *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011)).

With respect to the remaining two factors, Plaintiff has not made any showing regarding the "geographic scope of [Dolphin's] commercial ambitions." Unlike in *Mavrix Photo*, there is no evidence how many users of imgchili.net are California residents, nor is there any indication that imgchili.net has a specific focus on California. Indeed, Plaintiff has not identified "anything on [imgchili.net] that is directed to California or even references California." *See DFSB Kollective Co. Ltd.*, 897 F.Supp.3d at 811. Plaintiff's only evidence that imgchili.net has any connection to California at all is a website that Plaintiff itself maintains, which Plaintiff claims is located on a server in California and from which Plaintiff allegedly uploaded its own images to imgchili.net. *See* Opp'n at 3:3:10; Decl. of Eric Penn ¶¶ 14-23, Docket No. 106. However, courts have made clear that attempts by a plaintiff to manufacture a sufficient contact with the forum state are not sufficient to establish specific jurisdiction.[1] *See Millennium Enters., Inc. v. Millennium Music, LP*, 33 F.Supp.2d 907, 911 (D. Or. 1999) (holding that "[d]efendants cannot be said to have 'purposefully' availed themselves of the protections of this forum when it was an act of someone associated with plaintiff, rather than defendants," that caused the contact); *see also Burger King Corp.*, 471 U.S. at 476; *NuboNau, Inc. v. NB Labs, Ltd.*, No. 10cv2631-LAB (BGS), 2012 WL 843503, at *6 (S.D. Cal. Mar. 9, 2012) (holding that "orchestrated purchases" by a plaintiff cannot give rise to specific jurisdiction); *Edberg v. Neogen Corp.*, 17 F.Supp.2d 104, 112 (D. Conn. 1998) ("Only those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral acts of the plaintiff, should be considered for due process purposes.").

Nor has Plaintiff made any showing that Dolphin has "individually targeted a plaintiff known to be a forum resident." There is no dispute that Plaintiff is a Maryland corporation headquartered in Woodstock, Maryland, and is therefore not a resident of California. *See* SAC ¶ 9. Plaintiff attempts to assert that imgchili.net enables uploads of content stolen from California copyright owners, such as Playboy. *See* Opp'n at 3:19-23. However, Playboy is not a plaintiff in this action, and thus is not relevant to the analysis. *See Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919 ("In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from . . . the very controversy that

---

[1] In any event, the Court does not believe that asserting that Dolphin has *one* user in California is sufficient to show that it directly targets its infringing activity at California. *Cf. Mavrix Photo*, 647 F.3d at 1240 (finding specific jurisdiction where a "*substantial* number of hits to [defendant's] website came from California residents" (emphasis added)).

establishes jurisdiction." (internal quotations and citations omitted)); *NuboNau, Inc. v. NB Labs, Ltd.*, 2012 WL 843503, at *6 (S.D. Cal. Mar. 9, 2012) (rejecting claim that sales by California vendors unrelated to defendant could establish specific jurisdiction in California for plaintiff's trademark infringement claim against defendant).

Finally, Plaintiff attempts to assert that because Dolphin maintains accounts with California-headquartered companies, including CloudFlare and Paypal, it expressly aims its copyright infringement at California. *See* Opp'n at 6:10-15. However, courts in the Ninth Circuit have expressly rejected this theory. *See DFSB Kollective Co. Ltd.*, 897 F.Supp.2d at 883 ("Plaintiffs contend that the 'something more' is that [d]efendant utilized accounts on California-headquartered Internet companies . . . . the Court is unpersuaded that the headquarters of those Internet companies establishes that [d]efendant expressly aimed his infringing activities at the California market."); *NuboNau, Inc. v. NB Labs, Ltd.*, 2012 WL 843503, at *6 ("[T]he [c]ourt doesn't find that merely engaging Twitter and Facebook to promote one's business constitutes purposeful direction at California, simply because Twitter and Facebook happen to be based there . . . .").

In sum, Plaintiff has failed to establish that Dolphin expressly aimed its infringement of Plaintiff's works at California.

## 2. <u>Foreseeable Harm</u>

In addition, Plaintiff has failed to make a sufficient showing that Dolphin's acts of infringement caused harm that Dolphin knew was likely to be felt in California. *See Brayton Purcell LLP*, 606 F.3d at 1131 ("This element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." (quoting *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). Courts in this district have held that harm caused by copyright infringement was foreseeable where a plaintiff is located in the forum and the defendant knows, or should have known, of the plaintiff's location; or where the infringement causes foreseeable economic harm in the forum. *See, e.g.*, *Brackett v. Hilton Hotels Corp.*, 619 F.Supp.2d 810, 818 (N.D. Cal. 2008) (emphasizing that "[t]he goal of the effects test is to establish jurisdiction where the effects of a defendant's contacts are felt in the forum"); *Brayton Purcell LLP*, 606 F.3d at 1131 ("It was foreseeable that [plaintiff] would be harmed by infringement of its copyright . . . in the [f]orum where [plaintiff] was known to reside."); *Mavrix Photo, Inc.*, 647 F.3d at 1232 (holding that it was foreseeable that significant economic loss would be inflicted in California

8

because "[a] substantial part of the [infringed] photos' value was based on the fact that a significant number of Californians would have bought publications . . . in order to see the photos. Because [defendant's] actions destroyed this California-based value, a jurisdictionally significant amount of [plaintiff's] economic harm took place in California.").

