1  Jay M. Spillane (Bar No. 126364)
2  jspillane@spillaneplc.com
   SPILLANE TRIAL GROUP PLC
3  468 N. Camden Drive
   Second Floor
4  Beverly Hills, CA 90210
   (424) 217-5980
5  (888) 590-1683 (fax)

6  Attorneys for Plaintiff ALS Scan, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10 ALS SCAN, INC., a Maryland          Case No.: 2:16-cv-05051-GW-AFM
11 corporation,
                                       **SEPARATE STATEMENT IN
12            Plaintiff,               SUPPORT OF MOTION BY
                                       PLAINTIFF ALS SCAN, INC. TO
13     vs.                             COMPEL DEFENDANT
                                       HIVELOCITY VENTURES
14                                     CORPORATION TO SERVE
   CLOUDFLARE, INC., a Delaware        FURTHER RESPONSES TO
15 corporation, et al.,                PRODUCTION REQUESTS AND
16                                     TO PRODUCE DOCUMENTS**

17            Defendants.              **Request for sanctions: $3,570.00**

18                                     Filed Concurrently: Motion; Spillane
                                       Declaration
19
                                       Date: March 28, 2017
20                                     Time: 10:00 a.m.
                                       Place: Courtroom H, 9th Floor
21                                           312 N. Spring Street
22                                           Los Angeles, CA 90012

23

24

25

26

27

28

Hivelocity Motion to Compel – Separate Statement

# GENERAL BACKGROUND

ALS owns a substantial library of adult entertainment works. ALS charges consumers fees to access ALS's adult content on ALS's secure Internet sites. ALS displays its trademark and copyright information on its works. [Second Amended Complaint, Doc. 64 ("SAC") ¶ 18.] ALS has submitted hundreds of registrations for its copyrighted works to the U.S. Copyright Office, including registrations covering all of the works referenced in the notices of infringement submitted in connection with this motion. (SAC ¶ 19, Ex. 1.) ALS is the owner of registered trademarks for the mark "ALS Scan" in connection with adult entertainment. (SAC ¶ 22, Ex. 2.)

One of the most significant business threats faced by ALS is widespread infringement of its copyrighted works and trademarks on the Internet. (SAC ¶ 22.) The observed growth of infringing content on these networks coincided with noticeable decline in ALS's profits. (SAC ¶ 23.) "Pirate" sites – those with largely infringing material – would not be able to thrive were it not for third party service providers who provide valuable services to these sites. These third party providers include storage space providers such as Steadfast. (SAC ¶¶ 24-26.)

On information and belief, Hivelocity hosts pirate sites, including namethatpornstar.com. ALS has sent numerous notifications to Hivelocity of infringing ALS content on namethatpornstar.com, but Hivelocity has failed to implement or enforce a repeat infringer policy by removing namethatpornstar.com from its servers. SAC ¶ 47. Hivelocity eventually enforced its terms of service by terminating namethatpornstar.com, but only after receiving a copy of the First Amended Complaint. SAC ¶ 48.

Hivelocity answered the First Amended Complaint on October 18, 2016, Doc. 56. In addition to denying ALS's claims, Hivelocity asserted as its Fifth

Affirmative Defense that it is entitled to "the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512." *Id.*

## "GENERAL OBJECTIONS AND LIMITATIONS

Each of Defendant's Responses to Defendant's First Set of Requests to Produce is subject to the General Limitations and Objections set forth below.

A. Defendant generally objects to each and every discovery request to the extent that it seeks information and/or materials which constitute work product and/or are protected by the attorney client and any other privileges and/or protections. The work product doctrine includes information which has been acquired or prepared in anticipation of litigation or for trial by or on behalf of Defendant or its attorneys as well as information relating to the mental impressions, opinions or legal theories of an attorney or other legal representation of Defendant, including but not limited to employees who work with and on behalf of its attorneys.

B. Defendant generally objects to each and every discovery request to the extent that it: (1) seeks information and/or materials beyond the scope of the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence; and/or (2) may otherwise be construed to require responses beyond those required by applicable laws.

C. Defendant generally objects to each and every discovery request to the extent that it seeks confidential, trade secret and/or proprietary business information and financial information and/or materials.

