[counsel listed on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; DOLPHIN MEDIA LTD., a Hong Kong company; HIVELOCITY VENTURES CORPORATION, a Florida corporation; STEADFAST NETWORKS, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**DEFENDANTS' STATEMENT REGARDING CASE SCHEDULING CONFERENCE**<br><br>Date:  March 13, 2016<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br>      350 W. 1st Street |

Defendants Cloudflare, Inc. ("Cloudflare"), Hivelocity Ventures Corporation ("Hivelocity") and Steadfast Networks, LLC ("Steadfast") (collectively "Defendants") submit the following Statement in support of their proposed case schedule as set forth in the Joint Scheduling Conference Report, Dkt. 129.

This Statement is necessary because Plaintiff ALS Scan refused to permit Defendants to include any discussion of the current case status, or Defendants' reasons for requesting the particular case schedule they have proposed, in the Joint Status Report filed yesterday.  Dkt. 129 at 1 n.2.  Defendants believe that a brief explanation of the status of this case would aid the Court in setting an appropriate case schedule, and respectfully request the Court consider this Statement in connection with the upcoming Scheduling Conference.[1]

### Case Status

ALS Scan filed its Second Amended Complaint on November 11, 2016.  Dkt. 64.  The current status of the case with respect to each of the defendants is set forth below.

**Cloudflare**:  Cloudflare moved to dismiss the First Amended Complaint on September 26, 2016, and its motion was granted on all counts except for one, contributory copyright infringement.  Cloudflare filed its answer to the Second Amended Complaint on December 2, 2016 (Dkt. 70), and the parties have commenced discovery.  On March 2, 2017 Cloudflare filed an early summary

---

[1]   This is the third time that Plaintiff ALS Scan has complained, refused, or threatened to refuse to participate in a Joint Report to the Court, unless Defendants capitulated to Plaintiff's demands to remove from the joint document any defense statements that Plaintiff disagreed with.  This time, in refusing to sign off on yesterday's Joint Report unless Defendants removed their discussion regarding case and discovery status, Plaintiff's counsel insisted:  "If you need to have that garbage in a status report to the court, then file a defense report."  Defendants submit that such tactics are improper and run afoul of the Court's instructions for Joint Reports.  *See* Feb. 27, 2017 Hearing Transcript at 9:16-17 (Judge Wu: "obviously the parties don't have to agree, but everybody party's request has to be on the document.")

1   judgment motion on the discrete issue of the extraterritoriality of the alleged direct

2   copyright infringements underlying ALS Scan's contributory claim against

3   Cloudflare, which motion should eliminate more than 96% of ALS Scan's case

4   against Cloudflare, if granted.

5       **Steadfast**:  Steadfast moved to dismiss the Second Amended Complaint for

6   failure to state a claim on January 5, 2017, which was granted with leave to amend

7   on February 16, 2017.  Dkt. 111.  The Court has not yet set a deadline for the filing

8   of ALS Scan's Third Amended Complaint.  If the defects are not cured via the Third

9   Amended Complaint, Steadfast may file another motion to dismiss.

10      **Hivelocity**:  Hivelocity filed an answer to the Second Amended Complaint on

11  December 14, 2016.  Dkt. 77.  The parties have commenced discovery.

12      **Dolphin Media**:  Dolphin filed a motion to dismiss the Second Amended

13  Complaint for lack of personal jurisdiction, improper venue, and forum *non*

14  *conveniens* on January 19, 2017.  Dkt. 93.  The Court heard and tentatively granted

15  the motion on February 27, 2017, and ordered ALS Scan to submit an offer of proof

16  by March 13, 2017 regarding whether nationwide jurisdiction over Dolphin exists,

17  so that the Court can enter an order by March 20, 2017.  Dkt. 117.  If the offer of

18  proof raises the possibility that nationwide jurisdiction might exist, Dolphin will be

19  ordered to submit a response; otherwise Dolphin's motion will be granted.  If the

20  Court determines that nationwide jurisdiction exists, the Court will then take up the

21  issue of whether venue is proper.  Thus, this briefing and decision may take

22  anywhere from a few weeks to a month or more to resolve.

23      **OVH SAS and Hebergement OVH**:  On February 23, 2017, following a

24  February 21 conference of counsel on OVH SAS's planned motion to dismiss the

25  complaint for lack of personal jurisdiction and failure to state a claim, Plaintiff

26  dismissed both OVH companies from this case.  *See* Dkt. 113.

27

28

## <u>Defendants' Basis for its Proposed Schedule</u>

Defendants submit that good cause exists to extend the case schedule by approximately seven months, consistent with their proposed new dates as listed in the Joint Report (Dkt. 129 at 1-2), because (i) the case is in its early stages and the pleadings are not yet final, and (ii) Plaintiff ALS Scan is not conducting itself in a manner consistent with the more expedited case schedule it has proposed, which would reflect a three-month continuance.

