Jay M. Spillane (Bar No. 126364)
jspillane@spillaneplc.com
SPILLANE TRIAL GROUP PLC
468 N. Camden Drive, Second Floor
Beverly Hills, CA 90210
(424) 217-5980
(888) 590-1683 (fax)

Attorneys for Plaintiff ALS Scan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CLOUDFLARE, INC., a Delaware corporation; OVH SAS, a French corporation; HEBERGEMENT OVH INC., a Québec provincial corporation; DOLPHIN MEDIA LTD., a Hong Kong company; HIVELOCITY VENTURES CORPORATION, a Florida corporation; STEADFAST NETWORKS, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**PLAINTIFF'S STATEMENT RE STATUS CONFERENCE**<br><br>Date:  March 13, 2017<br>Time:  8:30 a.m.<br>Place: Courtroom 9D<br>　　　　350 W. 1st Street |

1  The Defendants have unreasonably suggested a case schedule that provides them with another eight months, until November 6, 2017, to discover information ALS has <u>already produced</u>.

ALS has produced every email giving notice of infringement pertaining to the sites at issue. ALS has produced all existing page captures showing infringing ALS images on the sites in question. ALS has produced all of its copyright registrations, issued and pending. ALS has produced its trademark registrations. ALS has produced its tax returns. ALS has produced screen captures of domain lookups showing WHOIS lookup information for the sites in question.

Cloudflare and its attorneys are griping that ALS, a small company that has engaged a small law firm, has produced its discovery information as "low tech" .pdf files rather than in the fashion that fits use by expensive discovery management programs, ones that neither ALS nor its lawyers employ. Without conceding that it is obliged to use electronic discovery methods that large companies and large firms can afford, in an effort to avoid needless motion work ALS is in discussions with an outside technology consultant regarding the cost and method of producing the information in the format requested by Cloudflare.

Cloudflare has not identified any "illegible" documents produced by ALS other than a few faint scans of paper copyright registrations. The .pdf files produced by ALS are optimized and are text searchable. If this process was overlooked for any of the files, anyone can cause Adobe to OCR any of the documents produced. Cloudflare is not complaining that one cannot conduct a word search within any individual file. It is complaining that ALS did not produce the information such that it can be loaded into an expensive discovery management program that will support word searches across every file produced. Again, ALS is trying to work this out with Cloudflare.

1    These are questions of <u>formatting</u> information already discovered, not a question of needing excessive amounts of time to request information net yet discovered.

4    Defendants complaint that ALS does not have a final count of the number of works infringed upon, sorted by site and defendant.  ALS has produced thousands of emails, most containing links to the location of hundreds of ALS works infringed.  ALS has disclosed in response to discovery from Cloudflare its method for counting the number of works infringed using the emails that have been produced to all the defendants.  No one has claimed that they cannot view the emails produced by ALS, count the number of emails sent or count the number of works referenced in the emails.

12   ALS is devoting available staff time to developing precise counts of works infringed by site, but the numbers are enormous.  For example, ALS preliminarily estimates that it provided notice of post-registration infringement of some 39,000 unique ALS works on imgchili.net alone.  ALS is continuing its analysis for all the sites, and will serve supplemental discovery responses and/or disclosures with all of the precise counts once completed.

18   Cloudflare demonstrated that it has no problem reading and counting the emails produced by ALS in its motion for partial summary judgment.  Cloudflare concedes that its territoriality motion does not cover one website served domestically.  Cloudflare knows that this site is the subject of "a few dozen DMCA notices."  Motion for Partial SJ, Doc. 122, p.3 n.3.

23   The Defendants illustrated that they have no problem reviewing the emails produced by ALS by complaining that ALS has produced emails giving notice of infringement by other copyright owners.  ALS produced these because ALS will use this information to show that the Defendants have not adopted and reasonably implemented methods to terminate repeat infringers, thus forfeiting claimed safe harbor defenses under the DMCA.  17 U.S.C. § 512(i).

1     Concerning Hivelocity, the shoe is on the other foot concerning discovery cooperation. ALS has produced all information underpinning its claims against Hivelocity. Hivelocity, on the other hand, has refused to produce numerous documents requested by ALS, forcing ALS to file a motion to compel that is being heard on March 28, 2017.

    All of the supposed "concerns" raised by the Defendants in their Statement pertain to <u>analyzing</u> data already produced. Nothing they said shows why the need a case schedule providing another eight months for discovery.

    ALS does not believe this kind of tit-for-tat regarding the status of discovery is appropriate for a joint scheduling report. This is why ALS declined to execute a joint report burdened with pages of the point/counterpoint reflected in the parties' dueling "Statements."

DATED: March 10, 2017        SPILLANE TRIAL GROUP PLC

By: _____
    Jay M. Spillane
    Attorneys for Plaintiff ALS Scan, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this action.  My business address is: 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507.  A true and correct copy of the foregoing document entitled (*specify*):

**PLAINTIFF'S STATEMENT
RE STATUS CONFERENCE**

 will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 10, 2017, I checked the CM/ECF docket for this action and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Gary L. Bostwick– gbostwick@B1Law.com<br>Kevin S. Toll – kevin@silversteinlegal.com<br>Lawrence G. Walters – larry@firstamendment.com<br>Corey D. Silverstein – corey@silversteinlegal.com<br>Rachel H. Kassabian – rachelkassabian@quinnemanuel.com<br>Carolyn M. Homer – carolynhomer@quinnemanuel.com<br>John Lewis Holcomb – jholcomb@khslaw.com<br>Tammy X. Wu – twu@khslaw.com | Colin TJ O'Brien – tm@partridgepartnerspc.com<br>John L. Ambrogi – jla@partridgepartnerspc.com<br>Paul Supnick – paul@supnick.com<br>Raymond Katrinak – pkatrinak@kernanlaw.net<br>Ryan Carreon – rcarreon@kernanlaw.net<br>Stephen M Kernan – kernanlaw@gmail.com |

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) March 10, 2017, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule, on (*date*) March 10, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served by Overnight Mail*
Hon. George H. Wu
U.S. District Court
312 N. Spring Street
Courtroom 10 – Spring St. Floor
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

3/10/2017          Jessie Gietl                                               *Jessie Gietl*

_Date_          _Printed Name_                                              _Signature_