Jay M. Spillane (Bar No. 126364)
jspillane@spillaneplc.com
SPILLANE TRIAL GROUP PLC
468 N. Camden Drive
Second Floor
Beverly Hills, CA 90210
(424) 217-5980
(888) 590-1683 (fax)

Attorneys for Plaintiff ALS Scan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CLOUDFLARE, INC., a Delaware corporation, et al., <br><br> Defendants. | Case No.: 2:16-cv-05051-GW-AFM <br><br> **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANT DOLPHIN MEDIA LIMITED – NATIONAL JURISDICTION UNDER FRCP R. 4(k)(2)** <br><br> **[Filed Concurrently: Supplemental Penn Declaration; Supplemental Spillane Declaration]** <br><br> Date: TBD <br> Time: 8:30 a.m. <br> Place: Courtroom 10 <br> 312 N. Spring Street <br> Los Angeles, CA |

1    Pursuant to the Court's order of February 27, 2017, Plaintiff ALS Scan,
2    Inc. ("ALS") hereby presents its offer of proof regarding "nationwide
3    jurisdiction," FRCP R. 4(k)(2).

4    **STATEMENT OF FACTS**

5    **Facts Adduced in Feb. 6 2017 Opposition**

6    Dolphin maintains an interactive website, imgchili.net, wherein
7    customers worldwide, including U.S. customers, may sign up for an imgchili
8    account.  (Mazal Decl. ¶¶ 4, 5; 2/6/17 Penn Decl. ¶ 4-13, Doc. 106; 2/6/17
9    Spillane Decl. ¶ 2-4, Doc. 107.)  "Imgchili is an image hosting service that
10   allows users to upload images and to make money by referring vistor[s] to these
11   uploaded images."  (Mazal Decl. ¶ 5.)  Imgchili pays account holders for page
12   views of images uploaded by such holders.  (Mazal Decl. ¶ 5; 2/6/17 Penn Decl.
13   ¶¶ 4.)[1]

14   Imgchili enables easy and fast uploads of massive numbers of images,
15   either through a flash upload utility from a computer file, or by supplying the
16   URL of a web page containing image galleries to be uploaded to imgchili.net
17   (2/6/17 Penn Decl. ¶ 4, 14-23.)

18   Dolphin enables U.S. users to obtain imgchili.net accounts.  (Spillane
19   Decl. ¶ 2-4, 2/6/17 Penn Decl. ¶ 30-37.)  Imgchili account holders may sign up
20   to receive their payments through PayPal, a California-based company located
21   in San Jose.  PayPal user agreement requires all disputes with PayPal to be
22   arbitrated in San Jose, California.  (2/6/17 Penn Decl. ¶ 27; 2/6/17 Spillane
23   Decl. ¶ 20, 21.)

24   Domain lookups for imgchili.net show that the site is retrieved from
25   servers in California maintained by Cloudfare, a California-based company

26
27   [1]  Much of the evidence submitted herewith consists of screen captures of content on
     the Internet.  Printed screen captures from web pages are admissible in evidence to
28   show the content on such web pages.  *Perfect 10 v. Cybernet Ventures, Inc.*, 213
     F.Supp.2d 1146, 1154 (C.D. Cal. 2002).

located in San Francisco.  (2/6/17 Spillane Decl. ¶ 16.)  Dolphin is a Cloudflare customer.  Doc. 108 (sealed Cloudflare customer information).

Dolphin enables massive uploads of stolen content from U.S. copyright owners.  An example is Playboy.  Imgchili displays massive galleries of content belonging to Playboy, stolen from a server in the U.S. and owned by Playboy, a company headquartered in the U.S.  (2/6/17 Spillane Decl. ¶¶ 5-15.)

In sum, Dolphin engages in the following business practices:

a.    Imgchili enables people to sign up as an imgchili user and enable a Paypal account to receive payments from imgchili within minutes;

b.    Until being served with this lawsuit imgchili enabled users to register for an imgchili account from a California computer;

c.    Imgchili still enables users to upload content from a California computer;

d.    Imgchili offers utilities that enable users to conveniently upload entire galleries of images through techniques as simple as providing the URL to a web page on which the images reside or flash upload large numbers of images from a computer file;

e.    Someone who pays for a membership on ALSScan.com could zip download entire galleries of copyrighted ALS content available only to paid members, save those images to a computer file and then upload those images to imgchili in minutes using the flash upload utility;

f.    If ALS spots the stolen ALS images uploaded to imgchili and sends an infringement notification, imgchili takes that particular page down, but the same imgchili user or another user with access to ALS's members area could upload a different gallery of stolen ALS content to imgchili at any time;

g.      Imgchili monetizes the traffic it enjoys from the lure of stolen galleries of adult content by juxtaposing the full size images with banner advertisements placed by imgchili;

h.      Advertisers receiving traffic from imgchili pay imgchili for the traffic, usually priced at cents per click or dollars per join;

i.      Imgchili receives this income from advertisers then pays a subset of that income to users based upon clicks on imgchili pages with full size images.

