SHAHROKH SHEIK, BAR ID (#250650)
JOHN HOLCOMB, JR. BAR ID (#258175)
TAMMY WU, BAR ID (#305890)
**KRAMER HOLCOMB SHEIK LLP**
1925 Century Park East, Ste. 1180
Los Angeles, California 90067
Telephone: (310) 551-0600
Facsimile:  (310) 551-0601


Attorneys for Defendant,
HIVELOCITY VENTURES CORPORATION


## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation, | Case No.: 2:16-cv-05051-GW-AFM |
| Plaintiff, | |
| vs. | **DECLERATION OF SHAHROKH SHEIK IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL HIVELOCITY VENTURES CORPORATION TO SERVE FURTHER RESPONSES TO PRODUCTION REQUESTS AND TO PRODUCE DOCUMENTS** |
| CLOUDFLARE, INC., a Delaware corporation, et al., | |
| Defendants. | |


## <u>DECLARATION</u>

I, SHAHROKH SHEIK, declare as follows:

   1.      I am an attorney of law duly licensed to practice in the State of California.  I am the attorney of record for Defendant HIVELOCITY VENTURES CORPORATION in the matter 2:16-cv-05051-GW-AFM, ALS SCAN, INC. v. CLOUDFLARE, INC. et al.

   2.       I have personal knowledge of the facts set forth herein, except as to those stated on information and belief as permitted by California *Code of Civil Procedure* § 36.5 and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

3.      This Declaration is submitted in response to Plaintiff's Motion to Compel Further Production of Documents Against Defendant Hivelocity, currently on calendar for March 28, 2017.

4.      On February 15, 2017, Plaintiff ALS Scan sent a meet and confer letter to Defendant Hivelocity regarding further production of documents to its discovery requests.

5.      Our office prepared a response regarding discovery deficiencies to Plaintiff ALS's production requests, but due to an internal miscommunication, the response was never sent to Plaintiff. Specifically, we intended to send the response along with our meet and confer letter in connection with Plaintiff's discovery production. However, I realized we needed more time to analyze Plaintiff's production but did not notice we had not sent the response to Plaintiff's meet and confer until later. During this time, I was actively working with Co-Defense counsel and Plaintiff's counsel on the extension of the schedule dates and was under the impression this was impliedly tabled until we resolve the case schedule.

6.      Hivelocity has been diligently collecting and preparing documents in response to Plaintiff's discovery requests over the course of the past two (2) months. In fact, our office has spent over 50 hours reviewing and analyzing documents in response to Plaintiff's discovery requests.

7.      Upon discovering the miscommunication with ALS regarding the discovery, Defendant immediately engaged counsel to explain the misunderstanding and inform him we were in fact preparing to submit a substantial set of supplemental discovery directly in response to the issues raised in Plaintiff counsel's meet and confer.

8.      Plaintiff's counsel indicated that it would take Plaintiff's Motion to Compel off calendar upon examination of the production.

9.      On March 17, 2017, we produced over 2500 pages of requested discovery covering most if not all discovery requests by ALS.

10.     On March 22, 2017, we provided Plaintiff with supplemental responses per agreement with Plaintiff counsel that it would remove the Motion to Compel upon receipt.

11.     In this context, and given Magistrate Judge Alexander MacKinnon's election to take the matter under submission (notice received at 10:31 am March 22,2017), I am submitting this declaration to inform the Court about the current status of Defendant's complete fulfillment of Plaintiff's

1  discovery requests and the communications between counsel to resolve this and terminate the motion

2  to compel.

3          12.     Given that Defendant has produced all relevant documents requested by Plaintiff,

4  Defendant anticipates that Plaintiff's Motion to Compel will be taken off calendar.

5

6

7          I declare under penalty of perjury under the laws of the State of California, that the foregoing is

8  true and correct, and that this declaration was executed on March 22, 2017, at Los Angeles, California.

9

10    /S/

11                  SHAHROKH SHEIK