JOHN L. AMBROGI
jla@partridgepartnerspc.com
COLIN T.J. O'BRIEN
colin@partridgepartnerspc.com
PARTRIDGE PARTNERS, P.C.
321 North Clark, Suite 720
Chicago, Illinois 60654
Telephone: (312) 634-9500

PAUL D. SUPNIK [SBN 52842]
paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: (310) 859-0100
Facsimile: (310) 388-5645

Attorneys for Defendant
STEADFAST NETWORKS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC., a Maryland Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CLOUDFLARE, INC. a Delaware corporation, et al. <br><br> Defendants | Civil Action No: 2:16-cv-05051-GW-AFM <br><br> **STEADFAST NETWORKS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Defendant, Steadfast Networks, LLC ("Steadfast"), by undersigned counsel, states as follows for its Answer to the Third Amended Complaint of Plaintiff, ALS Scan, Inc. ("Plaintiff").  Except as hereinafter expressly admitted, qualified, or otherwise answered, Steadfast denies each and every allegation and assertion made in the Third Amended Complaint.

## Jurisdiction and Venue

1. The Court has jurisdiction over this action because it arises under the Copyright Act and Lanham Act, 28 U.S.C. § 1338(a).

   **ANSWER:** Steadfast admits that Plaintiff purports to allege claims under the Copyright Act and Lanham Act, 28 U.S.C. § 1338(a) otherwise denied**.**

2. Venue is proper in this District, in that the Defendants may be found in this District, 28 U.S.C. § 1400(a).

   **ANSWER:** Admitted to the extent the claims are directed towards Steadfast. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendant and, therefore, denies the same.

## Nature of Action

3. ALS owns a substantial library of copyrighted and trademark works of adult entertainment.

   **ANSWER:** Denied.

4. This case involves chronic and willful infringement of ALS's copyrighted works on "pirate" Internet sites, those with no apparent function other than to display infringing adult content.

   **ANSWER:** Denied.

5. Attempting to enforce copyright laws against pirate sites can be taxing. They tend to be shadowy companies in far-flung jurisdictions.  Often the pirates register their web domains with a private registry, thus masking their

identity. Pirate websites or their hosts engage the services of content delivery networks, who cache a copy of a website and who are identified in searches as the situs for that website, yet who when contacted refuse to disclose the identity of the host or site owner. The effort and expense of haling these pirate sites into Court may not be warranted, as they are likely to find it cheaper and easier to disappear and resume services on some other website under some other entity.

**ANSWER:** Denied.

6. The pirate sites would not be able to thrive were it not for third party services providers who provide valuable services to these sites.  These companies display terms of service saying that don't allow copyright or trademark infringement and reserve the right to terminate services to offenders.  These terms are for public consumption, however, for even in the face of red flags of infringement, as well as actual notice of infringement, the companies named herein have continued to provide valuable services to pirate sites, thus continuing to profit from the draw of infringement.  On information and belief, none of the companies named herein have implemented a reasonable and consistent policy of terminating service to repeat infringers.

**ANSWER:**  Denied.

7. To make matters worse, these third party providers confound the efforts of copyright owners like ALS who seek to terminate chronic infringement by pirate sites by asserting meritless defenses, claiming a distant relationship from the pirate sites and in some cases refusing to disclose information known to them about which persons or companies directly own, control or host the pirate sites.

**ANSWER:** Denied.

8. On information and belief, certain of the Defendants named herein have directly infringed upon ALS's copyrights and trademarks. On information and belief, certain of the Defendants named herein have, with actual and/or constructive knowledge of direct infringement.  On information and belief, certain of the Defendants named herein, with the right and ability to control or supervise such infringing activity, have continued to profit such activity. For these reasons, the parties named herein should be held liable for direct, contributory and vicarious copyright infringement and direct and contributory trademark infringement.

   **ANSWER:** Denied to the extent the claims are directed towards Steadfast. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

9. ALS is a Maryland corporation with its principal office in Woodstock, Maryland. ALS is the sole owner of the copyrighted works that are the subject of this action, all of which have been registered with the U.S. Copyright Office.  ALS is the sole owner of the trademarks at issue in this action, which have been registered with the U.S. Patent and Trademark Office.

   **ANSWER:** Steadfast admits that ALS is a Maryland corporation with its principal office in Woodstock, Maryland; otherwise denied.

10. On information and belief, CloudFlare, Inc. ("CloudFlare") is a Delaware corporation with its principal office at 101 Townsend, San Francisco, CA 94107.  On information and belief, CloudFlare provides a variety if Internet services to clients, including provision of a "content delivery network" that delivers services to hosts of pirate sites.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, therefore, denies the same.

11. On information and belief, Defendant Dolphin Media, Ltd. ("Dolphin") is a Hong Kong company with office at Suite 801, 8/F. Singga Commercial Centre, 144-151 Connaught Road West, Hong Kong.  On information and belief, Dolphin owns and operates a pirate site, imgchili.net.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, denies the same.

12. On information and belief, Defendant Hivelocity Ventures Corporation ("Hivelocity") is a Florida corporation with offices at 8010 Woodlands Center Blvd. Suite 700, Tampa, Florida 33614.  On information and belief, Hivelocity hosts pirate sites, including namethatpornstar.com.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, denies the same.

13. On information and belief, Steadfast Networks, LLC ("Steadfast") is a Delaware limited liability company with offices at 800 S. Wells St., Suite 190, Chicago, IL 60607.  On information and belief, Steadfast operates servers of which pirate sites reside, and provides DNS services to such sites, one of which is Imagebam.com.

**ANSWER:** Steadfast admits the first sentence of paragraph 13.  Steadfast denies the remainder of paragraph 13.

14. ALS has no knowledge of the true names and capacities of the parties sued as Doe Defendants 1-10, inclusive, and therefor sues them using fictitious

names.  ALS will amend this Complaint to identify these Doe Defendants specifically if and when their true names and capacities are ascertained.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, denies the same.

15. On information and belief, through their acts or omissions, Does 1- 10 are responsible, along with the other specifically-named defendants, for the injuries alleged, and therefore are liable for them. On information and belief, at all times, the specifically-named defendants and Does 1-10 were principals, agents, and representatives of each other, or acting in concert with one another, such that the acts or omissions of any of them can be ascribed to the others.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, denies the same.

**<u>ALS Background</u>**

16. ALS was founded in 1996. ALS owns a substantial library of self-produced adult entertainment images and videos. ALS was one of the first companies to provide consumers with access to adult entertainment on secure websites. ALS charges consumers fees in consideration for a user identification and password which will provide the consumer with access to proprietary content on ALS's secure Internet sites. ALS also sells proprietary ALS content on DVDs. ALS displays its trademark and copyright information on its works.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, therefore, denies the same.

17. ALS has submitted hundreds of registrations for its copyrighted works to the U.S. Copyright Office, including registrations covering all of the works referenced in the notices of infringement averred herein. A true and correct summary of the hundreds of copyright registrations submitted by ALS is attached hereto as Exhibit 1.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, therefore, denies the same.

18. ALS is the owner of Trademark Reg. No. 2137225, registered February 17, 1998 for the mark "ALS Scan" in connection with CD Roms featuring adult entertainment. ALS is the owner of Trademark Reg. No. 3062202, registered February 28, 2006 for the mark "ALS Scan" in connection with web sites and multimedia materials featuring adult entertainment. True and correct copies of these registrations are attached hereto as Exhibit 2.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, denies the same.

19. ALS content always displays ALS's registered "ALS Scan" trademark. Thus, unlawful display of an infringing ALS image infringes both ALS's copyrights and trademark rights.

**ANSWER:** Denied.

**The Challenge by infringement on the Internet**

20. One of the most significant business threats faced by ALS is widespread infringement of its copyrighted works and trademarks on the Internet. Beginning around 2000, and continuing to the present, ALS images have been displayed on growing numbers of illicit websites, without the knowledge of or license from ALS. Around this time consumers began to

graduate from relatively slow dial-up Internet access to dedicated higher speed Internet connections. The emergence of peer-to-peer file sharing networks and "newsgroups" grew in use and popularity. These networks allowed consumers to upload and share content with others. Enormous quantities of infringing ALS content have been posted on these file sharing and newsgroup sites. High connection speeds have permitted massive download and upload of libraries of infringing content.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, therefore, denies the same.

21. The observed growth of infringing content on these networks coincided with noticeable decline in ALS's profits. During this time ALS has continued to produce high quality adult entertainment content, transitioning from shooting with print film to high resolution digital content. Despite these efforts, sales have declined. There are no material factors to explain this decline other than the ubiquitous presence of infringing ALS content on the Internet.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, therefore, denies the same.

22. Attempting to enforce copyright laws against pirate sites can be taxing. They tend to be shadowy companies in far-flung jurisdictions. Often the pirates register their web domains with a private registry, thus masking their identity. Pirate websites or their hosts engage the services of content delivery networks, who cache a copy of a website and who are identified in searches as the situs for that website, yet who when contacted refuse to disclose the identity of the host or site owner. The effort and expense of

haling these pirate sites into Court may not be warranted, as they are likely to find it cheaper and easier to disappear and resume services on some other website under some other entity.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, therefore, denies the same.

23. The pirate sites would not be able to thrive were it not for third party service providers who provide valuable services to these sites. These third party providers include hosts and content delivery networks. These companies display terms of service saying they don't allow copyright or trademark infringement and reserve the right to terminate service to offenders.  These terms are for public consumption, however, for even in the face of red flags of infringement, as well as actual notice of infringement, the companies named herein have continued to provide valuable services to pirate sites, thus continuing to profit from the draw of infringement. On information and belief, none of the companies named herein have implemented a policy of terminating service to repeat infringers.

**ANSWER:** Steadfast denies the last sentence of this paragraph. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint and, therefore, denies the same.

24. To make matters worse, these third party providers confound the efforts of copyright owners like ALS who seek to terminate chronic infringement by pirate sites by asserting meritless defenses, claiming a distant relationship from the pirate sites and in some cases refusing to disclose information known to them about which persons or companies directly own, control or host the pirate sites. This case raises the problem of service providers who

8

continue to do commerce with pirate sites even after receipt of actual knowledge of repetitive acts of infringement on such sites. As averred below, these service provides turn a blind eye to actual notice that these sites are repeat infringers and continue to profit from doing business with these sites. They have systematically failed to implement or enforce a repeat infringer policy.

**ANSWER:** Denied to the extent the claims are directed towards Steadfast. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

**Cloudflare**

25. CloudFlare, according to www.cloudflare.com, is a "web performance and security company." Cloudflare says it offers: (1) a content delivery network ("CDN"); (2) web content optimization; (3) website security; (4) DDoS (denial of service) protection; and (5) a managed domain name system (DNS) network.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

26. Cloudflare says: "Once your website is a part of the CloudFlare community, its web traffic is routed through our intelligent global network. We automatically optimize the delivery of your web pages so your visitors get the fastest page load times and best performance. We also block threats and limit abusive bots and crawlers from wasting your bandwidth and server resources.  The result: CloudFlare-powered websites see a significant improvement in performance and a decrease in spam and other attacks."

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

27. CloudFlare's Terms of Service provides that it retains the right to investigate its customers, their sites and "the materials comprising the sites" at any time. The Terms further provide that any violation of law will justify termination of CloudFlare's services. "CloudFlare's policy is to investigate violations of these Terms of Service and terminate repeat infringers."

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

28. On information and belief, Cloudflare's CDN is a service offered to website hosts and operators. The point is to speed a consumer's access to the website of Cloudflare's client through a series of data centers maintained by Cloudflare that cache mirror copies of that site. Thus, consumers seeking to access the website of a Cloudflare client would retrieve the site from the closest Cloudflare data center rather than accessing the site from the primary host. In Cloudflare's words: "CloudFlare operates out of 86 data centers around the world. Our CDN automatically caches your static files at our edge nodes so these files are stored closer to your visitors while delivering your dynamic content directly from your web server. CloudFlare then uses a technology called Anycast to route your visitors to the nearest data center. The result is that your website, on average, loads twice as fast for your visitors regardless of where they are located."

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

29. On information and belief, another feature of Cloudflare's service is to allow pirate sites and their hosts to conceal their identity from copyright owners. The domain registration information for some of the pirate sites referenced herein indicate that the sites reside on a Cloudflare server in Phoenix, Arizona. When presented with a notice of infringement, however, Cloudflare asserts that it is itself unable to remove any infringing content, that it supposedly has legal immunities if it does not terminate services to its clients and refuses to disclose the identity of the primary host and site owner. In this fashion Cloudflare acts as a firewall protecting pirate sites and their hosts from legal recourse by copyright owners.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

30. "CloudFlare caches your content across our global network, bringing it closer to visitors from every region." https://www.cloudflare.com/cdn/ "A content delivery network (CDN) takes your static content and stores a copy closer to your visitors." https://www.cloudflare.com/website-optimization/ "CloudFlare's Service is offered as a platform to cache and serve web pages and websites." https://www.cloudflare.com/terms/.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

31. CloudFlare does not copy client websites without modification, but rather reserves the right to modify its clients' sites. "CloudFlare may modify the content of your site. For example, CloudFlare may detect any email addresses and replace them with a script in order to keep it from being harvested, or CloudFlare may insert code to improve page load performance

or enable a Third Party App." https://www.cloudflare.com/terms/
CloudFlare may "[a]dd cookies to your domain to track visitors" and "[a]dd
script to your pages to, for example, add services, Apps, or perform
additional performance tracking." *Id*.

**ANSWER:** Steadfast is without knowledge or information sufficient to form
a belief as to the truth of the allegations against CloudFlare and, therefore,
denies the same.

32. CloudFlare touts its "Growing Global Network Built for Scale: 10 Tbps
Capacity and 100 Data Center Global Footprint."
https://www.cloudflare.com/ CloudFlare says "Setting up CloudFlare is
Easy," over a video showing how a webmaster can place its site on a
CloudFlare domain server with a few points and clicks. *Id*. "Set up a domain
in less than 5 minutes. Keep your hosting provider. No code changes
required." Id. "CloudFlare makes more than 4,000,000 Internet properties
faster and safer. Join today!" *Id*.

**ANSWER:** Steadfast is without knowledge or information sufficient to form
a belief as to the truth of the allegations against CloudFlare and, therefore,
denies the same.

33. CloudFlare tells its clients "Everyone's Internet application can benefit from
using CloudFlare. Pick a plan that fits your need."
https://www.cloudflare.com/plans/ CloudFlare has a teaser "free" plan "[f]or
personal websites." *Id*. CloudFlare touts a "Pro" plan, $20 per month per
domain, for "professional websites," and a "Business" plan, $200 per month
per domain, for "small eCommerce websites and businesses requiring
advanced security and performance …" *Id*.

1
2
3

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

4
5
6
7
8
9
10

34. ALS's agent for infringement notifications, Mr. Easton, sent numerous notices to Cloudflare and others of infringement of ALS works on sites wherein publicly available information reflected that the sites resided on a server maintained by Cloudflare. "Pinging" certain of the pirate websites as averred below also return data reflecting that the sites reside on a server maintained by Cloudflare.

11
12
13

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

14
15
16

35. On information and belief, Cloudflare has persisted in offering CDN and related services in relation to pirate websites, notwithstanding numerous notifications of infringement on such sites.

17
18
19

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

20
21
22
23
24

36. When Cloudflare learned about this lawsuit, it contacted counsel for ALS and, without making any effort to couch the conversation in settlement terms, said it would reveal its information concerning the owner(s) of the sites of which ALS complained, but only in exchange for a release of liability in favor of Cloudflare.

25
26
27
28

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

37. On information and belief, Cloudflare continues to provide services to The Pirate Bay, even though The Pirate Bay has been raided by authorities and the site's owner has been arrested for chronic copyright infringement.

    **ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

38. The Digital Citizens Alliance, a Hollywood-affiliated group, has published a report highly critical of Cloudflare's role in providing invaluable services and cover for pirate sites.

    **ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, therefore, denies the same.

39. Cloudflare may defend itself by claiming it is at least one party removed from the direct site owner, in that Cloudflare may be contracting with the pirate site hosts rather than the pirate sites themselves. However, as averred herein, Cloudflare has induced, contributed to, profited from, aided and abetted infringement, failing and refusing all along to implement or enforce a repeat infringer policy, and is thus liable for the infringements alleged herein.

    **ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against CloudFlare and, therefore, denies the same.

### Dolphin

40. On information and belief, Dolphin owns and operates one of the most egregious pirate sites averred herein, imgchili.net. Entire galleries of infringing ALS content are regularly displayed on imgchili.net. Rampant infringement of copyrighted content is not limited to ALS. Simple web

searches with terms such as "imgchili Playboy" return pages with numerous links to entire galleries of stolen content on imgchili.net owned by famous owners of adult copyrighted images. The publicly available domain registration information for imgchili.net reflects only a private registry. ALS found out about Dolphin only because Dolphin may have overlooked using a private registry service for imgchili.com, a subsidiary domain that redirects to imgchili.net.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against Dolphin and, therefore, denies the same.

41. On numerous occasions, shortly after Mr. Easton sent an infringement notification of multiple pages of infringing ALS works on imgchili.net, usually by the next day fresh sets of infringing galleries of ALS images were up on another imgchili.net page. Mr. Easton played a frustrating game of "whack-a-mole" wherein infringing galleries of ALS images simply rotated around various pages on the imgchili.net site.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against Dolphin and, therefore, denies the same.

42. Almost nothing about the imgchili.net site can be seen by looking at the home page. It contains spare information suggesting that users can sign up for an account and upload content. This is no site like dropbox.com, however, which caters to consumers who want to share family pictures or personal oversize files. Instead, Dolphin offers to pay imgchili.net members $4.50 per thousand views of images uploaded to imgchili.net. Dolphin is not offering to pay members money for page views of uploaded materials to encourage consumers to share pictures of their vacations. On information

and belief, Dolphin provides monetary incentives to induce members to steal and upload massive galleries of infringing adult content.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against Dolphin and, therefore, denies the same.

43. On information and belief Dolphin is the direct owner and operator of imgchili.net. Dolphin may take the position that it is simply a bulletin board operator and that the direct infringers are users who upload galleries of infringing content. In the alternative, Dolphin provides direct infringers, uploading users, with server space, and thus its servers are an essential step in the infringement process. On information and belief, as the owner and/or operator of servers on which imgchili.net resides, Dolphin can remove imgchili.net or its subpages from the Internet, thus blocking or eliminating the display and distribution of infringing content over the Internet, but Dolphin has failed to do so. Dolphin has no safe harbor defenses for, among other reasons, it has not registered an agent for notification with the U.S. Copyright Office and has failed to implement or enforce a repeat infringer policy.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against Dolphin and, therefore, denies the same.

**<u>Hivelocity</u>**

44. On information and belief, Hivelocity hosts pirate sites, including namethatpornstar.com. ALS has sent numerous notifications to Hivelocity of infringing ALS content on namethatpornstar.com, but Hivelocity has failed to implement or enforce a repeat infringer policy by removing namethatpornstar.com from its servers.

16

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against Hivelocity and, therefore, denies the same.

45. Hivelocity eventually enforced its terms of service by terminating namethatpornstar.com, but only after receiving a copy of the First Amended Complaint.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against Hivelocity and, therefore, denies the same.

**<u>Steadfast</u>**

46. On information and belief, Steadfast owns and/or operates servers on which pirate sites, including imagebam.com, reside. On information and belief, Steadfast provides direct infringers, including imagebam.com, with server space, and thus its servers are an essential step in the infringement process. In Steadfast's words, Steadfast "providers computer storage." Steadfast MTD Memo. Doc. 90 p.1.

**ANSWER:** Steadfast denies that <Imagebam.com> is a pirate site. Steadfast denies that it provides services to pirate sites.  Steadfast denies that <Imagebam.com> is a direct infringer.  Steadfast denies that it wrote "providers computer storage" on page 1 of its MTD Memorandum. Doc. 90 p. 1.  Steadfast denies the remaining allegations in paragraph 46.

47. Steve Easton, who acts as agent for ALS and other clients, witnessed countless incidents of content that infringes the copyrights of ALS or his other clients on imagebam.com. Domain lookup tools for imagebam.com or its sub-pages reveal Steadfast's servers as the source of the site. As of February 13, 2017 Easton had sent to Steadfast 192 notifications of infringing ALS content on imagebam.com and 1267 notifications to

Steadfast of content that infringes the copyrights of his other clients on imagebam.com. Although Steadfast, as the operator of servers on which imagebam.com resides, could remove the infringing content or the site itself from the Internet, on information and belief at no time has Steadfast implemented or enforced a repeat infringer policy by removing imagebam.com from its servers.

**ANSWER:**  Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph, and, therefore, denies the same.  Steadfast admits it received notifications from someone claiming to be Steve Easton.  Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations that the content was infringing, and, therefore, denies the same.  Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the third sentence of this paragraph, and, therefore, denies the same.  Steadfast denies the final sentence of this paragraph as there is no infringing content to remove because all notifications were forwarded to Imagebam.com who removed the content referenced in the notifications.  Answering further, because the allegedly infringing content was uploaded by individual users of the Imagebam.com service, Imagebam.com itself is not a repeat infringer.

48. According to Steadfast, "Steadfast should be dismissed from this case because it has safe harbor protection under Section 512(c) of the DMCA." Steadfast MTD Memo. Doc. 90 p.3. Section 512(c) is a potential defense to "infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider." On information and belief, Steadfast provides storage at the direction of the owner/operator of imagebam.com for material

18

that resides on systems or networks controlled or operated by or for Steadfast.

**ANSWER:** Steadfast admits the first sentence of paragraph 48.  Regarding the second sentence, Steadfast admits that Section 512(c) speaks for itself. Steadfast denies the last sentence of paragraph 48.

49. On information and belief, as the owner and/or operator of servers on which imagebam.com resides, Steadfast can remove imagebam.com or its subpages from the Internet, thus blocking or eliminating the display and distribution of infringing content over the Internet, but Steadfast has failed to do so.

**ANSWER:** Denied.

50. Steadfast physically hosts websites including imagebam.com on its servers and route internet traffic to and from those websites. This service is the Internet equivalent of leasing real estate. Steadfast had direct control over the "master switch" that kept websites for which it provides server space, including imagebam.com, online and available.

**ANSWER:** Denied.

51. On information and belief, Steadfast also provides DNS or "nameserver" services to its clients. A "nameserver" operates in a manner not unlike an old school telephone operator, who used to route a phone call to the desired party at the request of a user. On information and belief, where Steadfast provides such services, Internet traffic for a site for which Steadfast offers DNS services will first route through Steadfast's nameservers before being directed to content on an origin server. Where Steadfast provides these services, domain lookups for sites with infringing content will reveal Steadfast as the server on which the content is located rather than revealing contact information for the operator of the origin servers. In this way Steadfast has contributed to infringement of ALS's rights, as ALS cannot

19

effectively protect its rights unless it can learn the identity of the owner/operator of origin servers and thus hold all parties who provide storage space to infringing sites accountable for their actions. Additionally, were Steadfast to terminate nameserver services to a site, including imagebam.com, no Internet traffic would route to that site until the site owner updated domain records to reflect a different nameserver. In this fashion the operator of DNS or nameserver services can prevent users from accessing infringing content, even if only temporarily.

**ANSWER:** Denied.

**Notifications of Infringement of ALS's Copyrights and Trademarks**

52. ALS, through its authorized agent Steve Easton, has sent numerous notifications alerting various of the Defendants in this action of the existence and location of works on pirate sites that infringe upon copyrights and trademarks owned by ALS. Easton followed the below method.

**ANSWER:**  Steadfast admits that someone purporting to be Mr. Easton sent notifications to Steadfast on behalf of ALS Scan.  Further answering, Steadfast forwarded all notifications to Imagebam.com who removed the content referenced in such notifications.  Steadfast is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, denies the same.

53. First, he personally observed that one or more pages on an adult website displayed infringing ALS images, often bearing the ALS copyright notification and "ALS Scan" trademark. Easton knows from ALS which sites have authority to display ALS images, and which do not.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and, therefore, denies the same.

54. Second, each time Easton encountered a pirate site with infringing ALS images, he personally observe which companies appear to own or be providing services to the site. These third parties included web hosts, content delivery networks and advertising networks.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and, therefore, denies the same.

55. Third, Easton prepared a notification to each of the parties that owns or provides services to a site on which infringing content appears of the location of the infringing images. The notice contains links to the web pages on which ALS infringing content appears.

**ANSWER:** Steadfast admits it received notifications from someone purporting to be Mr. Easton.  Further answering, Steadfast forwarded all notifications to Imagebam.com who removed the content referenced in such notifications.  Therefore, all the links listed in the notifications from Mr. Easton have been disabled. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, denies the same.

56. Fourth, Easton followed up to observe what happened after he sent notifications of infringement. For some sites the infringing content remained. In some cases the content in the notification went down but other infringing ALS content appeared on the site shortly thereafter. In all cases, except as noted below, the parties sued herein continued to provide services.

**ANSWER:** Steadfast admits it received notifications from someone purporting to be Mr. Easton.  Further answering, Steadfast forwarded all notifications to Imagebam.com who removed the content referenced in such notifications.  Therefore, all the links listed in the notifications from Mr.

21

Easton have been disabled. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, denies the same.

57. The following sites have been the subject of numerous notifications to the Defendants in this action of infringement of ALS's copyrights and trademarks. In all of these cases, the notifications alerted the Defendants to thousands of pages on pirate sites displaying ALS's copyrighted works and the "ALS Scan" trademarks. As noted below the following Defendants owned or provided services to the pirate sites.

a. imgchili.net (Dolphin, Cloudflare)

b. namethatpornstar.com (Hivelocity)

c. slimpics.com (Cloudflare)

d. cumonmy.com (Cloudflare)

e. bestofsexpics.com (Cloudflare)

f. stooorage.com (Cloudflare)

g. greenpiccs.com (Cloudflare)

h. imagebam.com (Steadfast)

i. imgsen.se (Cloudflare)

j. imgspice.com (Cloudflare)

k. imgspot.org (Cloudflare)

l. img.yt (Cloudflare)

m. vipergirls.to (Cloudflare)

n. pornwire.net (Cloudflare)

o. fboom.me (Cloudflare)

p. imgflash.net (Cloudflare)

q. imgtrex.com (Cloudflare)

r. others as shown by proof at trial.

**ANSWER:** Steadfast admits it received notifications from someone purporting to be Mr. Easton.  Further answering, Steadfast forwarded all notifications to Imagebam.com who removed the content referenced in such notifications.  Therefore, all the links listed in the notifications from Mr. Easton have been disabled. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, denies the same.

58. In some of these cases, the direct infringer responded to the notices by taking down the works pinpointed in the notice, but as early as the next day the same set of infringing ALS images or a different set of infringing ALS images is uploaded to the same site. In other cases the direct infringer ignored the notification and continued to display the infringing works.

**ANSWER:** Steadfast admits it received notifications from someone purporting to be Mr. Easton.  Further answering, Steadfast forwarded all notifications to Imagebam.com who removed the content referenced in such notifications.  Therefore, all the links listed in the notifications from Mr. Easton have been disabled.  Steadfast is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, denies the same.

59. Even though the law requires parties to terminate business with repeat infringers, and even though Defendants' own terms state that they will terminate business with repeat infringers, with the few exceptions noted herein, none of the Defendants have terminated its business accounts with these chronic direct infringers. On information and belief, this is because they make money by continuing to do commerce with sites that draw traffic through the lure of free infringing content.

**ANSWER:** Denied to the extent the claims are directed towards Steadfast. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

60. The infringing ALS works that are the subject of the notifications averred above bear the registered ALS Scan trademarks. The pirate sites listed above have directly infringed ALS's trademarks by using ALS's registered marks without ALS's knowledge or consent in a manner likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation or approval of such works. The works being published by the direct infringers are counterfeits bearing the ALS marks without authority. The third party defendants named herein have induced or contributed to such trademark infringement by continuing to provide services, including services as advertising brokers and Internet services, to the directly infringing sites after actual or constructive knowledge of their acts of infringement.

**ANSWER:** Denied.

61. Many of the sites listed above reside on servers and/or content delivery networks within the United States.

**ANSWER:** Imagebam.com is operated by Flixya Entertainment, LLC, a California Limited Liability Company, with an address at 471 Nelo Street, Suite G, Santa Clara, California 95054.  Flixya is also the DMCA agent for Imagebam.com.  Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations about the other websites and, therefore, denies the same.

62. Some of the Defendants may claim safe harbors under 17 USC § 512. ALS denies that any would apply, but if they do, such safe harbors have been lost through ignoring red flags of infringement, ignoring actual notifications of

24

infringement, failure to adopt and reasonably implement a repeat infringer policy and failure to accommodate, and interference with, standard technical measures.

**ANSWER:** Denied to the extent the claims are directed towards Steadfast. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

**First Claim for Relief – Against Dolphin and Does 1-5 Direct Copyright Infringement**

63. For its First Claim for Relief, ALS incorporates by reference the averments of ¶¶ 1-62 above.

**ANSWER:** Steadfast incorporates by reference the answers of ¶¶ 1-62 above.

64. Dolphin, on information and belief the owner and operator of imgchili.net, and Does 1-5, on information and belief the owners or operators of the above-listed pirate sites, have directly infringed on ALS's copyrighted works.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

65. As a result of these Defendants' acts of infringement, ALS is entitled to injunctive relief, damages, disgorgement of profits, statutory damages and attorneys' fees.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Second Claim for Relief – Against All Defendants and Does 6-10**
**Contributory Infringement**

66. For its Second Claim for Relief, ALS incorporates by reference the averments of ¶¶ 1-65 above.

   **ANSWER:** Steadfast incorporates by reference the answers of ¶¶ 1-65 above.

67. All named Defendants, and Does 6-10, have, with actual and/or constructive knowledge of direct infringements of ALS's copyrighted works, materially contributed to or aided in such infringement. Such defendants are thus liable for contributory copyright infringement.

   **ANSWER:** Denied to the extent the claims are directed towards Steadfast. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

68. All named Defendants, and Does 6-10, have induced infringement of ALS's copyrights.

   **ANSWER:** Denied to the extent the claims are directed towards Steadfast. Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

69. As a result of these Defendants' acts of infringement, ALS is entitled to injunctive relief, damages, disgorgement of profits, statutory damages and attorneys' fees.

   **ANSWER:** Denied.

**Third Claim for Relief – Against Dolphin, Hivelocity, Steadfast and**
**Does 6-10 Vicarious Copyright Infringement**

70. For its Third Claim for Relief, ALS incorporates by reference the averments of ¶¶ 1-69 above.

**ANSWER:** Steadfast incorporates by reference the answers of ¶¶ 1-69 above.

71. Dolphin, Hivelocity, Steadfast and Does 6-10, have, with the right and ability to control or supervise the direct infringement averred herein, failed to exercise such right and ability and have directly benefited financially from such infringing activity. On information and belief, such Defendants can remove infringing websites from the Internet, and can themselves block display and distribution of infringing copyrighted content. Said Defendants are thus liable for vicarious copyright infringement.

**ANSWER:** Denied.

72. As a result of these Defendants' acts of infringement, ALS is entitled to injunctive relief, damages, disgorgement of profits, statutory damages and attorneys' fees.

**ANSWER:** Denied.

**Fourth Claim for Relief – Against Dolphin and Does 1-5 Direct Trademark Infringement**

73. For its Fourth Claim for Relief, ALS incorporates by reference the averments of ¶¶ 1-72 above.

**ANSWER:** Steadfast incorporates by reference the answers of ¶¶ 1-72 above.

74. Dolphin and Does 1-5 have directly infringed ALS's trademarks by using in commerce reproductions, counterfeits and copies of ALS's registered marks in a fashion likely to cause confusion, mistake or deception.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

75. As a result of these Defendants' acts of infringement, ALS is entitled to injunctive relief, treble damages, disgorgement of profits and attorneys' fees.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

**Fifth Claim for Relief – Against Dolphin and Does 105 Direct Trademark Counterfeiting**

76. For its Fifth Claim for Relief, ALS incorporates by reference the averments of ¶¶ 1-75 above.

**ANSWER:** Steadfast incorporates by reference the answers of ¶¶ 1-75 above.

77. Dolphin and Does 1-5 have used counterfeits of ALS's registered marks in connection with the sale, offering for sale or distribution of goods or services.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

78. As a result of these Defendants' acts of counterfeiting, ALS is entitled to injunctive relief, treble damages, disgorgement of profits, statutory damages and attorneys' fees.

**ANSWER:** Steadfast is without knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and, therefore, denies the same.

**Sixth Claim for Relief – Against Dolphin, Dolphin, Hivelocity, Steadfast and Does 6-10 Contributory Trademark Infringement**

79. For its Sixth Claim for Relief, ALS incorporates by reference the averments of ¶¶ 1-78 above

**ANSWER:** Steadfast incorporates by reference the answers of ¶¶ 1-78 above.

80. Dolphin, Hivelocity, Steadfast and Does 6-10 have continued to provide services to the above sites with actual and constructive knowledge of those sites' infringement of ALS's trademark, and are thus liable for inducing and contributing to direct trademark infringement. These parties physically host websites on their servers and route internet traffic to and from those websites. This service is the Internet equivalent of leasing real estate. They have direct control over the "master switch" that kept websites for which they provides server space online and available.

**ANSWER:** Denied.

81. As a result of these Defendants' acts of inducing and contributing to trademark infringement and counterfeiting, ALS is entitled to injunctive relief, treble damages, disgorgement of profits, statutory damages and attorneys' fees.

**ANSWER:** Denied.

**GENERAL DENIAL**

Except as expressly admitted herein, Steadfast denies each and every allegation of ALS's Third Amended Complaint, and specifically denies that it has infringed upon ALS's purported rights, or that ALS is entitled to any relief against Steadfast.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **AFFIRMATIVE DEFENSES**

By alleging the following Affirmative Defenses, Steadfast does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

### **First Affirmative Defense**

ALS's Third Amended Complaint fails to state a cause of action against Steadfast.

### **Second Affirmative Defense**

ALS lacks standing to bring copyright claims against Steadfast because it has not provided registration certificates or any valid claim of ownership of copyrights for the exact works which are allegedly infringed by Steadfast as required by 17 U.S.C. § 411.

### **Third Affirmative Defense**

ALS's claims are barred, in whole or in part, because it seeks to enforce copyright registrations which are invalid.

### **Fourth Affirmative Defense**

The claims of ALS are barred by the Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512, and Steadfast is entitled to safe harbor protection under the Digital Millennium Copyright Act from any monetary liability ALS seeks to impose based on its copyright claims.

### **Fifth Affirmative Defense**

ALS's claims are barred by the doctrine of unclean hands.

### **Sixth Affirmative Defense**

ALS's claims for statutory damages and attorney's fees are barred by 17 U.S.C. § 412.

### **Seventh Affirmative Defense**

ALS's claims against Steadfast should have been brought against Flixya Entertainment, LLC the owner and operator of <Imagebam.com>.

### Eighth Affirmative Defense

ALS's claims are barred by the doctrine of fair use.

### Ninth Affirmative Defense

ALS's claims are barred by relevant statutes of limitations.

### Tenth Affirmative Defense

ALS's claims are barred by laches.

### Eleventh Affirmative Defense

ALS's claims are barred by its failure to mitigate damages.

### Twelfth Affirmative Defense

ALS's claims are barred by the doctrine of estoppel.

WHEREFORE, Steadfast demands a jury trial and prays for judgment as follows:

1. That ALS takes nothing by reason of the TAC;

2. For costs incurred herein; and

3. For such other and further relief as this Court may deem just and proper.

JOHN L. AMBROGI
COLIN T.J. O'BRIEN
PARTRIDGE PARTNERS, P.C.
PAUL D. SUPNIK

Dated: April 10, 2017                    By: /s/Colin T.J. O'Brien

COLIN T.J. O'BRIEN

Attorneys for Steadfast Networks, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I, COLIN T.J. O'BRIEN, certify that I am an attorney at law, licensed to practice in the State of Illinois and I am admitted to appear before the United States District Court for the Central District of California, and that on April 10, 2017 true copies of the following document was served via the Court's ECF:

**STEADFAST NETWORKS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT**

to the following parties in this action via their counsel:

ALS Scan, Inc.

Hivelocity Ventures Corp.

Cloudflare, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 10, 2017                    _/s/Colin T.J. O'Brien_____

Colin T.J. O'Brien

Attorney for Defendant

Steadfast Networks LLC