Jay M. Spillane (Bar No. 126364)
jspillane@spillaneplc.com
SPILLANE TRIAL GROUP PLC
468 N. Camden Drive
Second Floor
Beverly Hills, CA 90210
(424) 217-5980
(888) 590-1683 (fax)

Attorneys for Plaintiff ALS Scan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CLOUDFLARE, INC., a Delaware corporation, et al.,<br><br>　　　　　Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**PLAINTIFF'S MOTION TO STRIKE NEW ARGUMENTS IN CLOUDFLARE'S SUR-REPLY**<br><br>Date: May 4, 2017<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br>　　　　350 W. 1st Street<br>　　　　Los Angeles, CA |

Plaintiff ALS Scan, Inc. moves to strike all portions of the sur-reply of Defendant Cloudflare, Inc. that pray that the Court grant partial summary adjudication on grounds not disclosed in Cloudflare's motion.

Cloudflare's motion for partial summary judgment, Doc. 122, and Separate Statement, Doc. 123, disclose one and only one theory: the extraterritorial location of the origin server of fourteen websites at issue warrants summary judgment as to those websites.

In its first reply brief, at the hearing on its motion and now in its Sur-Reply, Cloudflare adduces new evidence and arguments for partial summary judgment not disclosed in its motion or set forth in its Separate Statement. ALS objects to being subjected to potential summary adjudication of its claims without full notice and opportunity to be heard.

Cloudflare's new grounds for summary adjudication are:

1. The salutary effects, social utility, function and purpose of Cloudflare's Content Delivery Network and security services supposedly eliminate all disputed issues of fact concerning whether Cloudflare contributed to copyright infringement. (Sur-Reply Doc. 174 pp. 2-7; Kassabian Decl., Doc. 174-3, ¶ 4, Ex. B, citing Guinn testimony.)

2. Cloudflare is supposedly entitled to summary judgment as to any individual images that are not the subject of a DMCA notification from ALS to Cloudflare. (Sur-Reply Doc. 174 pp. 9-10; Schoichet Decl., Doc. 174-2 ¶ 9; Kassabian Decl., Doc. 174-3, ¶ 5 Ex. C.)[1]

---

[1] The Court asked for an offer of proof that images from the websites in question are cached domestically on Cloudflare's CDN and ALS offered that evidence. Cloudflare did not move for summary judgment on notice grounds and the Court did not ask for additional evidence showing that the cached images in the offer or proof had been the subject of a DMCA notification. ALS produced all of the DMCA notifications that existed pertaining to the sites at issue on February 14, 2017. ALS never waived the right to supplement its

1       3.    Temporary cache copies are a fair use. (Sur-Reply Doc. 174 pp. 13-20; Schoichet Decl., Doc. 174-2 ¶ 9; Kassabian Decl., Doc. 174-3, ¶ 4, Ex. B, citing Guinn testimony.)[2]

       4.    ALS failed to plead a "caching as direct infringement" theory. (Sur-Reply Doc. 174 pp. 20-21.)

       5.    Signing up for Cloudflare's caching services lack volition. (Sur-Reply Doc. 174 pp. 21-22.)

       6.    Cloudflare cannot be secondarily liable for transmission of non-cached copies of infringing works through Cloudflare servers. (Sur-Reply Doc. 174 pp. 22-24.)

       7.    The Court can grant summary judgment on in image-by-image basis. (Sur-Reply Doc. 174 pp. 24-25.)

DATED: May 1, 2017                SPILLANE TRIAL GROUP PLC

By: _____
                               Jay M. Spillane
                  Attorneys for Plaintiff ALS Scan, Inc.

---

production to add evidence of infringements and notice thereof from February 14, 2017 to the time of trial. The infringing images submitted in the Offer of Proof were discovered by ALS after February 14, 2017.

[2] Cloudflare raised its fair use argument for the first time in its reply brief and the argument was rejected by the Court. Order Doc. 159 p. 13 n.10. No further proof or briefing was invited on this issue. ALS did not believe that it conceded a new argument raised in reply by not addressing that argument in its offer of proof, nor does ALS believe Cloudflare was given leave to expand its briefing on that issue.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this action. My business address is: 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507. A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S MOTION TO STRIKE NEW ARGUMENTS IN CLOUDFLARE'S SUR-REPLY** will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 1, 2017, I checked the CM/ECF docket for this action and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Gary L. Bostwick– gbostwick@B1Law.com<br>Kevin S. Toll – kevin@silversteinlegal.com<br>Lawrence G. Walters – larry@firstamendment.com<br>Corey D. Silverstein – corey@silversteinlegal.com<br>Rachel H. Kassabian – rachelkassabian@quinnemanuel.com<br>Carolyn M. Homer – carolynhomer@quinnemanuel.com<br>John Lewis Holcomb – jholcomb@khslaw.com<br>Tammy X. Wu – twu@khslaw.com | Colin TJ O'Brien – tm@partridgepartnerspc.com<br>John L. Ambrogi – jla@partridgepartnerspc.com<br>Paul Supnick – paul@supnick.com<br>Raymond Katrinak – pkatrinak@kernanlaw.net<br>Ryan Carreon – rcarreon@kernanlaw.net<br>Stephen M Kernan – kernanlaw@gmail.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 1, 2017, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule, on (*date*) May 1, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served by Overnight Mail*
Hon. George H. Wu
U.S. District Court
312 N. Spring Street
Courtroom 10 – Spring St. Floor
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/1/2017 | Jessie Gietl | *Jessie Gietl* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |