QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (Bar No. 191060)
rachelkassabian@quinnemanuel.com
Carolyn M. Homer (Bar No. 286441)
carolynhomer@quinnemanuel.com
Mark T. Gray (Bar No. 305251)
markgray@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:    (650) 801-5100

*Attorneys for Defendant Cloudflare, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **ALS SCAN, INC.**, <br><br> Plaintiff, <br><br> vs. <br><br> **CLOUDFLARE, INC.**, et al., <br><br> Defendants. | Case No. 2:16-cv-05051-GW-AFM <br><br> **CLOUDFLARE, INC.'S OPPOSITION TO ALS SCAN'S MOTION TO STRIKE** <br><br> Hearing Date:  May 4, 2017 <br> Hearing Time:  8:30 AM <br> Place:  Courtroom 9D <br> Judge:  Hon. George H. Wu |

On May 1, 2017, Plaintiff ALS Scan filed a "Motion to Strike New Arguments in Cloudflare's Sur-Reply," (Dkt. 178) requesting the Court strike 22 of the 25 pages in Cloudflare's Reply to ALS Scan's Offer of Proof (Dkt. 174). ALS's motion is improper and groundless, and should be denied.

## I. ALS'S "MOTION" VIOLATES THE LOCAL RULES

ALS's motion violates at least three Local Rules. <u>First</u>, ALS failed to meet and confer with Cloudflare in advance of its filing. *See* Civil Local Rule 7-3 (counsel contemplating a motion "shall first contact opposing counsel" to meet and confer by telephone or in person). <u>Second</u>, ALS filed its motion with just three days' notice, instead of the required 28 days. *See* Civil Local Rule 6-1 (leave of court required to notice a motion shortening the 28-day period). <u>Third</u>, Civil Local Rule 7-10 provides that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." ALS's "Motion" is a masquerading sur-reply to Cloudflare's Reply to ALS Scan's Offer of Proof, filed without leave of Court. It should be summarily denied for these reasons alone.[1]

## II. ALS'S "MOTION" IS MERITLESS

ALS's Motion also fails on the merits. Contrary to ALS's accusation, each of the issues listed in its Motion to Strike are properly before the Court, as follows:

| Purported "New Grounds" for Partial Summary Judgment | Cloudflare's Response |
|---|---|
| 1. The salutary effects, social utility, function and purpose of Cloudflare's Content Delivery Network and security services | The fair use of cache copying was addressed in Cloudflare's briefing; Cloudflare cannot be liable for contributing to underlying copying which itself is not an actionable infringement. *See* Cloudflare's Opening Motion (Dkt. 122) at 8 (fronting fair use |

---

[1] In hopes of avoiding further burdens on the Court, Cloudflare advised ALS of these deficiencies on the evening of May 1 and asked ALS to withdraw its improperly-filed motion. ALS ignored Cloudflare's request.

| PURPORTED "NEW GROUNDS" FOR PARTIAL SUMMARY JUDGMENT | CLOUDFLARE'S RESPONSE |
|---|---|
| supposedly eliminate all disputed issues of fact concerning whether Cloudflare contributed to copyright infringement.<br><br>(Sur-Reply Doc. 174 pp. 2-7; Kassabian Decl., Doc. 174-3, ¶ 4, Ex. B, citing Guinn testimony.) | issue in anticipation of ALS's opposition arguments); Cloudflare's Reply (Dkt. 144) at 9-11(expanding on fair use argument in light of ALS's arguments in opposition); Cloudflare's Reply to Offer of Proof (Dkt. 174) at 13-20 (supplementing fair use argument with additional facts adduced during Guinn deposition). |
| 2. Cloudflare is supposedly entitled to summary judgment as to any individual images that are not the subject of a DMCA notification from ALS to Cloudflare.<br><br>(Sur-Reply Doc. 174 pp. 9-10; Schoichet Decl., Doc. 174-2 ¶ 9; Kassabian Decl., Doc. 174-3, ¶ 5 Ex. C.) | Cloudflare properly rebutted ALS's new evidence presented in opposition. Cloudflare's Reply (Dkt. 144) at 11-13 (showing how ALS's evidence failed to support its infringement claims). It wasn't until ALS's Offer of Proof that it first tried to raise purported evidence of domestic cache copies regarding URLs that it had not identified in discovery as being at issue in the case. A reply brief may properly rebut new issues presented in opposition. *E.g. PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. 05-cv-08891, 2013 WL 12080306, at *4 (C.D. Cal. Oct. 8, 2013) ("The court may properly consider evidence and argument submitted with a reply that is responsive to points raised in the non-moving party's opposition.") Moreover, evidence regarding unasserted claims are irrelevant and cannot save ALS from summary judgment.<br><br>ALS doesn't dispute these facts, but claims instead that it has a right to supplement its discovery responses. While it may have that right, ALS simply has not done so. Since its February 15, 2017 production, ALS has not produced a single new DMCA notice listing any new alleged infringements at issue. Nor has ALS amended its interrogatory responses to identify any new DMCA |

| PURPORTED "NEW GROUNDS" FOR PARTIAL SUMMARY JUDGMENT | CLOUDFLARE'S RESPONSE |
|---|---|
| | notices or infringements at issue.[2] *See Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 554 (N.D. Cal. 2009) (barring copyright plaintiff from asserting damages theories and evidence that were not timely produced in discovery). |
| 3. Temporary cache copies are a fair use.<br><br>(Sur-Reply Doc. 174 pp. 13-20; Schoichet Decl., Doc. 174-2 ¶ 9; Kassabian Decl., Doc. 174-3, ¶ 4, Ex. B, citing Guinn testimony.) | The fair use of cache copying was addressed in Cloudflare's briefing; Cloudflare cannot be liable for contributing to underlying copying which itself is not an actionable infringement. *See* Cloudflare's Opening Motion (Dkt. 122) at 8 (fronting fair use issue in anticipation of ALS's opposition arguments); Cloudflare's Reply (Dkt. 144) at 9-11(expanding on fair use argument in light of ALS's arguments in opposition); Cloudflare's Reply to Offer of Proof (Dkt. 174) at 13-20 (supplementing fair use argument with additional facts adduced during Guinn deposition). |
| 4. ALS failed to plead a "caching as direct infringement" theory.<br><br>(Sur-Reply Doc. 174 pp. 20-21.) | Cloudflare properly rebutted ALS's new argument presented in opposition. Cloudflare's Reply (Dkt. 144) at 5-6; Cloudflare's Reply to Offer of Proof (Dkt. 174) at 13-20. It wasn't until ALS's Opposition brief that it first tried to raise the legal theory that Cloudflare's automated creation of cache copies was somehow a volitional act of direct infringement by third party website operators. A reply brief may properly rebut new issues presented in opposition. *E.g. PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. 05-cv-08891, 2013 WL |

---

[2] *See* Kassabian Decl. (Dkt. 144-1), Exh. A (ALS's Response to Interrogatory No. 9 which asked for identification of alleged infringements: "The URLs of the infringing materials are contained in the production folders called 'DMCA Notice captures' and 'Easton emails.' **The Easton emails include all of the infringement notifications on which ALS intends to rely**."

| PURPORTED "NEW GROUNDS" FOR PARTIAL SUMMARY JUDGMENT | CLOUDFLARE'S RESPONSE |
|---|---|
| | 12080306, at *4 (C.D. Cal. Oct. 8, 2013). |
| 5. Signing up for Cloudflare's caching services lack volition.<br><br>(Sur-Reply Doc. 174 pp. 21-22.) | This issue was properly addressed in Cloudflare's briefing. *See* Cloudflare's Opening Motion (Dkt. 122) at 8 (anticipating ALS's possible argument in opposition, and explaining that the creation of cache copies does not constitute an actionable direct infringement because they were "automated, non-volitional and temporary"); Cloudflare's Reply (Dkt. 144) at 6-9 (rebutting ALS's Opposition argument (Dkt. 130 at 7) that the "volitional conduct" was the websites' decision to "engage" Cloudflare's internet services ); Cloudflare's Reply to Offer of Proof (Dkt. 174) at 21-22 (explaining that undisputed facts showed website operators do not take affirmative actions to cause the caching of a particular image). |
| 6. Cloudflare cannot be secondarily liable for transmission of noncached copies of infringing works through Cloudflare servers.<br><br>(Sur-Reply Doc. 174 pp. 22-24.) | Cloudflare properly rebutted ALS's new argument presented in opposition. Cloudflare's Reply (Dkt. 144) at 1-2 n.1; Cloudflare's Reply to Offer of Proof (Dkt. 174) at 22-24. It wasn't until ALS's Offer of Proof that it first tried to raise the legal theory that the transmission and routing of content alone (without any cache copies being made) could constitute domestic infringement (Dkt. 169 at 13). A reply brief may properly rebut new issues presented in opposition. *E.g. PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. 05-cv-08891, 2013 WL 12080306, at *4 (C.D. Cal. Oct. 8, 2013). |
| 7. The Court can grant summary judgment on in image-by-image basis.<br><br>(Sur-Reply Doc. 174 pp. 24-25.) | This is not a "new issue for summary adjudication" – it is the legal standard applicable to all copyright infringement claims. *See, e.g., Perfect 10, Inc. v. Yandex N.V.*, 962 F. Supp. 2d 1146, 1152 (N.D. Cal. 2013), *as amended* (Sept. 6, 2013) (granting Yandex partial summary judgment as to 51,936 of |

| PURPORTED "NEW GROUNDS" FOR PARTIAL SUMMARY JUDGMENT | CLOUDFLARE'S RESPONSE |
|---|---|
|  | 63,756 alleged infringements as extraterritorial because those particular infringements were hosted abroad); *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 800 (5th Cir. 2017) (affirming dismissal of copyright claims premised on extraterritorial copying, but permitting direct infringement claim to proceed "to the extent" it was based on territorial acts of importation). As ALS's own Opposition brief conceded, "[e]ach act of copying constitutes a complete act" of possible infringement." Dkt. 130 at 13. It is settled law that each infringement must be separately proven, and likewise, that summary judgment can be granted as to some infringements and denied as to others, if the evidence warrants. *See In re Napster, Inc. Copyright Litig.*, No. C 04-1671 MHP, 2005 WL 1287611, at *7 (N.D. Cal. June 1, 2005) ("proof of ownership, registration, and actual damages ultimately requires a work-by-work inquiry"). |

As set forth above, these issues were either raised in Cloudflare's opening brief,[3] or were raised by ALS itself in opposition and then properly addressed by Cloudflare in reply. They are ripe for partial summary judgment.

---

[3] *See* Cloudflare's Opening Motion (Dkt. 122) at 8 (arguing for partial summary judgment in part on the grounds that "**automated, non-volitional and temporary cache copies of copyrighted content are not actionable direct infringements** as a matter of law). In support of this proposition, Cloudflare's Opening Motion cited: *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 668 (9th Cir. Jan. 23, 2017) (**volitional conduct is a required element** of direct copyright infringement; automatic distribution of internet content is not volitional conduct); *Perfect 10 v. Amazon*, 508 F.3d at 1169-70 (**caching is a fair use**, not an act of direct infringement); *Rosen v. eBay, Inc.*, No. 13-CV-6801, 2015 WL 1600081, at *21 (continued)

In any event, the Court may rule on all of these legal issues per Fed. R. Civ. P. 56(f), because they are predicated on undisputed facts. *See* Cloudflare's Reply to ALS Scan's Offer of Proof (Dkt. 174) at 18-19 n.9. Stated another way, ALS has not presented any material disputed facts on these issues – such as regarding how Cloudflare's services work, the purpose and character of CDN caching, and the like – but instead merely hopes that the Court will not reach them, claiming that it did not have full notice of them. In fact, as explained above, ALS had more than ample notice of the issues presented for partial summary judgment and opportunity to oppose them – including via two full rounds of briefing, a hearing, and an opportunity to depose Cloudflare on the issues presented by the parties' briefing. ALS has also taken the liberty of filing what effectively amounts to an unauthorized sur-reply on these issues, via its "Motion to Strike." *See* C.D. Cal. Civ. L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply" on a motion). While ALS may not want the Court to reach the merits and grant Cloudflare's motion, it has presented no legal or procedural grounds why the Court should not do so. The Court should deny ALS's Motion.

Dated: May 3, 2017

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: /s/ Rachel Herrick Kassabian
Rachel Kassabian
*Attorney for Defendant Cloudflare, Inc.*

---

(C.D. Cal. Jan. 16, 2015) ("The widespread use of [content delivery networks] means that most content is passed from a service provider to one or more third parties before reaching an end user . . . such usage is minimal and is a crucial part of maintaining not only internet commerce, but the efficient operation of the internet generally . . . and [is thus a] fair use.") (all emphasis added). ALS must live with the consequences of its election not to oppose these arguments.