QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
  Carolyn M. Homer (Bar No. 286441)
  carolynhomer@quinnemanuel.com
  Mark T. Gray (Bar No. 305251)
  markgray@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Cloudflare, Inc.*

[additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **ALS SCAN, INC.**, <br><br> Plaintiff, <br><br> vs. <br><br> **CLOUDFLARE, INC.;** <br> **STEADFAST NETWORKS, LLC;** <br> and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:16-cv-05051-GW-AFM <br><br> **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION TO CONTINUE PRETRIAL AND TRIAL DATES** <br><br> Hearing Date: September 7, 2017 <br> Hearing Time: 8:30 AM <br> Place: Courtroom 9D, 9th Fl. <br> 350 West 1st Street <br> Los Angeles, CA, 90012 <br><br> Judge: Hon. George H. Wu |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ALS DOES NOT DISPUTE THAT DEFENDANTS HAVE BEEN DILIGENT IN PRESSING THEIR DEFENSE ................................................. 1

III. ALS IS INCORRECT THAT DEFENDANTS HAVE WAIVED THE RIGHT TO REFRAIN FROM SEEKING A FURTHER CONTINUANCE OF THE CURRENT SCHEDULE ................................... 2

IV. RECENT DEVELOPMENTS PROVIDE FURTHER SUPPORT FOR A MODEST CONTINUANCE OF THE CASE SCHEDULE ........................ 4

V. CONCLUSION .................................................................................................. 6

## I. INTRODUCTION

Plaintiff ALS Scan's opposition does not dispute that Defendants have been diligent in pressing their cases, which is the primary factor considered in assessing good cause for a continuance.[1] Moreover, developments since the date of Defendants' initial filing (Dkt. 239) further underscore the need for a brief extension of the case schedule, because despite the parties' best efforts, discovery will not be completed by the current cutoff of September 15.

## II. ALS DOES NOT DISPUTE THAT DEFENDANTS HAVE BEEN DILIGENT IN PRESSING THEIR DEFENSE

The primary factor in assessing good cause for a continuance is whether the moving parties have been diligent in advancing their case. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting Fed. R. Civ. P. 16 advisory committee notes). ALS does not dispute this point. Rather, ALS's chief complaint is the opposite: precisely because Defendants have been diligent in pursuing needed discovery, ALS wants discovery into its claims to cease. *See* Dkt. 246 (Opposition to Motion to Continue) at 3-4; Dkt. 246-1 (Walsh declaration). This is wrong-headed for two reasons.

First, much of the remaining discovery involves third parties, not ALS. And restoring the ordinary sequence of pre-trial phases, such as permitting expert reports to be exchanged after the close of fact discovery, does not impose any burden on ALS whatsoever.

Earlier this summer, the Court admonished "Let me put it this way, if the plaintiff insists on going forward with 43,000 whatever it is, [infringements], obviously I probably will wind up giving you some [sort] of extension." *See* Dkt.

---

[1] Since Defendants' opening motion to continue, all parties have mediated, and Defendant Hivelocity Ventures LLC has settled out of the case. *See* Dkt. 244.

No. 189-2 at 59 (May 25 Hearing Transcript). Against this Court's advisement, ALS has chosen to proceed with an enormous case, expanding rather than narrowing and refining it for trial.[2] Indeed, ALS quadrupled the size of its case over the course of this summer, from 50,000 alleged infringements to approximately 200,000 against Cloudflare. *See* Dkt. 239-2 at 14. ALS continues to demand astronomical sums in statutory damages, and with those demands comes a responsibility to provide prompt and thorough discovery. ALS has not been forthcoming, and Defendants have had to resort to multiple rounds of discovery motion practice. Any such burdens on ALS are by no means undue. Defendants are entitled to complete the discovery necessary to diligently defend themselves against ALS's assertions of mass infringement.

### III. ALS IS INCORRECT THAT DEFENDANTS HAVE WAIVED THE RIGHT TO REFRAIN FROM SEEKING A FURTHER CONTINUANCE OF THE CURRENT SCHEDULE

ALS asserts that Defendants acquiesced to the current January 2018 trial date by virtue of either their June motion to continue (Dkt. 189) or the July stipulated agreement amongst all parties (Dkt. 227). *See* Dkt. 246 at 4. ALS also faults Defendants for not disclosing the fact and expert witness conflicts at those junctures. *See* Dkt. 246 at 2, 4-5. ALS's arguments misstate the timeline and are incorrect on all counts. The current trial date was not earlier requested by Defendants, nor have the current dates been inalterably agreed to by the parties.

*First*, the January 2018 trial date reflects a compromise position selected by the Court, based upon competing proposed trial dates submitted by the parties

---

[2] ALS has not identified any particular burden that would be imposed by Cloudflare's proposed spring trial schedule. To the contrary, ALS CEO Sarah Walsh testified at her deposition that she books her wintertime photo shoots no more than two months out, meaning that she currently would be booking shoots for approximately November 2017. ALS has identified no burden or hardship it would suffer from moving the trial date from January 2018 to April 2018. By contrast, such a brief continuance will alleviate and accommodate Cloudflare's witness conflicts, as well as its counsel's personal conflicts due to her childcare responsibilities over the winter holidays.

earlier this year.  Plaintiff proposed December 2017; Defendants proposed February 2018.  *Compare* Dkt. 189-1 (Defendants' proposal) *with* Dkt. 191 (Plaintiff's proposal) *and* Dkt. 200 (Court Order).

At that time Cloudflare did not and could not have disclosed conflicts for a January 9, 2018 trial date, because it had not been proposed by either side, and Defendants had no way of knowing that the Court was going to select it.  Likewise, Cloudflare could not have disclosed its damages expert's conflicts in any event, because neither defendant had retained its damages experts at the time of the last motion to continue; Cloudflare did not retain and disclose Mr. Jeff Kinrich until a month later, in mid-July.  Once Cloudflare learned of its conflicts, it promptly conferred with ALS about them (in July) and asked for a stipulation to continue dates, but ALS declined.  The Defendants accordingly sought to complete as much discovery as possible, and then filed the present motion to continue once they had a better sense of the length of continuance that was needed.  Additionally, since the time of Defendants' initial motion to continue filing, Steadfast has also learned that all three of its potential trial witnesses have conflicts in early January.  *See* Supp. Ambrogi Decl. ¶¶ 2-3.  Defendants date conflicts provide good cause to continue the schedule.

*Second*, in arguing against a continuance ALS relies on Defendants' prior stipulation to a brief extension of the mediation, discovery, and expert cut-offs.  *See* Dkt. 245 at 2-4.  But that stipulation was agreed to in order to accommodate ALS's conflicts, and it *expressly contemplated* that further continuance requests would be forthcoming, as it was made "without prejudice to the rights of any party to make or oppose a motion to continue any other dates in the Court's scheduling order." Dkt. 222, 227.

## IV. RECENT DEVELOPMENTS PROVIDE FURTHER SUPPORT FOR A MODEST CONTINUANCE OF THE CASE SCHEDULE

Since Defendants' August 19 filing of this motion to continue (Dkt. 239), additional developments offer further support for a modest continuance.

*First*, ALS's individual and 30(b)(6) witness Sarah Walsh, ALS's Chief Executive Officer, needs to complete her deposition, which was cut short when ALS's counsel elected to walk out before its conclusion so that he could catch a flight. The parties are in the process of trying to reschedule the remainder of that deposition, but ALS has stated that it cannot take place before approximately September 27, due to Ms. Walsh's lengthy vacation to Europe. *See* Supp. Kassabian Decl. ¶ 2.

Additionally, because of Ms. Walsh's trip to Europe, Steadfast is now forced to take her deposition upon her return, which is also after September 27, 2017. *See* Supp. Ambrogi Decl. ¶ 4. With the current schedule that means that Steadfast must wait until days into October for the transcript (which likely will not be reviewed/signed by Ms. Walsh for several days thereafter). Walsh's transcript will be a key component to Steadfast's motion for summary judgment. With summary judgement motions currently due on October 16, 2017 this is an extraordinary mountain of work and truly impossible for Steadfast's two lawyers, especially as the motion also requires a detailed Statement of Uncontroverted Facts and Conclusions of Law *See id*.

*Second*, after two months of confusion over ALS photographer and former CEO Alex Kirn's failure to comply with the document subpoena and deposition subpoena served on him (*see* Dkt. 239-1 at 5), counsel for ALS indicated on Tuesday August 29 that he again would be representing Mr. Kirn in connection with these subpoenas after all. *See* Supp. Kassabian Decl. ¶ 4. ALS has informed Cloudflare that Mr. Kirn also is not available for deposition until after September 15. *See id.* Mr. Kirn owned ALS Scan until early 2014 and is a critical witness on a

number of important issues, including the value of the copyrights alleged here, ALS's alleged lost revenues, and ALS's standing to sue. Cloudflare's damages expert needs to review Mr. Kirn's transcript before he issues his report.

*Third*, on August 23, following Defendants' filing of this motion to continue, ALS served two new deposition notices on Cloudflare. The first new deposition notice added several new 30(b)(6) deposition topics to Cloudflare. Cloudflare will be designating a second 30(b)(6) witness to cover these additional topics.

The second new deposition notice is for a senior Cloudflare executive. Cloudflare believes ALS's last-minute, apex witness deposition notice is inappropriate. Cloudflare is currently meeting and conferring with ALS as to whether ALS will withdraw it, or whether Cloudflare will be forced to file a motion for protective order, which may take several weeks to resolve, depending on Magistrate Judge MacKinnon's rulings and docket. *See* Supp. Kassabian Decl. ¶ 5. It is doubtful that this issue can be fully resolved by September 15.

*Fourth*, after further discussions with ALS business partner Hydentra (the company that operates ALS's flagship website, alsscan.com), Cloudflare on August 29 noticed the third-party 30(b)(6) deposition of Hydentra for September 11. Hydentra has requested, however, that the date be continued until later in September, because it is not available to sit for deposition on that date due to prior business commitments. *See* Supp. Kassabian Decl. ¶ 6.

## V. CONCLUSION

For the foregoing reasons, as well as those identified in Defendants' opening motion, Defendants request the court continue the pre-trial and trial dates as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Mediation Cut-Off | September 5, 2017 | *September 5, 2017 (unchanged)* |
| Post Mediation Status Conference | September 11, 2017 | *September 11, 2017 (unchanged)* |
| Fact Discovery Cut-off | September 15, 2017 | October 13, 2017 |
| Expert Disclosure / Report Deadline | September 15, 2017 | November 10, 2017 |
| Rebuttal Expert Disclosure / Report Deadline | October 6, 2017 | December 8, 2017 |
| Expert Discovery Cut-off | October 13, 2017 | December 22, 2017 |
| Summary Judgment Motion Cut-off | October 16, 2017 | January 11, 2018 |
| Summary Judgment Opposition Due | November 2, 2017 | January 25, 2018 |
| Summary Judgment Reply Due | November 13, 2017 | February 8, 2018 |
| Summary Judgment Hearing Cut-Off | November 27, 2017 | February 22, 2018 |
| Final Pre-Trial Conference | December 28, 2017 | March 22, 2018 |
| Jury Trial Begins | January 9, 2018 | April 10, 2018 |

| | | |
|---|---|---|
| 1 | Dated: September 1, 2017 | Respectfully submitted,[3] |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 3 | | |
| 4 | | |
| 5 | | By _____ |
| 6 | | Rachel Kassabian |
| | | rachelkassabian@quinnemanuel.com |
| 7 | | 555 Twin Dolphin Drive, 5th Floor |
| | | Redwood Shores, CA 94065 |
| 8 | | Tel:   (650) 801-5000 |
| | | Fax:   (650) 801 5100 |
| 9 | | |
| 10 | | *Attorney for Defendant* |
| | | *Cloudflare, Inc.* |
| 11 | | |
| 12 | Dated: September 1, 2017 | PARTRIDGE PARTNERS, P.C. |
| 13 | | |
| | | By */s/ John L. Ambrogi* |
| 14 | | John L. Ambrogi |
| | | jla@partridgepartnerspc.com |
| 15 | | Colin T.J. O'Brien |
| | | colin@partridgepartnerspc.com |
| 16 | | 321 North Clark, Suite 720 |
| | | Chicago, IL 60654 |
| 17 | | Tel: (312) 634-9500 |
| 18 | | |
| | | *Attorney for Defendant* |
| 19 | | *Steadfast Networks, LLC* |

---

[3] Pursuant to C.D. Cal. Local Rule 5-4.3.4, Cloudflare attests that all signatories concur in and have consented to this electronic filing.