UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5051-GW(AFMx) | Date | September 7, 2017 |
|---|---|---|---|
| Title | *ALS Scan, Inc. v. Cloudflare, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jay M. Spillane | Rachel H. Kassabian |
| | Colin T.J. O'Brien |
| | John L. Ambrogi by telephone |

**PROCEEDINGS:    DEFENDANTS' JOINT MOTION TO CONTINUE PRETRIAL AND
TRIAL DATES [239]**

Court and counsel confer.  The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling.  Defendants' motion is GRANTED.  Parties will confer and file an updated proposed scheduling order by noon on September 11, 2017.

The Post-Mediation Status Conference set for September 11, 2017 is TAKEN OFF-CALENDAR. Settlement is not reached.

|  | : | 09 |
|---|---|---|
| Initials of Preparer | JG | |

*__ALS Scan, Inc. v. Cloudflare, Inc., et al.__*, Case No. CV-16-5051-GW-(AFMx)
Tentative Ruling on Motion to Continue Pretrial and Trial Dates

## I.  Background

ALS Scan, Inc. ("Plaintiff") sues Cloudflare, Inc. ("Cloudflare"); Dolphin Media Ltd. ("Dolphin"); Hivelocity Ventures Corporation ("Hivelocity"); and Steadfast Networks, LLC ("Steadfast") (collectively, "Defendants")[1] for various claims related to Defendants' alleged infringement of Plaintiff's copyrighted and trademarked works.  *See generally* Third Amended Complaint ("TAC"), Docket No. 148.[2]   The TAC asserts six causes of action: (1) direct copyright infringement against Dolphin; (2) contributory copyright infringement against all Defendants; (3) vicarious copyright infringement against Dolphin, Hivelocity, and Steadfast; (4) direct trademark infringement against Dolphin; (5) direct trademark counterfeiting against Dolphin; and (6) contributory trademark infringement against Dolphin, Hivelocity, and Steadfast.  *Id.*

Now pending before the Court is Defendants' Joint Motion ("the Motion") to Continue the Pretrail and Trial Dates.  *See* Defendants' Joint Motion to Continue Pretrial and Trial Dates ("Mot."), Docket No. 239.  Plaintiff has filed an Opposition, to which Defendants have filed a Reply.  *See* Plaintiff's Opposition to Defendants' Motion to Continue Pretrial and Trial Dates ("Opp'n"), Docket No. 246; Defendants' Reply in Support of the Joint Motion to Continue Pretrial and Trial Dates ("Reply"), Docket No. 250.

## II.  Legal Standard

"The district court is given broad discretion in supervising the pretrial phase of litigation. . . ."  *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).  Once the district court has issued a pretrial scheduling order, however, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."  Fed. R. Civ. P. 16(b).

---

[1] The Court previously granted Defendant Tiger Media, Inc.'s ("Tiger") motion to dismiss the First Amended Complaint as to Tiger.  *See* Docket No. 53.  Plaintiff did not seek to file an amended complaint against Tiger.  In addition, on February 23, 2017, Plaintiff dismissed Defendants Hebergement OVH Inc. and OVH SAS from this action.  *See* Docket No. 113.

[2] Plaintiff filed the Third Amended Complaint after the instant Motion was filed.  However, the Third Amended Complaint did not change the allegations or the cause of action asserted against Cloudflare.  Because the Third Amended Complaint is now the operative complaint in this action, the Court cites to this version rather than the Second Amended Complaint.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  *Id.* (internal citation omitted).

In determining if the good cause standard has been met, some courts consider whether: "(1) [movant] was diligent in assisting the Court in creating a workable Rule 16 order (2) [movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding . . . diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference and (3) [movant] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [movant] could not comply with the order . . . ."  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).

## III.  Analysis

Here, Defendants have shown good cause to modify the schedule order.  First, Defendants have been diligent in their defense of this case and in pursuit of discovery.  *See* Mot. at 4:3-11:16 (detailing Defendants' discovery and litigation efforts).  Despite this diligence, certain discovery cannot be completed before the current close of discovery, including the deposition of ALS Scan owner Sarah Walsh, whose deposition was canceled by Plaintiff and cannot be rescheduled until late September.  *See id.* at 11:24-12:5.  Additionally, several of Defendant Cloudflare's trial witnesses have conflicts with the current trial date.  *See* Declaration of Rachel Kassabian ("Kassabian Decl.") ¶ 4, Docket No. 239-2; *see also* Mot. at 16:19-17:10.  Moreover, upon learning that modification would be necessary, Defendants were diligent in filing the pending motion following attempts to meet and confer with Plaintiff.  *See* Kassabian Decl. ¶¶ 2-3.

Plaintiff opposes the continuance on the grounds that Defendants should have been aware of the need for a continuance when the parties filed a Joint Stipulation to move some of the

pretrial dates on July 18, 2017.  *See* Opp'n at 2:19-3:2.  However, as Defendants note, several issues were not known at that time and were not anticipated.  *See* Reply at 3:4-18.  For example, the current trial date was selected by the Court and was not requested by either party previously. *Id.* at 3:4-6.  Thus, Defendants could not have anticipated potential witness conflicts.  Similarly, information concerning Ms. Walsh's lack of availability came to light following the parties' Joint Stipulation.  *See* Supplemental Declaration of Rachel Kassabian ("Kassabian Supp. Decl.") ¶ 2, Docket No. 250-1.  Further, Plaintiff does not argue the continuance will cause prejudice, nor does it contend that the discovery Defendants claim is outstanding can be completed if the current schedule remains in place.  Similarly, Plaintiff does not contend Defendants have failed to diligently pursue discovery in this case.

In sum, Defendants have shown good cause for the requested modification.

## IV.  Conclusion

The Court would GRANT Defendants' Joint Motion to Continue the Pretrial and Trial Dates.  The Court would inquire as to whether the dates proposed in Defendants' moving papers present any conflicts for Plaintiff.  *See* Proposed Order Granting Defendants' Joint Motion to Continue Pretrial and Trial Dates, Docket No. 239-4.