QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Rachel Herrick Kassabian (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
  Carolyn M. Homer (Bar No. 286441)
  carolynhomer@quinnemanuel.com
  Mark T. Gray (Bar No. 305251)
  markgray@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

*Attorneys for Defendant Cloudflare, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **ALS SCAN, INC.**, | Case No. 2:16-cv-05051-GW-AFM |
| Plaintiff, | **DECLARATION OF RACHEL KASSABIAN IN SUPPORT OF CLOUDFLARE, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING ALS SCAN, INC.'S DEPOSITION NOTICE DIRECTED TO MATTHEW PRINCE** |
| vs. | |
| **CLOUDFLARE, INC.**, et al., | |
| Defendants. | Hearing Date:      October 10, 2017 |
| | Hearing Time:      10:00 AM |
| | Place:  Courtroom 840, 8th Fl. |
| | 255 East Temple Street |
| | Los Angeles, California 90012 |
| | Judge:   Hon. Alexander MacKinnon |

I, Rachel Kassabian, declare:

1.    I am an attorney licensed to practice before this Court.  I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP and counsel for Cloudflare, Inc. in this matter.  I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.  I submit this declaration in support of Cloudflare's Motion for Protective Order Regarding ALS Scan, Inc.'s Deposition Notice Directed to Matthew Prince.

2.    On August 23, 2017, ALS Scan served a Notice of Deposition of Matthew Prince, a true and correct copy of which is attached hereto as **Exhibit A**.  On August 23, 2017, ALS Scan also served a Second Revised Notice of Continued Deposition of Defendant Cloudflare, Inc. pursuant to Rule 30(b)(6), a true and correct copy of which is attached hereto as **Exhibit B**.  Topics 13-16 read as follows:

> Topic 13:  How did Cloudflare "kick a group of neo-Nazis off the internet?"  Matthew Prince, Wall Street Journal, August 23, 2017.
>
> Topic 14:  Can Cloudflare kick copyright infringers off the internet?  If not, how is it that Cloudflare can kick neo-Nazis off the Internet but not copyright infringers?
>
> Topic 15:  Why hasn't Cloudflare kicked copyright infringers off the Internet, except upon receipt of a court order?
>
> Topic 16:  If Cloudflare's "terms of use give [it] broad discretion to choose whom we allow to use our network," why hasn't Cloudflare used that discretion to choose not to allow the Websites to use Cloudflare's network?

On September 5, 2017, Cloudflare disclosed Trey Guinn as its corporate designee on these four topics.  His deposition currently is set for September 15, 2017.

3.    On various dates between August 25, 2017 and September 5, 2017, the parties exchanged meet and confer correspondence regarding Cloudflare's objections to ALS Scan's notice of deposition to Mr. Prince.

4.     On September 5, 2017, the parties held a telephonic conference of counsel pursuant to Local Rule 37-1, in which I personally participated, as did various members of ALS Scan's legal team.  On that call, ALS Scan's counsel stated that it would not have considered Mr. Prince relevant to this case had he not made his "public statements," referring to the Wall Street Journal article regarding net neutrality issues that Mr. Prince wrote in August 2017.  ALS Scan's counsel further claimed that Mr. Prince had unique personal knowledge regarding the "public statements" themselves, and how Cloudflare interprets its terms of service to determine which accounts to terminate.  ALS Scan's counsel also claimed that Mr. Prince was in a unique position as "the boss" such that he could direct his subordinates how to interpret Cloudflare's terms of service.  I explained that Mr. Prince's comments had nothing to do with copyright infringement, Cloudflare's DMCA policies and procedures, or any facts relevant to this case.  Each of the subject areas ALS Scan's counsel identified were either irrelevant (*e.g.*, Mr. Prince's personal views regarding freedom of speech on the internet) or could be handled by more appropriate, lower-level employees (*e.g.*, the existence and interpretation of Cloudflare's terms of service and account termination policies).

5.     At no point during the pendency of this case has any party identified Cloudflare CEO Mr. Prince as a person with knowledge relevant to this case.

6.     To date, none of ALS Scan's written discovery requests have asked for information related to Mr. Prince.  None of Cloudflare's responses have referenced Mr. Prince or indicated he might have personal knowledge of relevant facts.

7.     Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the transcript of the deposition of Trey Guinn, taken in this matter on April 5, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  Executed this 11th day of September, 2017, in San Francisco, California.

1

2

3    By_____

4          Rachel Kassabian

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Jay M. Spillane (Bar No. 126364)
jspillane@spillaneplc.com
SPILLANE TRIAL GROUP PLC
468 N. Camden Drive, Second Floor
Beverly Hills, CA 90210
(424) 217-5980
(888) 590-1683 (fax)

John P. Flynn (Az. Bar No. 015065)
Kevin D. Neal (Az. Bar No. 011640)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
(602) 530-8000
(602) 530-8500 (fax)
john.flynn@gknet.com
kevin.neal@gknet.com

Attorneys for Plaintiff ALS Scan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLOUDFLARE, INC., a Delaware corporation, et al.,<br><br>Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**PLAINTIFF'S NOTICE OF DEPOSITION OF MATTHEW PRINCE** |

1    Please take notice pursuant to FRCP Rule 30 that Plaintiff ALS Scan,

2  Inc. ("ALS") will take the deposition of Matthew Prince on September 14, 2017

3  at 9:00 a.m. at Quinn Emanuel, 50 California Street, 22nd Floor, San Francisco,

4  CA 94111.

5    The testimony will be recorded through audio, audiovisual and

6  stenographic means, including without limitation by means of videotape.

7

8  DATED:  August 23, 2017                 SPILLANE TRIAL GROUP PLC

9                                          GALLAGHER & KENNEDY, P.A.

10

11

12                                         By: _____

13                                              Jay M. Spillane

14                                         Attorneys for Plaintiff ALS Scan, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

Notice of Deposition – Matthew Prince

**PROOF OF SERVICE**

1.  At the time of service I was over 18 years of age and not a party to this action.  My business address is: Spillane Trial Group PLC, 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507.

2.  On August 23, 2017 I served the following document(s):

**PLAINTIFF'S NOTICE OF DEPOSITION OF MATTHEW PRINCE**

3.  I served these documents on the following person(s):

See attached service list.

4.  The document(s) in item 2 were served by the following means:

**X   By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 3 and *(specify one):*

    **X**  (1) deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐ (2) placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed as indicated above at Los Angeles, CA.

☐  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 3. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 3. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐  **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 3.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 23, 2017

*Jessie Gietl*

_____

Jessie Gietl

*ALS v. Cloudflare*
USDC C.D. Cal. 2:16-cv-5051-GW-AFM
Mail Service List

Attorneys for Cloudflare:

Rachel Herrick Kassabian
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

Attorneys for Hivelocity:

Shahrokh Sheik
KRAMER HOLCOMB SHEIK LLP
1925 Century Park East, Ste. 1180
Los Angeles, California 90067

Attorneys for Steadfast:

Colin O'Brien
John Ambrogi
Partridge Partners P.C.
321 North Clark, Suite 720
Chicago, Illinois 60654

Paul D. Supnik
9401 Wilshire Boulevard
Suite 1250
Beverly Hills, CA 90212

Co-Counsel for ALS:

John Flynn
Kevin Neal
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225

# Exhibit B

1  Jay M. Spillane (Bar No. 126364)
2  jspillane@spillaneplc.com
   SPILLANE TRIAL GROUP PLC
3  468 N. Camden Drive, Second Floor
   Beverly Hills, CA 90210
4  (424) 217-5980
   (888) 590-1683 (fax)
5
   John P. Flynn (Az. Bar No. 015065)
6  Kevin D. Neal (Az. Bar No. 011640)
   GALLAGHER & KENNEDY, P.A.
7  2575 East Camelback Road
   Phoenix, Arizona 85016-9225
8  (602) 530-8000
   (602) 530-8500 (fax)
9  john.flynn@gknet.com
   kevin.neal@gknet.com
10
11 Attorneys for Plaintiff ALS Scan, Inc.

12

13                    UNITED STATES DISTRICT COURT

14                    CENTRAL DISTRICT OF CALIFORNIA

15 ALS SCAN, INC., a Maryland            Case No.: 2:16-cv-05051-GW-AFM
   corporation,
16                                        **PLAINTIFF'S SECOND REVISED**
17         Plaintiff,                     **NOTICE OF CONTINUED**
                                          **DEPOSITION OF DEFENDANT**
18                                        **CLOUDFLARE, INC.**
      vs.
19
20 CLOUDFLARE, INC., a Delaware
   corporation, et al.,
21
22         Defendants.

23

24

25

26

27

28

1    Plaintiff ALS Scan, Inc. ("ALS") hereby requests pursuant to FRCP Rule

2  30(b)(6) that Defendant Cloudflare, Inc. ("Cloudflare," "You" or "Your")

3  appear for deposition on September 15, 2017 at 9:00 a.m. at Quinn Emanuel, 50

4  California Street, 22nd Floor, San Francisco, CA 94111.

5    The testimony will be recorded through audio, audiovisual and

6  stenographic means, including without limitation by means of videotape.

7  **DEFINITIONS**

8    1.    "WEBSITE" or "WEBSITES" means any or all of the websites

9  identified in ¶ 57 of the Third Amended Complaint that are alleged to be using

10 Cloudflare's services, as well as those additionally disclosed in the June 23,

11 2017 updated infringement schedules, namely:

12        a.  imgchili.net

13        b.  slimpics.com

14        c.  cumonmy.com

15        d.  bestofsexpics.com

16        e.  stooorage.com

17        f.  greenpiccs.com

18        g.  imgsen.se

19        h.  imgspice.com

20        i.  imgspot.org

21        j.  img.yt

22        k.  vipergirls.to

23        l.  pornwire.net

24        m. fboom.me

25        n.  imgflash.net

26        o.  imgtrex.com

27        p.  namethatpornstar.com

28        q.  artofx.com

- 1 -

r.   imagetwist.com

**SUBJECTS FOR DEPOSITION**

Pursuant to FRCP Rule 30(b)(6) Cloudflare is requested to designate one or more officers, directors or managing agents, or designate other persons who consent to testify on its behalf, concerning the following matters for examination:

1.    The extent to which Cloudflare transmits, routes or provides connections for content through a system or network controlled or operated by Cloudflare.  Is the answer different when the Cloudflare nameservers locate an image in Cloudflare's cache servers and when Cloudflare proxies an image from the origin server through the Cloudflare nameserver to the user.

2.    The extent and nature of modifications to client content as set forth in Section 7 of Cloudflare's terms.

3.    Whether Cloudflare provides product or services to consumers (as distinct from website owners and operators).

4.    The extent to which any or all of the WEBSITE owners, operators or hosts have used the Cloudflare DNS and/or CDN services.

5.    Cloudflare's receipt and actions taken in response to notifications of infringement of ALS works.

6.    Whether Cloudflare has terminated any accounts pertaining to the WEBSITES, and if so which ones and why.

7.    Why Cloudflare has not terminated accounts pertaining to the WEBSITES.

8.    How Cloudflare has adopted and reasonably implemented, and inform its subscribers and account holders of, a policy that provides for termination in appropriate circumstances of its subscribers and account holders who are repeat infringers.

Notice of Continued Deposition of Cloudflare – Second Revised

9.      Whether Cloudflare has terminated any subscribers or account holders as repeat infringers under such policy.  If so, who are they, which copyright owners complained of infringement pertaining to such subscribers and account holders and how many infringement complaints were there before Cloudflare terminated the account?

10.     How Cloudflare records and/or tracks of the "thousands of infringement and abuse complaints [Cloudflare receives] every week." [October 21, 2106 letter from Doug Kramer to Christine Peterson.]  This includes how or whether Cloudflare records and/or tracks whether the infringing content in each such complaint is or is not removed, and how or whether Cloudflare records and/or tracks how many complaints are being received pertaining to any particular site, subscriber or account holder.

11.     The existence and contents of any documents that Cloudflare uses to track the "thousands of infringement and abuse complaints [YOU receive] every week."  [October 21, 2106 letter from Doug Kramer to Christine Peterson.]

12.     The nature and members of the "Trusted Reporter program," including how and under what circumstances copyright owners are informed of and participate in such a program.  [October 21, 2106 letter from Doug Kramer to Christine Peterson.]

13.     How did Cloudflare "kick a group of neo-Nazis off the internet?" Matthew Prince, Wall Street Journal, August 23, 2017.

14.     Can Cloudflare kick copyright infringers off the internet?  If not, how is it that Cloudflare can kick neo-Nazis off the Internet but not copyright infringers?

15.     Why hasn't Cloudflare kicked copyright infringers off the Internet, except upon receipt of a court order?

- 3 -

Notice of Continued Deposition of Cloudflare – Second Revised

1   16.   If Cloudflare's "terms of use give [it] broad discretion to choose
2   whom we allow to use our network," why hasn't Cloudflare used that discretion
3   to choose not to allow the Websites to use Cloudflare's network?

4

5   DATED:  August 23, 2017                SPILLANE TRIAL GROUP PLC

6

7

8                                          By: _____
9                                                     Jay M. Spillane
                                          Attorneys for Plaintiff ALS Scan, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

1. At the time of service I was over 18 years of age and not a party to this action. My business address is: Spillane Trial Group PLC, 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507.

2. On August 23, 2017 I served the following document(s):

**PLAINTIFF'S SECOND REVISED NOTICE OF CONTINUED DEPOSITION OF DEFENDANT CLOUDFLARE, INC.**

3. I served these documents on the following person(s):

See attached service list.

4. The document(s) in item 2 were served by the following means:

**x    By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 3 and *(specify one):*

    **x** (1) deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐ (2) placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed as indicated above at Los Angeles, CA.

☐   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 3. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 3. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐   **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 3.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 23, 2017

*Jessie Gietl*

_____

Jessie Gietl

*ALS v. Cloudflare*
USDC C.D. Cal. 2:16-cv-5051-GW-AFM
Mail Service List

<u>Attorneys for Cloudflare</u>:

Rachel Herrick Kassabian
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

<u>Attorneys for Hivelocity</u>:

Shahrokh Sheik
KRAMER HOLCOMB SHEIK LLP
1925 Century Park East, Ste. 1180
Los Angeles, California 90067

<u>Attorneys for Steadfast</u>:

Colin O'Brien
John Ambrogi
Partridge Partners P.C.
321 North Clark, Suite 720
Chicago, Illinois 60654

Paul D. Supnik
9401 Wilshire Boulevard
Suite 1250
Beverly Hills, CA 90212

<u>Co-Counsel for ALS</u>:

John Flynn
Kevin Neal
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225

# Exhibit C

1               UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3

4

ALS SCAN, INC., a Maryland  )
5  corporation,                )
                              )
6          Plaintiff,          )
                              ) No.
7          vs.                 ) 2:16-cv-05051-GW-AFM
                              )
8  CLOUDFLARE, INC., a Delaware)
   corporation, et al.,        )
9                              )
           Defendants.         )
10 _____)

11

12

13

14

15       VIDEOTAPED DEPOSITION OF ALBERT TREY GUINN

16             San Francisco, California

17                 April 5, 2017

18                   Volume I

19

20

21

22  REPORTED BY:

23  JOHNNA PIPER

24  CSR 11268

25  JOB NO.: 10032053

Volume I
**Albert Trey Guinn**                                      **ALS Scan, Inc. vs. Cloudfare, Inc.**

```
 1                  UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3


 4
     ALS SCAN, INC., a Maryland  )
 5   corporation,                )
                                 )
 6           Plaintiff,          )
                                 ) No.
 7           vs.                 ) 2:16-cv-05051-GW-AFM
                                 )
 8   CLOUDFLARE, INC., a Delaware)
     corporation, et al.,        )
 9                               )
             Defendants.         )
10   _____)

11

12        Videotaped Deposition of ALBERT TREY GUINN,

13   Volume I, taken on behalf of Plaintiff, at Quinn

14   Emanuel, 50 California Street, 22nd Floor, San

15   Francisco, California, beginning at 10:22 a.m. and

16   ending at 1:41 p.m. on Wednesday, April 5, 2017

17   before JOHNNA PIPER, Certified Shorthand Reporter

18   No. 11268.

19

20

21

22

23

24

25
```

Page 2

```
 1   APPEARANCES:

 2

 3   For the Plaintiff:

 4           SPILLANE TRIAL GROUP PLC

 5           468 N. Camden Drive, Second Floor

 6           Beverly Hills, California 90210

 7           (424) 217-5980

 8           By:  Jay M. Spillane, Esq.

 9

10

11   For the Defendants:

12           QUINN EMANUEL

13           555 Twin Dolphin Drive, 5th Floor

14           Redwood Shores, California 94065

15           (650) 801-5005

16           rachelkassabian@quinnemanuel.com

17           By:  Rachel Herrick Kassabian, Esq.

18               Mark T. Gray, Esq.

19

20   Also Present:  Joshua Headrick, videographer; Eric

21   Penn (Telephonically.)

22

23

24

25
```

1        **Q    Could Cloudflare's customer websites still be**

2   **accessed if they stopped using Cloudflare?**

3        A    They could be.  They would be slower, but they

4   could still be accessed.  The -- the exact same content

5   would be there with or without Cloudflare.

6        **Q    So if tomorrow a customer cancels its**

7   **Cloudflare account, the following day when a website --**

8   **when a website user visited that -- visits that website,**

9   **is the website still going to be visible?**

10            MR. SPILLANE:  Objection.  Leading.

11            THE WITNESS:  The website will still be

12   visible, and the website will be exactly the same.  It

13   will likely just be a bit slower.

14        BY MS. KASSABIAN:

15        **Q    Does Cloudflare's CDN services have any impact**

16   **on the efficiency of the delivery of website content on**

17   **the Internet?**

18        A    Yes.  It significantly improves efficiency of

19   delivering website content -- to my Amazon example from

20   before, instead of shipping the same logo file

21   100 million times from a single location, you can ship

22   it out to, imagine, ten regional places in the United

23   States, and then you're shipping it from those regional

24   locations and so forth.  You're sending less distance,

25   and, therefore, it's more efficient.