UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **CV 16-05051-GW-AFMx**                        Date:  **October 6, 2017**

Title    **ALS Scan, Inc. v. Cloudflare, Inc.**

Present: The Honorable:    ALEXANDER F. MacKINNON, U.S. Magistrate Judge

|  |  |
|---|---|
| Ilene Bernal | N/A |
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order re Defendant's Motion for Protective Order
(Filed September 19, 2017; ECF No. 265)**

Defendant Cloudflare has moved for a protective order precluding the deposition of its CEO Matthew Prince.  As set forth below, the Court GRANTS IN PART and DENIES IN PART the motion.

Cloudflare argues that Plaintiff ALS Scan has not met the standard for taking the deposition of a high-ranking executive, *i.e.*, an apex deposition.  *See, e.g., Reinsdorf v. Skechers U.S.A., Inc.* 2012 WL 12883889 at *2 (C.D. Cal. May 9, 2012).   Under the case law, a deposition of an apex witness should not take place unless the deposing party has exhausted other less intrusive discovery methods and the deponent has "unique first-hand, non-repetitive knowledge of the facts at issue in the case." *Id.*  ALS Scan contends that deposition testimony shows that Mr. Prince has the authority to order particular customers be terminated from the Cloudflare service.  ALS Scan points to a recent decision by Mr. Prince to terminate a customer that was using Cloudflare's service for a neo-Nazi web site.  ALS Scan wants to question Mr. Prince as to why he terminated a customer that offered neo-Nazi content, but did not terminate other customers after the company received notice that they were infringing ALS Scan's copyrights.  ALS Scan contends that this discovery is relevant to the issue whether Cloudflare has adopted and reasonably implemented a policy that provides for termination of repeat infringers and thus whether Cloudflare is entitled to safe harbor protection under 17 U.S.C. § 512(i)(1)(A).  Cloudflare responds that Mr. Prince's testimony would be duplicative of 30(b)(6) testimony already provided and that Mr. Prince does not have any relevant, unique knowledge of Cloudflare's repeat infringer policy and it implementation.  Cloudflare has also submitted two declarations from Mr. Prince.  These declarations do not dispute that Mr. Prince has the authority to terminate specific customers from the Cloudflare service or that he recently used that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **CV 16-05051-GW-AFMx**                    Date:  **October 6, 2017**

Title    **ALS Scan, Inc. v. Cloudflare, Inc.**

authority to terminate the customer that had a neo-Nazi website.  The first Prince declaration makes clear that while Cloudflare may terminate a customer from using its service, it cannot kick the customer off the internet (despite contrary comments by Mr. Prince in a recent *Wall Street Journal* article).  In his second declaration, Mr. Prince states that he does not have unique knowledge of the company's DMCA policies and procedures and that those matters are primarily handled by Cloudflare's legal departments in conjunction with its trust and safety department.  He further states that he did not receive or review the notices of infringement sent to Cloudflare by ALS Scan.

An initial matter, the Court finds that ALS Scan has not made a showing that would justify a 7 hour deposition of Mr. Prince covering a wide range of topics.  To the extent that is what ALS Scan seeks to do, Cloudflare's motion for a protective order is granted, and Mr. Prince need not appear for such a deposition.   On the other hand, a review of the record shows that ALS Scan has identified a narrow relevant issue for which it appears Mr. Prince has unique knowledge and for which less intrusive discovery has been exhausted.  The specific topic is the use (or non-use) of Mr. Prince's authority to terminate customers, as specifically applied to customers for whom Cloudflare has received notices of copyright infringement.  According to the 30(b)(6) testimony of Trey Guinn, Cloudflare decides whether to terminate services to copyright infringers as opposed to other forms of abusive content "based on our terms of use, terms of service.  And also up to the decision by our leadership. . . . I mean, leadership can include clearly the CEO, Matthew Prince." (ECF 269-1 at pp. 33-34.)  Mr. Guinn was then asked why Cloudflare had allowed websites that ALS Scan had complained about to continue to use Cloudflare's network.  Mr. Guinn answered that "Cloudflare follows our abuse policy and the discretion of our management to decide whom we should provide services to or whether or not we should terminate service." (*Id.* at p. 35.)  That management includes Mr. Prince.  (*Id.* at 37.)  The topic of how and whether Mr. Prince has exercised his discretion in terminating or not terminating customers based on notices of copyright infringement and how that compares to his decision to terminate service based on abusive conduct by a customer, is an area of inquiry unique and personal to Mr. Prince.  Testimony by Mr. Prince regarding his exercise of discretion would not be duplicative of other deposition testimony.  And background discovery has previously been obtained by ALS Scan via less intrusive 30(b)(6) depositions.  Therefore, the motion for a protective order is denied with regard to a deposition of Mr. Prince focused solely on this narrow topic.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.,* 282 F.R.D. 259 (N.D. Cal. 2012).

Because this is a narrow area of inquiry and because prior background information has been obtained by ALS Scan via 30(b)(6) testimony concerning Cloudflare's DMCA policy, its terms of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 16-05051-GW-AFMx**                          Date:   **October 6, 2017**

Title      **ALS Scan, Inc. v. Cloudflare, Inc.**

service and its termination of customers (including the recent WSJ article), only a short deposition is necessary and appropriate.  For instance, although Mr. Prince stated in his WSJ article that Cloudflare had assisted in kicking the neo-Nazi website off the internet, 30(b)(6) testimony and Mr. Prince's first declaration have established that this phraseology was partly hyperbole. Cloudflare could prevent the customer from using Cloudflare's service, but it could not remove the customer's offending website from the internet.  Few, if any, deposition questions to Mr. Prince are necessary on that point.  The Court therefore orders that the deposition of Mr. Prince shall be completed in two hours or less.

As with all depositions, the Court expects counsel for both sides to conduct themselves professionally and consistent with this order and the Federal Rules of Civil Procedure.  Conduct that impedes, delays or frustrates the fair examination of the deponent may be subject to sanctions, as may conduct that unreasonably annoys, embarrasses or oppresses the deponent.

IT IS SO ORDERED.

|                          |        |
|--------------------------|--------|
|                          | :      |
| **Initials of Preparer** | ib     |