UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **CV 16-05051-GW-AFMx**                                   Date: **October 26, 2017**

Title       **ALS Scan, Inc. v. Cloudflare, Inc.**

Present: The Honorable:     ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  FURTHER ORDER RE DEFENDANT'S MOTION TO COMPEL DISCOVERY  (ECF No. 245)**

The Court has reviewed the supplemental materials submitted by the parties concerning the open discovery issues from the telephonic hearing on October 20, 2017.  The Court rules on those issues as follows:

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery "regarding any nonprivileged matter than is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Discovery need not be admissible in evidence to be discoverable.  *Id.*  However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  Finally, the Court is mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1 (as amended December 1, 2015).

**Sarah Walsh's folder of Easton emails:**  Read in its totality, the deposition testimony of Steve Easton establishes that he kept all emails to and from Cloudflare going back several years in time, except for auto responses that he received from Cloudflare.  These auto responses were generated by a computer and always had the same content.  They were deleted by Mr. Easton on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-05051-GW-AFMx**                                         Date:  **October 26, 2017**

Title         **ALS Scan, Inc. v. Cloudflare, Inc.**

several occasions up until about a year ago. ALS has submitted evidence that it would be time consuming and require use of an IT consultant to review and produce emails from the Walsh folder of Easton emails because these emails are stored on a Pegasus email client. Cloudflare has not shown a need for copies of auto replies sent by Cloudflare computers, and Cloudflare itself should have its own copies of emails sent to and from Mr. Easton to Cloudflare. In these circumstances, the Court finds Cloudflare's request for review and production of documents from the Walsh folder of Easton emails is not proportional to the needs of the case, appears to be duplicative of discovery already provided by Mr. Easton, and has at most marginal relevance. This request therefore is denied.

**Sarah Walsh's folder for Hydentra emails:** Cloudflare has established the relevance of these documents for its rebuttal to ALS's statutory damages claim. Based on the number of emails to and from Hydentra that have been produced, it appears likely additional relevant emails exist. ALS argues burden but has not provided information regarding the number of emails in this folder or how difficult it would be to review and produce those emails. ALS has also not explained how it can be sure that it has produced all relevant Hydentra emails. The Court concludes that Cloudflare's request for emails in this folder is relevant and proportional to the needs of the case. This request is therefore granted, as follows. ALS is ordered *either* to produce the Hydentra folder in its entirety *or* to review the Hydentra folder and produce those emails that relate or refer to Hydentra's performance in managing the web site alsscan.com or that discuss any reasons or factors that may have affected revenues generated by the web site alsscan.com. Since this folder contains communications with a third party, the Court assumes that there will be few, if any, privileged documents in the folder. In any event, to the extent privileged documents exist in the folder they may be withheld and placed on a privilege log.

**Unique identifiers for infringed images:** Cloudflare seeks an order requiring ALS to add to its infringement charts internal identifiers used by ALS for each of the allegedly infringed images. ALS argues that this request would require it to add 2698 identifiers to the existing infringement charts. ALS has explained how those identifiers are set out in .pdf binders that contain the infringement notifications sent by Steve Easton to Cloudflare. Based on the explanation in the Supplemental Declaration of Jay M. Spillane at paragraphs 11–16, the Court has been able to determine the identifiers associated with images referred to in the imgtrex notice no. 211.

Where answers to interrogatories are available within records produced by the responding party and where determining the answers would require the responding party to engage in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-05051-GW-AFMx**                            Date:  **October 26, 2017**

Title     **ALS Scan, Inc. v. Cloudflare, Inc.**

burdensome or expensive search, Fed. R. Civ. P. 33(d) permits that party to specify the particular records that must be examined to obtain the responsive information ─ provided that the burden of determining that information from the documents "will be substantially the same for either party." According to the Rule, the responding party is required to "specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ."  It is insufficient for the responding party to state merely that the answers are found somewhere within a mass of documents because without the necessary specificity, "the burden of deriving the answers to the interrogatories is not same for the parties; rather, it would be easier for persons employed by the [responding party] to locate responsive documents." *O'Conner v. Boeing North American, Inc.*, 185 F.R.D. 272, 278 (C.D. Cal. 1999).  And where the documents are voluminous and the information is complex, the party using a Rule 33(d) response may be required to provide indices or "detailed roadmaps" specifying how to use the documents to obtain the information requested by the interrogatories.  *See* 8B Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure, § 2178 at p. 98 (2010).

      Here, once the methodology is understood, the task of going to the pertinent pdf and finding the identifiers for the infringed images would be substantially the same for Cloudflare as it would be for ALS.  Thus, the Court will not require ALS to add 2698 identifiers to its infringement charts.  However, the Court orders ALS to supplement its answer to Interrogatory 20 by adding an explanation (similar to paragraphs 12-16 of the supplemental Spillane declaration) for each of the infringement notices in its infringement charts.  This explanation shall provide a road map as to how to find the internal identifiers for the images referenced in each infringement notice.

      The discovery required by this order shall be provided by ALS on or before November 6, 2017.

      IT IS SO ORDERED.

**Initials of Preparer**  :  ib