Jay M. Spillane (Bar No. 126364)
jspillane@spillaneplc.com
SPILLANE LAW GROUP PLC
468 N. Camden Drive
Second Floor
Beverly Hills, CA 90210
(424) 217-5980
(888) 590-1683 (fax)

John P. Flynn (Az. Bar No. 015065)
Kevin D. Neal (Az. Bar No. 011640)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000
(602) 530-8500 (fax)
john.flynn@gknet.com
kevin.neal@gknet.com

Attorneys for Plaintiff ALS Scan, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>       Plaintiff,<br><br>  vs.<br><br>CLOUDFLARE, INC., a Delaware corporation, et al.,<br><br>       Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**PLAINTIFF'S REQUEST FOR EVIDENTIARY RULING RE STEADFAST'S STATEMENT OF GENUINE DISPUTES**<br><br>Date: February 1, 2018<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br>      350 W. 1st Street<br>      Los Angeles, CA |

| Steadfast's Undisputed Facts | ALS's Response |
|---|---|

ALS's RESPONSE TO STEADFAST'S ADDITIONAL FACTS

| | |
|---|---|
| 49.  The leased servers were completely dedicated to Flixya, including its operation of hosting Flixya's Imagebam.com website (Zimmerman Decl.  ¶¶14-20). | Objection, vague and ambiguous as to the term "hosting." |
| 50.  Steadfast had no ability to terminate services to individual users of Imagebam.com other than unilaterally shutting down the entire server which would have violated the law (JLA Decl. Ex. O p.45:6-24; Zimmerman Decl.  ¶11). | Objection, calls for a legal conclusion. |
| 51.  Imagebam.com was not a pirate site when it was operated by Flixya (JLA Decl. Exs. K-N, T; Zimmerman Decl.  ¶¶38-39). | Objection, vague and ambiguous as to the term "pirate." |
| 57.  Steadfast did not handle Flixya's Imagebam.com user complaints (Zimmerman Decl.  ¶ 22). | Objection, vague and ambiguous as to the term "handle." |
| 63.  Flixya has its own terms and conditions that apply to its users, and it maintains its own DMCA agent. (JLA Decl. Exhs. Q and R). | Objection, lacks foundation, hearsay. |
| 64.  Many, of the infringers of the ALS content, were actually ALS's own members who posted ALS content (JLA Decl. Ex. B Penn 09/13/17 Dep. 56:6-57:24; Ex. C Easton 09/06/17 Dep. 36:3-38:4; Ex. B Penn 09/13/17 Dep. 94:8-97:2; Ex. E Easton 07/28/17 Dep. 36:22-37:4). | Objection, lacks foundation, assumes facts not in evidence. |
| 67. ALS confirmed that all the images addressed in the notices were removed expeditiously (JLA Decl. Ex. C Easton 09/06/17 Dep. 36:22-37:4). | Objection, lacks foundation, vague, assumes facts not in evidence. |
| 68.  Flixya posted the required DMCA | Objection, lacks foundation, hearsay. |

| | Steadfast's Undisputed Facts | ALS's Response |
|---|---|---|
| 1 2 | information on its Imagebam.com website (JLA Decl. Exhs. Q & R; Penn's 09/13/17 Dep. Ex. 6). | |
| 3 4 | 69.  Flixya had users agree to the terms of service (JLA Decl. Exhs. Q & R; Penn's 09/13/17 Dep. Ex. 6). | Objection, lacks foundation, hearsay. |
| 5 6 7 8 9 10 11 12 13 14 15 16 17 | 71.  Steadfast made sure complained of content was removed through its ticketing system which tracked all DMCA notices, including those where Steadfast was merely cc'd (Kevin Stange Decl. ¶¶ 4-10). | Objection.  Steadfast cannot provide testimony by declaration that contradicts the testimony of its 30(b)(6) witness.  A party may not testify one way in a corporate deposition and later adduce contradictory testimony from an employee. *Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D. D.C. 1998) [corporate party bound by 30(b)(6) testimony and could not use conflicting affidavits in summary judgment motion]; *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (more knowledgeable witness prevented from testifying at trial). |
| 18 19 20 21 | 72.  Steadfast never received a DMCA-compliant notification from Easton because it is not the designated agent of Imagebam.com (JLA Decl. Ex. B, Penn Dep. 50:17 – 52-6; Ex. Q; Stange Decl. 5). | Objection, compound, vague and ambiguous. |
| 22 23 24 25 26 27 28 | 75.  Steadfast immediately forwarded the DMCA Notices to Flixya which resulted in the images being removed (Stange Decl. ¶8; JLA Ex. C Easton 09/06/17 Dep. 36:22-37:4). | Objection.  Steadfast cannot provide testimony by declaration that contradicts the testimony of its 30(b)(6) witness.  A party may not testify one way in a corporate deposition and later adduce contradictory testimony from an employee. *Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, |

| Steadfast's Undisputed Facts | ALS's Response |
|---|---|
|  | 95 (D. D.C. 1998) [corporate party bound by 30(b)(6) testimony and could not use conflicting affidavits in summary judgment motion]; *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (more knowledgeable witness prevented from testifying at trial). |
| 78.  Despite knowing its members were violating its terms and conditions, ALS never terminated any memberships for copyright infringement (JLA Decl. Ex. B Penn 09/13/17 Dep. 98:10-100:8). | Objections, assumes facts not in evidence. |
| 85.  Flixya never promoted infringing activity at its Imagebam.com website. (JLA Decl. Ex.Q). | Objection, lacks foundation, hearsay. |
| 89.  Steadfast's only means to withdraw services from individual Imagebam.com's users would be to break the law by hacking Flixya's system. (JLA Decl. Ex. O, KZ Dep. 45:6-24; Zimmerman Decl. ¶¶29-32). | Objection, calls for a legal conclusion. |
| 90.  Flixya is not a direct infringer (JLA Decl. Ex. B, Penn Dep. 64:13-65:11; 72:10-24). | Objection, lacks foundation, call for a legal conclusion. |
| 91.  Flixya posted the required DMCA information on imagebam.com, had users agree to the terms of service, and informed users that his or her account will be terminated (JLA Decl. Ex. O, KZ Dep. 24:2-27:24, Exhs. Q & R). | Objection, lacks foundation, hearsay. |
| 92.  Flixya had a system for removing unauthorized content, responding to DMCA notifications, removing content, and terminating repeat infringers (JLA Decl. Ex. O, KZ Dep. 24:2-27:24, Exhs. Q & R). | Objection, lacks foundation, hearsay. |
| 93.  ALS, through Eric Penn, has | Objection, vague and ambiguous. |

| Steadfast's Undisputed Facts | ALS's Response |
|---|---|
| admitted Steadfast would not have specific knowledge of infringement (JLA Decl. Ex. B Penn 09/13/17 Dep. 62:16-64:11; 77:9-77:19; 81:9-81:17; 86:5-86:12; 93:15-22; 105:18-25; 109:6-13: 116:23-117:3). | |
| 94.  Steadfast immediately forwarded the notices it received from ALS to Flixya (Stange Decl. ¶ 8 JLA Decl. Ex. O KZ Dep. 86:23-87:9). | Objection.  Steadfast cannot provide testimony by declaration that contradicts the testimony of its 30(b)(6) witness.  A party may not testify one way in a corporate deposition and later adduce contradictory testimony from an employee.  *Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D. D.C. 1998) [corporate party bound by 30(b)(6) testimony and could not use conflicting affidavits in summary judgment motion]; *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (more knowledgeable witness prevented from testifying at trial). |
| 95.  Flixya disabled access to all the allegedly infringing works that were hosted on imagebam.com and they are no longer available on imagebam.com (JLA Decl. Ex. C Easton 09/06/17 Dep. 36:22- 37:4). | Objection, lacks foundation. |
| 96.  Imagebam.com is an image host therefore Flixya is a servicer provider and Flixya was the designated agent for Imagebam.com with the Copyright Office and conspicuously posted the necessary DMCA-agent information on its website (JLA Decl. Exs. Q and R, Penn 09/13/2017 Dep. Exs. 6 & 10). | Objection, lacks foundation, hearsay. |
| 100.  Steadfast could not remove the | Objections, calls for a legal |

| Steadfast's Undisputed Facts | ALS's Response |
|---|---|
| material on its servers without breaking the law (17 U.S.C. § 512(m)(2); 18 U.S.C. § 1030 (prohibiting accessing a computer without or in excess of authorization)). | conclusion. |
| 101.  Steadfast did something in response to each of Easton's notices (Stange Decl. ¶ 10; JLA Decl. Ex. O KZ Dep. 45:6-24). | Objection.  Steadfast cannot provide testimony by declaration that contradicts the testimony of its 30(b)(6) witness.  A party may not testify one way in a corporate deposition and later adduce contradictory testimony from an employee.  *Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D. D.C. 1998) [corporate party bound by 30(b)(6) testimony and could not use conflicting affidavits in summary judgment motion]; *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (more knowledgeable witness prevented from testifying at trial). |
| 102.  In response to Easton's notices, Steadfast immediately forwarded the notices to Flixya, which resulted in the removal of the material or the material's accessibility being disabled (JLA Decl. Ex. C Easton Dep. 28:25-29:3). | Objection.  Steadfast cannot provide testimony by declaration that contradicts the testimony of its 30(b)(6) witness.  A party may not testify one way in a corporate deposition and later adduce contradictory testimony from an employee.  *Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D. D.C. 1998) [corporate party bound by 30(b)(6) testimony and could not use conflicting affidavits in summary judgment motion]; *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (more knowledgeable witness prevented from testifying at trial). |

| Steadfast's Undisputed Facts | ALS's Response |
|---|---|
| 103.  Steadfast engaged in the activity of forwarding notices to Flixya with the goal of removing the material (JLA Decl. Ex. C Easton Dep. 32:22-23). | Objection.  Steadfast cannot provide testimony by declaration that contradicts the testimony of its 30(b)(6) witness.  A party may not testify one way in a corporate deposition and later adduce contradictory testimony from an employee.  *Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D. D.C. 1998) [corporate party bound by 30(b)(6) testimony and could not use conflicting affidavits in summary judgment motion]; *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (more knowledgeable witness prevented from testifying at trial). |
| 104.  Steadfast's actions resulted in the removal of the alleged infringing ALS content, which ALS acknowledges (JLA Decl. Ex. C Easton Dep. 37:3-4). | Objection.  Steadfast cannot provide testimony by declaration that contradicts the testimony of its 30(b)(6) witness.  A party may not testify one way in a corporate deposition and later adduce contradictory testimony from an employee.  *Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D. D.C. 1998) [corporate party bound by 30(b)(6) testimony and could not use conflicting affidavits in summary judgment motion]; *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (more knowledgeable witness prevented from testifying at trial). |
| 105.  Steadfast had a ticketing system which monitored all incoming DMCA notifications and set up procedures to follow up on all received notices to ensure compliance by their clients | Objection.  Steadfast cannot provide testimony by declaration that contradicts the testimony of its 30(b)(6) witness.  A party may not testify one way in a corporate |

| Steadfast's Undisputed Facts | ALS's Response |
|---|---|
| (Decl. Stange ¶¶3-9). | deposition and later adduce contradictory testimony from an employee. *Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D. D.C. 1998) [corporate party bound by 30(b)(6) testimony and could not use conflicting affidavits in summary judgment motion]; *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (more knowledgeable witness prevented from testifying at trial). |
| 106.  Steadfast adopted a policy that read in part "This document clearly outlines procedures and restrictions for all clients. . . . [W]e will not tolerate any unlawful activity or abuse on our servers. . . . In the absence of any other Agreement, you will have accepted this Policy and these Terms and be bound by them if you use any of the services offered by Steadfast ("Services"). . . . We reserve the right to refuse service to anyone for any reason not prohibited by law. Also we reserve the right to terminate service to any client for any reason not prohibited by law. . .. Transmission, storage, or presentation of any information, data or material in violation of any American law is prohibited. This includes, but is not limited to: copyrighted material, trademark, intellectual property, material that promotes any illegal activity. . . . Any illegal activity may result in your site being suspended immediately, without notification" (Decl. of KZ ¶6, Ex. A). | Objection as to time. |

| Steadfast's Undisputed Facts | ALS's Response |
|---|---|
| 110.  Steadfast had a working notification system; a procedure for dealing with DMCA notifications; did not prevent copyright holders from collecting information to issue notifications (Stange Decl. ¶¶ 4-10). | Objection.  Steadfast cannot provide testimony by declaration that contradicts the testimony of its 30(b)(6) witness.  A party may not testify one way in a corporate deposition and later adduce contradictory testimony from an employee.  *Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D. D.C. 1998) [corporate party bound by 30(b)(6) testimony and could not use conflicting affidavits in summary judgment motion]; *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (more knowledgeable witness prevented from testifying at trial). |
| 111.  Since 2013 Steadfast received an average of 28 notices per month (albeit deficient notices under the DMCA) regarding images on Flixya's Imagebam.com. For the years 2016 and 2017 the number of notices actually decreased to 21 per month. (JLA Decl. Ex. P Steadfast's Response to Plaintiff's Second Special Interrogatories). | Objection, assumes facts not in evidence, compound, lacks foundation. |
| 112.  Google receives 75,000,000 DMCA notices a month (JLA Decl. Ex. S). | Objection, lacks foundation, hearsay. |
| 113.  Flixya posted the required DMCA information on its imagebam.com website (JLA Decl. Ex. B, Penn Dep. 50:17-52:6; Ex. O, KZ Dep. 24:2-27:24, Ex. R). | Objection, lacks foundation, hearsay. |
| 114.  Flixya users agree to the terms of service, and informed users that his or her account will be terminated (JLA Decl. Ex. B, Penn Dep. 50:17-52:6; | Objection, lacks foundation, hearsay. |

| Steadfast's Undisputed Facts | ALS's Response |
|---|---|
| Ex. O, KZ Dep. 24:2-27:24, Ex. R). | |
| 115.  Flixya had an automated system for removing unauthorized content, responded to DMCA notifications, removed content, and terminated repeat infringers (JLA Decl. Ex. O, KZ Dep. pp 24:2-27:24). | Objection, lacks foundation, hearsay. |

DATED:  January 19, 2018

SPILLANE LAW GROUP PLC
GHALLAGHER & KENNEDY P.A.

By: _____
        Jay M. Spillane
Attorneys for Plaintiff ALS Scan, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this action.  My business address is: 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507.  A true and correct copy of the foregoing document entitled (*specify*):
**PLAINTIFF'S REQUEST FOR EVIDENTIARY RULING RE STEADFAST'S STATEMENT OF GENUINE DISPUTES** will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 19, 2018, I checked the CM/ECF docket for this action and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Gary L. Bostwick– gbostwick@B1Law.com | Colin TJ O'Brien – tm@partridgepartnerspc.com |
| Kevin S. Toll – kevin@silversteinlegal.com | John L. Ambrogi – jla@partridgepartnerspc.com |
| Lawrence G. Walters – larry@firstamendment.com | Daniel L Rogna – daniel@partridgepartnerspc.com |
| Corey D. Silverstein – corey@silversteinlegal.com | Paul Supnick – paul@supnick.com |
| Rachel Kassabian – rachelkassabian@quinnemanuel.com | Raymond Katrinak – pkatrinak@kernanlaw.net |
| Carolyn M. Homer – carolynhomer@quinnemanuel.com | Ryan Carreon – rcarreon@kernanlaw.net |
| Mark Thomas Gray   markgray@quinnemanuel.com | Stephen M Kernan – kernanlaw@gmail.com |
| Armen Nercessian   anercessian@fenwick.com | John P Flynn   john.flynn@gknet.com |
| Jedediah Wakefield   jwakefield@fenwick.com | Kevin D Neal   kevin.neal@gknet.com |
| Sapna S Mehta   smehta@fenwick.com | |

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) January 19, 2018, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule, on (*date*) January 19, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served by Overnight Mail or Attorney Service***
Hon. George H. Wu
U.S. District Court
350 W. 1ˢᵗ Street
Courtroom 9D
Los Angeles, CA 90012          ☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/19/2018 | Jessie Gietl | *Jessie Gietl* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |