1  ANDREW P. BRIDGES (CSB No. 122761)
   abridges@fenwick.com
2  JEDEDIAH WAKEFIELD (CSB No. 178058)
   jwakefield@fenwick.com
3  ARMEN NERCESSIAN (CSB No. 284906)
   anercessian@fenwick.com
4  SAPNA MEHTA (CSB No. 288238)
   smehta@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA  94104
   Telephone:  415.875.2300
7  Facsimile:   415.281.1350

8  Attorneys for Defendant
   CLOUDFLARE, INC.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                          WESTERN DIVISION

13  ALS SCAN, INC.,                        Case No.: 2:16-cv-05051-GW-AFM

14                  Plaintiff,             **CLOUDFLARE, INC.'S REQUEST
                                           FOR EVIDENTIARY RULING ON
15           v.                            SPECIFIED OBJECTIONS IN REPLY
                                           TO ALS'S OPPOSITION TO MOTION
16  CLOUDFLARE, INC., et al.,              FOR SUMMARY JUDGMENT BY
                                           CLOUDFLARE**
17                  Defendants.
                                           Date:      March 12, 2018
18                                         Time:      8:30 A.M.
                                           Courtroom: 9D
19                                         Judge:     Hon. George H. Wu
20
                                           Trial Date:  April 24, 2018
21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendant Cloudflare, Inc. makes the following evidentiary objections to the Declarations of Jay M. Spillane (Dkt. 373), Eric Penn (Dkt. 374), Shahram Ghandeharizadeh (Dkt. 375), and the accompanying exhibits that Plaintiff ALS Scan submitted in opposition to Cloudflare's motion for summary judgment (Dkt. 370).[1]

As a preliminary matter, the Court should disregard the three declarations in their entirety. The three declarations that ALS submitted in opposition to Cloudflare's motion for summary judgment are limited to: (1) evidence concerning Cloudflare's eligibility for safe harbor under the DMCA that is not relevant to resolution of Cloudflare's motion for summary judgment on liability; and (2) undisclosed expert testimony.

## I.      ALS RELIES ON IRRELEVANT EVIDENCE REGARDING CLOUDFLARE'S ELIGIBLITY FOR SAFE HARBOR UNDER THE DMCA.

The majority of the evidence that ALS attempts to introduce is irrelevant to the Court's resolution of Cloudflare's motion for summary judgment. Cloudflare moves for summary judgment solely on the issue of liability: the undisputed facts establish that it has not engaged in contributory infringement of ALS's works. ALS, however, again reverts to discussion of Cloudflare's eligibility for safe harbor under the Digital Millennium Copyright Act (DMCA). That is a remedies issue that has no bearing on ALS's inability to prove liability. The statute expressly states that the safe harbor provision does not create liability. 17 U.S.C. § 512 (l) ("The failure of a service provider's conduct to qualify for limitation of liability under this section

---

[1] In its opposition, ALS also relies on inadmissible evidence that it submitted in support of its motion for partial summary judgment against Cloudflare. To minimize repetitive briefing, Cloudflare incorporates by reference its evidentiary objections (Dkt. 377) to the Declarations of Sarah Walsh (Dkt. 326), Jay Spillane (Dkt. 327), Eric Penn (Dkt. 328), Steve Easton (Dkt. 329) and the accompanying exhibits that ALS submitted in support of its motion for partial summary judgment against Cloudflare.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense.").

Despite this rule, ALS submits the declarations of Jay Spillane (Dkt. 373) and Eric Penn (Dkt. 374) to further its safe harbor arguments. Tellingly, ALS cites the two declarations in its opposition brief only in the context of its claim that Cloudflare fails to act on notifications of claimed infringement. *E.g.*, Opp. at 15. Accordingly, the Court should strike both the Spillane and Penn declarations in their entirety. Alternatively, the Court should sustain Cloudflare's objections below that ALS's evidence regarding Cloudflare's eligibility for safe harbor under the DMCA is irrelevant at this stage of the proceeding.

## II.   ALS RELIES ON EXPERT TESTIMONY THAT IT FAILED TO DISCLOSE AND THAT IT IS IRRELEVANT.

Dr. Ghandeharizadeh's testimony regarding technical measures that Cloudflare supposedly could implement to identify and filter images is inadmissible because Plaintiff failed to disclose it in its opening or rebuttal expert disclosures. Fed. R. Civ. P. 26, 37. In addition, this testimony is irrelevant to the issue of "simple measures to prevent infringement," a topic about which Dr. Ghandeharizadeh admits he lacks expertise. Fed. R. Evid. 401, 702.

*First*, the testimony is inadmissible because Plaintiff failed to disclose it under the Court's Scheduling Order. On September 8, 2017, pursuant to a stipulation of the parties, the Court set the following deadlines for expert disclosures and expert discovery (Dkt. 256):

| Event | Date |
|---|---|
| Expert Disclosure/Report Deadline | November 15, 2017 |

Fenwick & West LLP
Attorneys at Law
San Francisco

| Event | Date |
|---|---|
| Rebuttal Expert Disclosure/Report Deadline: | December 15, 2017 |
| Expert Discovery Cutoff: | January 18, 2018 |

On the November 15, 2017 deadline for expert disclosures, Plaintiff provided a report from Dr. Ghandeharizadeh, with 3 principal opinions. That report offered no opinions about filtering of images, and it did not identify any measures that Cloudflare could take to prevent infringement of ALS's works. It also provided no statements about emails from Mr. Easton being "machine readable." Plaintiff provided no rebuttal report from Dr. Ghandeharizadeh by the December 15 deadline.

The parties scheduled Dr. Ghandeharizadeh's deposition for January 18, 2018, which the Court had set as the last day of expert discovery. On January 17, 2018, the day before that deposition, and over two months after the expert disclosure deadline, Plaintiff's counsel sent an email attaching what he called a "supplemental report" from Dr. Ghandeharizadeh. That "supplemental report" introduced a wholly new opinion number 4, which for the first time stated that Cloudflare could employ "software techniques" to detect images and either remove them from caches or prevent them from being cached. In his declaration, he adds to this another new and previously undisclosed opinion that emails from Mr. Easton contained "live hyperlinks" that are "machine readable." Declaration of Shahram Ghandeharizadeh in Opposition to Motion for Summary Judgment by Defendant Cloudflare Inc. (Dkt. 375) ("Ghandeharizadeh Opp. Decl.") ¶ 15.

ALS cannot overcome summary judgment by introducing a new expert opinion and new theory of liability that it failed to identify by the expert disclosure deadlines. The self-executing exclusion sanction under Rule 37 bars the admission of Dr. Ghandeharizadeh's opinions about "machine reading," image recognition, or other "software techniques."

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Fed. R. Civ. P. 37(c)(1) states in relevant part: If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Courts regularly exclude late expert opinions under Rule 37 where the party offering that evidence fails to meet its burden of showing that the failure was substantially justified and harmless. *See Yeti by Molly Ltd. v. Deckers Outdoor*, 259 F.3d 1101, 1105-06 (9th Cir. 2001) (burden on proponent to show that late disclosure was substantially justified or harmless); *Luke v. Family Care and Urgent Medical Clinics*, 323 F. App'x 496 (9th Cir. 2009) (district court did not abuse its discretion in excluding expert declarations that plaintiffs disclosed more than three months after the district court's deadline for initial expert disclosures, and more than two months after the deadline for rebuttal disclosures, and the declarations, which were filed only four days before the close of discovery and ten weeks before trial, presented a new theory as to plaintiffs' claim).

Here, ALS lacks any justification for failing to provide this new opinion by the court's deadlines. Indeed, Dr. Ghandeharizadeh was aware of the Court's scheduling order, and he admits that nothing stopped him from providing his new opinion by the Court's deadline. Declaration of Andrew P. Bridges in Support of Cloudflare, Inc.'s Reply in Support of Motion for Summary Judgment ("Bridges Reply Decl.") ¶ 9a, Ex. 9 at 19:10-21:23. The prejudice from the delayed disclosure is significant, as Cloudflare was unable to retain and prepare a rebuttal expert within the court's schedule. Bridges Reply Decl. ¶ 5. Moreover, the untimely opinion presents a wholly new theory—namely, that Cloudflare should have implemented "software techniques" to identify and filter images after receiving complaints alleging copyright infringement. Bridges Reply Decl. ¶ 5, Ex. 5. Plaintiff's complaint makes no such allegation, and Plaintiff failed to identify this

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

theory in its responses to contention interrogatories about the basis for its contributory infringement claims. Bridges Reply Decl. ¶¶ 10-11, Exs. 10-11.

*Second*, even if admissible, Dr. Ghandeharizadeh's new opinion fails to create a genuine issue of fact, and indeed, confirms the absence of any "simple measures" to prevent further infringement. In his deposition, he conceded that (1) implementing such a system could be complex and risky, and (2) it would not stop any infringing materials from being available on the accused websites. Declaration of Andrew P. Bridges in Support of Cloudflare, Inc.'s Motion for Summary Judgment (Dkt. 354) ("Bridges Decl.") ¶¶ 9vv-9zz, Ex. 13 at 116:24-118:8, 118:21-25, 119:9-121:5, 125:2-126:18, 126:19-127:10, 127:11-18, 128:4-130:2, 132:20-133:11. In other words, it would not be a "simple measure" nor would it "prevent the infringement." Accordingly, this testimony is irrelevant.

*Finally*, Dr. Ghandeharizadeh now admits that he lacks expertise to offer any opinion about whether something would be a "simple measure" to prevent infringement. Ghandeharizadeh Opp. Decl. ¶ 19. Accordingly, he is unqualified to offer any opinion on this subject.

## III.   CLOUDFLARE'S SPECIFIC OBJECTIONS

**Objection No. 1.**

### Proffered Evidence

Declaration of Jay M. Spillane in Opposition to Motion for Summary Judgment by Defendant Cloudflare Inc. (Dkt. 373) ("Spillane Opp. Decl.") at 1:5-6: "Infringing ALS Content Remains Live, at Times in Cloudflare's Cache, Even After Notice to Cloudflare."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also constitutes improper and inaccurate opinion testimony. Fed. R. Evid. 701, 702. It is attorney argument, not evidence. *See Harmoush v. Allstate Ins. Co*.,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. 10-cv-4664-GW(AGRx), 2012 WL 13005929, at *2 (C.D. Cal. Mar. 12, 2012) (counsel's "personal beliefs" regarding the case are not evidence).[2] In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3. Federal Rule of Civil Procedure 37(c)(1) prohibits a party from using "a witness to supply evidence on a motion" if the party did not disclose that witness in accordance with Rule 26(a) or 26(e). *See Benjamin v. B & H Educ., Inc*., No. 13-cv-04993, 2015 WL 6164891, at *2 (N.D. Cal. Oct. 16, 2015) (striking declarations submitted on cross-motions for summary judgment because the plaintiffs had not disclosed the witnesses pursuant to Rule 26), *aff'd*, 877 F.3d 1139 (9th Cir. 2017).[3]

**Objection No. 2.**

<u>**Proffered Evidence**</u>

Spillane Opp. Decl. at 1:7-12 (¶ 2): "I have copies of, and can access, Steve Easton's emails giving notice of infringement on behalf of ALS and others. Mr. Easton's emails contain live hyperlinks to the URLs for each and every infringed image on the site in question. Clicking on the hyperlinks either resolves to the infringing image or, if action was taken after the notice was sent, to a page indicating the image was removed."

<u>**Objections**</u>

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

---

[2] *Harmoush* applies to all objections resting on counsel's beliefs and legal conclusions, and Cloudflare will not repeat the citation in other objections on that basis in order to avoid lengthening the objections.

[3] Rule 37(c)(1) and *Benjamin* apply to all objections to Mr. Spillane's proffered testimony. Cloudflare will not repeat the citations in other objections on that basis in order to avoid lengthening these objections.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

It also lacks a foundation showing personal knowledge, constitutes improper legal opinion testimony, contains hearsay, and cannot establish the content of the documents. Fed. R. Evid. 602, 701, 702, 802, 1002. Mr. Spillane's testimony regarding the content of Mr. Easton's emails constitutes inadmissible hearsay as ALS offers it for the truth of the matter asserted therein—namely, that the identified content infringes ALS's copyrights.

Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. He also fails to establish his personal knowledge of the contents of the documents, and his views and arguments as counsel are not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 3.**

### Proffered Evidence

Spillane Opp. Decl. at 1:14-17 (¶ 3): "In a number of cases, despite notice from Mr. Easton to Cloudflare and other parties of infringing ALS content on Cloudflare client sites, the content remains live and is still being proxied by Cloudflare to consumers and/or remains resident in Cloudflare's cache."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also lacks a foundation showing personal knowledge and constitutes improper legal opinion testimony. Fed. R. Evid. 602, 701, 702. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights, whether content is "proxied" through a Cloudflare data center, or whether certain content is cached at a Cloudflare data center. It is attorney argument, not evidence. In addition, ALS did not identify

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 4.**

### Proffered Evidence

Spillane Opp. Decl. at 1:2:1-7 (¶ 4): "Concerning artofx.org, none of the images in Mr. Easton's emails to Cloudflare had been taken down, even though the notices had been sent many months ago. For example, attached hereto as Exhibit 1 is a true and correct copy of a June 5, 2017 notice from Mr. Easton to Cloudflare, No. 28, giving notice of infringing ALS images on artofx.org. I clicked on the top link, referring to Liv Wilder Tie Dye. The screen resolved to the live infringing ALS image shown on p.3 of Ex. 1."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Objection No. 5.**

    <u>**Proffered Evidence**</u>

    Spillane Opp. Decl. at 2:8-14 (¶ 4): "Where, as was the case here, there was images, texts, links and other information on the page, and the cache status of the picture alone was not 100% clear, I right-clicked on the image to open the image alone in a new tab and revealed the header information for the picture in isolation. The result of this process is shown on p.4 of Ex.1. This shows that the picture resided on imagetwist.com (another site at issue in this case) and was in cache at Cloudflare's LAX data center."

    <u>**Objections**</u>

    The Court already deemed such evidence inadmissible. Cloudflare previously objected to Mr. Spillane's characterization of response headers, specifically his claim that "The CF-Ray header information reflects that my queries retrieved images on Cloudflare servers located in the United States." Cloudflare, Inc.'s Request for Evidentiary Ruling on Specified Objections to ALS Scan's Supplemental Declarations of Jay Spillane and Eric Penn (Dkt. 175) (objection number 1). The Court sustained Cloudflare's objection to the evidence. Ruling on Motion for Partial Summary Judgment Regarding Extraterritoriality (Dkt. 185) at 28.[4]

    Cloudflare also incorporates its previous objections:  the testimony is irrelevant, misstates evidence, is unduly prejudicial and confusing, is speculation, lacks foundation, and is improper opinion by a lay witness. Fed. R. Evid. 402, 403, 602, 701, 702. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content is cached at a Cloudflare data center. It is attorney argument, not evidence. In addition, ALS did not identify

---

[4] The Court's order deeming such evidence inadmissible applies to all of Cloudflare's objections to Mr. Spillane's characterizations of response headers as indicating that content is in cache at a Cloudflare data center. For brevity, Cloudflare will not repeat the citations to the previous filings in its subsequent objections.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 6.**

**Proffered Evidence**

Spillane Opp. Decl. Exhibits 1 and 3 through 11

**Objections**

These exhibits are irrelevant, lack proper authentication, lack foundation, and contain inadmissible hearsay. Fed. R. Evid. 401, 402, 602, 801, 802, 901. ALS offers them for the truth of the matter asserted therein—namely, that the communications identified content that infringes ALS's copyrights and that content linked to in the communications remains on the websites. *E.g.*, Spillane Opp. Decl. ¶¶ 3-14; *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) (reiterating that the court may not consider inadmissible hearsay evidence on a motion for summary judgment).[5]

The exhibits also lack proper authentication. Mr. Spillane does not claim to have authored the documents or himself to have sent them. Mr. Spillane does not evidence personal knowledge of the creation of the documents or of transmission of the purported communications. Moreover, while Mr. Spillane refers to these exhibits as screen captures of alleged notices "of infringing ALS images" from Mr. Easton to various recipients, including Cloudflare, the first pages of the PDF files in Exhibits 5, 7, and 8 do not even reflect the Cloudflare email address to which they were purportedly sent.

Fenwick & West LLP
Attorneys at Law
San Francisco

---

[5] *Blair Foods* applies to all objections resting on hearsay, and Cloudflare will not repeat the citation in other objections on that basis in order to avoid lengthening the objections.

**Objection No. 7.**

**Proffered Evidence**

Spillane Opp. Decl. at 2:15-22 (¶ 5): "Ex. 1 p.3 shows a list of links of
content by name of copyright owner on the artofx.org site. The list is partially
obscured by the header drop box, but the sixth and seventh links say "ALS Angels"
and "ALS Scan." I clicked on the ALS Scan link on the artofx.org site. The screen
resolved to numerous cover shots of ALS models, most leading to live download
galleries of the full set related to the cover shot. A true and correct screen capture of
just the first page of the results from clicking the ALS Scan link is attached hereto
as Exhibit 2."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for
contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also lacks a foundation showing personal knowledge, constitutes improper
legal opinion testimony, contains hearsay, and cannot establish the content of the
documents. Fed. R. Evid. 602, 701, 702, 802, 1002. Mr. Spillane's testimony
regarding the content on the artofx.org website constitutes inadmissible hearsay as
ALS offers it for the truth of the matter asserted—namely, that the content links
identify the copyright owner of the content. Mr. Spillane fails to establish his
personal knowledge, qualifications, or experience to opine on what information on
the artofx.org website discloses, whether certain content depicts "ALS models," or
whether certain content infringes ALS's copyrights. It is attorney argument, not
evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness
in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on
his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply
Decl. ¶ 3.

Fenwick & West LLP
Attorneys at Law
San Francisco

**Objection No. 8.**

### Proffered Evidence

Spillane Opp. Decl. at 2:23-3:1 (¶ 6): "Attached hereto as Exhibit 3 is a true and correct copy of a June 17, 2017 email from Steve Easton to Cloudflare, No. 201, giving notice of infringing ALS images on bestofsexpics.com. I clicked in the second link in the email, which caused the screen to resolve to the live infringing ALS image on nusexpics.com, the site to which bestofsexpics.com now forwards, shown on p.8 of Ex. 3."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Mr. Spillane lacks qualification to offer an opinion that images are "infringing." It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 9.**

### Proffered Evidence

Spillane Opp. Decl. at 3:1-2 (¶ 6), 3:27-4:2 (¶ 9), 4:7-8 (¶ 10), 4:20-21 (¶ 12), 4:27-28 (¶ 13), 5:1-5 (¶ 14): "The captured header information shows that the image was in cache at Cloudflare's LAX data center."

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

### Objections

2

The Court already deemed such evidence inadmissible.

3

Cloudflare also incorporates its previous objections: the testimony is

4

irrelevant, misstates evidence, is unduly prejudicial and confusing, is speculation,

5

lacks foundation, and is improper opinion by a lay witness. Fed. R. Evid. 402, 403,

6

602, 701, 702. Mr. Spillane fails to establish his personal knowledge, qualifications,

7

or experience to opine on whether certain content is cached at a Cloudflare data

8

center. It is attorney argument, not evidence. In addition, ALS did not identify

9

Mr. Spillane as a fact or expert witness in its initial disclosures or expert

10

disclosures, and accordingly ALS cannot rely on his testimony to oppose summary

11

judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

12

**Objection No. 10.**

13

### Proffered Evidence

14

Spillane Opp. Decl. at 3:3-7 (¶ 7): "Attached hereto as Exhibit 4 is a true and

15

correct of a June 18, 2017 email from Steve Easton to Cloudflare, No. 204, giving

16

notice of infringing ALS images on greenpiccs.com. I clicked in the first link in the

17

email, which caused the screen to resolve to the live infringing ALS image on

18

greenpiccs.com shown on p.21 of Ex. 4."

19

### Objections

20

This proffered testimony is not relevant to whether Cloudflare is liable for

21

contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

22

It is also duplicative, lacks foundation, lacks proper authentication,

23

constitutes improper legal opinion testimony, and cannot establish the content of

24

the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce

25

the same inadmissible testimony through the declarations of Mr. Penn and

26

Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications,

27

or experience to opine on whether certain content infringes ALS's copyrights.

28

Mr. Spillane lacks qualification to offer an opinion that images are "infringing." It

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 11.**

### Proffered Evidence

Spillane Opp. Decl. at 3:7-9 (¶ 7), 3:18-20 (¶ 8), 4:13-15 (¶ 11): "The captured header information shows that the image was in not in cache but was proxied to me from the origin server to Cloudflare's LAX data center."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether content is "proxied" through a Cloudflare data center. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 12.**

### Proffered Evidence

Spillane Opp. Decl. at 3:9-13 (¶ 7): "(Cloudflare's support center says that where a file is not in cache and the customer has enabled the CF-Ray header, that header will show "the datacenter the request came through."

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CLOUDFLARE'S REQUEST FOR EVIDENTIARY RULING ON
SPECIFIED OBJECTIONS IN REPLY TO ALS'S OPP. TO MSJ          14          CASE NO. 2:16-CV-05051-GW-AFM

https://support.cloudflare.com/hc/en-us/articles/200170986-How-does-Cloudflare-handle-HTTP-Request-headers-.)"

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also out of context, incomplete, and cannot establish the contents of the document. Fed. R. Evid. 106, 1002.

**Objection No. 13.**

**Proffered Evidence**

Spillane Opp. Decl. at 3:14-18 (¶ 8): "Attached hereto as Exhibit 5 is a true and correct copy of a February 2, 2018 email from Steve Easton to Cloudflare, No. 492, giving notice of infringing ALS images on img.yt. I clicked in the second link in the email, which caused the screen to resolve to the live infringing ALS image on img.yt shown on p.4 of Ex. 5."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Mr. Spillane lacks qualification to offer an opinion that images are "infringing." It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Objection No. 14.**

**Proffered Evidence**

Spillane Opp. Decl. at 3:21-27 (¶ 9): "Attached hereto as Exhibit 6 is a true and correct copy of a February 23, 2017 email from Steve Easton to Cloudflare, No. 2960, giving notice of infringing ALS images on imgchili.net. While the links to the full size images came down, imgchili.net did not remove the thumbnail copies of the images, which are indicated where the URL contains "t5.imgchili.net." I clicked in the second link in the email, which caused the screen to resolve to the live infringing ALS image on imgchili.net shown on p.21 of Ex. 6."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Mr. Spillane lacks qualification to offer an opinion that images are "infringing." It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 15.**

**Proffered Evidence**

Spillane Opp. Decl. at 4:3-7 (¶ 10): "Attached hereto as Exhibit 7 is a true and correct copy of an August 10, 2017 email from Steve Easton to Cloudflare

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

giving notice of infringing ALS images on imgcloud.pw. I clicked in the second link in the email, which caused the screen to resolve to the live infringing ALS image on imgcloud.pw shown on p.8 of Ex. 7."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Mr. Spillane lacks qualification to offer an opinion that images are "infringing." It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 16.**

**Proffered Evidence**

Spillane Opp. Decl. at 4:9-13 (¶ 11): "Attached hereto as Exhibit 8 is a true and correct of a March 27, 2017 email from Steve Easton to Cloudflare, No. 270, giving notice of infringing ALS images on imgtrex.com. I clicked in the first link in the email, which caused the screen to resolve to the live infringing ALS image on imgtrex.com shown on p.21 of Ex. 8."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

1    It is also duplicative, lacks foundation, lacks proper authentication,

2    constitutes improper legal opinion testimony, and cannot establish the content of

3    the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce

4    the same inadmissible testimony through the declarations of Mr. Penn and

5    Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications,

6    or experience to opine on whether certain content infringes ALS's copyrights.

7    Mr. Spillane lacks qualification to offer an opinion that images are "infringing." It

8    is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane

9    as a fact or expert witness in its initial disclosures or expert disclosures, and

10   accordingly ALS cannot rely on his testimony to oppose summary judgment.

11   Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

12   **Objection No. 17.**

13   <u>**Proffered Evidence**</u>

14   Spillane Opp. Decl. at 4:16-20 (¶ 12): "Attached hereto as Exhibit 9 is a true

15   and correct copy of a June 17, 2017 email from Steve Easton to Cloudflare,

16   No. 198, giving notice of infringing ALS images on namethatpornstar.com. I

17   clicked in the first link in the email, which caused the screen to resolve to the live

18   infringing ALS image on namethatpornstar.com shown on p.6 of Ex. 9."

19   <u>**Objections**</u>

20   This proffered testimony is not relevant to whether Cloudflare is liable for

21   contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

22   It is also duplicative, lacks foundation, lacks proper authentication,

23   constitutes improper legal opinion testimony, and cannot establish the content of

24   the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce

25   the same inadmissible testimony through the declarations of Mr. Penn and

26   Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications,

27   or experience to opine on whether certain content infringes ALS's copyrights.

28   Mr. Spillane lacks qualification to offer an opinion that images are "infringing." It

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 18.**

**Proffered Evidence**

Spillane Opp. Decl. at 4:22-27 (¶ 13): "Attached hereto as Exhibit 10 is a true and correct copy of a December 21, 2016 email from Steve Easton to Cloudflare, No. 179, giving notice of infringing ALS images on slimpics.com. I clicked on the second link in the email, which caused the screen to resolve to the live infringing ALS image on epicser.com, the site to which slimpics.com forwards, shown on p.5 of Ex. 10."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Mr. Spillane lacks qualification to offer an opinion that images are "infringing." It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 19.**

**Proffered Evidence**

Spillane Opp. Decl. at 5:1-5 (¶ 14): "Attached hereto as Exhibit 11 is a true and correct copy of a February 28, 2017 email from Steve Easton to Cloudflare, No. 46, giving notice of infringing ALS images on truepic.org. I clicked on the first link in the email, which caused the screen to resolve to the live infringing ALS image on truepic.org shown on p.4 of Ex. 11."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Mr. Spillane lacks qualification to offer an opinion that images are "infringing." It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 20.**

**Proffered Evidence**

Spillane Opp. Decl. at 5:7-8: "Cloudflare Does Not Take Steps to Remove Content, and Wrongfully Rejects Notifications, Even When Its Web Abuse Form is Employed"

Fenwick & West LLP
Attorneys at Law
San Francisco

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also constitutes improper and inaccurate legal opinion. Fed. R. Evid. 701, 702. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 21.**

**Proffered Evidence**

Spillane Opp. Decl. at 5:16-29 (¶ 16): "The template is set up so that a submission will automatically conform to the notice requirements of 17 U.S.C. § 512(c)(3). The requirements are satisfied both through stock language embedded in the form and by including information in the blank fields."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402. Even if Cloudflare's eligibility for safe harbor were at issue in this motion, the evidence is irrelevant because Cloudflare's eligibility concerns 17 U.S.C. § 512(a) and (b), not 512(c).

These statements also lack foundation, constitute improper and inaccurate legal opinion, and cannot establish the contents of the document. Fed. R. Evid. 602, 701, 702, 1002. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on compliance with the "notice requirements of 17 U.S.C. § 512(c)(3)." It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Objection No. 22.**

### Proffered Evidence

Spillane Opp. Decl. Exhibits 13 through 19

### Objections

These exhibits are not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

They also lack proper authentication, lack foundation, and contain inadmissible hearsay. Fed. R. Evid. 602, 801, 802, 901. ALS offers them for the truth of the matter asserted therein—namely, that the communications identified content that infringes ALS's copyrights and that content linked to in the communications remains on the websites. *E.g.*, Spillane Opp. Decl. ¶¶ 17-27. Mr. Spillane explains that he created the documents for the purpose of this litigation. *Id.* ¶ 15. He fails to establish his personal knowledge, qualifications, or experience to determine whether the content infringes ALS's copyrights and whether the information he submitted conforms with the applicable requirements of 17 U.S.C. § 512.

**Objection No. 23.**

### Proffered Evidence

Spillane Opp. Decl. at 5:23-25 (¶ 17), 6:15-16 (¶ 19), 7:7-8 (¶ 21), 8:4-5 (¶ 22), 8:15-16 (¶ 23), 8:26-27 (¶ 24), 9:19-20 (¶ 26): "I filled out every field, checked every box and input the URL of the infringing image in the "Infringing URLs" field."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also lacks foundation and constitutes improper legal opinion testimony. Fed. R. Evid. 602, 701, 702. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

copyrights. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 24.**

### Proffered Evidence

Spillane Opp. Decl. at 5:27-6:2 (¶ 17), 6:19-21 (¶ 19), 9:2-4 (¶ 24), 9:22-24 (¶ 26): "I received another email . . . acknowledging receipt of the abuse complaint and accurately reflecting the URL I had submitted through the abuse form."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also an incomplete characterization of Cloudflare's email responses and cannot establish the contents of the documents. Fed. R. Evid. 106, 1002. Mr. Spillane notably neglects to mention that Cloudflare's emails identify the hosting provider, provide contact information, and advise the recipient that "[t]he actual website is still hosted at the hosting provider indicated above." In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 25.**

### Proffered Evidence

Spillane Opp. Decl. at 6:7-8 (¶ 18), 6:26-27 (¶ 20), 9:9-10 (¶ 25), 10:1-2 (¶ 27): "The infringing image identified in the abuse form submission remains live at the URL shown in Cloudflare's email."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

It also lacks foundation and constitutes improper legal opinion testimony. Fed. R. Evid. 602, 701, 702. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 26.**

### Proffered Evidence

Spillane Opp. Decl. at 6:8-9 (¶ 18), 9:10-11 (¶ 25): "The header information shows the image was proxied to me through Cloudflare's LAX data center."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also lacks foundation, constitutes improper opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 1002. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether content is "proxied" through a Cloudflare data center. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 27.**

### Proffered Evidence

Spillane Opp. Decl. at 6:27-7:1 (¶ 20): "The header information shows the image remained live on imagetwist.com and cached in Cloudflare's LAX data center."

### Objections

The Court already deemed such evidence inadmissible.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Cloudflare also incorporates its previous objections: the testimony is irrelevant, misstates evidence, is unduly prejudicial and confusing, is speculation, lacks foundation, and is improper opinion by a lay witness. Fed. R. Evid. 402, 403, 602, 701, 702. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content is cached at a Cloudflare data center. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 28.**

    <u>**Proffered Evidence**</u>

Spillane Opp. Decl. at 7:12-28 (¶ 21): "This email claims my response lacked five elements necessary for a compliant notification. The email said I had not submitted the 'name, address and signature of the complaining party.' This is preposterous and manufactured. In the form, Ex. 15 p.1, I clearly typed my name, ALS Scan Inc. as the name of the copyright owner and my name again in the field called 'Digital signature.' The second excuse was the email lacked 'the infringing materials and their Internet location.' Ex. 15 p.3. The abuse form clearly indicated the URL of the infringing image in the 'Infringing URLs' field, which simultaneously discloses the work infringed and its location on the Cloudflare customer site. The abuse form also described the work, 'Anastasia Reach.' The email said there was no statement of good faith belief of no legal basis for use of the indicated material. Ex. 15 p.3. But the statement of good faith belief that the use is infringing is embedded in Cloudflare's template, the field called '512(f) acknowledgment, Good faith belief, Authority to act.' The email response says there was no verification of accuracy and authority to act on behalf of the copyright owner, but again these statements are embedded in Cloudflare's form."

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also lacks foundation, is an incorrect and incomplete characterization of Cloudflare's abuse form and email response, constitutes improper legal opinion testimony, and cannot establish the contents of the documents. Fed. R. Evid. 106, 602, 701, 1002. The email states "We are unable to process your DMCA complaint because it is missing *one or more of the following required pieces of information*." (emphasis added). Moreover, Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights or to opine on compliance with the applicable requirements of 17 U.S.C. § 512. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 29.**

**Proffered Evidence**

Spillane Opp. Decl. at 8:10-11 (¶ 22): "This email also claimed, without basis, that my web form submission supposedly lacked the same laundry list of elements a compliant notice should contain."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also lacks foundation, is an incorrect and incomplete characterization of Cloudflare's email response, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 106, 602, 701, 1002. The email states "We are unable to process your DMCA complaint because it is missing *one or more of the following required pieces of information*." (emphasis

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

added). Moreover, Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on compliance with the applicable requirements of 17 U.S.C. § 512. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 30.**

### Proffered Evidence

Spillane Opp. Decl. at 8:20-22 (¶ 23): "This is another sham response claiming falsely that the submission supposedly lacked the same laundry list of elements a compliant notice should contain."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also lacks foundation, is an incorrect and incomplete characterization of Cloudflare's email response, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 106, 602, 701, 1002. The email states "We are unable to process your DMCA complaint because it is missing *one or more of the following required pieces of information*." (emphasis added). Moreover, Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on compliance with the applicable requirements of 17 U.S.C. § 512. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

Fenwick & West LLP
Attorneys at Law
San Francisco

**Objection No. 31.**

**Proffered Evidence**

Spillane Opp. Decl. at 9:14-15: "I submitted one more live infringing ALS image through Cloudflare's abuse form . . . ."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It also lacks foundation and constitutes improper legal opinion testimony. Fed. R. Evid. 602, 701, 702. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 32.**

**Proffered Evidence**

Spillane Opp. Decl. at 10:2-3 (¶ 27): "The header information shows the image was live on imagetwist.com and in cache at Cloudflare's LAX data center."

**Objections**

The Court already deemed such evidence inadmissible.

Cloudflare also incorporates its previous objections: the testimony is irrelevant, misstates evidence, is unduly prejudicial and confusing, is speculation, lacks foundation, and is improper opinion by a lay witness. Fed. R. Evid. 402, 403, 602, 701, 702. Mr. Spillane fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content is cached at a Cloudflare data center. It is attorney argument, not evidence. In addition, ALS did not identify Mr. Spillane as a fact or expert witness in its initial disclosures or expert

Fenwick & West LLP
Attorneys at Law
San Francisco

disclosures, and accordingly ALS cannot rely on his testimony to oppose summary judgment. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 3.

**Objection No. 33.**

**Proffered Evidence**

Declaration of Eric Penn in Opposition to Motion for Summary Judgment by Defendant Cloudflare Inc. (Dkt. 374) ("Penn Opp. Decl.") at 1:10-11 (¶ 2): "Through these and related operations I have acquired a familiarity with technical Internet concepts."

**Objections**

This statement lacks foundation showing personal knowledge, and constitutes improper opinion testimony. Fed. R. Evid. 602, 701, 702.

Mr. Penn fails to establish his personal knowledge, qualifications, or expertise to understand or opine on "technical Internet concepts." Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 34.**

**Proffered Evidence**

Penn Opp. Decl. at 1:16-18 (¶ 3): "I have also personally observed and become familiar with the adult entertainment industry, particularly the manner in which ALS's content is endlessly infringed on pirate sites."

**Objections**

This proffered testimony is irrelevant, lacks foundation showing personal knowledge, and constitutes improper lay witness and expert opinion testimony. Fed. R. Evid. 401, 402, 602, 701, 702.

Evidence of other alleged infringements of ALS's copyrights on undisclosed "pirate sites" is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights on the particular Cloudflare customer websites at issue in this lawsuit.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Mr. Penn's opinion testimony (such as whether certain sites are "pirate sites" or whether content is "infringed") is not proper lay opinion testimony, and ALS has not provided a foundation that Mr. Penn is qualified by knowledge, skill, experience, training or education to offer expert opinion testimony. Moreover, ALS failed to identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 35.**

**Proffered Evidence**

Penn Opp. Decl., Exhibits 1 through 10

**Objections**

These exhibits are irrelevant, lack proper authentication, lack foundation, and contain inadmissible hearsay. Fed. R. Evid. 401, 402, 602, 801, 802, 901. ALS offers them for the truth of the matter asserted therein—namely, that the communications identified content that infringes ALS's copyrights and that content linked to in the communications remains on the websites. *E.g.*, Penn Opp. Decl. ¶¶ 5-14.

The exhibits also lack proper authentication. Mr. Penn does not claim to have authored the documents or himself to have sent them. Mr. Penn does not evidence personal knowledge of the creation of the documents or of transmission of the purported communications. Moreover, while Mr. Penn refers to these exhibits as screen captures of alleged notices "of infringing ALS images" from Mr. Easton to various recipients, including Cloudflare, the first pages of the PDF files in Exhibits 4, 6, 7 do not even reflect the Cloudflare email address to which they were purportedly sent.

**Objection No. 36.**

**Proffered Evidence**

Penn Opp. Decl. at 1:19-26 (¶ 4): "Mr. Easton's emails contain live hyperlinks to the URLs for each and every infringed image on the site in question.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Clicking on the hyperlinks either resolves to the infringing image or to a page indicating the image was removed. In a number of cases my review of the emails indicated that despite notice from Mr. Easton to Cloudflare and other parties of infringing ALS content on Cloudflare client sites, the content remains live and is still being proxied by Cloudflare to consumers and/or remains resident in Cloudflare's cache."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, constitutes improper legal opinion testimony, contains hearsay, and cannot establish the content of documents. Fed. R. Evid. 403, 602, 701, 702, 802, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn's testimony regarding the content of Mr. Easton's emails constitutes inadmissible hearsay as ALS offers it for the truth of the matter asserted therein— namely, that the identified content infringes ALS's copyrights. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights and whether content is "proxied" or cached by Cloudflare. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 37.**

### Proffered Evidence

Penn Opp. Decl. at 2:1-7 (¶ 5): "Concerning artofx.org, none of the images in Mr. Easton's emails to Cloudflare had been taken down, even though the notices had been sent many months ago. For example, attached hereto as Exhibit 1 is a true and correct copy of a June 5, 2017 notice from Mr. Easton to Cloudflare giving notice of infringing ALS images on artofx.org. I clicked on the top link, referring to

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Liv Wilder Tie Dye. The screen resolved to the live infringing ALS image shown on p.3 of Ex. 1."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 38.**

**Proffered Evidence**

Penn Opp. Decl. at 2:6-12 (¶ 5): "Where, as was the case here, there was images, texts, links and other information on the page, and the cache status of the picture alone was not 100% clear, I right-clicked on the image to open the image alone in a new tab and revealed the header information for the picture in isolation. The result of this process is shown on p.4 of Ex.1. This shows that the picture resided on imagetwist.com (another site at issue in this case) and was in cache at Cloudflare's IAD ("Dulles") data center."

**Objections**

The Court already deemed such evidence inadmissible. Cloudflare previously objected to Mr. Penn's characterization of response headers, specifically his claim that "The CF-Ray header information reflects that my queries retrieved images on Cloudflare servers located in the United States." Cloudflare, Inc.'s Request for Evidentiary Ruling on Specified Objections to ALS Scan's Supplemental

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Declarations of Jay Spillane and Eric Penn (Dkt. 175) (objection number 1). The Court sustained Cloudflare's objection to the evidence. Ruling on Motion for Partial Summary Judgment Regarding Extraterritoriality (Dkt. 185) at 28.[6]

Cloudflare also incorporates its previous objections:  the testimony is irrelevant, misstates evidence, is unduly prejudicial and confusing, is speculation, lacks foundation, and is improper opinion by a lay witness. Fed. R. Evid. 402, 403, 602, 701, 702. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content is cached at a Cloudflare data center. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 39.**

### Proffered Evidence

Penn Opp. Decl. at 13-17 (¶ 6): "Attached hereto as Exhibit 2 is a true and correct copy of a June 17, 2017 email from Steve Easton to Cloudflare giving notice of infringing ALS images on bestofsexpics.com. I clicked on the second link in the email, which caused the screen to resolve to the live infringing ALS image shown on p.8 of Ex. 2."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and

---

[6] The Court's order deeming such evidence inadmissible applies to all of Cloudflare's objections to Mr. Penn's characterizations of response headers as indicating that content is in cache at a Cloudflare data center. For brevity, Cloudflare will not repeat the citations to the previous filings in its subsequent objections.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 40.**

### Proffered Evidence

Penn Opp. Decl. at 2:17-18 (¶ 6), 3:14-15 (¶ 9), 3:20-21 (¶ 10), 4:5-6 (¶ 12), 4:11-12 (¶ 13), 4:17-18 (¶ 14): "The captured header information shows that the image was in cache at Cloudflare's IAD data center."

### Objections

The Court already deemed such evidence inadmissible.

Cloudflare also incorporates its previous objections:  the testimony is irrelevant, misstates evidence, is unduly prejudicial and confusing, is speculation, lacks foundation, and is improper opinion by a lay witness. Fed. R. Evid. 402, 403, 602, 701, 702. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content is cached at a Cloudflare data center. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 41.**

### Proffered Evidence

Penn Opp. Decl. at 2:19-22 (¶ 7): "Attached hereto as Exhibit 3 is a true and correct of a June 18, 2017 email from Steve Easton to Cloudflare giving notice of infringing ALS images on greenpiccs.com. I clicked on the first link in the email, which caused the screen to resolve to the live infringing ALS image shown on p.21 of Ex. 3."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 42.**

#### Proffered Evidence

Penn Opp. Decl. at 2:23-24 (¶ 7), 3:5-7 (¶ 8), 3:26-27 (¶ 11): "The captured header information shows that the image was in not in cache but was proxied to me from the origin server to Cloudflare's IAD data center."

#### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether content is "proxied" through a Cloudflare data center. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 43.**

#### Proffered Evidence

Penn Opp. Decl. at 2:25-28 (¶ 7): "(Cloudflare's support center says that where a file is not in cache and the customer has enabled the CF-Ray header, that

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

header will show "the datacenter the request came through." https://support.cloudflare.com/hc/en-us/articles/200170986-How-does-Cloudflare-handle-HTTP-Request-headers-.)"

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also out of context, incomplete, and cannot establish the contents of the document. Fed. R. Evid. 106, 1002.

**Objection No. 44.**

### Proffered Evidence

Penn Opp. Decl. at 3:1-5 (¶ 8): "Attached hereto as Exhibit 4 is a true and correct copy of a February 2, 2018 email from Steve Easton to Cloudflare giving notice of infringing ALS images on img.yt. I clicked on the first link in the email, which caused the screen to resolve to the live infringing ALS image shown on p.4 of Ex. 4."

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Objection No. 45.**

**Proffered Evidence**

Penn Opp. Decl. at 3:8-14 (¶ 9): "Attached hereto as Exhibit 5 is a true and correct copy of a February 23, 2017 email from Steve Easton to Cloudflare giving notice of infringing ALS images on imgchili.net. While the links to the full size images came down, imgchili.net did not remove the thumbnail copies of the images, which are indicated where the URL contains "t5.imgchili.net." I clicked on the second link in the email, which caused the screen to resolve to the live infringing ALS image shown on p.21 of Ex. 5."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 46.**

**Proffered Evidence**

Penn Opp. Decl. at 3:16-20 (¶ 10): "Attached hereto as Exhibit 6 is a true and correct copy of an August 10, 2017 email from Steve Easton to Cloudflare giving notice of infringing ALS images on imgcloud.pw. I clicked on the second link in the email, which caused the screen to resolve to the live infringing ALS image shown on p.7 of Ex. 6."

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 47.**

**Proffered Evidence**

Penn Opp. Decl. at 3:22-25 (¶ 11): "Attached hereto as Exhibit 7 is a true and correct of a March 27, 2017 email from Steve Easton to Cloudflare giving notice of infringing ALS images on imgtrex.com. I clicked on the first link in the email, which caused the screen to resolve to the live infringing ALS image shown on p.21 of Ex. 7."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ALS identify Mr. Penn as an expert witness in its expert witness disclosures.

Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 48.**

### Proffered Evidence

Penn Opp. Decl. at 4:1-5 (¶ 12): Attached hereto as Exhibit 8 is a true and correct copy of a June17, 2017 email from Steve Easton to Cloudflare giving notice of infringing ALS images on namethatpornstar.com. I clicked on the first link in the email, which caused the screen to resolve to the live infringing ALS image shown on p.6 of Ex. 8.

### Objections

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures.

Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 49.**

### Proffered Evidence

Penn Opp. Decl. at 4:7-11 (¶ 13): "Attached hereto as Exhibit 9 is a true and correct copy of a December 21, 2016 email from Steve Easton to Cloudflare giving notice of infringing ALS images on slimpics.com. I clicked on the second link in the email, which caused the screen to resolve to the live infringing ALS image shown on p.5 of Ex. 9."

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Fenwick & West LLP
Attorneys at Law
San Francisco

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did ALS identify Mr. Penn as an expert witness in its expert witness disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 50.**

**Proffered Evidence**

Penn Opp. Decl. at 4:13-17 (¶ 14): "Attached hereto as Exhibit 10 is a true and correct copy of a February 28, 2017 email from Steve Easton to Cloudflare giving notice of infringing ALS images on truepic.org. I clicked on the first link in the email, which caused the screen to resolve to the live infringing ALS image shown on p.4 of Ex. 10."

**Objections**

This proffered testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights. Fed. R. Evid. 401, 402.

It is also duplicative, lacks foundation, lacks proper authentication, constitutes improper legal opinion testimony, and cannot establish the content of the document. Fed. R. Evid. 403, 602, 701, 901, 1002. ALS attempts to introduce the same inadmissible testimony through the declarations of Mr. Penn and Mr. Spillane. Mr. Penn fails to establish his personal knowledge, qualifications, or experience to opine on whether certain content infringes ALS's copyrights. Nor did

ALS identify Mr. Penn as an expert witness in its expert witness disclosures.

Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 2.

**Objection No. 51.**

### Proffered Evidence

Declaration of Shahram Ghandeharizadeh in Opposition to Motion for Summary Judgment by Defendant Cloudflare Inc. (Dkt. 375) ("Ghandeharizadeh Opp. Decl.") at 2:15-18 (¶ 7): "If a consumer requests a page with 100 thumbnail images and a browser loads these images one at a time, a 60 millisecond transmission time for each image results in a six second delay, a very slow consumer service time."

### Objections

This proffered testimony is irrelevant, speculative, lacks foundation, and constitutes improper expert opinion testimony. Fed. R. Evid. 401, 402, 602, 701, 702.

Dr. Ghandeharizadeh's general observations regarding the purported transmission time for a "page with 100 thumbnail images" and a browser that "loads these images one at a time" are not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights on the specific websites at issue in this case. Dr. Ghandeharizadeh also fails to establish his personal knowledge, qualifications, or experience to opine that a six second delay is material to the consumer experience.

Moreover, his proffered opinion relating to a six second delay is inadmissible because ALS failed to disclose it in its opening or rebuttal expert disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 4, Ex. 3.

**Objection No. 52.**

### Proffered Evidence

Ghandeharizadeh Opp. Decl. at 2:19-22 (¶ 8): "More fundamentally, Cloudflare's quotation of the 60 millisecond difference avoids discussion of the

Fenwick & West LLP
Attorneys at Law
San Francisco

1  most important factor affecting delivery, namely distribution of Cloudflare's

2  customers' content throughout Cloudflare's worldwide network of data centers."

3  **Objections**

4  This proffered testimony lacks foundation and constitutes improper expert

5  opinion testimony. Fed. R. Evid. 602, 701, 702.

6  Dr. Ghandeharizadeh fails to establish his personal knowledge,

7  qualifications, or experience to opine on what the "most important factor" affecting

8  delivery is. Moreover, his proffered opinion that Cloudflare's distribution network

9  is the "most important factor" is inadmissible because ALS failed to disclose it in

10  its opening or rebuttal expert disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply

11  Decl. ¶ 4, Ex. 3. Cloudflare proffered expert testimony that speed a visitor

12  experiences when viewing an image on a website that uses Cloudflare's services

13  may vary depending on multiple factors. Bridges Reply Decl. ¶ 4, Ex. 4 at 2-3.

14  Dr. Ghandeharizadeh did not address or rebut that testimony.

15  **Objection No. 53.**

16  **Proffered Evidence**

17  Ghandeharizadeh Opp. Decl. at 3:7-13 (¶ 10): "Cloudflare explains this well

18  on its 'What is a CDN?' page: 'By distributing content closer to website visitors by

19  using a nearby CDN server (among other optimizations), visitors experience faster

20  page loading times. As visitors are more inclined to click away from a slow-loading

21  site, a CDN can reduce bounce rates and increase the amount of time that people

22  spend on the site. In other words, a faster website means more visitors will stay and

23  stick around longer.' Ex. B."

24  **Objections**

25  This statement is an out-of-context and incomplete excerpt of the information

26  available at https://www.cloudflare.com/learning/cdn/what-is-a-cdn/, and the Court

27  should accordingly consider the full document. Fed. R. Evid. 106.

28  Dr. Ghandeharizadeh omits the preceding sentence that "Although the benefits of

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

using a CDN vary depending on the size and needs of an Internet property, the primary benefits for most users can be broken down into 4 different components." Moreover the statement cannot establish the contents of the document. Fed. R. Evid. 1002.

**Objection No. 54.**

> **Proffered Evidence**

Ghandeharizadeh Opp. Decl. at 3:17-18, 3:23-4:2 (¶ 12):

"Cloudflare also speeds delivery of content through its domain name system ("DNS") service."

"Without Cloudflare's DNS system, queries for a web page would be routed through a public nameserver. With Cloudflare, a request for a web page would route through Cloudflare's DNS to a copy of the requested work in the closest Cloudflare data center. Cloudflare says on https://www.cloudflare.com/dns/: "With an average of a few milliseconds query speed, we have the fastest performance of any DNS provider."

> **Objections**

This proffered testimony is an incorrect, out-of-context, and incomplete characterization of the information available at https://www.cloudflare.com/dns/ and the statement cannot establish the contents of the site. Fed. R. Evid. 106, 1002. The site describes the speed by which Cloudflare's DNS service serves DNS records for a web page, not content for a web page. Moreover, it acknowledges that queries for a web page could be routed through another managed DNS provider (not just through a public nameserver).

> **Proffered Evidence**

Ghandeharizadeh Opp. Decl. Exhibit D

> **Objections**

Exhibit D lacks proper authentication and is an incomplete excerpt of the information available at https://www.cloudflare.com/dns. Fed. R. Evid. 106, 901.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Proffered Evidence**

Ghandeharizadeh Opp. Decl. at 4:3-5 (¶ 13): "It is the combined effect of all of Cloudflare's infrastructure and services, not limited to round-trip time, that result in faster delivery of content to consumers."

**Objections**

This proffered testimony is inadmissible because ALS failed to disclose it in its opening or rebuttal expert disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 4, Ex. 3. Cloudflare proffered expert testimony that speed a visitor experiences when viewing an image on a website that uses Cloudflare's services may vary depending on multiple factors. Bridges Reply Decl. ¶ 4, Ex. 4 at 2-3. Dr. Ghandeharizadeh did not address or rebut that testimony. Bridges Reply Decl. ¶ 5. He also conceded that he had performed no analysis or testing of any actual speed impact on any website accused of infringement in this lawsuit. Bridges Decl. ¶ 9v-9bb, Ex. 13 at 75:5-8; 78:23-81:21.

**Objection No. 55.**

**Proffered Evidence**

Ghandeharizadeh Opp. Decl. at 4:8-13 (¶ 14): "From my personal knowledge of CDNs, and having read the technical testimony of Cloudflare representative Trey Guinn, Cloudflare's system stores reproductions of customer's content throughout Cloudflare's data centers, then in response to a consumer's request for data, it distributes that data from the closest data center to the consumer's browser, resulting in the data being displayed on the consumer's screen."

**Objections**

This proffered testimony is irrelevant, speculative, lacks foundation, and constitutes improper expert opinion testimony. Fed. R. Evid. 401, 402, 602, 701, 702.

Dr. Ghandeharizadeh's general observations regarding CDNs or Cloudflare's system are not relevant to whether Cloudflare is liable for contributory infringement

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

of ALS's copyrights on the specific websites at issue in this case. Fed. R. Evid. 401, 402. Dr. Ghandeharizadeh fails to establish his personal knowledge, qualifications, or experience to opine on what, how, or when Cloudflare "stores reproductions of customer's content." Indeed, Dr. Ghandeharizadeh previously testified that he does not know whether Cloudflare made reproductions of the images at issue in this case. Bridges Decl. ¶ 9ff, Ex. 13 at 91:6-12.

**Objection No. 56.**

### Proffered Evidence

Ghandeharizadeh Opp. Decl. at 4:14-16 (¶ 15): "I have personally reviewed some of Steve Easton's emails to Cloudflare giving notice to Cloudflare of infringing ALS content on a Cloudflare customer site."

### Objections

This proffered testimony is speculative, lacks foundation, and constitutes improper expert opinion testimony. Fed. R. Evid. 602, 701, 702.

Dr. Ghandeharizadeh fails to establish his personal knowledge, qualifications, or experience to opine whether certain content infringes ALS's copyrights or to determine what constitutes notice of infringement. Moreover, his proffered opinion that the emails constituted "notice to Cloudflare of infringing ALS content" is inadmissible because ALS failed to disclose it in its opening or rebuttal expert disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 4, Ex. 3. Instead, Dr. Ghandeharizadeh's previously testified that he could not determine whether the images at the URL addresses in Mr. Easton's notifications of claimed infringement to Cloudflare were infringing. Bridges Decl. ¶¶ 9g-9l, Ex. 13 at 57:18-59:10, 59:19-60:12, 63:9-21.

Fenwick & West LLP
Attorneys at Law
San Francisco

**Objection No. 57.**

> **Proffered Evidence**

Ghandeharizadeh Opp. Decl. at 4:16-17 (¶ 15): "These emails contain live hyperlinks, URLs, that are readable to the human eye and are also machine readable."

> **Objections**

This proffered testimony is irrelevant, speculative, lacks foundation, and constitutes improper expert opinion testimony. Fed. R. Evid. 401, 402, 602, 701, 702.

Dr. Ghandeharizadeh's proffered opinion that the URLs contained in some of Mr. Easton's emails are machine readable is inadmissible because ALS failed to disclose it in its opening or rebuttal expert disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 4, Ex. 3. Dr. Ghandeharizadeh also fails to establish his personal knowledge, qualifications, or experience to make that determination.

**Objection No. 58.**

> **Proffered Evidence**

Ghandeharizadeh Opp. Decl. at 4:18-21 (¶ 16): "Once Cloudflare receives notice of infringing ALS Scan images on a website that is a customer of Cloudflare, Cloudflare may employ software techniques to detect these images with a high accuracy to either remove them from its caches, prevent them from being cached, or both."

> **Objections**

This proffered testimony is inadmissible because ALS failed to disclose it in its opening or rebuttal expert disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 4, Ex. 3; *see supra* Section II. In addition, this testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights, including whether Cloudflare can take "simple measures" to prevent further damage to ALS's works. Fed. R. Evid. 401, 702. Dr. Ghandeharizadeh admits that

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

he lacks knowledge and expertise to opine on whether the "software technique" described is a simple measure to prevent infringement. Ghandeharizadeh Opp. Decl. ¶ 19.

**Objection No. 59.**

### Proffered Evidence

Ghandeharizadeh Opp. Decl. at 4:22-25 (¶ 17): "In its simplest form, a software technique may use the URL of a pirated image to author a filter. Cloudflare's cache servers may use these filters to identify images associated with them and purge them from their cache. These filters can also be used to prevent caching of images identified as infringing."

### Objections

This proffered testimony is inadmissible because ALS failed to disclose it in its opening or rebuttal expert disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 4, Ex. 3; *see supra* Section II. In addition, this testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights, including whether Cloudflare can take "simple measures" to prevent further damage to ALS's works. Fed. R. Evid. 401, 702. Dr. Ghandeharizadeh admits that he lacks knowledge and expertise to opine on whether the "software technique" described is a simple measure to prevent infringement. Ghandeharizadeh Opp. Decl. ¶ 19.

**Objection No. 60.**

### Proffered Evidence

Ghandeharizadeh Opp. Decl. at 4:26-5:4 (¶ 18): "A more complex approach may use either metadata associated with an image, an image content recognition software, or both to detect pirated images. With an identified copyrighted ALS Scan image, an image content recognition technique such as the one by Facebook may identify facial features of models and their relative position in the image. This

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

information can be used to identify images with similar characteristics, removing them from caches of Cloudflare."

**Objections**

This proffered testimony is inadmissible because ALS failed to disclose it in its opening or rebuttal expert disclosures. Fed. R. Civ. P. 26, 37; Bridges Reply Decl. ¶ 4, Ex. 3; *see supra* Section II. In addition, this testimony is not relevant to whether Cloudflare is liable for contributory infringement of ALS's copyrights, including whether Cloudflare can take "simple measures" to prevent further damage to ALS's works. Fed. R. Evid. 401, 702. Dr. Ghandeharizadeh admits that he lacks knowledge and expertise to opine on whether the "software technique" described is a simple measure to prevent infringement. Ghandeharizadeh Opp. Decl. ¶ 19.

## IV.   CONCLUSION

For the foregoing reasons, Cloudflare respectfully requests that the Court sustain these evidentiary objections to the declarations and exhibits that ALS submitted in its opposition to Cloudflare's motion for summary judgment.

Dated:  February 26, 2018                    FENWICK & WEST LLP


                                        By:    */s/ Andrew P. Bridges*
                                               Andrew P. Bridges
                                               Attorneys for Defendant
                                               CLOUDFLARE, INC.