JOHN L. AMBROGI
jla@partridgepartnerspc.com
COLIN T.J. O'BRIEN
colin@partridgepartnerspc.com
PARTRIDGE PARTNERS, P.C.
321 North Clark, Suite 720
Chicago, Illinois 60654
Telephone: (312) 634-9500

PAUL D. SUPNIK [SBN 52842]
paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: (310) 859-0100
Facsimile: (310) 388-5645

Attorneys for Defendant
STEADFAST NETWORKS, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT COURT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC., a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC. a Delaware corporation, et al.<br><br>Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br>**DEFENDANT STEADFAST NETWORKS, LLC'S RESPONSE TO PLAINTIFF'S REQUEST FOR EVIDENTIARY RULING (DKT. 367)**<br><br>Filed Concurrently: Reply Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment Re: DMCA; Response to Statement of Genuine Disputes; Request for Evidentiary Ruling.<br>**Hearing Date: March 12, 2018**<br>**Hearing Time: 8:30am**<br>**Place:   Courtroom 9D, 9th Fl.**<br>              350 West 1st Street<br>              Los Angeles, CA, 90012<br>**Judge:   Hon. George H. Wu** |

1

## I. INTRODUCTION

Defendant Steadfast Networks, LLC ("Steadfast") submits this Response to Plaintiff's Request for Evidentiary Ruling (Dkt. 367). As a preliminary matter. Steadfast notes that ALS Scan, Inc. ("ALS") failed to consecutively number its objections. Instead, ALS kept the numbering from Steadfast's Statement of Uncontroverted Facts, Dkt. 339-1. *See* Dkt. 360, p. 14 n.14.

Here, Steadfast numbered ALS's objections. To prevent confusion, Steadfast also omitted the Statement of Uncontroverted Facts paragraph number, Dkt. 339-1, that ALS included, and moved the paragraph number to a footnote, along with the docket number. For the reasons stated below, Steadfast respectfully requests this Court overrule all of ALS's objections.

## II. STEADFAST'S RESPONSE TO ALS'S OBJECTIONS

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| 1. Steadfast requires its clients to accept these terms and conditions.[1]<br><br>Objection, lacks foundation. | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>This factual statement is based on the following underlying evidence: KZ Decl. ¶ 8; KZ Decl. Ex. A; JLA Decl., Ex. B, Dkt. 319, ¶ 107; and, JLA Decl. Ex. H.<br><br>Second, ALS has already **admitted** this fact. *See* Dkt. 319, ¶ 107. Thus, under Fed. R. Evid. 801(d)(2), such admission, which | Overruled: _____<br><br>Sustained: _____ |

---

[1] Dkt. 339-1, ¶ 4.

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| | happens to be a fact, is admissible as an admission by a party-opponent.<br><br>Indeed, ALS's own exhibit highlights this. *See* JLA Decl. Ex. H (incorporating Dkt. 301-5 (ALS's Exhibit)). In ALS's Exhibit, it provides, "[Y]ou will have accepted this Policy and these Terms and be bound by them if you use any of the services offered by Steadfast …." Steadfast can use ALS's exhibit located at Dkt. 301-5 as an admission of a party-opponent. Thus, under Fed. R. Evid. 801(d)(2), the underlying evidence is also admissible as an admission by a party-opponent under this reason. | |
| 2. Steadfast has terminated clients for violating its terms and conditions.[2]<br><br>Objection, lacks foundation, based upon hearsay. | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>As a preliminary matter, this is not hearsay because it's a factual statement. Even subject to a hearsay analysis, this is not hearsay.<br><br>Zimmerman, the CEO and Founder of Steadfast, has established the foundation in all of his declarations and deposition testimony. Zimmerman has personal knowledge of when Steadfast has | Overruled: _____<br><br>Sustained: _____ |

---

[2] Dkt. 339-1, ¶ 8.

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| | terminated clients for violating its terms and conditions. *See* Dkt. 342 ("KZ Decl."). | |
| 3. Flixya's imagebam.com informed users of its terms of service on its website.[3]<br><br>Objection, lacks foundation, based upon hearsay. | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>The underlying evidence supporting this factual statement is: JLA Decl. Ex. D. (incorporating Dkt. 300-19 Penn Exhibit 20). Additionally, Zimmerman's deposition testimony and declarations support this factual statement. *See* KZ Decl. Dkt. 342, ¶¶ 67-71, 74-75.<br><br>As a preliminary matter, this is not hearsay because it's a factual statement. Even subject to a hearsay analysis, this is not hearsay.<br><br>Second, the underlying evidence is also introduced for the effect on the listener or reader, who is Steadfast. *L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) ("Out-of-court declarations introduced to show the effect on the listener are not hearsay."). The underlying evidence shows that, after Steadfast's investigation into Flixya's procedures, Steadfast believed that Flixya was in compliance with the law. Thus, this is not hearsay. | Overruled:<br>_____<br><br>Sustained:<br>_____ |

---

[3] Dkt. 339-1, ¶ 39.

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| | Additionally, Penn's Exhibit 20 provides the necessary foundation, and shows that the factual statement is not hearsay. Nor is the underlying evidence hearsay. Steadfast can use Penn Exhibit 20 as an admission of a party-opponent. *See* JLA Decl. Ex. D (incorporating Dkt. 300-19 Penn Exhibit 20). Thus, under Fed. R. Evid. 801(d)(2), it is admissible as an admission by a party-opponent. | |
| 4. Based on Flixya's imagebam.com's terms of service, imagebam.com's users were required to agree to imagebam.com's terms of service.[4]<br><br>Objection, lacks foundation, based upon hearsay. | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>This factual statement is based on the following evidence: JLA Decl. Ex. D (which is Dkt. 300-19 Penn Exhibit 20); and, KZ Decl. ¶¶ 67, 70. *See also* KZ Decl. ¶¶ 67-71, 74-75. Not only does Zimmerman, the CEO and Founder of Steadfast, provide the foundation in his declarations, but Penn also provides an independent foundation for this.<br><br>As a preliminary matter, this is not hearsay because it's a factual statement. Even subject to a hearsay analysis, this is not hearsay. The underlying evidence is shown for the effect on the listener or reader, who is Steadfast. *L.A. News Serv. v. CBS* | Overruled: _____<br><br>Sustained: _____ |

---

[4] Dkt. 339-1, ¶ 40.

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| | *Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) ("Out-of-court declarations introduced to show the effect on the listener are not hearsay."). The underlying evidence shows that, after Steadfast's investigation into Flixya's procedures, Steadfast believed that Flixya was in compliance with the law. Thus, this is not hearsay.<br><br>Additionally, Penn's Exhibit 20 provides the necessary foundation, and shows that the factual statement is not hearsay. Nor is the underlying evidence hearsay. Steadfast can use Penn Exhibit 20 as an admission of a party-opponent. *See* JLA Decl. Ex. D (incorporating Dkt. 300-19 Penn Exhibit 20). Thus, under Fed. R. Evid. 801(d)(2), it is admissible as an admission by a party-opponent. | |
| 5. Flixya has never designated Steadfast to be <imagebam.com>'s designated agent to receive notices of claimed copyright infringement.[5]<br><br>Objection, vague and ambiguous, irrelevant. | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>ALS implies that the Copyright Office records are vague and ambiguous. But ALS admits that "[n]either the Imagebam.com website or the Copyright Office mentions Steadfast as the DMCA agent for Imagebam.com." *See* Dkt. 319, ¶ 97. Indeed, it is neither vague nor | Overruled: _____<br><br>Sustained: _____ |

---

[5] Dkt. 339-1, ¶ 45.

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
|  | ambiguous; these objections are disingenuous.<br><br>This is very relevant. First, it goes to the elements of Steadfast's argument that ALS sent notices that failed to comply with the DMCA. To be effective, a claimed notice of infringement must be sent to the website's designated agent. As shown by the supporting evidence, Steadfast was not and has never been the designated agent for Flixya's <imagebam.com>.<br><br>Additionally, it goes towards whether the deficient notices could have conferred the requisite knowledge, which is at issue for both Steadfast's DMCA defenses and its defense against ALS's claims.<br><br>This fact, and the underlying evidence, is important to consider on the issue of whether Steadfast reasonably implemented its repeat infringer policy. |  |
| 6. Steadfast is not, and has never been, the designated agent to receive notices of claimed copyright infringement for <imagebam.com>.[6] | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>This factual statement is based on the following evidence: KZ Decl. ¶ 45; Stange Decl. ¶¶ 3-5, 8, 11; JLA Decl. Ex B., Dkt. 319, ¶ 97; and, JLA Decl. Exs. C, D, E | Overruled: _____<br><br>Sustained: _____ |

---

[6] Dkt. 339-1, ¶ 46.

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| | (Resp. No. 2), F, H. *See also* KZ Decl. ¶¶ 17-18, 44-47, 60-61, 67-71.<br><br>ALS implies that the Copyright Office records are vague and ambiguous. But ALS admits that "[n]either the Imagebam.com website or the Copyright Office mentions Steadfast as the DMCA agent for Imagebam.com." *See* Dkt. 319, ¶ 97. Indeed, it is neither vague nor ambiguous; these objections are disingenuous.<br><br>Zimmerman, the CEO and Founder of Steadfast, has personal knowledge about whether or not Flixya has designated Steadfast as its agent to receive claimed notices of infringement.<br><br>This is very relevant. It goes to the elements of Steadfast's argument that ALS sent notices that failed to comply with the DMCA. To be effective, a claimed notice of infringement must be sent to the website's designated agent. As shown by the supporting evidence, Steadfast was not and has never been the designated agent for Flixya's <imagebam.com>.<br><br>Additionally, it goes towards whether the deficient notices could have conferred the requisite knowledge, which is at issue for both Steadfast's DMCA defenses and its defense against ALS's claims. | |
| 7. Flixya has an automated system for | ALS's objection(s) should be overruled. First, ALS objects to factual statements or | Overruled: _____ |

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| removing unauthorized content, responded to DMCA notifications, removed content, and terminated repeat infringers.[7]<br><br>Objection, lack foundation, based upon hearsay. | characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>The underlying evidence supporting this factual statement is: KZ Decl. ¶¶ 70, 71, 74; JLA Decl. Ex. A, KZ Dep. 25:1-12; and, JLA Decl. Exs. C, D, E (*see* Resp. No. 3). Zimmerman, the CEO and Founder of Steadfast, has established the foundation in all of his declarations and deposition testimony.<br><br>As a preliminary matter, this is not hearsay because it's a factual statement. Even subject to a hearsay analysis, this is not hearsay. The underlying evidence is also introduced for the effect on the listener or reader, who is Steadfast. *L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) ("Out-of-court declarations introduced to show the effect on the listener are not hearsay."). The underlying evidence shows that, after Steadfast's investigation into Flixya's procedures, Steadfast believed that Flixya was in compliance with the law. Thus, this is not hearsay. | Sustained: _____ |
| 8. Based on Steadfast's reading of the DMCA, Steadfast believed that Easton never sent Steadfast a notice that | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply | Overruled: _____<br><br>Sustained: _____ |

---

[7] Dkt. 339-1, ¶ 48.

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| complied with the DMCA.[8]<br><br>Objection, calls for a legal conclusion. | with the Court's instruction, and thus should be disregarded.<br><br>Moreover, the underlying evidence for this *fact* is KZ Decl. ¶ 47, and Stange Decl. ¶¶ 3-5. *See also* KZ Decl. ¶¶ 17-18, 44-47, 60-61, 67-71. Based on the underlying evidence for this fact, it is also introduced for the effect on the listener or reader, who is Steadfast. *L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) ("Out-of-court declarations introduced to show the effect on the listener are not hearsay."). The underlying evidence shows that, after Steadfast's investigation into Flixya's procedures, Steadfast believed that Flixya was in compliance with the law. Thus, this is not hearsay.<br><br>This does not call for a legal conclusion. Steadfast's believed something, and the fact that Steadfast believed something is not a legal conclusion. | |
| 9. Easton never emailed Steadfast a claimed notice of infringement for which Steadfast was the responsible designated agent.[9] | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>This factual statement cannot be any clearer. Easton only sent Steadfast emails | Overruled: _____<br><br>Sustained: _____ |

---

[8] Dkt. 339-1, ¶ 53.
[9] Dkt. 339-1, ¶ 54.

10

DEFENDANT STEADFAST NETWORKS, LLC'S RESPONSE TO PLAINTIFF'S REQUEST FOR EVIDENTIARY RULING (DKT. 367)

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| Objection, vague and ambiguous, argumentative. | in regards to alleged infringements on Flixya's <imagebam.com>. Steadfast is not the designated agent to receive such notices. Therefore, Steadfast has **never** received a claimed notice of infringement for which Steadfast was the responsible agent. Accordingly, this is not vague or ambiguous.<br><br>ALS's objection based on argumentativeness is nonsensical. | |
| 10. Even assuming that ALS's images were, in fact, on the Flixya-leased server, Easton's notices of claimed infringement did not contain information reasonably sufficient to permit Steadfast to locate the specific infringing material on the Flixya-leased server.[10]<br><br>Objection, calls for a legal conclusion. | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>This factual statement is based on the following evidence: KZ Decl. ¶ 51; JLA Decl. Ex A., KZ Dep. 45:6-24; and, JLA Decl. Ex B., Dkt. 319, ¶¶ 52-54. *See also* KZ Decl. ¶¶ 50-56.<br><br>On one hand, ALS admits that: "In the emails Easton sent to Steadfast, Easton included <imagebam.com> Uniform Resource Locator ("URL") hyperlinks that allegedly resolved to ALS images." Dkt. 368, ¶ 55. On the other, ALS admits that: (1) "Steadfast did not have access to individual user's content or accounts of Flixya's Imagebam.com website."; (2) "Steadfast was never given permission by | Overruled: _____<br><br>Sustained: _____ |

---

[10] Dkt. 339-1, ¶ 56.

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| | Flixya to access Flixya's system or database for the purpose of removing, locating, or disabling access to alleged infringing content or its users.;" and, (3) "Steadfast was never given permission by Flixya to access Flixya's system or database for the purpose of removing, locating, or disabling access to alleged infringing content or its users." Dkt. 368, ¶¶ 33-35.<br><br>As described here, it is not a legal conclusion, but a fact based on more than sufficient evidence and ALS's admissions. If Steadfast is legally prohibited from locating the alleged material under 18 U.S.C. § 1030, and ALS admits that Steadfast neither had permission nor authorization to locate, it certainly is a fact that any information on a claimed notice of infringement won't permit Steadfast to locate the alleged material. *See* 18 U.S.C. § 1030 (prohibiting accessing a computer without or in excess of authorization).<br><br>Moreover, Zimmerman, the CEO and founder of Steadfast, has personal knowledge about his business. He knows that a URL will not inform him where on a Flixya-leased server the alleged image is located. Nor would it inform him which of the three Flixya-leased servers the image was located. | |
| 11. Steadfast did not have awareness | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not | Overruled: _____ |

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| of any alleged specific infringement prior to the DMCA notification.[11]<br><br>Objection, vague and ambiguous, lacks foundation. | evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded.<br><br>Second, ALS has already admitted this fact. *See* Dkt. 340, JLA Decl. Ex B., Dkt. 319, ¶ 73. Under Fed. R. Evid. 801(d)(2), this is admissible as an admission by a party-opponent. Those docket citations also cite to more admissions based on Penn's deposition testimony. *See* Dkt. 319, ¶ 73 (citing Penn Dep. 62:16-63:21; 77:9-19; 81:9-17; 86:1-12; 93:15-22; 105:18-25; 109:6-13; 116:23-117:3). Based on this alone, ALS's objection should be overruled.<br><br>Third, Zimmerman, the CEO and Founder of Steadfast, also agrees with ALS's admission of this statement. *See* Dkt. 342, KZ Decl. ¶ 57. Both parties provide a well-supported foundation for this *fact*.<br><br>Fourth, there is nothing vague or ambiguous about this. ALS admitted to it. Zimmerman also provides the same. | Sustained: _____ |
| 12. On information and belief, Steadfast has never gained a client because said client allegedly observed ALS's content on imagebam.com.[12] | ALS's objection(s) should be overruled. First, ALS objects to factual statements or characterizations in Steadfast's filings, not evidence. This objection fails to comply with the Court's instruction, and thus should be disregarded. | Overruled: _____<br><br>Sustained: _____ |

---

[11] Dkt. 339-1, ¶ 62.
[12] Dkt. 339-1, ¶ 71.

13

| ALS's Objection | Steadfast's Response | Court's Ruling |
|---|---|---|
| Objection, lacks foundation, based upon hearsay. | Zimmerman, the CEO and founder of Steadfast, has personal knowledge about his business. The statement relates to his understanding of his clients. Zimmerman's declarations and deposition testimony have laid more than enough foundation.<br><br>As a preliminary matter, this is not hearsay because it's a factual statement. Even subject to a hearsay analysis, this is not hearsay. The underlying evidence is also introduced for the effect on the listener or reader, who is Steadfast. *L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36 (9th Cir. 2002) ("Out-of-court declarations introduced to show the effect on the listener are not hearsay."). The underlying evidence shows that, after Steadfast's investigation into Flixya's procedures, Steadfast believed that Flixya was in compliance with the law. Thus, this is not hearsay. | |

    Respectfully Submitted,

                            JOHN L. AMBROGI
                            COLIN T.J. O'BRIEN
                            PARTRIDGE PARTNERS, P.C.

                            PAUL D. SUPNIK

Dated: February 26, 2018        By: s/John L. Ambrogi
                                    John L. Ambrogi
                                    Attorneys for Steadfast Networks, LLC

# PROOF OF SERVICE

I, Colin T.J. O'Brien, certify that I am an attorney at law, licensed to practice in the State of Illinois and I am admitted to appear before the United States District Court for the Central District of California, and a true copy of the foregoing document **DEFENDANT STEADFAST NETWORKS, LLC'S RESPONSE TO PLAINTIFF'S REQUEST FOR EVIDENTIARY RULING (DKT. 367)** was served via electronic filing to the following parties in this action via their counsel:

    ALS Scan, Inc.
    Cloudflare, Inc.

A true copy of the foregoing document was hand delivered to:

Hon. George H. Wu
U.S. District Court
350 W. 1st Street
Courtroom 9D
Los Angeles, CA 90012

Via attorney service

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 26, 2018                  s/ Colin T.J. O'Brien
                                                Attorney for Defendant
                                                Steadfast Networks, LLC