JOHN L. AMBROGI
jla@partridgepartnerspc.com
COLIN T.J. O'BRIEN
colin@partridgepartnerspc.com
PARTRIDGE PARTNERS, P.C.
321 North Clark, Suite 720
Chicago, Illinois 60654
Telephone: (312) 634-9500

PAUL D. SUPNIK [SBN 52842]
paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: (310) 859-0100
Facsimile: (310) 388-5645

Attorneys for Defendant
STEADFAST NETWORKS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT COURT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC., a Maryland Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CLOUDFLARE, INC. a Delaware corporation, et al. <br><br> Defendants. | Case No.: 2:16-cv-05051-GW-AFM <br><br> **DEFENDANT STEADFAST NETWORKS, LLC'S SUBMISSION RE: APPLICABILITY OF VENTURA CONTENT TO MOTIONS FOR SUMMARY JUDGMENT** <br><br> **Hearing Date: March 26, 2018** <br> **Hearing Time: 8:30am** <br> **Place:  Courtroom 9D, 9th Fl.** <br>         **350 West 1st Street** <br>         **Los Angeles, CA, 90012** <br> **Judge:  Hon. George H. Wu** |

The plaintiff in *Ventura Content v. Motherless, Inc.*, Nos. 13-56332, 13-56970, 2018 U.S. App. LEXIS 6307 (9th Cir. Mar. 14, 2018) ("*Ventura*") challenged the district court's grant of partial summary judgment on the defendant's safe harbor defense, arguing, *inter alia*: (1) that genuine disputes of fact remained as to knowledge and expeditious takedown; and, (2) that the defendant did not adopt, inform, and reasonably implement a repeat infringer policy.[1] The defendant in the *Ventura* case is not analogous to Steadfast.[2] Rather the defendant in the *Ventura* case is comparable to Flixya Entertainment, the operator of <imagebam.com>, which ALS decided not to sue. Nevertheless, the *Ventura* Court's decision reinforces Steadfast's position.

## I.     Knowledge and Expeditious Takedown Requirements: § 512(c).

The *Ventura* Court reiterated what has been established law in its review of the plaintiff's challenges to the § 512(c) requirements:

> Basically, subsection (c) of the safe harbor provision aims at individual infringements, not the service as a whole. It uses the phrase "the material"—that is, the material for which an infringement remedy is sought—in the context of setting out what a service provider needs to do to avoid liability for the infringement of the copyrighted material at issue.

*Id.* at *37. There, the plaintiff did not send DMCA notices. Thus, the plaintiff had to

---

[1] The Court's resolution of the other arguments is immaterial. ALS admits that the alleged infringement was not at the direction of Steadfast. Response to Statement of Genuine Disputes, Dkt. 392, ¶¶ 35-37. ALS also admits that Steadfast neither gained a financial benefit from ALS's images, nor had the ability to supervise the alleged activity. *Id.* ¶¶ 70, 72.

[2] Steadfast did not operate, control, or manage any functions of Flixya's Imagebam.com website; did not have access to individual users' content or accounts; did not provide the software that ran on Flixya's website or provide services for users to upload content; did not in any way communicate with or interact with Flixya's individual users; Flixya has its own terms and conditions that applied to its users, and it maintained its own DMCA agent.

argue that, based on some other independent source, the defendant obtained either actual or apparent knowledge of the copyrighted material at issue. *Id.* at *23-34. Once the defendant eventually received the specific URLs from the plaintiff, the defendant removed the images. *Id.* at *33-34. The plaintiff's challenges failed.

In contrast, ALS has admitted that "Steadfast did not have awareness of any alleged specific infringement prior to the DMCA notification." Dkt. 392, ¶ 62. Steadfast immediately forwarded the ineffective notices and <u>all of the allegedly infringing material uploaded by individual users of <imagebam.com> were removed by Flixya</u>. *See* Dkt. 392, ¶¶ 62-69. Knowledge and takedown of the *specific material* is all that is required to satisfy § 512(c)(1)(A). *Ventura* simply highlights this point and the frivolousness of ALS's challenge.

## II.     Repeat Infringer Policy: § 512(i)(1)(A).

The *Ventura* Court rejected the plaintiff's argument that the defendant failed to (A) adopt and inform account holders of the policy and (B) implement the policy reasonably under § 512(i)(1)(A).

### A. Adopted and Informed Account Holders of the Policy

In *Ventura*, the defendant's website provided a written policy of excluding infringing material and informed users that it would terminate repeat copyright infringers. *Id.* at *41-43. The defendant neither wrote down nor publicized its internal criteria. *Id.* at *42-43. Citing to *Corbis v. Amazon.com*, 351 F. Supp. 2d. 1090, 1102 (W.D. Wash. 2004), the Court found that the defendant sufficiently adopted and informed users of its policy. *See id*. at *34 n.74. Here, Steadfast sufficiently adopted and informed users of its policy. Dkt. 391, p. 8-10 (applying *Corbis*); Dkt. 392, ¶¶ 3-7. The *Ventura* Court simply applied *Corbis*, which has been the standard for this inquiry since 2004. *Ventura* reinforces that ALS's claims fail as a matter of law.

### B. Reasonably Implemented

In *Ventura*, the defendant tracked information about users whose submissions

generated DMCA notices by saving each takedown notice along with the reason for each deletion. *Id.* at *44. Some repeat infringers may not have been terminated. *Id.* at *48-49. The defendant used his judgment when deciding to terminate a user. *Id.* The *Ventura* Court rejected the plaintiff's challenge, reciting what has been known since *CCBill*: The "'implementation' is reasonable if, under 'appropriate circumstances,' the service provider terminates users who repeatedly or blatantly infringe copyright." *Id.* at *46 (citation omitted).

Here, Steadfast has automated procedures that process compliant and non-compliant notices. Dkt. 392, ¶¶ 11-16 (citing KZ Dep. 108:20-110:7). ALS has no evidence of repeat infringers. *See id*. ¶¶ 8-10. Furthermore, there is no evidence that Steadfast had either knowledge of the actions or control over the actions of the individual <imagebam.com> users. *See id*. ALS's conjecture, doubts, and policy arguments are not evidence. *Ventura* at *51 ("[D]oubt is not evidence."). Again, "appropriate" cannot mean terminating clients who comply with the law. *Ventura* lends further support to Steadfast's argument that no trier of fact could conclude from the evidence in the record that Steadfast failed to reasonably implement a repeat infringer policy.

                        Respectfully submitted,

                        JOHN L. AMBROGI
                        PARTRIDGE PARTNERS, P.C.

Dated: March 20, 2018        By: s/John L. Ambrogi
                                      John L. Ambrogi
                                      Attorneys for Steadfast Networks, LLC

# PROOF OF SERVICE

I, Colin T.J. O'Brien, certify that I am an attorney at law, licensed to practice in the State of Illinois and I am admitted to appear before the United States District Court for the Central District of California, and a true copy of the foregoing document **DEFENDANT STEADFAST NETWORKS, LLC'S SUBMISSION RE: APPLICABILITY OF VENTURA CONTENT TO MOTIONS FOR SUMMARY JUDGMENT** was served via electronic filing to the following parties in this action via their counsel:

    ALS Scan, Inc.
    Cloudflare, Inc.

A true copy of the foregoing document was hand delivered to:

Hon. George H. Wu
U.S. District Court
350 W. 1st Street
Courtroom 9D
Los Angeles, CA 90012

Via attorney service

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 20, 2018                  s/ Colin T.J. O'Brien
                                                  Attorney for Defendant
                                                  Steadfast Networks, LLC