ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC., et al.,<br><br>Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**DEFENDANT CLOUDFLARE'S *MOTION IN LIMINE* NO. 1 TO EXCLUDE IMPROPER OPINION TESTIMONY FROM WITNESSES THAT ALS DID NOT DISCLOSE AS EXPERTS**<br><br>Date: April 12, 2018<br>Time: 8:30 A.M.<br>Dept: 9D<br>Judge: Hon. George H. Wu<br>Trial Date: April 24, 2018 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cloudflare, Inc. ("Cloudflare") will and hereby does move the Court *in limine* to exclude, under Federal Rules of Evidence 602, 701, 702, and Federal Rule of Civil Procedure 37, evidence and arguments offered by Plaintiff ALS Scan, Inc. ("ALS") of improper expert opinions from witnesses that ALS did not disclose as expert witnesses. This evidence is inadmissible for three independent reasons: (1) the witnesses lack personal knowledge to opine on the topics, *see* Fed. R. Evid. 602, 701; (2) the witnesses lack requisite scientific, technical, industry, or other specialized expertise and do not qualify as expert witnesses who may opine on such matters, Fed. R. Evid. 702; and (3) ALS is precluded from introducing the evidence under Rule 37(c)'s self-executing sanction, because it failed to disclose this expert testimony in any of its expert witness disclosures.

Cloudflare's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

# MEMORANDUM OF POINTS AND AUTHORITIES

ALS seeks to introduce impermissible *opinions* that are not based on the witnesses's perception, that require specialized expertise from witnesses who lack that specialized expertise, and whom ALS did not disclose as experts. *See* Fed. R. Evid. 602, 701; Fed. R. Civ. P. 37(c).

## I. BACKGROUND

The Court's scheduling order required the parties to serve expert disclosures by November 15, 2017 and rebuttal expert disclosures by December 15, 2017. Dkt. 256. ALS disclosed two retained experts that it tends to offer testimony from—one expert for its case in chief, Dr. Shahram Ghandeharizadeh, on alleged

FENWICK & WEST LLP
ATTORNEYS AT LAW

technical contributions of Cloudflare's services, and one expert, Dr. Barbara Luna, in rebuttal to Cloudflare's damages expert. ALS did not disclose any employee or non-retained expert witnesses, and thus did not identify any subject-matter, facts, and opinions of any non-retained experts as required by Rule 26(a)(2)(C).

Notwithstanding its lack of disclosure, at the summary judgment stage, ALS proffered improper opinion testimony from its employees Eric Penn and Sarah Walsh; from its agent, Steve Easton; from third-party trade organizations including the Digital Citizens Alliance, Motion Picture Association of America, and the Recording Industry Association of America, and even from its counsel, Jay Spillane—who ALS did not even disclose as a fact witness. The testimony of those witnesses was not based on their personal knowledge or perception. It requires "technical" or "other specialized knowledge," which the witnesses undeniably lack, to satisfy admissibility requirements for expert testimony. Yet ALS still seeks to introduce these improper opinions from these witnesses, including:

- Whether a communication satisfies the requirements for a notification of claimed infringement under the Digital Millennium Copyright Act. (*E.g.*, Dkt. 329 ¶ 6.);
- Characterizations of how Cloudflare's technology, transitory digital network communication services, system caching services, and nameserver operations work. (*E.g.*, Dkt. 328 ¶ 24, Dkt. 373 ¶¶ 3-4, 6, 9, 10, 12-14, Dkt. 374 ¶¶ 4-6, 7-14.)
- Speculation of why or how website owners use Cloudflare's services. (*E.g.*, Dkt. 328 ¶¶ 29-30.)
- Suggestions that providers of Internet infrastructure services such as Cloudflare cause ALS's decline in revenues. (*E.g.*, Dkt. 326 ¶¶ 5-10.)
- Assumptions that taking certain actions on websites "resolves to" hosted content. (*E.g.*, Dkt. 373 ¶ 4, Dkt. 375 ¶ 5.)

- Speculation of what the contents of domain name WHOIS lookup reports or DomainTools reports disclose by conflating the two reports or by suggesting what the reports do or do not disclose about other (non-ALS) domain name owners. (*E.g.*, Dkt. 328 ¶¶ 26-28, Dkt. 329 ¶ 15.)
- Suggestions that masking an IP address is the same thing as masking the identity of a website owner. (*E.g.*, Dkt. 327 ¶ 7, Dkt. 328 ¶¶ 27, 29.)
- Opinions that certain conduct constitutes copyright infringement under the law. (*E.g.*, Dkt. 326 ¶ 1, Dkt. 328 ¶ 4, Dkt. 329 ¶ 3.)

ALS also tries to introduce hearsay opinion testimony from third-party organizations—including the Digital Citizens Alliance, the Motion Picture Association of America, and the Recording Industry Association of America—that ALS did not disclose as expert witnesses. In light of its failure to disclose, ALS tries to introduce their opinions through a backdoor by having its retained experts incorporate these hearsay and partisan "opinions" into their reports wholesale with *no* independent assessment or analysis. Their lack of analysis is unsurprising given that the opinions characterizing and assailing Cloudflare's character have no bearing on the discrete subjects on which ALS's retained experts opine. Their incorporation of exhibits reflecting these opinions is an unabashed attempt by ALS to introduce impermissible opinion and hearsay evidence under the "special weight" of expert testimony.[1]

While not an exhaustive list, the evidence described above demonstrates the extensive amount of inadmissible opinion evidence ALS has and will seek to introduce at trial.

---

[1] That a witness comes "before the jury cloaked with the mantle of an expert" is significant because the expert's statements are likely "to carry special weight with the jury." *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001) (finding testimony unreliable where the expert "provided no empirical evidence or studies" to support his generalizations and only cited articles and anecdotes that were hearsay).

FENWICK & WEST LLP
ATTORNEYS AT LAW

## II. ARGUMENT

The testimony described above is inadmissible for at least three reasons: (1) the witnesses lack personal knowledge to opine on the topics, and their opinions are not rationally based on their perceptions; *see* Fed. R. Evid. 602, 701; (2) the witnesses lack requisite scientific, technical, industry, or other specialized expertise to opine on the topics, Fed. R. Evid. 702; and (3) ALS never disclosed these lay witnesses as experts, and accordingly ALS is precluded from introducing the evidence under Rule 37(c)'s self-executing sanction for failing to disclose this expert testimony.

*First*, a non-expert witness may not testify to matters for which it lacks "personal knowledge." Fed. R. Evid. 602; *see also Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016) (employee's testimony about corporate employer's knowledge inadmissible to the extent that he has failed to demonstrate personal knowledge of what the company knew); *Cuc Dang v. Sutter's Place, Inc.*, No. C-10-02181 RMW, 2012 WL 2977223, at *4 (N.D. Cal. July 19, 2012) (in employment lawsuit, excluding plaintiff's statements about conduct of supervisors and other employees under Rule 602). This rule "requires that a witness's testimony be based on events perceived by the witness through one of the five senses" and thus "operates to ensure that decisions are based on the best evidence available." *Los Angeles Times Commc'ns, LLC v. Dep't of Army*, 442 F. Supp. 2d 880, 886 (C.D. Cal. 2006) (sustaining objections to declarant testimony "because it is unclear how [declarant], in his role as General Counsel, acquired personal knowledge of the [relevant] procedures").

Similarly, a non-expert witness may not offer opinions unless "rationally based on the witness's perception," "helpful to clearly understand the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The requirements of Rule 701 "prevent parties from evading the reliability

requirements set forth in Rule 702 by proffering expert testimony under the guise of lay opinion testimony." *Los Angeles Times*, 442 F.Supp.2d at 887 (citing Fed. R. Evid. 701 Adv. Comm. Note (2000)); *see also United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) (noting that a proffered opinion unsupported by "objective bases" "obviously fails completely to meet the requirements of Rule 701" because the court cannot assess the witness's perceptions). Lay opinion testimony is unhelpful and thus inadmissible if it is mere speculation or if it usurps the jury's function. *See, e.g.*, *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1060-61 (9th Cir. 2008) (testimony that "merely tells the jury what result to reach" is not helpful); *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) (speculative testimony and testimony that merely repeated already clear statements were inadmissible under Rule 701). Because it lacks foundation, such testimony may also confuse or mislead the jury, warranting exclusion under Rule 403 of the Federal Rules of Evidence. *See 360 Mortg. Grp., LLC v. Homebridge Fin. Servs., Inc.*, No. A-14-CA-00847-SS, 2016 WL 6084179, at *5 (W.D. Tex. May 6, 2016) (holding that lay witnesses' damages report was excludable not only under Rule 701 but also under Rule 403 given "its potential to mislead the jury, because their testimony depends on information not within their personal knowledge").

ALS disregards those basic tenets and seeks to introduce considerable evidence that runs afoul of the rules excluding non-expert opinion testimony. *See United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) (finding the district court erred in admitting lay opinion testimony of witness who lacked personal knowledge and thus could not satisfy the requirements of Rule 602 or Rule 701); *accord Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, No. 05-cv-2200, 2008 WL 11334030, at *10 (C.D. Cal. Mar. 17, 2008). By way of example only, ALS has previously relied on its own witnesses to describe aspects of Cloudflare's technical operations and suggest active conduct by Cloudflare, including in connection with

summary judgment briefing.[2] *See, e.g.*, Dkt. 328 ¶ 24, Dkt. 373 ¶¶ 3-4, 6, 9, 10, 12-14, Dkt. 374 ¶¶ 4-6, 7-14; *see also* Dkt. 371 [ALS's proposed statement of unconverted facts] at ¶¶ 6, 22 (citing ALS lay witnesses as support for characterization of Cloudflare's pass-through and caching services). By the admission of ALS's own witnesses, these assertions have relied not on personal knowledge but rather on Cloudflare materials and the testimony of Cloudflare witnesses. *See, e.g.*, Dkt. 374 at ¶ 2 ("To the extent I needed to gain technical clarity on issues pertaining to Cloudflare, I have read passages of the testimony of, and declarations from, Trey Guinn, concerning Cloudflare's operations, as well as reviewed information on Cloudflare's website."). Despite this admitted lack of personal knowledge about Cloudflare's operations, however, ALS refuses to stipulate that it will not attempt to bring evidence about Cloudflare's technical operations in through its own fact witnesses.[3]

      Accordingly, this Court should not allow ALS lay witnesses to offer testimony on any subject matter for which they lack personal knowledge.

---

[2] Relatedly, ALS attempted to offer testimony from its technical expert, Dr. Shahram Ghandeharizadeh, about the alleged speed improvement in delivery of material through Cloudflare's network, including opinions that the "most important factor affecting delivery" is "distribution of Cloudflare's customers' content throughout Cloudflare's worldwide network of data centers." *See* Dkt. 375 at ¶¶ 7-8, 10. Cloudflare objected to this testimony. *See* Dkt. 390 at ¶¶41-43 (Objection Nos. 51-53). This Court correctly sustained Cloudflare's objections to this evidence. *See* Dkt. 405 at ¶20.

[3] To be clear, Cloudflare does not argue (as ALS may try to suggest) that this Court should bar ALS from eliciting any testimony about Cloudflare's technical operations. ALS remains free to question Cloudflare's witnesses about how Cloudflare works, the routing of communications to and from Cloudflare data centers, the automated processes performed by Cloudflare's technology, and related subject matters. However, to the extent that ALS seeks to offer—through its own lay witnesses—testimony about Cloudflare's technical operations based on little more than a witness's own self-serving statements that he has "a familiarity with technical Internet concepts" (*see* Dkt. 374 at ¶ 2), this Court should exclude it.

*Second*, ALS's witnesses lack *any* "scientific, technical, industry, or other specialized expertise" that would "help the trier of fact."[4] *See* Fed. R. Evid. 702. For example, Eric Penn is ALS's web designer. Dkt. 328 ¶ 2. Whatever experience he may have uploading or formatting pornographic images on ALS's websites does not render him an expert in "technical Internet concepts" or the intricacies of Internet infrastructure on which he attempts to opine. As another example, Steve Easton is a non-lawyer who contracts with several pornography businesses to submit notifications of claimed infringement on their behalf. Dkt. 380 at ¶ 7a. His personal experiences sending those notifications of behalf of specific claimants do not afford him any legal expertise to opine on copyright law. *Cf. Leegin Creative Leather Prod., Inc. v. Ayama Indus. Co., Ltd.*, No. 00-cv-12708, 2008 WL 11339978, at *1 (C.D. Cal. Jan. 11, 2008) (granting motion to exclude testimony regarding "the law and/or the standards" of copyright infringement). ALS cannot dispute that the opinion testimony it attempts to offer fails to satisfy even the foundational requirements of Rule 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) for admission into evidence.

*Third*, ALS cannot make an eleventh-hour attempt to offer these witnesses as experts after failing to disclose them. ALS was required to disclose "the identity of any witness it may use at trial" to present expert testimony. Fed. R. Civ. P. 26(a)(2)(A); *see also* Dkt. 256. It was also required to disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Its failure to do so prohibits it from using that testimony at trial unless ALS shows that its failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that Rule 37 is

---

[4] Cloudflare does not concede ALS's retained witnesses' qualifications under Rule 702, but does not dispute them for the purposes of this motion.

designed to "give[] teeth" to the expert witness disclosure requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."); *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1064 (C.D. Cal. 2010). Indeed, "[f]ederal courts apply [Rule 37] strictly and *require* exclusion of undisclosed evidence absent harmless error or substantial justification." *Ohio Six Ltd. v. Motel 6 Operating L.P.*, No. 11-cv-08102, 2013 WL 12125747, at *14 (C.D. Cal. Aug. 7, 2013) (citation omitted, emphasis in original). ALS cannot meet its burden of overcoming Rule 37's sanction here. ALS has no justification for failing to comply with Rule 26 or the Court's scheduling order, and—by failing to disclose any of these witnesses as experts—it prevented Cloudflare from taking any expert discovery of these witnesses or identifying experts in response. Thus, ALS is foreclosed from offering its non-retained witnesses as experts who can give expert testimony.

### III. CONCLUSION

For the foregoing reasons, ALS's evidence and arguments regarding opinions from witnesses that it did not disclose as expert witnesses is inadmissible under Federal Rules of Evidence 602, 701, and 702 and under Federal Rule of Civil Procedure 37(c). Cloudflare thus respectfully requests that the Court exclude such evidence.

Dated: March 22, 2018

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Andrew P. Bridges*
    Andrew P. Bridges

Attorneys for Defendant
CLOUDFLARE, INC.