ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:  415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>CLOUDFLARE, INC., et al.,<br><br>        Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**DEFENDANT CLOUDFLARE, INC.'S *MOTION IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE RELATING TO PROVISION OR TERMINATION OF SERVICES TO HATE GROUPS**<br><br>Date:       April 12, 2018<br>Time:      8:30 A.M.<br>Dept:       9D<br>Judge:     Hon. George H. Wu<br>Trial Date: April 24, 2018 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cloudflare, Inc. will and hereby does move the Court *in limine* to exclude, under Rules 402 and 403 of the Federal Rules of Evidence, Plaintiff ALS Scan, Inc. from offering or presenting to the jury directly or indirectly any evidence, argument, or other assertions relating to Cloudflare's provision or termination of services to websites operated by hate groups. Such evidence is irrelevant to the copyright issues in this case, and in all events any probative value it may have is substantially outweighed by the serious risks of unfair prejudice, confusion of the issues, and misleading the jury.

Cloudflare's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Evidence 402 and 403, Cloudflare respectfully asks this Court to exclude any evidence or arguments that ALS intends to offer relating to Cloudflare's services, including termination or non-termination of services, to hate groups. This includes but is not limited to services that Cloudflare historically provided to the Daily Stormer website, and Cloudflare's decision to terminate services to that website following the tragic events that took place in Charlottesville, Virginia in August 2017.

Such evidence is irrelevant to any disputed issue that the jury must resolve in this case. The apparent reason that ALS seeks to offer is not for its probative value but rather for its distracting emotional impact. Given the strong feelings such evidence would almost certainly arouse among members of the jury, this evidence creates an unwarranted and impermissible risk of unfair prejudice to Cloudflare. Accordingly, Cloudflare seeks an order barring ALS from presenting any

information about Cloudflare's provision or discontinuation of services to hate groups.

Evidence tying a defendant to any hate group creates a substantial risk that a jury may draw impermissible character inferences based on "guilt by association." *Moreno v. Los Angeles Cty. Sheriff's Dep't*, No. 2:13-cv-07570-CAS(MANx), 2015 WL 5050507, at *2 (C.D. Cal. Aug. 24, 2015); *see also Kennedy v. Lockyer*, 379 F.3d 1041, 1055 (9th Cir. 2004) ("Our cases make it clear that evidence relating to gang involvement will almost always be prejudicial and will constitute reversible error."); *Real v. City of Long Beach*, No. CV 14-02831-MWF (AJWx), 2015 WL 12745790, at *1 (C.D. Cal. Sept. 18, 2015) (excluding evidence of decedent's Nazi tattoos) ("While such specifics may be marginally relevant to the depth of Plaintiffs' relationship with the decedent, they are extremely prejudicial and must be excluded under Federal Rule of Evidence 403."). Indeed, because "[e]vidence that connects defendant to a Neo–Nazi murderer would almost certainly inflame the jury, causing prejudice that would substantially outweigh its minimal probity[,]" courts have refused even to allow discovery into such subject matters. *See Reza v. Pearce*, No. CV 11-01170-PHX-FJM, 2012 WL 3108814, at *1 (D. Ariz. July 31, 2012), *aff'd*, 798 F.3d 881 (9th Cir. 2015) (granting protective order preventing plaintiff from deposing defendant on alleged relationship with neo-Nazi).

Even in cases where such evidence is relevant to a claim (for instance, with civil rights violations and hate crimes), courts have nevertheless cautioned that such evidence "comes dangerously close to permitting the factfinder to adjudge appellants guilty by association," particularly in a trial by jury. *United States v. J.H.H.*, 22 F.3d 821, 829 (8th Cir. 1994) (holding that admission of arguably improper expert testimony about "skinhead" organizations in hate crime charge was at most harmless error in bench trial) ("We need not resolve this issue, however, because in a bench trial the prejudicial impact of erroneously admitted evidence, if

any error there may be, is presumed to be substantially less than it might have been in a jury trial.") (citations and quotations omitted); *see also United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (admitting such evidence on federal hate crime charges "in light of the difficulty in establishing the requisite racial animus" otherwise).

Here, ALS seeks to introduce articles that relate to Cloudflare's provision and termination of Internet services to the Daily Stormer. *See, e.g.*, Dkt. 327 [declaration of Jay M. Spillane in support of motion for partial summary judgment] at ¶¶ 17-18, Exs. N-O. Plaintiff claims it needs this evidence to show that Cloudflare is capable of discontinuing service to an account, but this is not a question in dispute. *See* Dkt. 378 [Cloudflare's statement of genuine disputes] at ¶ 29 (admitting that "Cloudflare can and has terminated a customer without a court order."). Moreover, the decision to terminate service to the Daily Stormer had nothing to do with any copyright claims or with Cloudflare's policy for termination of repeat infringing account holders. To the contrary, Cloudflare terminated service to the Daily Stormer based on the Daily Stormer's claim that Cloudflare, rather than serving as a content-neutral platform, supported its views. Dkt. 378 at ¶¶ 29-30.

To the extent ALS seeks to offer this evidence to suggest that Cloudflare has the ability to "remove" materials from the Internet or "take down" websites or particular content on websites, it is certain to confuse the issues and mislead the jury as well. It is undisputed that Cloudflare can do no such thing. *See* Dkt. 371 [ALS's statement of genuine disputes] at ¶¶ 5, 17, 19-21, 25-26, 43 (ALS admissions about Cloudflare's lack of control over third-party websites). ALS's technical expert also concedes that the termination of Cloudflare services does not take down any of its customers' websites or remove any content from those websites. Dkt. 350-3 [Bridges declaration in support of Cloudflare motion for summary judgment] at ¶¶ 9i, 9j, 9ll, 9mm, 9qq, Ex. 13 at 60:13-61:12, 61:17-62:25,

100:3-101:1, 106:11-21. Accordingly, this evidence is irrelevant and inadmissible. Fed. R. Evid. 402.

ALS offers evidence about hate groups not to elucidate any of the disputed issues in this case, but instead to inject inflammatory and irrelevant invective into this proceeding. The Court should not permit ALS to poison jurors against Cloudflare based on its historical provision of sources to a deeply unpopular website. Ninth Circuit case law forbids this kind of "guilt by association" and recognizes the attendant risks of unfair prejudice. *See Kennedy*, 379 F.3d at 1055. Accordingly, Cloudflare respectfully requests that the Court grant this motion and enter an order barring ALS from presenting to the jury any evidence regarding Cloudflare's provision or non-provision of Internet services to "hate" websites such as the Daily Stormer.

Dated: March 22, 2018

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Andrew P. Bridges*
    Andrew P. Bridges

Attorneys for Defendant
CLOUDFLARE, INC.