ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC., | Case No.: 2:16-cv-05051-GW-AFM |
| Plaintiff, | **DEFENDANT CLOUDFLARE'S *MOTION IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF NON-COPYRIGHT DISPUTES OR OTHER LITIGATION WHERE CLOUDFLARE WAS NOT A NAMED PARTY** |
| v. | |
| CLOUDFLARE, INC., et al., | |
| Defendants. | |
| | Date:     April 12, 2018<br>Time:     8:30 A.M.<br>Dept:     9D<br>Judge:    Hon. George H. Wu<br>Trial Date:  April 24, 2018 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cloudflare, Inc. will and hereby does move the Court *in limine* to exclude, under Federal Rules of Evidence 402, 403, and 404, Plaintiff ALS Scan, Inc. from offering evidence or arguments relating to (1) any non-copyright claim or dispute involving Cloudflare or (2) any litigation involving Cloudflare in which Cloudflare was not a named plaintiff or defendant. Such evidence is irrelevant, and even if it had some minimal probative value, it would be substantially outweighed by the danger of confusing the issues, wasting time, and creating unfair prejudice. Such evidence is also impermissible character evidence.

Cloudflare's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Cloudflare requests that the Court exclude ALS's evidence or arguments relating to (1) any non-copyright claim or dispute involving Cloudflare, or (2) any litigation involving Cloudflare in which Cloudflare was not a named plaintiff or defendant, including any claim that Cloudflare is directly or indirectly liable for *trademark* infringement. The evidence is irrelevant, confusing, misleading to the jury, and inadmissible character evidence under Federal Rules of Evidence 402, 403, and 404.

In its motion for partial summary judgment and in its opposition to Cloudflare's motion for summary judgment, ALS cited to *Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32 (S.D.N.Y. 2015), a *trademark* case against another party that addressed whether an injunction should cover Cloudflare's services to that website. *See* Dkt. 325 at 15:21-25; Dkt. 370 at 21:3-21:18. In *Tkach*, the Southern

FENWICK & WEST LLP
ATTORNEYS AT LAW

District of New York concluded and clarified that non-party Cloudflare was bound by a temporary restraining order and preliminary injunction against a defendant implementing its authoritative domain name server in a trademark infringement action. *Id.* at 39.

Another case Plaintiff may seek to discuss is *Arista v. Vasilenko*, No. 15-cv-21450-MGC (S.D. Fla. Aug. 04, 2016). There, the Southern District of Florida entered a default judgment and permanent injunction in favor of plaintiffs in a copyright infringement suit. No. 15-cv-21450-MGC at *1 (S.D. Flo. Aug. 04, 2016). The plaintiffs then filed a motion for clarification, seeking to affirm that the prior final order applied to Cloudflare. *Id.* The court ruled that it could not determine if Cloudflare was in active concert with the defendant, and thus subject to the injunction, without an opportunity to be heard. *Id.* at *5.

Because these cases turn on their unique facts and have a significantly different procedural posture, they have no bearing on any issue in this case, and the Court should exclude them under Rule 402. Moreover, if ALS were to introduce such evidence, it would require a trial within a trial about the respective merits of each case, thereby confusing the issues, needlessly consuming time, and creating a huge risk of unfair prejudice. *See* Fed. R. Evid. 403.

Further, to the extent such evidence might suggest that Cloudflare has acted in accordance with some past wrongdoing, it is improper character evidence: "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404. Such evidence may not be admitted to show a propensity to commit bad acts or to show that a person acted in conformity with his bad character. *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1335, typo corrected, 773 F.2d 1049 (9th Cir. 1985) (affirming district court's exclusion of evidence showing corporation's prior misconduct based on Rules 403 and 404(b)).

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    ALS has claimed that it will not present this type of evidence, but it refuses

2    to stipulate to this.  Thus, Cloudflare brings this motion to ensure that such

3    evidence is excluded. It is irrelevant to determining Cloudflare's liability, creates a

4    very real risk of unfair prejudice and jury confusion, and the Court should exclude

5    it under Federal Rules of Evidence 402, 403, and 404.

6    Cloudflare therefore requests an order excluding ALS's evidence or

7    arguments regarding any non-copyright claim or dispute involving Cloudflare or

8    any litigation involving Cloudflare in which Cloudflare was not a named plaintiff or

9    defendant.

10   Dated:  March 22, 2018                         Respectfully submitted,

11                                                            FENWICK & WEST LLP

12

13                                                            By: */s/ Andrew P. Bridges*

14                                                                 Andrew P. Bridges

15                                                            Attorneys for Defendant

16                                                            CLOUDFLARE, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW