ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:  415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLOUDFLARE, INC., et al.,<br><br>　　　　Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**DEFENDANT CLOUDFLARE'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE RELATING TO CONDITIONS OF THE SAFE HARBOR UNDER 17 U.S.C. § 512 TO PROVE LIABILITY**<br><br>Date:　　April 12, 2018<br>Time:　　8:30 A.M.<br>Dept:　　9D<br>Judge:　　Hon. George H. Wu<br>Trial Date: April 24, 2018 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cloudflare, Inc. will and hereby does move the Court *in limine* to exclude, under Federal Rules of Evidence 402 and 403, Plaintiff ALS Scan, Inc. from offering evidence or arguments relating to the conditions or qualifications of the safe harbor under Section 512 of the Copyright Act, 17 U.S.C. § 512, for any issue concerning Cloudflare's liability for alleged contributory copyright infringement. Such evidence is irrelevant to liability, and any minimal probative value is substantially outweighed by the danger of confusing the distinct issues of liability and remedies for the jury.

Cloudflare's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Cloudflare respectfully asks this Court exclude ALS's evidence or arguments relating to the conditions or qualifications of the safe harbor under Section 512 of the Copyright Act, 17 U.S.C. § 512—including, whether Cloudflare or its customers meet the conditions or qualifications—from any issue concerning Cloudflare's liability for alleged contributory copyright infringement. The evidence is irrelevant, confusing, and misleading to the jury under Federal Rules of Evidence402 and 403.

ALS has, for example, already sought to proffer evidence or arguments that Cloudflare is liable for contributory copyright infringement because it "violated" the optional safe harbor conditions. It argued for a finding of contributory liability because "Cloudflare won't act on notices of infringement submitted via email, *though Congress has required service providers* to provide copyright owners with an email contact." Dkt. 370 at 1 (emphasis added). And it repeatedly sought to

FENWICK & WEST LLP
ATTORNEYS AT LAW

proffer evidence that Cloudflare is liable because it purportedly has not complied with valid notifications of claimed infringement under Section 512. *See, e.g.*, Dkt. 373 at 1:14-17 [1], 5:16-29.) [2] ALS has also consistently tried to confuse the conditions of Section *512(c)*—relating to a service provider's storage at the direction of a user of material that resides on a system or network controlled by or for the service provider—with the safe harbors under Section *512(a)* and *(b)* that Cloudflare asserts as affirmative defenses. *See, e.g.*, Dkt. 329 at 2:18-22[3]; Dkt. 329 at 4:15-18.[4] As another example, ALS sought to proffer evidence that Cloudflare's *customers* do not qualify for the optional safe harbors under Section 512 as evidence of Cloudflare's liability. (*See, e.g.*, Dkt. 327 ¶ 5:9-17.)

Such evidence, while relevant to the availability of *remedies* should ALS carry its burden of proving contributory infringement by a preponderance of the evidence, has no bearing of the threshold question of *liability*. To establish that Cloudflare is liable for contributory copyright infringement, ALS must prove (1) that Cloudflare contributed to specific acts of direct infringement of ALS's works, (2) that Cloudflare provided substantial assistance to the infringements of ALS's works, (3) that Cloudflare had actual knowledge of specific infringements of ALS's works, and (4) that Cloudflare failed to take simple measures to prevent further damage to ALS's copyrighted works. *See* Cloudflare, Inc.'s Memorandum of Contentions of Fact and Law, *filed concurrently herewith*. Evidence regarding conditions or qualifications of the safe harbor under Section 512 will not make any

---

[1] The Court sustained in part Cloudflare's objection to this testimony at the summary judgment stage. Dkt. 405 § III.A.1 (Objection No. 3).

[2] The Court sustained Cloudflare's objection to this testimony at the summary judgment stage. Dkt. 405 § III.A.3 (Objection No. 21).

[3] The Court sustained in part Cloudflare's objection to this testimony at the summary judgment stage. Dkt. 405 § III.B.1 (Objection No. 49).

[4] The Court sustained in part Cloudflare's objection to this testimony at the summary judgment stage. Dkt. 405 § III.B.1 (Objection No. 54).

of these elements "more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1109 (9th Cir. 2007) (citation omitted) ("These safe harbors limit liability but 'do not affect the question of ultimate liability under the various doctrines of direct, vicarious, and contributory liability.'").

Indeed, the statute expressly states that the safe harbor provision does not create liability:

> The failure of a service provider's conduct to qualify for limitation of liability under this section shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense.

17 U.S.C. § 512(l). ALS thus cannot claim that such evidence is relevant to liability, and the evidence is inadmissible if introduced for that purpose. *See* Fed. R. Evid. 402.

Even if the evidence had some minimal relevance to liability, that probative value is "substantially outweighed" by the danger of confusing liability and remedies issues for the jury. Fed. R. Evid. 403. More specifically, the evidence may confuse or mislead the jury into imposing the conditions for optional safe harbor eligibility as requirements on Cloudflare.

Cloudflare therefore requests an order excluding ALS's evidence or arguments relating to the conditions or qualifications of the safe harbor under Section 512 of the Copyright Act, 17 U.S.C. § 512 for any issue concerning Cloudflare's liability for alleged contributory copyright infringement.

| | | |
|---|---|---|
| Dated: March 22, 2018 | | Respectfully submitted, |
| | | FENWICK & WEST LLP |
| | | By: */s/ Andrew P. Bridges* |
| | |     Andrew P. Bridges |
| | | Attorneys for Defendant CLOUDFLARE, INC. |