ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>CLOUDFLARE, INC., et al.,<br><br>          Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**DEFENDANT CLOUDFLARE, INC.'S *MOTION IN LIMINE* NO. 5 TO EXCLUDE NOTIFICATIONS OF CLAIMED INFRINGEMENT AS EVIDENCE OF INFRINGEMENT**<br><br>Date:         April 12, 2018<br>Time:        8:30 A.M.<br>Dept:         9D<br>Judge:       Hon. George H. Wu<br>Trial Date:  April 24, 2018 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cloudflare, Inc. ("Cloudflare") will and hereby does move the Court *in limine* to exclude, under Rules 802 and 403 of the Federal Rules of Evidence, for an order excluding Plaintiff ALS Scan, Inc. ("ALS") from offering or presenting to the jury directly or indirectly any evidence, argument, or testimony that any notifications sent to Cloudflare on behalf of ALS or other non-party copyright claimants constitute evidence of the truth of the matters they purport to describe, including showing that any allegedly unauthorized material was available on websites or was unlawful. Relatedly, Cloudflare seeks to exclude under Rules 403, 404 and 701 any ALS testimony asserting that any of the websites at issue in the case are "pirate" websites, and any use of the terms "pirate," "piracy," "fraud," "theft," "steal" or other similarly inflammatory terms.

Cloudflare's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rules 802 and 403 of the Federal Rules of Evidence, Cloudflare respectfully seeks to exclude all evidence from ALS that any notifications sent to Cloudflare on behalf of ALS or other non-party copyright claimants constitute evidence of the truth of the matters they purport to describe, including showing that any allegedly unauthorized material was available on websites or was unlawful. These notifications on their face purport to be proof of actual direct infringement, and ALS impermissibly seeks to offer them for the truth of the matters they assert, as conclusive evidence of infringement, in violation of the rule against hearsay. *See* Fed. R. Evid. 802.

Similarly, Cloudflare seeks to exclude under Rule 403, 404 and 701 any ALS testimony asserting that any of the websites at issue in the case are "pirate" websites, and any use of the terms "pirate," "piracy," "fraud," "theft," "steal" or other inflammatory terms. These terms are incendiary and constitute naked legal conclusions about the liability of Cloudflare and/or websites that use Cloudflare services. They are not helpful to the jury's understanding of the issues in this case, and they create a material risk of confusing, misleading, and inflaming the passions of the jury.

As explained in the sections that follow, ALS does not offer these materials for any permissible purpose, and thus this Court should exclude this evidence in its entirety.

## I. THE NOTIFICATIONS SENT TO CLOUDFLARE THAT ALS SEEKS TO OFFER CONSTITUTE INADMISSIBLE HEARSAY.

ALS has indicated that it intends to rely on e-mailed notifications that its agent, Steve Easton, sent to Cloudflare, as evidence not only of Cloudflare's putative knowledge of infringement, but of actual infringement itself. For instance, in support of its motion for partial summary judgment as to Cloudflare, ALS submitted a disc containing e-mail notifications that Mr. Easton sent to Cloudflare on behalf of ALS and other copyright complainants with respect to the websites at issue in this case, which allegedly include 645 notifications on behalf of ALS. *See* Dkt. 329 [Easton declaration in support of ALS motion for partial summary judgment] at ¶¶ 9-10; Dkt. 330 [notice of manual filing of disc]. These e-mail notifications routinely included language claiming to constitute conclusive evidence of infringement. *See, e.g.*, Dkt. 353 [Paine declaration in support of Cloudflare motion for summary judgment], Ex. 24 at CLOUDFLARE00007655 ("this letter

serves as actual notice of infringement in the event of legal proceedings").[1] The notifications also frequently included a long list of HTML source code, which embedded URLs for webpages, following a statement that read "Infringing URLs[.]" *See id.* at CLOUDFLARE00007575. Some of the communications also included disparaging and inaccurate language about Cloudflare in the body of the notification. *See, e.g.*, Dkt. 330 ("CLOUDFLARE / has never complied to a DMCA notice . . . SITE DEDICATED TO PIRACY," from June 5, 2017 communication with subject line "ALS - ARTOFX.ORG 30" from pdf portfolio submitted in notice of manual filing of disc); *see also* Dkt. 329 at ¶¶ 9-10 (describing pdf portfolio).

For reasons Cloudflare identifies in Motion in Limine No. 7, ALS's deficient notifications cannot serve to create knowledge of infringement. But in addition, the hearsay rule prohibits the use of these notifications to show the truth of their assertions. Fed. R. Evid. 802; *see also Capitol Records, Inc. v. MP3tunes, LLC*, 821 F.Supp.2d 627, 639 (S.D.N.Y. 2011), *on reconsideration in part*, No. 07 CIV. 9931 WHP, 2013 WL 1987225 (S.D.N.Y. May 14, 2013) ("takedown notices themselves are not evidence of blatant infringement"). Hearsay includes any statement that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). These notifications fall within the

---

[1] Contrary to this assertion, both of ALS's retained expert witnesses admitted that these e-mail notifications do not impart actual knowledge of infringement. *See* Dkt. 354 at ¶¶ 6g, 6h, 6k, 6l, Ex. 13 at 57:18-59:10, 59:19-60:12, 63:1-7, 63:9-21, Exs. 14-16 (Dr. Ghandeharizadeh); Dkt. 354 at ¶ 10i, Ex. 17 at 110:3-15, Ex. 18 (Dr. Luna). Indeed, Dr. Luna opined that Cloudflare would need a team of copyright experts to implement a content moderation program, costing tens of millions of dollars, merely to investigate and obtain knowledge of infringement based on e-mail notifications such as Mr. Easton's. Dkt. 354 at ¶¶ 10c, 10d, 10e, 10g, 10j, Ex. 17 at 40:21-41:7, 42:15-43:18, 43:19-44:25, 45:8-46:8, 50:5-14, 111:24-113:14.

scope of this definition because they are out-of-court statements purporting to be conclusive evidence of infringement offered for the truth of the matter asserted.[2]

The notifications themselves are also confusing, unreliable, and create a material risk of unfair prejudice to Cloudflare. *See* Fed. R. Evid. 403. While they claim to constitute conclusive and legally admissible evidence of infringement, they were sent from Steve Easton, who in the notifications themselves admits he is "NOT an attorney" and thus not qualified to make such legal judgments. *See* Dkt. 353, Ex. 24 at CLOUDFLARE00007655. Some of the communications also include assertions that the notification provides effective notice of both the allegedly infringed work and the alleged infringement based on the purportedly infringing URLs standing alone: "as shown by the above links, the copyrighted works infringed and the material claimed to be infringing are one in the same." *See, e.g.*, Dkt. 330 (June 18, 2017 communication with subject line "20170618-ALSSDMCA-000213 - Copyright / Trademark Infringement" from pdf portfolio submitted in notice of manual filing of disc). This statement flatly misstates the law regarding the elements for an effective DMCA notice: "In order to substantially comply with § 512(c)(3)'s requirements, *a notification must do more than identify infringing files.*" *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1112 (9th Cir. 2007) (holding that communications did not furnish effective notice) (emphasis added). And allowing ALS to submit these notifications to the jury as evidence of infringement is certain to confuse and mislead the jury, requiring exclusion under Fed. R. Evid. 403.

ALS's hearsay notices themselves prove nothing, yet create the risk of confusing the jury into believing there is validity to the claims in those notices.

---

[2] To the extent that the notifications ALS seeks to offer concern other copyright complainants that are not a party to this lawsuit, they are also irrelevant to the claims and works at issue in this case. Thus, this Court should also exclude these non-ALS-related materials under Fed. R. Evid. 401.

Since ALS seeks to offer these notifications for no permissible non-hearsay purpose, and because they are rife with unfairly prejudicial and legally inaccurate statements about Cloudflare, the websites that utilize Cloudflare services, and the law, the Court should exclude these notifications in their entirety.

## II. ALS'S RELATED ASSERTIONS ABOUT "PIRATE SITES" CONSTITUTE INFLAMMATORY AND INADMISSIBLE ACCUSATIONS COUCHED AS LEGAL CONCLUSIONS.

In addition to the notifications themselves, ALS has frequently offered testimony that seeks to disparage Cloudflare and the websites that utilize Cloudflare services using derogatory and legally fraught terms like "pirates." *See, e.g.*, Dkt. 326 [Walsh declaration in support of ALS motion for partial summary judgment] at ¶¶ 5, 9 (referring to "pirate sites"); Dkt. 328 [Penn declaration in support of ALS motion for partial summary judgment] at ¶¶ 3-4, 6 (referring to "pirate sites" and "stolen" works); Dkt. 329 [Easton declaration] at ¶¶ 3-4, 6-10 (referring to "pirate websites").

Such language constitutes inflammatory accusations couched as lay legal opinion about Cloudflare's customers and Cloudflare. They are not helpful to the jury's understanding of the testimony of ALS witnesses or to determining any fact in issue, but instead "merely tell the jury what result to reach" and thus are inadmissible under Fed. R. Evid. 701. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1060-61 (9th Cir. 2008). These and similar characterizations of Cloudflare customers and Cloudflare are not a permissible substitute for the evidence of infringement that ALS must show to satisfy its burdens on its claims.

The inflammatory nature of the communications makes them excludable as unfairly prejudicial under Rule 403, and the reliance on those communications runs afoul of the general bar on the use of character evidence to prove liability under Rule 404. *See* Fed. R. Evid. 403, 404(a)(1). "Character evidence is not excluded because it has no probative value, but because it sometimes may lead a jury to

convict the accused on the ground of bad character deserving punishment regardless of guilt." *United States v. Carrillo*, 981 F.2d 772, 774 (5th Cir. 1993); *accord United States v. Boyajian*, No. CR 09-933 A CAS, 2013 WL 4189649, at *4 (C.D. Cal. Aug. 14, 2013) ("Character evidence can also be unfairly prejudicial if it leads the jury to a conviction based not on a determination that defendant actually committed the charged conduct, but instead on moral opprobrium directed towards the defendant's bad character."). ALS seeks to use terms such as "pirate" to cast Cloudflare's customers (not before the Court) and Cloudflare as bad actors in the minds of the jury and to appeal to the jurors' desire to punish.

The Federal Rules of Evidence forbid such tactics, and accordingly the Court should exclude any attempts by ALS to claim that any of the websites at issue in the case are "pirate" websites, and any use of the terms "pirate," "piracy," "fraud," "theft," "steal" or other inflammatory terms.

## CONCLUSION

For all the reasons above, the Court should exclude inflammatory accusations that ALS's agents sent to Cloudflare on behalf of ALS or other non-party copyright claimants, as well as any evidence, argument, or testimony that these notifications constitute conclusive evidence of infringement. Additionally, this Court should exclude any ALS testimony asserting that any of the websites at issue in the case are "pirate" websites, and any use of the terms "pirate," "piracy," "fraud," "theft," "steal" or other inflammatory terms.

Dated: March 22, 2018            Respectfully submitted,

                                 FENWICK & WEST LLP


                                 By: */s/ Andrew P. Bridges*
                                     Andrew P. Bridges

                                 Attorneys for Defendant
                                 CLOUDFLARE, INC.