ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC., et al.,<br><br>Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**DEFENDANT CLOUDFLARE'S *MOTION IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF ALS'S COPYRIGHTED WORKS OTHER THAN REGISTERED WORKS IDENTIFIED IN ALS'S INFRINGEMENT CONTENTIONS**<br><br>Date:    April 12, 2018<br>Time:    8:30 A.M.<br>Dept:    9D<br>Judge:   Hon. George H. Wu<br>Trial Date: April 24, 2018 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cloudflare, Inc. will and hereby does move the Court *in limine* to preclude, under Federal Rules of Evidence 401, 402, 403 and Federal Rule of Civil Procedure 37, Plaintiff ALS Scan, Inc. from offering evidence or arguments that Cloudflare is responsible for infringements of ALS's works other than the registered works that ALS identified in its infringement contentions. Such evidence regarding ALS's other works is irrelevant to ALS's allegations against Cloudflare here, and any minimal probative value is substantially outweighed by unfair prejudice to Cloudflare. Moreover, ALS is precluded from offering the evidence under Rule 37(c).

Cloudflare's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Andrew Bridges in support of Defendant's motions *in limine* ("Bridges Decl."), the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court should preclude ALS from admitting evidence or arguments that Cloudflare is liable for infringement of ALS's works other than the registered works that ALS identified in its infringement contentions. Such evidence is irrelevant, it would unfairly prejudice Cloudflare, and ALS failed to disclose it. It is thus inadmissible under Federal Rules of Evidence 401, 402, 403 and Federal Rule of Civil Procedure 37(c).

**I.   BACKGROUND**

Cloudflare served an interrogatory on ALS during discovery asking ALS to identify each copyrighted work—including "copyright-protected photographic images, image sets, videos, websites, or other items"—that ALS contends was infringed. Bridges Decl. ¶ 12, Ex. 8. In its signed response, ALS incorporated by

reference spreadsheets that it prepared and produced to Cloudflare that identified, among other fields, "the registration number for any issue[d] registration covering the work(s) infringed" and "the application number for any pending registrations covering the work(s) infringement." *See* Bridges Decl. ¶ 13, Ex. 9. ALS produced a spreadsheet corresponding to each website it accuses of infringement. *See id.*

Cloudflare proceeded through discovery and its trial preparation based on ALS's representation that those are the works for which ALS seeks to hold Cloudflare liable for contributory copyright infringement. Moreover, while the Ninth Circuit allows a plaintiff to bring suit on the strength of a mere copyright application, *see Cosmetic Ideas, Inc. v. IAC/InterActiveCorp,* 606 F.3d 612, 615 (9th Cir. 2010), ALS may not *go to trial* on claims of infringement of unregistered copyrights. 17 U.S.C. § 411; *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 166 (2010)(registration a precondition to suit, although not a jurisdictional requirement). To streamline issues for trial, Cloudflare sought a stipulation that ALS will not proffer evidence that Cloudflare is liable for infringement of ALS's works other than those registered works identified in the spreadsheets, including any of ALS's videos. ALS refused to stipulate.

**II.  ARGUMENT**

Because ALS refuses to stipulate that it will not seek to admit evidence that Cloudflare is liable for contributory infringement of ALS's works other than those that ALS identified in its interrogatory responses, Cloudflare seeks an order from the Court precluding the use of such evidence for three reasons.

*First,* copyrighted works for which ALS has not claimed infringement are irrelevant to establishing's Cloudflare's liability for contributory copyright infringement. *See* Fed. R. Evid. 401, 402; *cf. Hendricks v. Dreamworks, LLC*, No. 05-cv-8271 (C.D. Cal. Nov. 20, 2007), Dkt. 163 (granting defendants' motion to exclude non-infringing screenplay drafts as irrelevant). And where there are already

extensive allegations for the jury to consider, "a line must be drawn somewhere to cabin the universe under consideration." *Oracle Am., Inc. v. Google Inc.*, No. 10-cv-03561, 2016 WL 1743111, at *1, 3 (N.D. Cal. May 2, 2016) (excluding evidence of software implementations that plaintiff had not accused of copyright infringement in the case).

*Second*, even if ALS shows some minimal relevance in the evidence, its probative value is substantially outweighed by the danger of unfair prejudice to Cloudflare. *See* Fed. R. Evid. 403. Cloudflare served the interrogatory to understand the bases for ALS's allegations and prepare its defense. Allowing ALS to change or expand its allegations at trial means Cloudflare must attempt to defend against a moving target. Moreover, ALS's introduction of other copyrighted works may persuade the jury to hold Cloudflare responsible for infringements that ALS did not claim here.

*Third*, ALS may not introduce evidence of newly claimed works at trial because it failed to disclose it in its infringement contentions, which Cloudflare properly requested through interrogatories. Rule 26(e) requires a party "who has responded to an interrogatory" to timely "supplemental or correct" any response that is "incomplete or incorrect." A party who fails to do so is subject to Rule 37's "self-executing sanction" that prohibits the party from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *id.*, advisory committee's notes.  ALS has no substantial justification for its lack of disclosure and its addition of new infringement claims on the eve of trial would harm Cloudflare. Indeed, "[t]he fact that a party supplements its disclosures at a time when the opposing party cannot obtain relevant discovery is a particularly significant factor . . . ." *Sutrisno v. WebMD Practice Servs., Inc.*, No. 04-cv-4516, 2005 WL 8154571, at *6, *8 (C.D. Cal. June 30, 2005) (precluding plaintiffs from

offering evidence where they had not amended their responses to defendants' contention interrogatories requesting the bases for their claims). The Court should thus preclude ALS from introducing this evidence that it failed to disclose. *See High Definition.Net, Inc. v. Rive Gauche Entm't Television*, No. 08-cv-5795, 2010 WL 11515363, at *2 (C.D. Cal. Feb. 11, 2010) (precluding plaintiff from introducing copyrighted works that plaintiff failed to produce during discovery under Rule 37(c)(1)).

## III. CONCLUSION

For these reasons, Cloudflare requests an order precluding ALS from introducing evidence or arguments that Cloudflare is liable for infringement of ALS's works other than the registered works that ALS identified in its infringement spreadsheets.

Dated:  March 22, 2018

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Andrew P. Bridges*
    Andrew P. Bridges

Attorneys for Defendant
CLOUDFLARE, INC.