ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC., et al.,<br><br>Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**DEFENDANT CLOUDFLARE INC.'S *MOTION IN LIMINE* NO. 7 TO EXCLUDE NON-COMPLIANT NOTIFICATIONS OF CLAIMED INFRINGEMENT AS EVIDENCE OF KNOWLEDGE**<br><br>Date: April 12, 2018<br>Time: 8:30 A.M.<br>Dept: 9D<br>Judge: Hon. George H. Wu<br>Trial Date: April 24, 2018 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cloudflare, Inc. ("Cloudflare") will and hereby does move the Court *in limine* under Rules 402 and 403 of the Federal Rules of Evidence and 17 U.S.C. §§ 512(b) and (c) to exclude as evidence of knowledge of infringement any notifications from ALS Scan, Inc. ("ALS") that failed to substantially include the information that 17 U.S.C. §§ 512(b) and (c) require for valid notifications of claimed infringement.

Cloudflare's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Cloudflare respectfully asks this Court to exclude any notifications sent to Cloudflare on behalf of ALS as evidence of knowledge of infringement. The DMCA creates an evidentiary rule prohibiting the factfinder from considering any "notification from a copyright owner or from a person authorized to act on behalf of the copyright owner that fails to comply substantially with" the elements specified in section 512(c)(3)(A) "in determining whether a service provider has actual knowledge or is aware of facts or circumstances from which infringing activity is apparent." 17 U.S.C. § 512(c)(3)(B)(i); *see also Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1089 (C.D. Cal. 2001) ("The DMCA expressly provides that if the copyright holder's attempted notification fails to 'comply substantially' with the elements of notification described in subsection (c)(3), that notification 'shall *not* be considered' when evaluating whether the service provider had actual or constructive knowledge of the infringing activity . . . .") (quoting 17 U.S.C. § 512(c)(3)(B)(i)) (emphasis in original); *accord Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 747 (S.D.N.Y. 2012), *aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F.

App'x 51 (2d Cir. 2014); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1112-13 (9th Cir. 2007).

To be "effective" under Section 512(c)(3), a notification of claimed infringement regarding hosted materials "must be a written communication" "that includes substantially" the following elements:

> (i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
>
> (ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.
>
> (iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.
>
> (iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.
>
> (v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.
>
> (vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

17 U.S.C. § 512(c)(3)(A). The exclusionary rule applies without qualification where a notification fails to substantially comply with clauses (ii), (iii), and (iv) of subsection 512(c)(3)(A). *Id.* § 512(c)(3)(B). Meanwhile, a failure to comply with the other elements of subsection 512(c)(3)(A) triggers the exclusionary rule "only if

1  the service provider promptly attempts to contact the person making the notification
2  or takes other reasonable steps to assist in the receipt of notification that
3  substantially complies with all the provisions of subparagraph (A)." *Id*.

4  But the requirements of Section 512(c)(3) are not enough. For system caching service providers, like Cloudflare, that fall under Section 512(b), a valid notification of claimed infringement must also include, *in addition to* the mandatory information specified in Section 512(c)(3*)*, "a statement confirming that the material has been removed from the originating site or access to it has been disabled or that a court has ordered that the material be removed from the originating site or that access to the material on the originating site be disabled." *Id*. § 512(b)(2)(E).

12  ALS has indicated that it intends to rely on e-mailed notifications that its agent, Steve Easton, sent to Cloudflare, as evidence of Cloudflare's knowledge of infringement. For instance, in support of its motion for partial summary judgment as to Cloudflare, ALS submitted a disc containing the notifications that e-mails that Mr. Easton sent to Cloudflare with respect to the websites at issue in this case, which allegedly include 645 notifications on behalf of ALS. *See* Dkt. 329 [Easton declaration] at ¶¶ 9-10; Dkt. 330 [notice of manual filing of disc].

19  Extensive evidence shows that these notifications failed in numerous ways to satisfy either the requirements for notifications under Section 512(c)(3) or the additional requirement under Section 512(b)(2)(E). The notifications failed to identify the copyrighted work ALS claimed to be infringed. In his deposition testimony, Mr. Easton admitted that the notifications that he sent to Cloudflare on behalf of ALS "[p]robably" lacked a physical or electronic signature, and he could not recall any notifications that identified the copyrighted work. *See, e.g.*, Dkt. 354 [declaration of Andrew Bridges in support of Cloudflare's motion for summary judgment] at ¶ 6n, Ex. 7 at 119:5-122:19. Indeed, Mr. Easton confessed that it would be "impossible" for him to list the URLs where the original copyrighted

works could be found.[1] *Id.* Moreover, Cloudflare showed that the e-mail notifications that the e-mails that Mr. Easton sent on behalf of ALS did not state that there were images at the URLs or how they might infringe ALS's rights, failed to identify or describe the copyrighted materials that ALS claimed to own, and in fact did not even identify ALS as the owner of any copyrights. *See, e.g.*, Dkt. 383 [declaration of Justin Paine in support of Cloudflare's opposition to ALS's motion for partial summary judgment] at ¶ 19, Ex. 24. Cloudflare also demonstrated that these notifications failed to include statements confirming that the allegedly infringing material had been removed from the originating site or access to it has been disabled or that a court had ordered that the material be removed from the originating site or that access to the material on the originating site be disabled, as 17 U.S.C. § 512(b)(2)(E) requires.[2] *See id.*

"In order to substantially comply with § 512(c)(3)'s requirements, a notification must do more than identify infringing files." *CCBill*, 488 F.3d at 1112 (holding that "knowledge of infringement may not be imputed" from notifications that failed to provide "effective notice" under section 512(c)(3)). Since the e-mail

---

[1] Relatedly, both of ALS's retained expert witnesses admitted that, based on these e-mail notifications, they did not know whether any of the material at the listed URLs were infringing. *See* Dkt. 354 at ¶¶ 6g, 6h, 6k, 6l, Ex. 13 at 57:18-59:10, 59:19-60:12, 63:1-7, 63:9-21, Exs. 14-16 (Dr. Ghandeharizadeh); Dkt. 354 at ¶ 10i, Ex. 17 at 110:3-15, Ex. 18 (Dr. Luna). Indeed, Dr. Luna opined that Cloudflare would need a team of copyright experts to implement a content moderation program, costing tens of millions of dollars, merely to investigate and obtain knowledge of infringement based on e-mail notifications such as Mr. Easton's. Dkt. 354 at ¶¶ 10c, 10d, 10e, 10g, 10j, Ex. 17 at 40:21-41:7, 42:15-43:18, 43:19-44:25, 45:8-46:8, 50:5-14, 111:24-113:14.

[2] Cloudflare's evidence also shows that, even on the occasions that he submitted complaints through the Cloudflare web form, Mr. Easton often failed to provide all the information specified under the DMCA. Dkt. 383 at ¶¶ 16-17, Exs. 16-17. In these cases, Cloudflare promptly and automatically sent Mr. Easton an e-mail that identified one or more deficiencies and invited Mr. Easton to reply with the required information. *Id.*

notifications that Mr. Easton sent to Cloudflare on behalf of ALS fail to comply substantially with the elements that the DMCA required, they cannot serve as evidence of actual knowledge of infringement either for the purpose of evaluating substantive liability or Cloudflare's eligibility for safe harbor. *See Hendrickson*, 165 F. Supp. 2d at 1093 ("Plaintiff's written notifications do not comply substantially with Section (c)(3)(A)(ii)'s adequate identification requirement. Therefore, the Court does not consider those notices when evaluating the actual or constructive knowledge prong of the safe harbor test."); *accord Wolk*, 840 F. Supp. 2d at 747 ("Notices that do not identify the specific location of the alleged infringement are not sufficient to confer 'actual knowledge' on the service provider.") (citing *UMG Recordings, Inc. v. Veoh Networks Inc.*, 665 F. Supp. 2d 1099, 1109 (C.D. Cal. 2009)).

Accordingly, this Court should bar ALS from offering the non-compliant notifications that Mr. Easton sent to Cloudflare on behalf of ALS as evidence of knowledge of infringement.

Dated: March 22, 2018

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Andrew P. Bridges*
Andrew P. Bridges

Attorneys for Defendant
CLOUDFLARE, INC.