ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLOUDFLARE, INC., et al., <br><br> Defendants. | Case No.: 2:16-cv-05051-GW-AFM <br><br> **DEFENDANT CLOUDFLARE, INC.'S *MOTION IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE RELATING TO CHALLENGES IN REPORTING OR COMBATTING CLAIMED INFRINGEMENT** <br><br> Date: April 12, 2018 <br> Time: 8:30 A.M. <br> Dept: 9D <br> Judge: Hon. George H. Wu <br> Trial Date: April 24, 2018 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cloudflare, Inc. will and hereby does move the Court *in limine* to exclude, under Rules 402 and 403 of the Federal Rules of Evidence and Federal Rules of Civil Procedure 37, Plaintiff ALS Scan, Inc. from offering or presenting to the jury directly or indirectly any evidence, argument, or other assertions relating to Plaintiff's alleged limitations or burdens in reporting or combatting claimed infringements. Such evidence is irrelevant to the copyright issues in this case, and in all events any probative value it may have is substantially outweighed by the risks of unfair prejudice. As the Ninth Circuit made clear in *Perfect 10, Inc. v. CCBill LLC,* 488 F.3d 1102, 1113 (9th Cir. 2007), "DMCA notification procedures place the burden of policing copyright infringement--identifying the potentially infringing material and adequately documenting infringement--squarely on the owners of the copyright." Thus, any complaint ALS has about the burden of policing has no bearing here. Furthermore, to the extent that the information relies on undisclosed expert testimony, it must also be excluded, because Plaintiff failed to identify any expert to testify on this subject in its expert disclosures.

Cloudflare's motion rests upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Cloudflare respectfully asks this Court to exclude, under Fed. R. Evid. 402, 403 and Fed. R. Civ. P. 37 any evidence or arguments that ALS intends to offer relating to alleged limitations or burdens of Plaintiff or other copyright claimants in reporting or combatting claimed infringements. This includes but is not limited to the irrelevant argument that ALS is stuck in an endless game of "whack-a-mole" in

FENWICK & WEST LLP
ATTORNEYS AT LAW

sending infringement notices, having content removed, and seeing that content reposted at a later time, presumably by a different user or on different websites.

These arguments are irrelevant to any disputed issue that the jury must resolve in this case. They also threaten to confuse the issues by suggesting that the jury should reject the copyright infringement claim notification system that Congress established in enacting the DMCA. ALS seeks to offer this evidence to prejudice the jury and to admit spurious expert testimony through improper means. Cloudflare thus seeks an order barring ALS from presenting any information about the alleged limitations or burdens ALS claims to have in reporting or otherwise policing alleged infringement.

## I. ARGUMENT

### A. Evidence Regarding Plaintiff's Alleged Burdens in Combatting Claimed Infringement is Irrelevant and Unfairly Prejudicial.

Plaintiff's evidence and arguments regarding the burdens it allegedly faces in combatting alleged copyright infringement are both irrelevant and unduly prejudicial. The DCMA safe harbor provisions of 17 U.S.C. § 512 attempt to strike a balance between the competing interests of copyright owners and service providers. But, by asserting that adhering to that statutory system imposes undue burdens, Plaintiff threatens to engage in jury nullification of the safe harbor regime that Congress designed.

To be admissible, evidence must first be relevant. Fed. R. Evid. 402; *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032-33 (9th Cir. 2003). Plaintiff intends to offer testimony regarding its purported challenges in reporting copyright infringement, such as the fact that employees have observed "an endless loop of systematic infringement of ALS content" where, after a website complies with a notification and takes accused images, someone else may post the same images. Dkt. 326 at ¶ 5 (Declaration of Sarah Walsh); Dkt. 328 at ¶ 4 (Declaration of Eric Penn). ALS also seeks to offer evidence regarding the financial burden it

supposedly faces in having its agent submit other forms of infringement notifications. *See* Dkt. 326 at ¶ 10; Dkt. 329 at ¶ 17 (Declaration of Steve Easton). The latter testimony goes so far as to say that forcing Plaintiff's agent to change his method of providing infringement notices may lead to starvation. *See* Dkt. 329 at ¶ 18. That kind of evidence is irrelevant. It will not help a factfinder determine whether ALS sent DMCA compliant notifications, whether Cloudflare qualifies for the DMCA safe harbor protections, or whether Cloudflare is liable for contributory infringement of ALS's works.

This evidence is also irrelevant to damages. Plaintiff has elected to receive statutory damages. Dkt. 229 (Plaintiff's Election of Statutory Damages). In considering statutory damages, a jury may consider "the nature of the infringement; the defendant's purpose and intent, the profit that the defendant reaped, if any, and/or the expense that the defendant saved; the revenue lost by the plaintiff as a result of the infringement; the value of the copyright; the duration of the infringement; the defendant's continuation of infringement after notice or knowledge of copyright claims; and the need to deter this defendant and other potential infringers" to determine statutory damages. *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 503–04 (1st Cir. 2011). Not only is the burden that Plaintiff invokes irrelevant to liability, but it is also irrelevant to damages, as it does not relate to any facts a jury may consider.

Even if the court were to find this evidence admissible, the danger of confusion of the issues and unfair prejudice substantially outweighs any probative value. *See* Fed. R. Evid. 403; *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996) (upholding the exclusion of unfairly prejudicial evidence). Plaintiff's complaints about systematic infringement and its *own* difficulty in paying for an agent are obvious attempts to describe generalized harms for which Plaintiff seeks to hold Cloudflare accountable. Admitting such statements can only be prejudicial as they serve no purpose other than making Cloudflare culpable for conduct far beyond the

scope of this dispute, and they run contrary to the Ninth Circuit's clear pronouncement in *CCBill*. As this evidence is irrelevant and prejudicial, the Court should exclude it.[1]

### B. Plaintiff Failed to Disclose Any Witnesses as Experts Regarding Copyright Notifications or Enforcement.

In addition to lacking relevance and being unfairly prejudicial, Plaintiffs proffered evidence about the burdens of enforcing copyrights fail for another reason: it depends on expert testimony that Plaintiff failed to disclose. Fed. R. Civ. P. 37 states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial[.]" This rule forbids the use at trial of "of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming district court exclusion of testimony that was not properly disclosed). *See also Torres v. City of Los Angeles*, 548 F.3d 1197, 1212 (9th Cir. 2008) (same).

Plaintiff's witnesses claim to have gained familiarity with technical Internet concepts, trends in the adult entertainment industry generally, and issues with Internet-enabled infringement through years of professional experience. *See* Dkt. 328 at ¶¶ 2-3; Dkt. 329 at ¶¶ 2-4. It is by relying on this self-proclaimed expertise that one of Plaintiff's witnesses claims he is able to determine whether a site is an

---

[1] To the extent that Plaintiff seeks to submit evidence regarding the burdens of *other* copyright claimants in reporting or combatting claimed infringement, this evidence is inadmissible under Rules 602 and 701. These rules require a witness to testify to a matter only if sufficient evidence is introduced to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602. If the witness is a lay witness, she is limited to offering opinion testimony only on what she has perceived. Fed. R. Evid. 701. All testimony regarding the burdens of other copyright claimants would lack personal knowledge and should also be excluded.

authorized online adult content provider or a supposed "pirate" website (based on data such as age verification disclosure compliance by certain websites). *See* Dkt. 329 at ¶¶ 3-5. On this basis Plaintiff's witnesses purport to describe the supposed challenges of sending notifications and otherwise policing copyrights. *See* Dkt. 328 at ¶ 4.

Fed. R. Civ. P. 26(a)(2) requires a party to disclose to other parties the identity of any witnesses that it may use at trial under Fed. R. Evid. 702, 703, or 705. Rule 702 governs the testimony of a witness who qualifies as an expert by knowledge, skill or experience. *See* Fed. R. Evid. 702. Because Plaintiff evidently plans to introduce testimony about the burdens it faces in addressing infringement based on its witnesses' claims of specialized knowledge and experience, this testimony qualifies as expert testimony under Rule 702. *See* Fed. R. Evid. 702.

Plaintiff violated Rule 26 by failing to disclose any of its unretained witnesses as experts. While Rule 26 does not require an expert report from most unretained witnesses, it does require an expert witness disclosure. Fed. R. Civ. P. 26(a)(2)(C). Plaintiff's testimony regarding the supposed challenges that copyright owners face in preparing notifications of claimed infringement, identifying supposed repeat infringing websites, and otherwise combatting infringement depends on expert testimony. As Plaintiff failed to disclose any such expert testimony on these subjections, Plaintiff may not now use this information at trial. *Yeti by Molly,* 259 F.3d at 1106; *Torres,* 548 F.3d at 1212.

For the foregoing reasons, Cloudflare respectfully requests that the Court grant Cloudflare's motion to exclude ALS's evidence and arguments as this motion sets out above.

Case 2:16-cv-05051-GW-AFM Document 424 Filed 03/22/18 Page 7 of 7 Page ID #:12565

| | |
|---|---|
| Dated: March 22, 2018 | Respectfully submitted, |
| | FENWICK & WEST LLP |
| | By: */s/ Andrew P. Bridges*<br>    Andrew P. Bridges |
| | Attorneys for Defendant<br>CLOUDFLARE, INC. |

CLOUDFLARE'S MIL NO. 8 RE CHALLENGES IN REPORTING OR COMBATTING CLAIMED INFRINGEMENT     6     CASE NO. 2:16-CV-05051-GW-AFM