ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLOUDFLARE, INC., et al.,<br><br>　　　　Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**DEFENDANT CLOUDFLARE, INC.'S** *MOTION IN LIMINE* **NO. 9 TO EXCLUDE EVIDENCE REGARDING "STANDARD TECHNICAL MEASURES" WITHIN THE MEANING OF SECTION 512(I)**<br><br>Date:　　April 12, 2018<br>Time:　　8:30 A.M.<br>Dept:　　9D<br>Judge:　　Hon. George H. Wu<br>Trial Date: April 24, 2018 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Cloudflare, Inc. ("Cloudflare") hereby moves the Court *in limine* to exclude Plaintiff ALS Scan, Inc. ("ALS") from offering or presenting to the jury directly or indirectly any evidence, argument, or other assertions regarding "standard technical measures" within the meaning of Section 512(i) of the Copyright Act. The motion rests upon Rules 403, 602, 701 of the Federal Rules of Evidence and Rule 37 of the Federal Rules of Civil Procedure.

The definition of "standard technical measures" turns upon specific standards that require industry knowledge, specifically including existence of "a broad consensus of copyright owners and service providers [developed] in an open, fair, voluntary, multi-industry standards process"; availability of measures "to any person on reasonable and nondiscriminatory means"; and whether any measures "do not impose substantial costs on service providers or substantial burdens on their systems or networks." 17 U.S.C. § 512(i)(A)-(C). No ALS percipient witness has participated in any multi-industry standards process or has operated a content delivery network, and it is inappropriate for any ALS witness to testify about standard technical measures without personal knowledge. ALS also designated no expert on the topic of "standard technical measures" or industry standards. Testimony of incompetent witnesses on these topics violates Rules 602 and 701 of the Federal Rules of Evidence and Rule 37 of the Federal Rules of Civil Procedure. Any testimony would likely confuse the issues and mislead the jury in violation of Rule 403.

Cloudflare's motion relies on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file, and such further argument and evidence which may be presented at or before the pretrial conference.

## MEMORANDUM OF POINTS AND AUTHORITIES

Cloudflare respectfully asks this Court to exclude, under Fed. R. Evid. 403, 602, and 701 and Fed. R. Civ. P. 37, any evidence or arguments that ALS intends to offer relating to "standard technical measures" within the meaning of Section 512(i) of the Copyright Act.

The limitation on remedies under Section 512 of the Copyright Act contains a condition in Section 512(i), namely that the service provider accommodate and not interfere with standard technical measures. 17 U.S.C. § 512(i)(1)(B). Plaintiff argues that Cloudflare interferes with standard technical measures when it masks IP addresses of its customers for security purposes because Plaintiff thinks the IP addresses could lead "information that ALS would like to obtain to send notices of infringement to all responsible parties, including service providers." Dkt. 328 ¶¶ 25-27 (Declaration of Eric Penn); Dkt. 378 at ¶ 6 (Cloudflare's Statement of Genuine Disputes). Plaintiff distorts the statutory condition to argue that access to IP addresses of websites is a standard technical measure of copyright holders to identify or protect copyrighted works. To make that distorted argument it must rely upon incompetent testimony. *See* H.R. Rep. 105-551 part 2 at 61-62 (1998) (describing standard technical measures and their process); *Ventura Content, Ltd. v. Motherless, Inc.* no. 13-56332 at 36 and n. 72 (9th Cir. March 14, 2018)(construing "standard technical measures"); *Perfect 10, Inc. v. CCBill, LLC,* 488 F.3d 1102, 1115 (9th Cir. 2007)(same).[1]

---

[1] No court has ever held that such access is a "standard technical measure" under the statute. One court considered the possibility that watermarks on photographs may constitute "standard technical measures" without needing to reach the question and without examining the consensus-process aspect of the definition. *See Wolk v. Kodak Imaging Network, Inc.,* 840 F.Supp.2d 724, 744-45 (S.D.N.Y. 2012). If watermarks met the definition of "standard technical measures" under the statute (which Cloudflare believes is not the case), the record is clear in this case that Cloudflare's services do accommodate and do not interfere with the watermarks in ALS's images.

The Federal Rules of Evidence also require that the danger of unfair prejudice not outweigh the probative value of evidence, confusing the issues and misleading the jury. *See* Fed. R. Evid. 403; *United States v. Sua*, 307 F.3d 1150, 1153 (9th Cir. 2002) (upholding the trial court's exclusion of evidence that would mislead the jury). As it poses a great danger of confusing the issues and misleading the jury, this evidence is prejudicial and provides no probative value.

The means by which Plaintiff seeks to introduce the evidence is inappropriate and begs exclusion. Rule 37 of the Federal Rules of Civil Procedure forbids the use at trial of "of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (upholding exclusion of testimony that was not properly disclosed); *see also Torres v. City of Los Angeles*, 548 F.3d 1197, 1212 (9th Cir. 2008) (same). Rule 26(a) requires the disclosure of witnesses offering expert testimony under Rule 702 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2). Plaintiff's witness, Eric Penn, states that he has sufficient knowledge to testify on this *industry* standard based on his years of experience working for ALS and his familiarity with "technical Internet concepts," Dkt. 328 at ¶ 2, but he has revealed no participation in, or specialized expertise about, the multi-industry consensus process and the burdens on service providers like Cloudflare that Section 512(i) turns upon. If Mr. Penn claims special expertise on the subject, Plaintiff failed to disclose him as an expert in its initial disclosures, justifying exclusion of his testimony as an expert. Fed. R. Evid. 702; Fed. R. Civ. P. 37.

Rule 701 states that a lay witness's opinion testimony is "limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Plaintiff's witness Penn makes sweeping statements about whether Cloudflare meets the statutory "standard technical measures"

condition but he is helpless to identify any measures that satisfy the statutory definition because of his ignorance. On summary judgment, Cloudflare objected to Penn's efforts to advance testimony about "standard technical measures," *see* Dkt. 377 at 17-23 (Objs. 29, 30, 33), and the Court sustained these objections in whole or in part, *see* Dkt. 405 at 20. It should do so again here, as Penn's own experience centers solely on conduct he engaged in for this dispute. Dkt. 328 at ¶¶ 28-30. Even so, he must rely upon hearsay statements of ALS's complaint agent Mr. Easton to support his own statements. Dkt. 328 at ¶ 25. And no ALS witness is in a position—as either percipient witness or expert —to testify about multi-industry consensus processes that established any standard technical measures or burdens upon service providers from any suggested measures. In these circumstances, the Court should exclude any evidence and arguments from ALS regarding "standard technical measures."

Cloudflare respectfully requests that the Court grant Cloudflare's motion to exclude ALS's evidence and arguments as this motion sets out above.

Dated: March 22, 2018            Respectfully submitted,

FENWICK & WEST LLP


By: */s/ Andrew P. Bridges*
    Andrew P. Bridges

Attorneys for Defendant
CLOUDFLARE, INC.