ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLOUDFLARE, INC., et al.,<br><br>　　　　Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**DEFENDANT CLOUDFLARE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Judge:　　Hon. George H. Wu<br>Trial Date:  April 24, 2018 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

I.     Plaintiff asserts a single cause of action against Cloudflare for contributory copyright infringement under a "material contribution" theory ........................................................................ 1

II.    Elements required to establish Plaintiff's claims .................. 1

III.   Evidence pertaining to Plaintiff's claims ............................ 7

IV.    Elements to prove Cloudflare's defenses ......................... 13

V.     Evidence pertaining to Cloudflare's defenses .................. 19

VI.    Identification of anticipated evidentiary issues, with Cloudflare's position: Cloudflare anticipates that ALS will try to introduce evidence as follows .................................. 20

VII.   Identification of any germane issues of law, with Cloudflare's position ................................................................. 22

VIII.  Jury trial ................................................................ 23

IX.    Attorney's fees ......................................................... 23

X.     Abandonment of issues .............................................. 24

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A&M Records, Inc. v. Napster, Inc.,*
239 F.3d 1004 (9th Cir. 2001) ............................................................... 1, 18, 22

*Apple Inc. v. Psystar Corp.,*
658 F.3d 1150 (9th Cir. 2011) ....................................................................... 18

*BMG Rights Management (US) LLC v. Cox Communc'ns, Inc.,*
149 F. Supp.3d 634 (E.D. Va. 2015), *aff'd in part and rev'd in part
on other grounds,* No. 16-1972 (4th Cir. Feb. 1, 2018) ..................................... 19

*Derek Andrew, Inc. v. Poof Apparel Corp.,*
528 F.3d 696 (9th Cir. 2008) ............................................................................ 7

*Ellison v. Robertson,*
357 F.3d 1072 (9th Cir. 2004) ......................................................................... 14

*Field v. Google, Inc.,*
412 F.Supp.2d 1106 (D. Nev. 2006) .................................................................. 2

*Lenz v. Universal Music Corp.,*
815 F.3d 1145 (9th Cir. 2015) ........................................................................... 2

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,*
658 F.3d 936 (9th Cir. 2011) ................................................................ 6, 7, 12, 22

*Malibu Media, LLC v. Julien,*
No. 1:14-cv-1544, 2015 WL 4603065 (E.D. Va. July 28, 2015) ...................... 19

*Malibu Media, LLC v Peterson,*
No. 16-CV-786 JLS (NLS), 2017 WL 1550091 (S.D. Cal. May 1,
2017) ............................................................................................................ 2, 19

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,*
545 U.S. 913 (2005) ................................................................................. *passim*

*Perfect 10, Inc. v. Amazon.com, Inc.,*
508 F.3d 1146 (9th Cir. 2007) .................................................................. *passim*

FENWICK & WEST LLP
ATTORNEYS AT LAW

1
2

**TABLE OF AUTHORITIES**
**(continued)**

3

**Page(s)**

4
5

*Perfect 10, Inc., v. Giganews, Inc.,*
   847 F.3d 657 (9th Cir. 2017) ................................................................*passim*

6
7

*Perfect 10, Inc., v. Visa Intern. Svcs. Ass'n,*
   494 F.3d 788 (9th Cir. 2007) ................................................................ 5, 7, 22

8
9
10

*Practice Management Information Corp. v. American*
   *Medical Association,*
   121 F.3d 516 (9th Cir. 1997), *amended by* 133 F.3d 1140
   (9th Cir. 1998) ................................................................................................ 18

11
12
13

*Seller Agency Council, Inc., v. Kennedy Ctr. for*
   *Real Estate Educ., Inc,*
   621 F.3d 981 (9th Cir. 2010) ......................................................................... 3

14
15

*Sony Corporation of America v. Universal City Studios, Inc.,*
   464 U.S. 417 (1984) ...................................................................................... 1, 2

16

*U.S. v. Gay,*
   967 F.2d 322 (9th Cir. 1992) ........................................................................... 6

17
18

*UMG Recordings, Inc. v. Augusto,*
   628 F.3d 1175 (9th Cir. 2011) ......................................................................... 3

19
20
21

*VHT, Inc. v. Zillow Grp., Inc.,*
   No. C15-1096 JLR, 2017 WL 2654583
   (W.D. Wash. June 20, 2017) ........................................................................... 6

22

**STATUTES AND RULES**

23

17 U.S.C. § 101 ......................................................................................................... 23

24

17 U.S.C. § 106 ................................................................................................... 3, 9, 23

25

17 U.S.C. § 107 ........................................................................................................... 2

26

17 U.S.C. § 109 ................................................................................................... 3, 4, 23

27

17 U.S.C. § 411 ...................................................................................................... 1, 7

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

17 U.S.C. § 412 ................................................................................................................. 23

17 U.S.C. § 504 ................................................................................................................... 7

17 U.S.C. § 505 ................................................................................................................. 23

17 U.S.C. § 512 ........................................................................................................... 13, 14

17 U.S.C. § 512 .......................................................................................................... *passim*

17 U.S.C. §501 ................................................................................................................... 1

FRCP 26 ............................................................................................................................ 20

FRE 703 ............................................................................................................................ 21

FRE 602 ............................................................................................................................ 20

FRE 701 ............................................................................................................................ 20

FRCP 37 ...................................................................................................................... 20, 21

FRE 702 ...................................................................................................................... 20, 21

FRE 402 ...................................................................................................................... 21, 22

FRE 403 ...................................................................................................................... 21, 22

Local Rule 16-4 .................................................................................................................. 1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendant Cloudflare, Inc., furnishes this memorandum of facts and law pursuant to Local Rule 16-4.

I.  Plaintiff asserts a single cause of action against Cloudflare for contributory copyright infringement under a "material contribution" theory.

   A.  Plaintiff has indicated that it is *not* pursuing a claim against Cloudflare for contributory copyright infringement based on "inducement" as the Supreme Court articulated the standard in *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913 (2005).

   B.  Plaintiff has indicated that it is *not* pursuing a claim against Cloudflare for provision of products or services that are incapable of substantial noninfringing uses under *Sony Corporation of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984) and *Grokster,* 545 U.S. at 941-42 (Ginsburg, J., concurring).

   C.  The Court dismissed all other claims against Cloudflare (vicarious copyright infringement, contributory trademark infringement, unfair competition).  Plaintiff did not assert a direct copyright infringement claim against Cloudflare.  (*See* Third Amended Complaint ¶¶ 63-65.)

II.  Elements required to establish Plaintiff's claims

   A.  To prosecute its copyright infringement claims, ALS must first **prove**

      1.  **ownership of all copyright rights at issue in the case and**

      2.  **copyright registrations of each of the works at issue.**

   17 U.S.C. §§ 411(a), 501(a)-(b).

   B.  To establish a claim of contributory copyright infringement, ALS must **prove a related and underlying direct copyright infringement**. *See Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1169 (9th Cir. 2007); *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 n.2 (9th Cir. 2001); *Grokster,* 545 U.S. at 930; *Sony,* 464 U.S. at 451, 456.

FENWICK & WEST LLP
ATTORNEYS AT LAW

C.   To prove a related and underlying direct infringement, ALS must **prove that:**

    1.   **the alleged direct infringer engaged in volitional conduct that directly caused the infringement; and**

    2.   **the alleged direct infringer was not engaged in a fair use.**

*See Perfect 10, Inc., v. Giganews, Inc.,* 847 F.3d 657, 666-70 (9th Cir. 2017)(volition/causation); *Sony,* 464 U.S. at 451, 456 (plaintiffs in contributory infringement action had burden of proof on fair use); *Lenz v. Universal Music Corp.,* 815 F.3d 1145, 1151-53 (9th Cir. 2015)(copyright holder must account for fair use before sending claim of infringement).

    a)   **The fair use factors are:**

        **(1)   the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;**

        **(2)   the nature of the copyrighted work;**

        **(3)   the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and**

        **(4)   the effect of the use upon the potential market for or value of the copyrighted work.**

    17 U.S.C. § 107; *Lenz,* 815 F.3d at 1151-52.

    3.   To prove infringement by a third party, ALS must also **dispose of its problems of implied license and acquiescence with respect to its conduct toward that third party, which would negate any direct infringement claim**.

*Malibu Media, LLC v Peterson,* No. 16-CV-786 JLS (NLS), 2017 WL 1550091, at *4-5 (S.D. Cal. May 1, 2017)(implied license); *Field v. Google, Inc.,* 412 F.Supp.2d 1106, 1115-16 (D. Nev. 2006)(implied

FENWICK & WEST LLP
ATTORNEYS AT LAW

    2    

license); *Seller Agency Council, Inc., v. Kennedy Ctr. for Real Estate Educ., Inc,* 621 F.3d 981, 988-90 (9th Cir. 2010)(acquiescence; trademark).

4.      To prove a related and underlying infringement, ALS must also **prove that, for each work, at least one infringing act occurred within the United States.**

Dkt. 188.

5.      In addition to the other proofs above, to prove a direct infringement of the section 106(1) right, ALS must **prove that the alleged direct infringer caused a reproduction of its works in copies through volitional conduct and not merely through the operation of a system that allowed others to do so**.

*See Giganews,* 847 F.3d at 666-70.

6.      In addition to the other proofs above, to prove a direct infringement of the section 106(3) right, ALS must **prove that**:

> **a)**      **the alleged direct infringer caused a distribution of copies of ALS's works to the public;**
>
> **b)**      **the distribution was by sale or other transfer of ownership, or by rental lease or lending; and**
>
> **c)**      **the distribution was not by the owner of lawfully made copies.**

17 U.S.C. §§ 106(3), 109; *see Giganews,* 847 F.3d at 669-70; *UMG Recordings, Inc. v. Augusto,* 628 F.3d 1175, 1179-80 (9th Cir. 2011).

7.      In addition to the other proofs above, to prove a direct infringement of the section 106(5) right, ALS must **prove that:**

> **a)**      **the alleged direct infringer actively caused a public display of a copy of its work** (passively storing material at the direction of users in order to make that material available to

FENWICK & WEST LLP
ATTORNEYS AT LAW

other users upon request, or automatically copying, storing, and transmitting materials upon instigation by others do not constitute a direct infringement of that right); **and**

> **b)**  **the public display was not by an owner of a lawfully made copy or by a person authorized by that owner to persons viewing the copy at the place where the copy is located.**

17 U.S.C. §§ 106(5), 109(c); *see Giganews,* 847 F.3d at 668-69.

D.  *Grokster* states the only current standard of contributory infringement, which Justice Ginsburg summarized in her concurrence in that decision:

> Liability under our jurisprudence may be predicated on actively encouraging (or inducing) infringement through specific acts (as the Court's opinion develops) or on distributing a product distributees use to infringe copyrights, if the product is not capable of "substantial" or "commercially significant" noninfringing uses.

*See Grokster,* 545 U.S. at 941-42 (Ginsburg, J., concurring).

E.  The Ninth Circuit has articulated a standard for contributory infringement under a "material contribution" (as opposed to "inducement") theory specifically for computer system operators:

> **1.**  **That the operator "substantially assist" infringements by significantly magnifying otherwise immaterial infringements;**
>
> **2.**  **That the operator have *actual* knowledge of *specific* infringements; and**
>
> **3.**  **That, with that knowledge, the operator fail to take simple measures to prevent further damage to the copyrighted work.**

*Amazon.com,* 508 F.3d at 1172; *Giganews,* 847 F.3d. at 671-672.

F.  **"Substantial assistance" to infringement requires significantly magnifying otherwise immaterial infringements; merely making**

FENWICK & WEST LLP
ATTORNEYS AT LAW

infringements more profitable or increasing their number does not constitute substantial assistance.

*See Amazon.com,* 508 F.3d at 1172*; Perfect 10, Inc., v. Visa Intern. Svcs. Ass'n,* 494 F.3d 788, 797-798 (9th Cir. 2007).

G.     **Defective notifications of claimed infringement do not convey actual knowledge of specific infringements.**

17 U.S.C. § 512(c)(3)(B).

    **1.     Notifications of claimed infringement to system caching operators require, in addition to information required by Section 512(c)(3)(A), a statement confirming**

        **a)     that the material has been removed from the originating site or access to it has been disabled or**

        **b)     that a court has ordered that the material be removed from the originating site or that access to the material on the originating site be disabled.**

17 U.S.C. § 512(b)(2)(E)(ii).

    **2.     To be valid, notifications of claimed infringement under Section 512(c)(3)(A) must contain the following information:**

        **a)     A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.**

        **b)     Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.**

        **c)     Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and**

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  **information reasonably sufficient to permit the service**

2  **provider to locate the material.**

3  **d)      Information reasonably sufficient to permit the service**

4  **provider to contact the complaining party, such as an**

5  **address, telephone number, and, if available, an electronic**

6  **mail address at which the complaining party may be**

7  **contacted.**

8  **e)      A statement that the complaining party has a good**

9  **faith belief that use of the material in the manner**

10  **complained of is not authorized by the copyright owner, its**

11  **agent, or the law.**

12  **f)      A statement that the information in the notification is**

13  **accurate, and under penalty of perjury, that the complaining**

14  **party is authorized to act on behalf of the owner of an**

15  **exclusive right that is allegedly infringed.**

16       17 U.S.C. § 512(c)(A).

17  H.      Cloudflare believes that ALS relies upon an alternative standard for

18  material contribution under *Louis Vuitton Malletier, S.A. v. Akanoc Solutions,*

19  *Inc.,* 658 F.3d 936 (9th Cir. 2011).  Cloudflare does not believe that *Akanoc*

20  is good law because it violates the principle that a three-judge panel of the

21  Ninth Circuit cannot overrule the decision of another panel unless the new

22  panel follows an intervening decision of the U.S. Supreme Court.  *See U.S. v.*

23  *Gay,* 967 F.2d 322, 327 (9th Cir. 1992)(panel precedence); *VHT, Inc. v.*

24  *Zillow Grp., Inc.,* No. C15-1096 JLR, 2017 WL 2654583, at *16 (W.D.

25  Wash. June 20, 2017)(rejecting *Akanoc* as inconsistent with *Amazon.com,*

26  508 F.3d at 1172, and *Giganews,* 847 F.3d at 671).  Under *Akanoc,* which

27  followed Judge Kozinski's dissent and not the majority of an earlier panel,

28  **ALS must show that Cloudflare's services provide an "essential step in**

the infringement process." *See Akanoc,* 658 F.3d at 944 (quoting *Visa,* 494 F.3d at 812 (Kozinski, J., dissenting)).

I.      To obtain a statutory damages award, ALS must **prove that it registered each copyright before the first infringement of the copyright**. 17 U.S.C. 411(a); *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 699-701 (9th Cir. 2008).

J.      With respect to proving the amount of a statutory damages award:

        1.      **ALS must prove the number of works involved in the action for which Cloudflare is liable individually, or jointly and severally, regardless of the number of infringements involved in the action.**

            a)      **For purpose of calculating the number of works involved in the action, all the parts of a compilation or derivative work constitute one work.**

            17 U.S.C. § 504(c)(1).

            b)      **ALS must prove that any infringement by Cloudflare was willful in order to depart from the normal range of statutory damages for infringement**.

            17 U.S.C. § 504(c)(1).

III.    Evidence pertaining to Plaintiff's claims

A.      Ownership and registration of copyrights

        1.      Cloudflare puts Plaintiff to its proof of ownership and registration of all copyrights at issue in the action.

B.      Related and underlying direct infringements

        1.      Cloudflare puts Plaintiff to its proof of relevant and underlying direct infringements.

        2.      Cloudflare puts Plaintiff to its proof that Cloudflare's customers engaged in direct infringements.

FENWICK & WEST LLP
ATTORNEYS AT LAW

3.      The alleged direct infringers appear to be ALS's own customers.[1]

4.      ALS appears to have knowingly allowed its customers to make copies of its images.[2]

5.      ALS knowingly allowed its customers to make copies of its images while knowing that its customers uploaded their copies for reproduction, dissemination, and display.[3]

6.      ALS took no steps to protect its copyrights by technical means to restrict infringements by its customers.[4]

7.      ALS took no steps to halt infringements by its customers.[5]

8.      ALS customers who are alleged or assumed direct infringers caused any reproduction, dissemination, and display of ALS's copyrighted works on, at, or by the websites of Cloudflare's customers.[6]

9.      ALS customers who are alleged or assumed direct infringers caused any reproduction and dissemination of ALS's copyrighted works onto Cloudflare's system, including Cloudflare's caching servers.[7]

---

[1] Testimony of Walsh, Penn, Easton.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.;* testimony of Paine, Guinn, Sullivan.

[7] *Id.*

FENWICK & WEST LLP
ATTORNEYS AT LAW

10.     ALS customers who are alleged or assumed direct infringers caused any reproduction, dissemination, or display that occurred on or emanated from Cloudflare's services or network.[8]

11.     ALS customers who are alleged or assumed direct infringers did not sell, transfer ownership of, rent, lease, or lend any copies of ALS's works in any way that involved Cloudflare's operations, either directly or indirectly, and therefore did not exercise the "distribution" right under 17 U.S.C. § 106(3).[9]

12.     To the extent that any *Cloudflare* customer engaged in direct copyright infringement, Cloudflare puts Plaintiff to its proof of direct infringement by the customer.

13.     To the extent any Cloudflare customer is an alleged or assumed infringer, the Cloudflare customer did not sell, transfer ownership of, rent, lease, or lend any copies of ALS's works in any way that involved Cloudflare's operations.[10]

14.     To the extent that ALS customers or Cloudflare customers used Cloudflare's services, including transmission and caching functions, their use of Cloudflare's services was noncommercial, transformative, and no more than necessary to achieve objectives of decreasing network latency and minimizing bandwidth usage.[11]

15.     To the extent that ALS customers or Cloudflare customers used Cloudflare's services, including transmission and caching functions,

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Testimony of Merritt, Guinn, Sullivan.

9

FENWICK & WEST LLP
ATTORNEYS AT LAW

their use of Cloudflare's services had minimal impact on the potential market for the original work.[12]

16.     To the extent that ALS customers or Cloudflare customers used Cloudflare's services, including transmission and caching functions, those services flowed automatically from the actions of ALS customers and the automated operations of Cloudflare's customers.[13]

17.     Cloudflare's services cache no more than is necessary to assist users, including Cloudflare customers and persons who interact with Cloudflare's customers or their websites, in transmitting and receiving data and information efficiently over the Internet.[14]

18.     Cloudflare's services are designed to enhance Internet use by all persons who transmit or receive data or information through Cloudflare's system and network.[15]

19.     Cloudflare's services, including its transmission and caching functions, are not designed to supersede copyright holders' exploitation of their works.[16]

20.     Cloudflare's services engage in automatic background copying.[17]

21.     Cloudflare's services have a minimal effect on ALS's rights.[18]

22.     Cloudflare's services provide a considerable public benefit.[19]

---

[12] Testimony of Walsh, Penn, Easton, Ghandeharizadeh, Guinn, Sullivan.

[13] Testimony of Guinn, Sullivan, Merritt, Paine.

[14] *Id.*

[15] Testimony of Merritt, Sullivan, Guinn.

[16] *Id.*

[17] *Id.*

[18] Testimony of Ghandeharizadeh, Guinn, Merritt, Sullivan.

[19] *Id.*

FENWICK & WEST LLP
ATTORNEYS AT LAW

C.     Contributory infringement under *Grokster*

    1.     Plaintiff has asserted that it does not pursue a contributory infringement claim under a *Grokster* "inducement" theory.

D.     Contributory infringement under the Ninth Circuit standard for computer system operators in *Amazon.com* and *Giganews*.

    1.     Cloudflare does not substantially assist infringements of ALS's works.

    2.     Cloudflare has received no *actual* knowledge of *specific* infringements of ALS's works.[20]

        a)     ALS's emails did not convey *actual* knowledge of *specific* infringements.[21]

        b)     ALS's emails did not contain all information for a valid notification of claimed infringement under section 512(b).[22]

        c)     ALS's webform submissions did not convey *actual* knowledge of *specific* infringements.[23]

        d)     ALS's webform submissions did not contain all information for a valid notification of claimed infringement under section 512(b).[24]

    3.     Cloudflare has not failed to take any available simple measures to prevent further harm to ALS's copyrighted works.[25]

---

[20] Testimony of Ghandeharizadeh, Luna, Paine, Merritt, Sullivan, Guinn.

[21] *Id.*; emails from ALS to Cloudflare.

[22] Testimony of Penn, Easton, Paine; emails from ALS to Cloudflare.

[23] Testimony of Penn, Easton, Paine, Merritt; documents evidencing ALS's webform submissions.

[24] Testimony of Penn, Easton, Paine; documents evidencing ALS's webform submissions.

[25] Testimony of Ghandeharizadeh, Luna, Paine, Guinn, Sullivan, Merritt.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

a)      There are no simple measures by which Cloudflare could prevent further harm to ALS's copyrighted works.[26]

b)      ALS's conduct prevented Cloudflare from carrying out any available simple measures.[27]

c)      Cloudflare caused no further harm to ALS's copyrighted works.[28]

d)      Any further harm to ALS's copyrighted works was *de minimis*.[29]

E.      Contributory infringement under *Akanoc*

1.      Cloudflare's services are not an essential step in the infringement process by either ALS customers or Cloudflare's customers.[30]

F.      Damages entitlement

1.      Plaintiff has elected statutory damages.

2.      Cloudflare puts Plaintiff to its proof of entitlement to statutory damages.

G.      Damages calculation

1.      Cloudflare puts Plaintiff to its proof to the calculation of statutory damages.

2.      Cloudflare did not willfully engage in any infringements.[31]

---

[26] *Id.*

[27] Testimony of Paine, Merritt.

[28] Testimony of Ghandeharizadeh, Sullivan, Guinn, Merritt, Paine.

[29] Testimony of Walsh, Penn, Easton, Ghandeharizadeh, Sullivan, Guinn, Merritt, Paine.

[30] Testimony of Ghandeharizadeh, Sullivan, Merritt, Guinn.

[31] Testimony of Merritt, Guinn, Sullivan, Paine.

IV.  Elements to prove Cloudflare's defenses

   A.  To qualify for a limitation on remedies under 17 U.S.C. 512(a), Cloudflare must show:

   **1.  Cloudflare offers the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received;**

   **2.  Cloudflare engages in either:**

   **a)  transmitting, routing, or providing connections for, material through a system or network controlled or operated by or for the service provider, or**

   **b)  intermediate and transient storage of that material in the course of such transmitting, routing, or providing connections;**

   **(1)  storage of up to 14 days qualifies as "transient";**

   **3.  The transmission of the material was initiated by or at the direction of a person other than Cloudflare;**

   **4.  the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by Cloudflare;**

   **5.  Cloudflare does not select the recipients of the material except as an automatic response to the request of another person;**

   **6.  no copy of the material made by Cloudflare in the course of such intermediate or transient storage is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such**

FENWICK & WEST LLP
ATTORNEYS AT LAW

anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of connections; and

7.    the material is transmitted through the system or network without modification of its content.

17 U.S.C. § 512(a), (k)(1)(A); Ninth Circuit Model Jury Instructions, Comment to 17.28 (citing *Ellison v. Robertson*, 357 F.3d 1072, 1081 (9th Cir. 2004)).

B.    To qualify for a limitation on remedies under 17 U.S.C. 512(b), Cloudflare must show:

1.    Cloudflare either

a)    offers the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received; or

b)    is a provider of online services or network access, or the operator of facilities therefor;

2.    Cloudflare engages in the intermediate and temporary storage of material on a system or network controlled or operated by or for Cloudflare in a case in which—

a)    the material is made available online by a person other than Cloudflare;

b)    the material is transmitted from that person through the system or network to a person other than that person at the direction of that person; and

c)    the storage is carried out through an automatic technical process for the purpose of making the material

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   available to users of the system or network who, after the

2   material is transmitted as described, request access to the

3   material from that person, if the conditions set forth below

4   are met;

5   **3.**     the material is transmitted to the subsequent users without

6   modification to its content from the manner in which the material

7   was transmitted from the that person;

8   **4.**     Cloudflare complies with rules concerning the refreshing,

9   reloading, or other updating of the material when specified by the

10  person making the material available online in accordance with a

11  generally accepted industry standard data communications

12  protocol for the system or network through which that person

13  makes the material available, except that this subparagraph

14  applies only if those rules are not used by that person to prevent or

15  unreasonably impair the intermediate storage to which this

16  provision applies;

17  **5.**     Cloudflare does not interfere with the ability of technology

18  associated with the material to return to that person the

19  information that would have been available to that person if the

20  material had been obtained by the subsequent users directly from

21  that person, except that this provision applies only if that

22  technology—

23       **a)**     does not significantly interfere with the performance

24       of Cloudflare's system or network or with the intermediate

25       storage of the material;

26       **b)**     is consistent with generally accepted industry standard

27       communications protocols; and

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    c)    **does not extract information from Cloudflare's system**
2    **or network other than the information that would have been**
3    **available to that person if the subsequent users had gained**
4    **access to the material directly from that person;**
5    **6.    If that person has in effect a condition that another person**
6    **must meet prior to having access to the material, such as a**
7    **condition based on payment of a fee or provision of a password or**
8    **other information, the service provider permits access to the**
9    **stored material in significant part only to users of its system or**
10   **network that have met those conditions and only in accordance**
11   **with those conditions; and**
12   **7.    If that person makes that material available online without**
13   **the authorization of the copyright owner of the material, the**
14   **service provider responds expeditiously to remove, or disable**
15   **access to, the material that is claimed to be infringing upon**
16   **notification of claimed infringement as described in section**
17   **512(c)(3), except that this subparagraph applies only if—**
18   a)    **the material has previously been removed from the**
19   **originating site or access to it has been disabled, or a court**
20   **has ordered that the material be removed from the**
21   **originating site or that access to the material on the**
22   **originating site be disabled; and**
23   b)    **the party giving the notification includes in the**
24   **notification a statement confirming that the material has**
25   **been removed from the originating site or access to it has**
26   **been disabled or that a court has ordered that the material**
27   **be removed from the originating site or that access to the**
28   **material on the originating site be disabled.**

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    17 U.S.C. § 512(b), (k)(1)(A)-(B).

2    C.    To qualify for a limitation of remedies under 17 U.S.C. § 512(a) or (b),

3    Cloudflare must also show:

4          **1.    Cloudflare has adopted and reasonably implemented, and**

5          **informs subscribers and account holders of the service provider's**

6          **system or network of, a policy that provides for the termination in**

7          **appropriate circumstances of subscribers and account holders of**

8          **the service provider's system or network who are repeat**

9          **infringers; and**

10         **2.    it accommodates and does not interfere with standard**

11         **technical measures.**

12               **a)    "Standard technical measures" means technical**

13               **measures that are used by copyright owners to identify or**

14               **protect copyrighted works and—**

15                     **(1)    have been developed pursuant to a broad**

16                     **consensus of copyright owners and service providers**

17                     **in an open, fair, voluntary, multi-industry standards**

18                     **process; and**

19                     **(2)    are available to any person on reasonable and**

20                     **nondiscriminatory terms; and**

21                     **(3)    do not impose substantial costs on service**

22                     **providers or substantial burdens on their systems or**

23                     **networks.**

24   17 U.S.C. § 512(a), (b), (i)

25   D.    **Whether Cloudflare qualifies for the limitation on liability under**

26   **either subsection (a) or (b) shall be based solely on the criteria in that**

27   **subsection, and shall not affect a determination of whether Cloudflare**

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

provider qualifies for the limitations on liability under the other
subsection.

17 U.S.C. § 512(n).

E.    **None of the qualifications or conditions for the limitation of
remedies described above shall require Cloudflare:**

1.    **to monitor its service or affirmatively seek facts indicating
infringing activity, except to the extent consistent with a standard
technical measure complying with the provisions described above;
or**

2.    **to gain access to, remove, or disable access to material in
cases in which such conduct is prohibited by law.**

17 U.S.C. § 512(m).

F.    **If Cloudflare fails to qualify for the limitation of remedies
described above, that shall not bear adversely upon consideration of
Cloudflare's defense that its conduct is not infringing or any other
defense.**

17 U.S.C. § 512(*l*).

G.    To show unclean hands of ALS by its copyright misuse, **Cloudflare
must show that ALS has attempted to leverage its copyright monopoly to
control an area outside the scope of its monopoly.**

*Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir. 2011) (quoting
*Napster,* 239 F.3d at 1026); *Practice Management Information Corp. v.
American Medical Association*, 121 F.3d 516, 520 (9th Cir. 1997), *amended
by* 133 F.3d 1140 (9th Cir. 1998).

H.    To show that ALS failed to mitigate its damages, Cloudflare must
show:

1.    **ALS failed to use reasonable efforts to mitigate damages;
and**

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

**2.      To the extent ALS sought actual damages, the amount by which damages would have been mitigated.**

Ninth Circuit Model Jury Instruction 5.3 (adapted to statutory damages context); *Malibu Media, LLC v. Peterson,* No. 16-CV-786 JLS (NLS), 2017 WL 1550091, at *6  (S.D. Cal. May 1, 2017); *BMG Rights Management (US) LLC v. Cox Communc'ns, Inc.,* 149 F. Supp.3d 634, 676-77 (E.D. Va. 2015), *aff'd in part and rev'd in part on other grounds,* No. 16-1972 (4th Cir. Feb. 1, 2018); *Malibu Media, LLC v. Julien,* No. 1:14-cv-1544, 2015 WL 4603065, at *5 (E.D. Va. July 28, 2015).

I.      To the extent the Court believes that questions of fair use, copyright exhaustion, implied license, and acquiescence are Cloudflare's affirmative defenses, as opposed to defects in ALS's proof of direct infringement, Cloudflare will rely upon the elements of those defenses that it presented in connection with the elements of ALS's claims above.

V.   Evidence pertaining to Cloudflare's defenses

A.      Cloudflare is a service provider within the meaning of section 512(k)(1)(A) - (B) of the Copyright Act.[32]

B.      Cloudflare meets all the qualifications and conditions of section 512(a) of the Copyright Act.[33]

C.      Cloudflare meets all the qualifications and conditions of section 512(b) of the Copyright Act.[34]

---

[32] Testimony of Merritt, Guinn, and Sullivan.

[33] Testimony of Merritt, Guinn, and Sullivan will establish every one of these detailed elements.

[34] Testimony of Merritt, Guinn, and Sullivan will establish every one of these detailed elements; testimony of Paine will join the testimony of the others on the conditions and practices of expeditious removal, or disabling of access, to material upon valid notifications of claimed infringement pursuant to section 512(b)(2)(E)(i)-(ii).

D.    Cloudflare meets the conditions of section 512(i) of the Copyright Act.[35]

E.    ALS has engaged in copyright misuse by attempting to leverage its statutory monopoly to control Cloudflare's technology and operations outside the scope of ALS's monopoly.[36]

F.    ALS has engaged in copyright misuse by attempting to leverage its statutory monopoly to control technology and operations of Cloudflare's customers outside the scope of ALS's monopoly.[37]

G.    ALS failed to use reasonable measures to mitigate its damages.[38]

H.    ALS would have suffered no damage attributable to Cloudflare had it used reasonable measures to mitigate its damages.[39]

VI.    Identification of anticipated evidentiary issues, with Cloudflare's position: Cloudflare anticipates that ALS will try to introduce evidence as follows:

A.    Testimony on scientific, technical, industry, or other specialized matters from unqualified and undisclosed "experts," specifically including Eric Penn, Steve Easton, Sarah Walsh, Jay Spillane, or others on whose communications any of ALS's witnesses rely. (This includes evidence regarding Cloudflare's technical operations and about "standard technical measures.") Cloudflare will object to the testimony based on FRCP 26 and 37 and FRE 602, 701, 702. Cloudflare will also object to testimony of ALS expert witnesses Sharam Ghandeharizadeh and Barbara Luna on topics and

---

[35] Testimony of Merritt, Guinn, Sullivan.

[36] Testimony of Walsh, Penn, Easton, Ghandeharizadeh, Luna, Paine.

[37] *Id.*

[38] Testimony of Walsh, Penn, Easton, Paine; communications between ALS and Cloudflare.

[39] *Id.*

FENWICK & WEST LLP
ATTORNEYS AT LAW

opinions that ALS did not timely disclose.  FRCP 37, FRE 702. In addition, Cloudflare will object to certain testimony of Dr. Luna under *Daubert*.

B.      Evidence regarding Cloudflare's service, or termination of service, to neo-Nazis.  Cloudflare will object on the ground of relevance and prejudice under FRE 402, 403.

C.      Evidence regarding non-copyright claims or disputes against Cloudflare and regarding disputes as to which Cloudflare was not a named party.  Cloudflare will object under FRE 402-404.

D.      Evidence and argument from lay witnesses filled with improper legal conclusions and prejudicial terms, such as "pirate sites," "fraud," "theft," steal," and "notice of infringement" (as opposed to the statutory "notification of claimed infringement").  Cloudflare will object under FRE 402, 403, 703.

E.      Evidence regarding works other than works with registered copyrights that ALS has identified in its charts.  Cloudflare will object under FRE 402, 403; FRCP 37.

F.      Evidence regarding safe harbor conditions for purposes relating to substantive liability, contrary to 17 U.S.C. § 512(*l*). Cloudflare will object under FRE 402, 403.

G.      Evidence regarding communications of claims of copyright infringement that did not meet the requirements of section 512(b)(2)(E) for notifications of claimed infringement, especially for the purpose of alleging knowledge of infringements by Cloudflare. Cloudflare will object under FRE 402, 403 and under 17 U.S.C. § 512(c)(3)(B)(i).

H.      Evidence regarding burdens that copyright claimants, including ALS, suffer from needing to comply with the requirements for notifications of claimed infringement under 17 U.S.C. § 512.  Cloudflare will object under FRE 402, 403.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

I.     Evidence regarding monetary losses that ALS claims to have suffered for which Cloudflare is responsible.  Cloudflare will object under FRE 402, 403.

VII.  Identification of any germane issues of law, with Cloudflare's position

A.     The correct standard for contributory infringement:

1.     Cloudflare contends that *Grokster* defines the standard and that Justice Ginsburg's concurrence succinctly articulates it.

2.     If the Court rejects the view that *Grokster* defines the standard, Cloudflare contends in the alternative that *Amazon.com* and *Giganews* state the correct standard in the Ninth Circuit for contributory infringement claims on a "material contribution" theory against computer system operators.

3.     Cloudflare contends that constructive knowledge, or "reason to know," is not a valid element of contributory infringement after *Grokster, Amazon.com,* and *Giganews*: *Grokster* required actual intent, as expressed by clear expression or other affirmative steps to foster infringement; *Amazon.com* and *Giganews* (like *Napster* before *Grokster)* require *actual* knowledge of *specific* infringements (italics in originals of *Napster*, *Amazon.com*, and *Giganews*).

4.     Cloudflare contends that "simple measures" under *Amazon.com* must be simple measures to target *specific* infringements.

5.     Cloudflare contends that *Akanoc* is not good law because it departs from the Ninth Circuit's standards in *Amazon.com* and *Visa,* including wrongly adopting the standard Judge Kozinski proposed in his dissent in *Visa* and which the majority rejected.

6.     Cloudflare contends that contributory infringement requires proof of a contribution to a *direct* infringement.

7.     Cloudflare contends that proof of a contribution to direct infringement requires proof of direct infringement; the plaintiff in a secondary liability case has the burden to dispel possible defenses by alleged direct infringers who are not defendants in this case.

B.     The correct standards for direct infringement:

1.     Cloudflare contends that only those who volitionally cause violations of a copyright owner's rights under 17 U.S.C. § 106 are direct infringers.

2.     Cloudflare contends that violation of the copyright owner's rights under 17 U.S.C. § 106(3) require distribution of *copies* of a copyrighted work to the public *by sale or other transfer of ownership, or by rental, lease, or lending*, and that 17 U.S.C. § 101 defines *copies* within the meaning of section 106(3).

3.     Cloudflare contends that the exhaustion of the section 106(3) and section 106(5) rights under 17 U.S.C. § 109 turns on the same definition of "copies" under section 101 that applies to both sections 106 and 109.  "Copies" therefore means "material objects" such as books, discs, and tapes in all those instances.

VIII.  Jury trial: a jury may decide all issues except for the merits of an injunction and an award of attorney's fees.  The parties have demanded a jury.

IX.   Attorney's fees:

A.     Plaintiff's fees:  ALS may seek reasonable attorneys' fees, subject to the normal standards and proof, if it prevails, *only* with respect to copyrights that it registered before the first infringement. 17 U.S.C. § 412, 505.

B.     Cloudflare's fees:  Cloudflare may seek reasonable attorney's fees, subject to the normal standards and proof, if it prevails. 17 U.S.C. § 505.

X.    Abandonment of Issues.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    A.    Plaintiff has abandoned a claim for contributory infringement based on

2    inducement of infringement as the Supreme Court described the cause of

3    action in *Grokster*.

4

5    Dated:  March 22, 2018                    Respectfully submitted,

6                                                              FENWICK & WEST LLP

7

8                                                              By: s/ Andrew P. Bridges

9                                                                    Andrew P. Bridges

10

11                                                             Attorneys for Defendant
                                                                  CLOUDFLARE, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28