ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
CRYSTAL NWANERI (CSB No. 318955)
cnwaneri@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
CLOUDFLARE, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALS SCAN, INC., | Case No.: 2:16-cv-05051-GW-AFM |
| Plaintiff, | **REPLY BRIEF IN SUPPORT OF DEFENDANT CLOUDFLARE, INC.'S MOTION FOR CLARIFICATION OF MARCH 13, 2018 ORDER, AMENDMENT TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL, AND STAY OF PROCEEDINGS PENDING APPEAL** |
| v. | |
| CLOUDFLARE, INC., et al., | |
| Defendants. | |
| | Date:        April 12, 2018 |
| | Time:        8:30 AM |
| | Judge:       Hon. George H. Wu |
| | Trial Date:  April 24, 2018 |

# TABLE OF CONTENTS

**Page**

I.  ALS'S OPPOSITION FURTHER DEMONSTRATES WHY CERTIFICATION OF INTERLOCUTORY APPEAL IS PROPER. ................................................................... 1

    A.  ALS Concedes Unclarity Regarding the *Amazon.com-Giganews* Standard. .............................................................. 2

    B.  ALS's Position on Constructive Knowledge Underscores the Need for Clarification. ....................................................... 4

    C.  ALS Fails to Address the Important Question of "Substantial Assistance." ................................................................ 5

    D.  ALS Fails to Address the Question of Whether Termination of a Business Relationship is Necessary as a Simple Measure. .......... 6

II.  INTERLOCUTORY APPEAL MAY MATERIALLY ADVANCE ULTIMATE TERMINATION OF THE LITIGATION. ................................. 7

CONCLUSION ................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A & M Records, Inc., v. Napster*,
  239 F.3d 1004 (9th Cir. 2002) ........................................................... 4

*BMG Rights Mgmt. (US) v. Cox Communc'ns, Inc.*,
  881 F.3d 293 (4th Cir. 2018) ...................................................... 4, 5, 7

*Ellison v. Robertson*,
  357 F.3d 1072 (9th Cir. 2004) ........................................................ 1, 4

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
  658 F.3d 936 (9th Cir. 2011) .................................................. 1, 2, 5, 6

*Luvdarts, LLC v. AT&T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) ............................................................. 1

*Metro-Goldwyn-Mayer Studios, Inc., v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ....................................................................... 3, 4

*Perfect 10, Inc., v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) ................................................... *passim*

*Perfect 10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 ............................................................................. 1, 3, 4

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007) .................................................... 3, 5, 6

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
  464 U.S. 417 (1984) ....................................................................... 6, 7

*U.S. v. Gay*,
  967 F.2d 322 (9th Cir. 1992) ............................................................. 4

*VHT, Inc. v. Zillow Grp.*,
  No. 15-cv-1096-JLR, 2017 WL 2654583 (W.D. Wash. June 20,
  2017) .............................................................................................. 4

FENWICK & WEST LLP
ATTORNEYS AT LAW

## I.     ALS'S OPPOSITION FURTHER DEMONSTRATES WHY CERTIFICATION OF INTERLOCUTORY APPEAL IS PROPER.

ALS's opposition states the following:  "Cloudflare teases out differences in wor[d]ing among various Ninth Circuit cases on standards for contribution to infringement, none involving sharp disagreements, and asks that trial be halted while the parties seek what amounts to an appellate conference on only one potentially disputed jury instruction, on the standards for contributory infringement." (Dkt 452 at 1.)  ALS is wrong on every front.  Disagreement among the rival standards is indeed very sharp.  If ALS denies that, perhaps it will now consent to Cloudflare's jury instructions that accurately state the law from the *Amazon.com-Giganews* line of cases rather than the *Fonovisa-Louis Vuitton* line of cases.

Nor can one jury instruction contain all the differences. The disagreements concern four different controlling points:

1.     whether the *Amazon.com-Giganews* standard is mandatory in cases on a "material contribution" theory against computer service operators, or whether alternatives with different meanings coexist under the *Fonovisa-Louis Vuitton* line of cases;

2.     whether *actual* knowledge of *specific* infringements is an element of contributory infringement, as under *Perfect 10, Inc., v. Amazon.com, Inc.,* 508 F.3d 1146 (9th Cir. 2007); *Luvdarts, LLC v. AT&T Mobility, LLC,* 710 F.3d 1068 (9th Cir. 2013); and *Perfect 10, Inc. v. Giganews, Inc.,* 847 F.3d 657 (9th Cir. 2017), or whether "constructive" (i.e., *not actual*) knowledge is a substitute under *Ellison v. Robertson,* 357 F.3d 1072 (9th Cir. 2004);

3.     whether "substantial assistance" is merely a threshold issue, as in *Amazon.com,* or instead the entire inquiry under *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 658 F.3d 936 (9th Cir. 2011) (and whether, if that is the standard, it requires proof that the defendant

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   is an "essential step in the infringement process," which ALS regularly

2   fails to discuss in connection with *Louis Vuitton*); and

3   4.   whether termination of an entire business relationship is mandatory as

4   a "simple measure" within the meaning of *Amazon.com*.

5   ALS's thin opposition fails candidly to acknowledge or explore these points.

6   Instead it cherry picks inapposite portions of different cases to gloss over their

7   substance and points to distracting irrelevancies.   A clear-eyed view of this Court's

8   discussions of Ninth Circuit precedents shows that interlocutory review would

9   bring clarity to numerous points that this Court has described as unclear, uncertain,

10   or evolving or as to which this Court has otherwise exposed unclarity in the law.

11   **A.   ALS Concedes Unclarity Regarding the *Amazon.com-Giganews***

12   **Standard.**

13   To begin with, ALS acknowledges inconsistency among Ninth Circuit

14   standards for contributory infringement.   Its own earlier briefing on summary

15   judgment stressed the inconsistency:

16   The degree to which a copyright plaintiff must show failure to

17   take "simple measures" to prove contributory infringement *is not*

18   *clear. Some cases say this. However, some do not. See Louis*

19   *Vuitton, supra*, 658 F.3d at 933-34. This phrase has not made its

20   way into the pattern instruction. 9th Cir. Manual of Model Civil

21   Jury Instr. No. 17.21.

22   ALS Opposition to Cloudflare Motion for Summary Judgment (Dkt. 370) at 22

23   (emphasis added).

24   As Cloudflare pointed out in its opening brief, *this Court* has stated "it is

25   unclear that [the three requirements of *Amazon.com-Giganews*] are *required* to find

26   contributory infringement on a material contribution theory in the internet age."

27   (Opening brief at 5, citing Order at 12 emphasis in original).   The official Comment

28   to the Ninth Circuit Model Jury Instruction applies the *Amazon.com-Giganews*

1    standard *precisely* to computer system operators and adapted the contributory

2    infringement standard *to the internet age.*  Yet ALS keeps harking back to *Fonovisa*

3    and that case's reliance on *Gershwin* for the traditional formulation that it promotes.

4    *Fonovisa* and *Gershwin* were pre-Internet age, brick-and-mortar cases, exactly the

5    line of cases that the Ninth Circuit discouraged reliance on in *Visa.*

6         ALS claims that there are "no sharp disagreements regarding the standards

7    for contributory infringement."  But ALS vigorously resists using the *Amazon.com-*

8    *Giganews* standards, while promoting the use of very different standards under

9    *Fonovisa-Louis Vuitton*.  ALS's references to the model jury instruction in its

10   opposition and its own jury instruction proposal fail to acknowledge the important

11   official comment to Ninth Circuit Model Jury Instruction 12.71:  "In the online

12   context, a computer system operator may be liable under a material contribution

13   theory if the operator has actual knowledge of specific infringement, can take

14   simple measures to prevent further infringement, and yet fails to do so. *See Perfect*

15   *10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 671 (9th Cir. 2017)."  That comment calls

16   for a different jury instruction from the default when the case involves computer

17   system operators like Cloudflare.

18        *Amazon.com* reshaped the standard of contributory infringement for

19   computer system operators after the Supreme Court's decision in *Metro-Goldwyn-*

20   *Mayer Studios, Inc., v. Grokster, Ltd.,* 545 U.S. 913 (2005); most recently the Ninth

21   Circuit in *Giganews* ratified the *Amazon.com* standard.  The Ninth Circuit in

22   *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,* 494 F.3d 788, 798 n.9 (9th Cir. 2007),

23   counseled courts to follow newer online cases and Supreme Court precedents,

24   unmistakably pointing to the Ninth Circuit's decision in *Amazon.com* and the

25   Supreme Court's decision *Grokster* as the new landmarks.  Thus the Ninth Circuit

26   has moved away from the *Fonovisa* flea market approach that had relied on the

27   Second Circuit's concert promoter decision in *Gershwin*.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    The Western District of Washington accurately perceived the incompatibility

2    between the *Fonovisa-Louis Vuitton* standards and the *Amazon.com-Giganews*

3    standards, and it rejected the *Fonovisa-Louis Vuitton* standard.  *See VHT, Inc. v.*

4    *Zillow Grp.,* No. 15-cv-1096-JLR, 2017 WL 2654583, at *16 (W.D. Wash. June 20,

5    2017).  That court was right to do so, given the rule of primacy of a panel's opinion

6    until an en banc ruling or an intervening Supreme Court decision changes the

7    landscape.  *See U.S. v. Gay,* 967 F.2d 322, 327 (9th Cir. 1992).  If this Court does

8    not believe that the correct standards are under *Amazon.com-Giganews* rather than

9    under *Fonovisa-Louis Vuitton*, then it would benefit from clarification by the Ninth

10   Circuit before trial.

### B.    ALS's Position on Constructive Knowledge Underscores the Need for Clarification.

13   ALS contests Cloudflare's view of the knowledge requirement for

14   contributory infringement under a "material contribution" theory.  More "sharp

15   disagreement" is thus evident, not just between the parties but also between rival

16   legal traditions.  ALS ignores that three major decisions of the Ninth Circuit have

17   stressed the need for *actual* knowledge of *specific* infringements by *italicizing* the

18   key words for *emphasis*.  *See Giganews,* 847 F.3d at 671; *Amazon.com,* 508 F.3d at

19   1172; *A & M Records, Inc., v. Napster,* 239 F.3d 1004, 1022 (9th Cir. 2002).  ALS

20   blindly argues that the court has not clearly required "actual" knowledge by finding

21   one instance where a court's ruling did not reach the knowledge question.

22   This point is important because *ALS strives to avoid an actual knowledge*

23   *standard.*  And note how hard ALS fights the issue.  There is indeed a substantial

24   difference of opinion, with ALS clinging to the pre-*Grokster* decision[1] in *Ellison,*

---

[1] In reviewing Ninth Circuit jurisprudence, the Fourth Circuit noted how, after *Grokster*, the Ninth Circuit clarified its law to require *actual* knowledge, citing *Luvdarts* (ironically the one major Ninth Circuit decision that did not italicize *actual* knowledge).  *See BMG Rights Mgmt. (US) v. Cox Commc'ns, Inc.,* 881 F.3d 293, 310 (4th Cir. 2018).

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  betraying that the issue is controlling.  And the failure to obtain clarification of the
2  knowledge standard before instructing the jury can lead to tremendous consumption
3  of judicial and party resources, as the parties and district court have seen in the
4  Fourth Circuit's reversal and remand after a lengthy jury trial in *BMG Right*
5  *Management (US) LLC v. Cox Communications Inc.,* 881 F. 3d 293 (4th Cir. 2018)
6  (remanding for new trial because of the trial court's use of a "should have known"
7  standard).

8      **C.**    **ALS Fails to Address the Important Question of "Substantial**
9          **Assistance."**

10      ALS's opposition entirely dodges the important question of whether
11  "substantial assistance" is a threshold question, as in *Amazon.com*, or is the entire
12  inquiry, as it argues with respect to *Louis Vuitton.*  This is hugely important.  In
13  *Amazon.com*, the Ninth Circuit ruled that Google had engaged in substantial
14  assistance, but it treated that as the beginning of the inquiry, which then sets up an
15  evaluation of whether there are actual knowledge of specific infringements and a
16  failure to take simple measures to prevent further damage to copyrighted works.
17  *See Amazon.com,* 508 F.3d at 1172.  In *Louis Vuitton*, the Ninth Circuit stopped
18  with the conclusion that the key defendant had provided "substantial assistance" by
19  being an "essential step in the process of infringement."  658 F.3d at 944.  Notably
20  ALS does not appear to invest here in an "essential step" argument, which would
21  flow from the holding in *Louis Vuitton*, because Cloudflare is emphatically *not* an
22  essential step in the infringing activities of its customers (which ALS primarily
23  charges with "distribution" and "public display" of its works).

24      Again, the contrast between *Amazon.com* and *Louis Vuitton* on this point is
25  fundamental, as the Western District of Washington observed.  Moreover, as
26  Cloudflare has previously pointed out, *Louis Vuitton* adopted a standard that the
27  Ninth Circuit had rejected in *Visa.*  *Compare Louis Vuitton,* 658 F.3d at 944
28  (quoting Judge Kozinski's dissent in *Visa* proposing an "essential step" standard,

494 F.3d at 812), *with Visa,* 494 F.3d at 797 n.6 and 800 n.11 (rejecting Judge Kozinski's "essential step" proposal).  The controlling nature of this point also is evident in the vigor with which ALS resists Cloudflare's jury instructions.  If the Court is inclined to consider an instruction resting on *Louis Vuitton*, it would profit from immediate guidance from the Ninth Circuit.

**D.     ALS Fails to Address the Question of Whether Termination of a Business Relationship is Necessary as a Simple Measure.**

ALS did not address this issue at all.  Normally that would obviate the point of a reply, but Cloudflare believes the Court's recent opinion regarding Steadfast has highlighted a profound conflict between a potential rule that a service provider must terminate all service to a customer as a "simple measure" and important principles that the Supreme Court discussed in *Sony*.  In that decision, which addressed whether a copyright holder could thwart a technology with mixed infringing and noninfringing uses, the Court was concerned about foreclosing lawful uses through a blanket ban on technology.  It referred to specifically to regulation of *products or activities that make . . . duplication possible.  Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 442 (1984).  It applied the "staple article of commerce" doctrine from patent law to strike a balance between a copyright holder's legitimate demand for effective copyright protection and the rights of others freely to engage in substantially unrelated areas of commerce.  To strike that balance, the Court ruled there that "the sale of copying equipment . . . does not constitute contributory infringement if the product is widely used for legitimate, unobjectionable purposes. Indeed, it need merely be capable of substantial noninfringing uses." *Id.*  While the Court's conclusion specifically referred to "equipment," the reference to "products or activities that make . . .

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  duplication possible" shows that the principle applies to services as well as

2  products.  *Id.*

3       Here, termination of all service to a customer engaging in (or even merely

4  capable of) substantial noninfringing uses would violate the balance that the Court

5  established.  If termination of a customer—not as part of implementation of a

6  voluntary repeat infringer termination policy to meet a safe-harbor condition but as

7  a requirement to avoid contributory infringement liability—is necessary, profound

8  questions of overenforcement arise, particularly where, as here, the customers are

9  all service providers to others and have a wide range of materials other than those

10  that allegedly infringe upon ALS's copyrights.  Moreover, the "simple measures"

11  standard incorporates the requirement of *actual* knowledge of *specific*

12  infringements, suggesting that simple measures must target *specific* activities.

13  **II.  INTERLOCUTORY APPEAL MAY MATERIALLY ADVANCE**

14         **ULTIMATE TERMINATION OF THE LITIGATION.**

15       The key word in the standard is "ultimate."  ALS no doubt wants to race to

16  trial with a host of dangerous and flawed jury instructions, but it provides no

17  reasoned basis for doing so.  The experience of the district court in *BMG* is

18  instructive.  Again, on just one of the issues present here—actual or constructive

19  knowledge—the Fourth Circuit vacated the judgment and remanded the case for a

20  new trial.  *See BMG,* 881 F.3d at 310-11.  ALS refers to, without identifying,

21  "numerous other disputed proposed jury instructions."  Cloudflare has identified a

22  focused cluster of *controlling* issues that are both controversial and ripe for

23  appellate review after the Court's rulings on the parties' cross-motions for summary

24  judgment.  Interlocutory appeal (and perhaps cross-appeals by both parties) of the

25  decisions on the motions, which occurred on a rich and well–developed record, may

26  either end the case without the need for a trial or provide comprehensive and sure-

27  footed guidance to the Court that rests upon the actual facts and evidence in this

28  case.  In these circumstances, immediate appeal will benefit the parties.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

## CONCLUSION

For the reasons stated above, Cloudflare asks the Court to grant its motion to clarify its March 13 order,[2] to amend that order to certify interlocutory appeal, and to stay proceedings pending the receipt of guidance from the Ninth Circuit.

Dated:  April 9, 2018                         Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Andrew P. Bridges*
     Andrew P. Bridges

Attorneys for Defendant
CLOUDFLARE, INC.

---

[2] Because ALS did not address Cloudflare's motion for clarification, Cloudflare need not add more to its argument.