Here, Plaintiff is not located in California. Nor has Plaintiff made any showing that it suffered jurisdictionally significant harm in California as a result of Dolphin's infringement, or that such harm was foreseeable by Dolphin. As a result, Plaintiff has failed to establish a prima facie case under this prong as well.[2]

### b. Rule 4(k)(2)

Plaintiff has not attempted to establish personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2), pursuant to which a foreign defendant can be subject to personal jurisdiction based on its contacts with the United States as a whole. Under Rule 4(k)(2), "foreign defendants who are not otherwise subject to jurisdiction in any state but who have contacts with the nation as a whole ('national contacts') are subject to personal jurisdiction on claims arising under federal law." Schwarzer, Tashima, et al., Cal. Prac. Guide Fed. Civ. Proc. Before Trial (2016) § 3:33:5, at 3-15 (citing Fed. R. Civ. Proc. 4(k)(2); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007); *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1297-98 (Fed. Cir. 2009)). To "establish personal jurisdiction based on a defendant's aggregated national contacts, plaintiff must prove three factors: the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction; the claim arises under federal law; and the federal court's exercise of personal jurisdiction comports with due process." *Id.* § 3:35:5b, at 3-16 (internal quotation marks and citations omitted). "The due process analysis under Rule 4(k)(2) is nearly identical to the traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the defendants and the forums state, we consider contacts with the nation as a whole." *Id.* (internal quotations and citations omitted).

Here, the Court would consider allowing Plaintiff to submit supplemental briefing

---

[2] Because Plaintiff has failed to satisfy the "purposeful direction" prong of specific jurisdiction, the Court need not address whether Plaintiff's claims arise out of Dolphin's activity in California. In any event, the Court notes that Plaintiff has failed to make any showing that Plaintiff "would not have been injured *but for* defendant's conduct directed toward [Plaintiff] in the forum state." *See Brackett*, 619 F.Supp.2d at 818; *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.32 1007, 1021 (9th Cir. 2002) (finding claims arose out of defendant's forum-related activities where plaintiff's principal place of business was in forum state and defendant specifically competed with plaintiff in forum state by targeting residents of forum with marketing ads).

regarding whether Dolphin has sufficient contacts with the United States as a whole to warrant the exercise of specific jurisdiction. In doing so, Plaintiff would need to make a prima facie showing that Dolphin purposefully directed its infringing activities at the United States and that its claims arise out of or relate to Dolphin's forum-related activities. *See id.* (finding specific jurisdiction in the United States warranted under Rule 4(k)(2) based on defendant's intentional copying and distributing of infringing games to thousands of U.S. customers, resulting in its exploitation of the United States market for commercial game and harm to the United States copyright holder); *cf. NuboNau, Inc. v. NB Labs, Ltd.*, 2012 WL 843503, at *11-12 (finding no specific jurisdiction under Rule (4)(k)(2) where there was no indication that the foreign defendant intentionally aimed infringing acts at the United States).

### III. Motion to Dismiss for Improper Venue

#### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to challenge the plaintiff's chosen venue. Fed. R. Civ. Proc. 12(b)(3). On such a challenge, the pleadings need not be accepted as true and the court may therefore consider supporting materials in the record, but the court must draw all reasonable inferences in favor of the non-moving party. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). If the court decides that the case has been brought in the wrong division or district, the court "shall dismiss . . . [or] transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

#### B. Analysis

Dolphin asserts that venue is improper because Plaintiff does not allege any meaningful connection between Dolphin and California, or even Plaintiff and California, and that the Central District of California has no connection to the events or omissions giving rise to the claims in this action. *See* MTD at 12:13-26.

In copyright infringement actions, venue is proper "in the district in which the defendant or his agent resides or may be found." *See* 28 U.S.C. § 1400(a). "The Ninth Circuit interprets this statutory provision to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *See Brayton Purcell LLP*, 606 F.3d at 1128 (internal quotation marks and citations omitted); *Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.*, 191 F.Supp.3d 1007, 1020 (N.D. Cal. 2016). "The Court uses basically the same procedure to decide a motion to dismiss for improper venue as it does for deciding a

10

motion to dismiss for lack of personal jurisdiction." *Goldberg v. Cameron*, 482 F.Supp.2d 1136, 1143 (N.D. Cal. 2007) (internal quotation marks and citations omitted). "Where . . . the motion to dismiss is based on written materials rather than an evidentiary hearing, [plaintiff] need only make a prima facie showing to demonstrate that the [forum] has personal jurisdiction over [defendants]." *Id.*

Plaintiff's only response to Dolphin's assertion of improper venue is that "[s]ince Dolphin is amendable to personal jurisdiction in this district, venue is proper." *See* Opp'n at 7:4-5. However, as discussed *supra*, Plaintiff has failed to make a prima facie showing of either general or specific jurisdiction. As such, the Court would find that venue is not proper in the Central District of California.[3] *Cf. Autodesk, Inc.*, 191 F.Supp.3d at 1021 (finding venue proper in Northern District of California where defendant was subject to personal jurisdiction in California and the basis of personal jurisdiction was the effects of the defendant's actions on a plaintiff located in the Northern District); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F.Supp.2d 1073, 1095 (C.D. Cal. 2003) ("Because the Court concludes that jurisdiction is proper in this district, venue is proper as well.").

### C. Conclusion

In sum, the Court would GRANT Dolphin's Motion to Dismiss under Rule 12(b)(3).[4]

## IV. Conclusion

For the foregoing reasons, the Court would GRANT Dolphin's Motion to Dismiss with leave to amend as noted above.

---

[3] Should Plaintiff succeed in establishing nationwide jurisdiction under Rule 4(k)(2), the Court would require additional briefing regarding whether venue in the Central District of California is improper.

[4] Because the Court would find that Plaintiff has, at this point, failed to make out a prima facie case for personal jurisdiction and thus failed to establish that venue is proper, the Court would not address Dolphin's alternative contention that the case should be dismissed on the grounds of forum non conveniens.