D. Defendant generally objects to each and every discovery request to the extent that it is speculative, lacks foundation, vague, ambiguous, overly broad, unduly burdensome and/or oppressive, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence, calls for a legal conclusion or analysis, compound, misleading, violates privacy rights,

argumentative, seeks to shift the burden of proof, seeks impeachment evidence, and beyond any relevant time frame.

E. Defendant generally objects to each and every discovery request to the extent that it is unduly burdensome and oppressive insofar as it seeks information and/or materials already within Defendant's knowledge, possession and/or control.

F. Defendant generally objects to each and every discovery request to the extent that the information sought is equally available to the propounding party.

G. The foregoing objections are incorporated into each specific response below as though fully set forth therein."

**Reasons to Overrule General Objections**

First, Hivelocity's responses were served late without an extension to preserve objections, which are thus waived. Spillane Decl. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

Second, objections, if any, must be made in response to "each item or category" and "include the reasons" for the objection FRCP R. 34(b)(2)(B). *Ivans v. Corrections Corp. of America*, 291 FRD 517, 519 (D. Mt. 2013) ("A party must state objections with specificity . . . Just stating the bare objection is not sufficient to preserve the objection."). "General objections" leave the requesting party guessing as to whether some, all or any of the general objections apply to any particular request and whether the responding party is withholding documents on account of any of the general objections.

Hivelocity should be ordered to serve supplemental responses without general objections.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**
All DOCUMENTS constituting or reflecting YOUR agreements with customers

1 that own, operate or host any or all of the WEBSITES.

2 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3 Defendant will provide all documents responsive to this request in its
4 possession, custody, or control.  Discovery and investigation continues and
5 Defendant reserves the right to supplement all discovery responses up to, and
6 including the time of trial, as additional facts are ascertained, analyses are
7 made, research is completed, and contentions are made.

8 **Reasons to Compel Production of Documents**

9     Hivelocity did not in fact produce any customer agreements, even though
10 it responded that it would do so.

11

12 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**
13 All DOCUMENTS constituting or reflecting information in YOUR customer
14 database for customers that own, operate or host any or all of the WEBSITES.
15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
16 Defendant objects to this request on the basis that it is overbroad and appears to
17 seek customer documents in violation of their privacy rights. Discovery and
18 investigation continues and Defendant reserves the right to supplement all
19 discovery responses up to, and including the time of trial, as additional facts are
20 ascertained, analyses are made, research is completed, and contentions are
21 made.
22 **Reasons to Overrule Objections and Compel Production of Documents**
23     Hivelocity's responses were served late without an extension to preserve
24 objections, which are thus waived.  Spillane Decl. *Richmark Corp. v. Timber*
25 *Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).
26     The objections lack merit.  ALS is entitled to Hivelocity's information
27 concerning the owner of the site in question, the direct infringer.  *17 U.S.C. §*
28

*106.* Customer information can be produced as Confidential under the Protective Order in this case.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

All DOCUMENTS identifying the owners, operators and/or hosts of each of the WEBSITES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request on the basis that it is overbroad, vague and ambiguous and appears to seek customer documents in violation of their privacy rights. Subject to, and without waiving these objections, Defendant will provide all non-privileged and discoverable documents responsive to this request in its possession, custody, or control.

Discovery and investigation continues and Defendant reserves the right to supplement all discovery responses up to, and including the time of trial, as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

**Reasons to Overrule Objections and Compel Production of Documents**

Hivelocity's responses were served late without an extension to preserve objections, which are thus waived. Spillane Decl. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

The objections lack merit. ALS is entitled to Hivelocity's information concerning the owner of the site in question, the direct infringer. *17 U.S.C. § 106.* Customer information can be produced as Confidential under the Protective Order in this case.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

All DOCUMENTS constituting, discussing or reflecting any log, summary or schedule of infringement complaints received by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request on the basis that it is vague and ambiguous as to "log," "summary", "schedule," and appears to include documents protected by attorney client privilege and work product doctrine. Subject to, without waiving said objections, and to the extent Defendant understands this request, Defendant will provide nonprivileged documents responsive to this request in its possession, custody, or control.

Discovery and investigation continues and Defendant reserves the right to supplement all discovery responses up to, and including the time of trial, as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

**Reasons to Overrule Objections and Compel Production of Documents**

Hivelocity's responses were served late without an extension to preserve objections, which are thus waived. Spillane Decl. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

The objections lack merit.

Hivelocity has asserted safe harbor defenses under 17 U.S.C. § 512. To qualify for such defenses, Hivelocity must show it adopted and reasonably implemented a repeat infringer policy. *17 U.S.C. § 512(i).* "[A] substantial failure to record webmasters associated with allegedly infringing websites may raise a genuine issue of material fact as to the implementation of the service provider's repeat infringer policy." *Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102, 1110 (9th Cir. 2007). In that case CCBill adopted and reasonably implemented a repeat infringer policy by maintaining a "DMCA Log" tracking infringement complaints and results. *Id.* Assessing a party's eligibility for safe harbors under Section 512(i) involves an assessment of that party's actions with respect to copyright holders not party to the litigation because the court must

assess implementation of a "policy," not merely treatment of a particular copyright holder. 488 F.3d at 1113.

In *BMG Rights Management (U.S.) LLC v. Cox Communications, Inc.*, 149 F.Supp.3d 634 (E.D. Va. 2015) the court granted partial summary judgment for plaintiff granted where Cox did not adopt or reasonably implement a repeat infringer policy. "To implement the repeat infringer policy contemplated by § 512(i), the penalty imposed by service providers must be termination." 149 F.Supp.3d at 658.

Hivelocity said it would produce responsive documents, but it has not.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**
All DOCUMENTS constituting, discussing or reflecting any log, summary or schedule of actions taken by YOU in response to infringement complaints received by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
Defendant objects to this request on the basis that it is vague and ambiguous as to "log," "summary", "schedule," and appears to include documents protected by attorney client privilege and work product doctrine. Subject to, without waiving said objections, and to the extent Defendant understands this request, Defendant will provide nonprivileged documents responsive to this request in its possession, custody, or control. Discovery and investigation continues and Defendant reserves the right to supplement all discovery responses up to, and including the time of trial, as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

**Reasons to Overrule Objections and Compel Production of Documents**

Hivelocity's responses were served late without an extension to preserve objections, which are thus waived. Spillane Decl. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

1  The objections lack merit.

2  Hivelocity has asserted safe harbor defenses under 17 U.S.C. § 512. To
3  qualify for such defenses, Hivelocity must show it adopted and reasonably
4  implemented a repeat infringer policy. *17 U.S.C. § 512(i)*. "[A] substantial
5  failure to record webmasters associated with allegedly infringing websites may
6  raise a genuine issue of material fact as to the implementation of the service
7  provider's repeat infringer policy." *Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d
8  1102, 1110 (9th Cir. 2007). In that case CCBill adopted and reasonably
9  implemented a repeat infringer policy by maintaining a "DMCA Log" tracking
10 infringement complaints and results. *Id.* Assessing a party's eligibility for safe
11 harbors under Section 512(i) involves an assessment of that party's actions with
12 respect to copyright holders not party to the litigation because the court must
13 assess implementation of a "policy," not merely treatment of a particular
14 copyright holder. 488 F.3d at 1113.

15 In *BMG Rights Management (U.S.) LLC v. Cox Communications, Inc.*,
16 149 F.Supp.3d 634 (E.D. Va. 2015) the court granted partial summary judgment
17 for plaintiff granted where Cox did not adopt or reasonably implement a repeat
18 infringer policy. "To implement the repeat infringer policy contemplated by §
19 512(i), the penalty imposed by service providers must be termination." 149
20 F.Supp.3d at 658.

21 Hivelocity said it would produce responsive documents, but it has not.

22

23 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**
24 All DOCUMENTS constituting, discussing or reflecting that YOU have
25 adopted and reasonably implemented, and inform subscribers and account
26 holders of, YOUR policy that provides for the termination in appropriate
27 circumstances of subscribers and account holders who were repeat infringers.
28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the basis that it is ambiguous, overbroad, compound and burdensome and it appears to include documents protected by attorney-client privilege and work product doctrine. Subject to, and without waiving these objections, Defendant will provide all non-privileged documents responsive to this request in its possession, custody and control. Discovery and investigation continues and Defendant reserves the right to supplement all discovery responses up to, and including the time of trial, as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

**Reasons to Overrule Objections and Compel Production of Documents**

Hivelocity's responses were served late without an extension to preserve objections, which are thus waived. Spillane Decl. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

The objections lack merit.

Hivelocity has asserted safe harbor defenses under 17 U.S.C. § 512. To qualify for such defenses, Hivelocity must show it adopted and reasonably implemented a repeat infringer policy. *17 U.S.C. § 512(i).* "[A] substantial failure to record webmasters associated with allegedly infringing websites may raise a genuine issue of material fact as to the implementation of the service provider's repeat infringer policy." *Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102, 1110 (9th Cir. 2007). In that case CCBill adopted and reasonably implemented a repeat infringer policy by maintaining a "DMCA Log" tracking infringement complaints and results. *Id.* Assessing a party's eligibility for safe harbors under Section 512(i) involves an assessment of that party's actions with respect to copyright holders not party to the litigation because the court must assess implementation of a "policy," not merely treatment of a particular copyright holder. 488 F.3d at 1113.

In *BMG Rights Management (U.S.) LLC v. Cox Communications, Inc.*, 149 F.Supp.3d 634 (E.D. Va. 2015) the court granted partial summary judgment for plaintiff granted where Cox did not adopt or reasonably implement a repeat infringer policy. "To implement the repeat infringer policy contemplated by § 512(i), the penalty imposed by service providers must be termination." 149 F.Supp.3d at 658.

Hivelocity said it would produce responsive documents, but it has not.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**
All DOCUMENTS constituting, discussing, or reflecting that YOU actually terminated subscribers and account holders who were repeat infringers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**
Defendant objects to this request on the basis that is vague and ambiguous as to "constituting," "discussing", and "reflecting," overbroad, harassing and burdensome. Subject to, and without waiving these objections, Defendant will provide non-privileged documents in connection with ALS Scan responsive to this request in its possession, custody and control. Discovery and investigation continues and Defendant reserves the right to supplement all discovery responses up to, and including the time of trial, as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

<u>**Reasons to Overrule Objections and Compel Production of Documents**</u>

Hivelocity's responses were served late without an extension to preserve objections, which are thus waived. Spillane Decl. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

The objections lack merit.

Hivelocity has asserted safe harbor defenses under 17 U.S.C. § 512. To qualify for such defenses, Hivelocity must show it adopted and reasonably

implemented a repeat infringer policy. *17 U.S.C. § 512(i).* "[A] substantial failure to record webmasters associated with allegedly infringing websites may raise a genuine issue of material fact as to the implementation of the service provider's repeat infringer policy." *Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102, 1110 (9th Cir. 2007). In that case CCBill adopted and reasonably implemented a repeat infringer policy by maintaining a "DMCA Log" tracking infringement complaints and results. *Id.* Assessing a party's eligibility for safe harbors under Section 512(i) involves an assessment of that party's actions with respect to copyright holders not party to the litigation because the court must assess implementation of a "policy," not merely treatment of a particular copyright holder. 488 F.3d at 1113.

In *BMG Rights Management (U.S.) LLC v. Cox Communications, Inc.*, 149 F.Supp.3d 634 (E.D. Va. 2015) the court granted partial summary judgment for plaintiff granted where Cox did not adopt or reasonably implement a repeat infringer policy. "To implement the repeat infringer policy contemplated by § 512(i), the penalty imposed by service providers must be termination." 149 F.Supp.3d at 658.

Hivelocity said it would produce responsive documents, but it has not.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**
All DOCUMENTS constituting, discussing or reflecting any actions taken by YOU to terminate services to customers involved with the WEBSITES.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**
Defendant will provide all non-privileged documents in its possession, custody and control. Discovery and investigation continues and Defendant reserves the right to supplement all discovery responses up to, and including the time of trial, as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

**<u>Reasons to Overrule Objections and Compel Production of Documents</u>**

Hivelocity's responses were served late without an extension to preserve objections, which are thus waived. Spillane Decl. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

The objections lack merit.

Hivelocity has asserted safe harbor defenses under 17 U.S.C. § 512. To qualify for such defenses, Hivelocity must show it adopted and reasonably implemented a repeat infringer policy. *17 U.S.C. § 512(i)*. "[A] substantial failure to record webmasters associated with allegedly infringing websites may raise a genuine issue of material fact as to the implementation of the service provider's repeat infringer policy." *Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102, 1110 (9th Cir. 2007). In that case CCBill adopted and reasonably implemented a repeat infringer policy by maintaining a "DMCA Log" tracking infringement complaints and results. *Id.* Assessing a party's eligibility for safe harbors under Section 512(i) involves an assessment of that party's actions with respect to copyright holders not party to the litigation because the court must assess implementation of a "policy," not merely treatment of a particular copyright holder. 488 F.3d at 1113.

In *BMG Rights Management (U.S.) LLC v. Cox Communications, Inc.*, 149 F.Supp.3d 634 (E.D. Va. 2015) the court granted partial summary judgment for plaintiff granted where Cox did not adopt or reasonably implement a repeat infringer policy. "To implement the repeat infringer policy contemplated by § 512(i), the penalty imposed by service providers must be termination." 149 F.Supp.3d at 658.

Hivelocity said it would produce responsive documents, but it has not.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

All DOCUMENTS constituting, discussing or reflecting what information, if any, YOU supply to copyright owners who send infringement notices to YOU concerning the owners, operators or hosts of websites involved in alleged infringements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant will provide all non-privileged documents in its possession, custody and control. Discovery and investigation continues and Defendant reserves the right to supplement all discovery responses up to, and including the time of trial, as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

**Reasons to Compel Production of Documents**

Hivelocity did not in fact produce any responsive documents, even though it responded that it would do so.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

All DOCUMENTS constituting, discussing or reflecting whether only certain information in YOUR customer database is given to copyright owners who send infringement notices to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request on the basis that is vague and ambiguous as to "only certain information" and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant does not understand this request.

**Reasons to Compel Production of Documents**

Hivelocity did not in fact produce any responsive documents, even though it responded that it would do so.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

All DOCUMENTS constituting, discussing or reflecting whether you provide the IP address of the origin or primary server for a website to a copyright owner who sends infringement notices to YOU about that website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant will provide all non-privileged documents in its possession, custody and control. Discovery and investigation continues and Defendant reserves the right to supplement all discovery responses up to, and including the time of trial, as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

<u>**Reasons to Compel Production of Documents**</u>

Hivelocity did not in fact produce any responsive documents, even though it responded that it would do so.

DATED: March 2, 2017       SPILLANE TRIAL GROUP PLC

By: _____
Jay M. Spillane
Attorneys for Plaintiff ALS Scan, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this action. My business address is: 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507. A true and correct copy of the foregoing document entitled (*specify*): **SEPARATE STATEMENT IN SUPPORT OF MOTION BY PLAINTIFF ALS SCAN, INC. TO COMPEL DEFENDANT HIVELOCITY VENTURES CORPORATION TO SERVE FURTHER RESPONSES TO PRODUCTION REQUESTS AND TO PRODUCE DOCUMENTS**
will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 2, 2017, I checked the CM/ECF docket for this action and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Gary L. Bostwick– gbostwick@B1Law.com
Kevin S. Toll – kevin@silversteinlegal.com
Lawrence G. Walters – larry@firstamendment.com
Corey D. Silverstein – corey@silversteinlegal.com
Rachel H. Kassabian – rachelkassabian@quinnemanuel.com
Carolyn M. Homer – carolynhomer@quinnemanuel.com
John Lewis Holcomb – jholcomb@khslaw.com
Tammy X. W – twu@khslaw.com

Colin TJ O'Brien – tm@partridgepartnerspc.com
John L. Ambrogi – jla@partridgepartnerspc.com
Paul Supnik – paul@supnik.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 2, 2017, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule, on (*date*) March 2, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served by Overnight Mail*
Hon. George H. Wu
U.S. District Court
312 N. Spring Street
Courtroom 10 – Spring St. Floor
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/2/2017 | Jessie Gietl | *Jessie Gietl* (signature) |
|---|---|---|
| Date | Printed Name | Signature |