***First,*** the pleadings are not yet final.  Only two of the four defendants have filed answers to the current operative complaint.  ALS Scan must now amend its complaint for the third time in this case, the deadline for which has not yet been set.  The forthcoming Third Amended Complaint is likely to draw further challenges by defendants, and thus, the parties may not have a final operative complaint in this action for a few months.  Once any challenges to the Third Amended Complaint are resolved, the remaining allegations will affect the claims and scope of this case, including discovery to be taken during the summer and fall.

***Second***, ALS Scan is not conducting itself in a manner consistent with the expedited discovery cutoff it is requesting.  For instance:

(1)  ALS Scan did not make its first document production until January 24, 2017 (more than six months into this lawsuit), which production was riddled with deficiencies, including the absence of any Bates stamps amongst the 1,400 files.  The production also included thousands of non-text searchable and/or illegible pages, and non-responsive materials such as DMCA notices sent by content owners other than ALS Scan.

(2)  Cloudflare has timely raised concerns regarding the defects in ALS Scan's document production dating back to January 27, 2017 (just three days after receiving it).  Nevertheless, as of today, 42 days later, ALS Scan still has not provided a definitive response to Cloudflare's concerns – including ALS Scan's failure to Bates stamp, its provision of illegible documents, and its refusal to

produce *any* deposit materials for its copyrighted works, meaning that Defendants have no way of confirming whether any of the allegedly infringed images are actually owned by and registered to ALS Scan.

(3)  ALS Scan has admitted in interrogatory responses to Cloudflare, served on February 15, 2017, that ALS Scan does not even know which and how many copyrighted images and/or videos are at issue in its case:  "ALS has only begun to count the number of works involved in all of its notifications of infringement to Cloudflare, and thus *does not have a count of the total number of works involved* at this point."  (emphasis added).  This basic discovery is fundamental in any copyright case, and is critical to Defendants' ability to assess and mediate this case—yet Plaintiff has failed to provide it, and apparently is not even in a position to do so.

(4)  The discovery ALS Scan provided to Hivelocity consists of a non-responsive "data dump" of thousands of copyright registrations, despite the fact that the alleged infringing works at issue in relation to Hivelocity appear limited to approximately 150 works based on the URLs in the infringement notices to Hivelocity.  None of the infringement notifications to Hivelocity identify the alleged copyrighted work being infringed, and instead consist of inactive hyperlink URLs which resolve to dead pages or no content.  Thus, despite Hivelocity's efforts to solicit ALS Scan's cooperation, ALS Scan has still not indicated which copyright registrations pertain to the Hivelocity infringement notifications, nor whether it will even be able to provide this information reasonably in advance of the mediation cutoff.

***

In light of the above case status, Defendants have proposed a revised schedule, which they believe builds in sufficient time for ALS Scan to prepare and file its Third Amended Complaint, for all named defendants to respond to the complaint, for the parties to exchange necessary discovery (including discovery

motion practice as needed), and to permit the orderly filing and adjudication of dispositive motions.

In sum, given that (1) the final operative complaint has not yet been filed, (2) two of the named defendants, Steadfast Networks and Dolphin Media, have not yet completed their respective attacks on the pleadings in the form of Rule 12 motions, (3) discovery is still in its early stages as to the remaining defendants, and (4) Plaintiff's discovery conduct has been less than forthcoming and may require motion practice, Defendants respectfully request that the Court enter their proposed revised schedule as set forth at Dkt. 129.

Respectfully submitted,

DATED: March 9, 2017

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: _____
    Rachel Herrick Kassabian
    rachelkassabian@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

Attorney for Defendant Cloudflare, Inc.

DATED:  March 9, 2017

KRAMER HOLCOMB SHEIK LLP

By: _____
    John L. Holcomb
    jholcomb@khlsaw.com
    Shahrokh Sheik
    ssheik@khlsaw.com
    1925 Century Park East, Ste. 1180

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Los Angeles, California 90067
Tel: (310) 551-0600 /
Fax: (310) 551-0601

Attorneys for Defendant Hivelocity Ventures
Corporation

DATED:  March 9, 2017                    PARTRIDGE PARTNERS, P.C.


By: *John L. Ambrogi*
      John L. Ambrogi
      jla@partridgepartnerspc.com
      Colin T.J. O'Brien
      colin@partridgepartnerspc.com
      321 North Clark, Suite 720
      Chicago, Illinois 60654
      Telephone: (312) 634-9500

Attorneys for Defendant Steadfast Networks,
LLC