(2/6/17 Penn Decl. generally.)

**Additional Facts Previously Filed and Also Submitted Concurrently with this Opposition**

Dolphin has repeatedly published infringing content belonging to ALS, a Maryland corporation.  ALS sent 195 notifications of infringement of its content on imgchili.net.  7/25/16 Declaration of Steve Easton, Doc. 13, ¶¶ 9-12, Ex. 1; 7/25/16 Declaration of Eric Penn, Doc. 12, ¶¶ 18-20, Ex. 1; 7/25/16 Notice of Manual Filing, Doc. 15 (Easton emails on disc).

Dolphin draws traffic by publishing galleries of infringing content owned by U.S. copyright owners.  In addition to ALS and Playboy, Dolphin publishes infringing content belonging to Penthouse and Hustler, each U.S. companies.  (Supp. Spillane Decl. ¶¶ 2-11, Exs. A-J.)

Dolphin not only publishes infringing content of U.S. copyright owners, but has targeted the U.S. market.

Despite being a Hong Kong company, imgchili.net is entirely in English.  (Supp. Penn Decl. ¶¶ 2-5, Exs. 1-5.)

Dolphin pays for page views in amounts denominated by U.S. dollars.  Dolphin pays by far the most money -- $4.50 per 1000 views – for traffic from "Zone A," namely the United States and a few other English first world

- 3 -

1   countries.  Payouts from other parts of the world are far less.  (Supp. Penn Decl.

2   ¶ 4, Ex. 4.)

3       Dolphin seeks the protection of U.S. laws.  Each of the imgchili.net pages

4   claims protection by stating "Copyright © 2011-2017 imgChili.  All rights

5   reserved."  (Supp. Penn Decl. ¶ 2-5, Exs. 1-5.)  Imgchili's "Abuse" page tells

6   parties notifying Dolphin of infringement that their notifications must contain

7   all of the elements required under the DMCA, 17 U.S.C. § 512(c)(3).  (Supp.

8   Penn Decl. ¶ 5, Ex. 5.)

9       The U.S. is either the second largest or largest market for imgchili.net.

10   Alexa, a popular site providing statistics for website views, says that the U.S.

11   accounts for over 10% of the total views of imgchili.net, second only to Japan.

12   (Supp. Penn Decl. ¶ 7, Ex. 6.)  Dolphin makes money by juxtaposing full size

13   images of infringing content with advertisements placed by third party ad

14   brokers.  Analysis of advertisements above and below a stolen Playboy image

15   showed that the U.S. was the number one market viewing those ads, up to some

16   22% of the total page views.  (Supp. Penn Decl. ¶ 8, Ex. 7.)

17                          **ARGUMENT**

18   **I.   THE COURT SHOULD ASSERT NATIONWIDE JURISDICTION**

19   **      OVER DOLPHIN UNDER FRCP R. 4(k)(2).**

20       "For a claim that arises under federal law, serving a summons or filing a

21   waiver of service establishes personal jurisdiction over a defendant if: (A) the

22   defendant is not subject to jurisdiction in any state's courts of general

23   jurisdiction; and (B) exercising jurisdiction is consistent with the United States

24   Constitution and laws."  FRCP R. 4(k)(2).

25       "Rule 4(k)(2) was added in 1993 to deal with a gap in federal personal

26   jurisdiction law in situations where a defendant does not reside in the United

27   States, and lacks contacts with a single state sufficient to justify personal

28   jurisdiction, but has enough contacts with the United States as a whole to satisfy

1  the due process requirements." *Graduate Management Admission Council v.*
2  *Raju*, 241 F.Supp.2d 589, 597 (E.D. Va. 2003).

3      "The exercise of Rule 4(k)(2) as a federal long-arm statute requires the
4  plaintiff to prove three factors. . . .  First, the claim against the defendant must
5  arise under federal law. . . . Second, the defendant must not be subject to the
6  personal jurisdiction of any state court of general jurisdiction. Third, the federal
7  court's exercise of personal jurisdiction must comport with due process."
8  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) (citations omitted).

9      **A.    The Claim Arises Under Federal Law.**

10     ALS's claims arise under the Copyright and Lanham Acts, *17 U.S.C. §*
11  *101 et seq., 15 U.S.C. § 1051 et seq.*

12     **B.    Dolphin is not Subject to the Personal Jurisdiction of any**
13         **State.**

14     The Court has determined that Dolphin is not subject to personal
15  jurisdiction in California.  Neither ALS nor the Court needs to do an analysis
16  pertaining to the other 49 states.  Unless Dolphin identifies a state in which it is
17  subject to personal jurisdiction, this requirement is satisfied.  *ISI International*
18  *Inc. v Borden Ladner Gervais LLP*, 256 F.3d 548 (7th Cir. 2001) ["If . . . the
19  defendant contends that he cannot be sued in the forum state and refused to
20  identify any other where suit is possible, then the federal court is entitled to use
21  Rule 4(k)(2)"].

22     **C.    Exercise of Nationwide Personal Jurisdiction Would Comport**
23         **with Due Process.**

24     Nationwide personal jurisdiction over Dolphin would be appropriate
25  because Dolphin has taken steps to purposely avail itself of the U.S. market.

26     In *Raju, supra*, an Indian national sold infringing copies of GMAT study
27  materials through a foreign interactive website.  "The intended market for
28  business conducted through a website can be determined by considering the

apparent focus of the website as a whole." 241 F.Supp.2d at 598. The site provided specific ordering information for customers in the U.S. and Canada. Prices for the products were listed in U.S. dollars. The site in fact transacted business with U.S. customers. Advertising and testimonials suggested that Raju was targeting in U.S. commerce. *Id.*

*Progressive Games, Inc. v. Amusements Extra, Inc.*, 83 F.Supp.2d 1185 (D.Colo. 1999) involved infringing copies of games. The court found personal jurisdiction over defendant Guillemette under R. 4(k)(2) because, though he was not present in any particular state, he had negotiated with U.S. companies, applied for regulatory approval in the U.S. and displayed infringing games in two states. 83 F.Supp.2d at 1194.

Here, assertion of nationwide jurisdiction over Dolphin would comport with due process. Taken as a whole, Dolphin is targeting its operations purposely toward the U.S. market. Dolphin steals from U.S. copyright owners for the infringing content which draws traffic to its site. Despite being located in Hong Kong imgchili.net is written entirely in English. Dolphin denominates its transactions in U.S. dollars. Dolphin pays for more for image views from the U.S. and a select group of other English speaking countries than it does for page views from other nations. Dolphin has invoked the protection of U.S. laws. It has placed the "circle c" ("©") copyright notice on its web pages to denote that its content is protected by U.S. laws. *17 U.S.C. § 401.* Dolphin has sought to invoke the protection of the U.S. DMCA by requiring notice of infringement in precisely the form set forth in *17 U.S.C. § 512(c)(3).* Dolphin obtains either the highest or second-highest amount of web traffic from the U.S.

The Court should therefore assert nationwide personal jurisdiction over Dolphin.

1  **II.     VENUE IS PROPER IN THIS DISTRICT.**

2          If the Court asserts nationwide personal jurisdiction over a party, then

3  venue is proper in any district.  *McCracken v. Automobile Club of So. Calif.*,

4  Inc., 891 F.Supp. 559, 562 (D. Kan. 1995) ("If the nationwide service statute

5  can be used, all corporate defendants will be subject to personal jurisdiction

6  wherever the plaintiff chooses to bring the action and will accordingly be

7  considered residents of that district").

8                              <u>**CONCLUSION**</u>

9          The Court should assert nationwide personal jurisdiction over Dolphin.

10 Venue over Dolphin is proper in this District.  Dolphin has waived the right to

11 challenge the pleadings under Rule 12 other than on jurisdiction and venue.

12 Dolphin should be ordered to answer the Complaint.

13

14

15 DATED:  March 13, 2017              SPILLANE TRIAL GROUP PLC

16

17

18                                   By: _____

19                                        Jay M. Spillane
                                    Attorneys for Plaintiff ALS Scan, Inc.

20

21

22

23

24

25

26

27

28

- 7 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this action.  My business address is: 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507.  A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANT DOLPHIN MEDIA LIMITED – NATIONAL JURISDICTION UNDER FRCP R. 4(k)(2)** will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>March 13, 2017</u>, I checked the CM/ECF docket for this action and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Gary L. Bostwick– <u>gbostwick@B1Law.com</u><br>Kevin S. Toll – <u>kevin@silversteinlegal.com</u><br>Lawrence G. Walters – <u>larry@firstamendment.com</u><br>Corey D. Silverstein – <u>corey@silversteinlegal.com</u><br>Rachel H. Kassabian –<br><u>rachelkassabian@quinnemanuel.com</u><br>Carolyn M. Homer – <u>carolynhomer@quinnemanuel.com</u><br>John Lewis Holcomb – <u>jholcomb@khslaw.com</u><br>Tammy X. W – <u>twu@khslaw.com</u> | Colin TJ O'Brien – <u>tm@partridgepartnerspc.com</u><br>John L. Ambrogi – <u>jla@partridgepartnerspc.com</u><br>Paul Supnick – paul@supnick.com |

☐  Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) March 13, 2017, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule, on (*date*) <u>March 13, 2017</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served by Overnight Mail***
Hon. George H. Wu
U.S. District Court
312 N. Spring Street
Courtroom 10 – Spring St. Floor
Los Angeles, CA 90012                    ☐        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/13/2017 | Jessie Gietl | *Jessie Gietl* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |