Jay M. Spillane (Bar No. 126364)
jspillane@spillaneplc.com
SPILLANE LAW GROUP PLC
468 N. Camden Drive
Second Floor
Beverly Hills, CA 90210
(424) 217-5980
(888) 590-1683 (fax)

Kevin D. Neal (Az. Bar No. 011640)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
(602) 530-8000
(602) 530-8500 (fax)
kevin.neal@gknet.com

Attorneys for Plaintiff ALS Scan, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALS SCAN, INC., a Maryland corporation,<br><br>              Plaintiff,<br><br>   vs.<br><br>CLOUDFLARE, INC., a Delaware corporation, et al.,<br><br>              Defendants. | Case No.: 2:16-cv-05051-GW-AFM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO LATE-FILED MOTIONS *IN LIMINE* BY DEFENDANT CLOUDFLARE, INC. TO EXCLUDE TESTIMONY OF CHRISTOPHER BOFFOLI AND INTERNET EVIDENCE**<br><br>Date: April 23, 2018<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br>         350 W. 1st Street<br>         Los Angeles, CA |

## SUMMARY OF OPPOSITIONS

ALS objects to Cloudflare's MIL 10 (Christoper Boffoli) and 11 (Internet evidence) as untimely filed.

Further, they lack merit.

Mr. Boffoli had recently filed a lawsuit against Cloudflare for coyright infringement.  Mr. Boffoli served Cloudflare, then he and Cloudflare apparently reached a quick settlement.  ALS only learned of Christopher Boffoli and his potential testimony within the last few weeks.  ALS therefore disclosed Mr. Boffoli on its draft witness list.  Cloudflare knew of Mr. Boffoli and his copyright contentions before ALS.  There is no surprise.  His testimony should be not excluded.

Cloudflare is wrong that evidence of what appears live on the Internet is inadmissible law opinion.  Not surprisingly, Cloudflare fails to cite a single authority holding that a jury may not witness what appears on the Internet.  Admission of Internet evidence, like evidence in any other form, is subject to ordinary rules of authentication and relevance.  There is nothing about the nature of the Internet makes it categorically inadmissible.

## ARGUMENT

## I.   CLOUDFLARE'S MOTION *IN LIMINE* TO EXCLUDE CHRISTOPHER BOFFOLI SHOULD BE DENIED.

Christopher Boffoli filed a Complaint for Copyright Infringement against Cloudflare in the Western District of Washington on February 2, 2018.  2:18-cv-00163.  Mr. Boffoli's complaint avers that he provided Cloudflare with notice of infringement of his works on Cloudflare customer sites, both through Cloudflare's web form and also email, yet the infringements were not removed and Cloudflare failed to take steps to either remove the content or terminate services to the customer.  Mr. Boffoli will testify to the lack of efficacy of, and

his frustration with, Cloudflare's web abuse form and Cloudflare's abject refusal to process notices of infringement tendered via email.

Mr. Boffoli says he was contacted by Cloudflare, agreed to a confidential settlement and dismissed the action.

Although Cloudflare knew about Mr. Boffoli and his lawsuit, ALS did not, at least until recently, shortly before the parties were to exchange draft witness lists. ALS put Mr. Boffoli on its witness list exchanged with Cloudflare on March 23, 2018.

Although Cloudflare could have included its quarrel with the testimony of Mr. Boffoli when motions *in limine* were due on April 1, 2018, it did not.

Disclosure of late-discovered information need not take the form of a formal supplement to a prior R.26 disclosure. "The duty to supplement imposed by Fed.R.Civ.P. 26(e)(1) does not require an application of form over substance." *Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (N.D. Ind. 1998). There, testimony from late-discovered witnesses was not excluded because the defendant became aware of the witnesses during a deposition.

Here, Mr. Boffoli came to light after the discovery cutoff. Cloudflare was the first to become aware of Mr. Boffoli, when he filed and served his Complaint. Cloudflare knew of Mr. Boffoli's contentions. His correspondence with Cloudflare was attached to his Complaint. Cloudflare contacted him to negotiate a settlement.

ALS learned about Mr. Boffoli only after Cloudflare was already aware of him and his contentions.

There is no unfairness or prejudice to Cloudflare if his testimony is admitted. To the contrary, there would be unfairness and prejudice to ALS if it could not avail itself of testimony from a witness whose identity was recently discovered by ALS and who was already known to Cloudflare.

## II.   CLOUDFLARE'S MOTION *IN LIMINE* TO EXCLUDE INTERNET EVIDENCE SHOULD BE DENIED.

Cloudflare has known that this case is about images on the Internet from inception.  ALS has been saying throughout the case that Mr. Easton's emails contain live hyperlinks that, when clicked, simultaneously disclose the image infringed and its location on the Cloudflare customer site.

Cloudflare should have anticipated this issue and filed a motion *in limine* when they were due on April 1, 2018.  There is no valid reason why the Court should hear a motion *in limine* not filed until April 19, 2018.

If the Court entertains the motion, it should be denied.

There is nothing magical or mysterious about the Internet such that its contents, as it appears live, should be excluded from evidence.  Evidence of content on the Internet, like any other evidence, should be subject to customary rules of authentication and relevance.

Not surprisingly, Cloudflare fails to cite a single case where any court supported Cloudflare's position.  They cite no case excluding Internet content under FRE 403.  They cite no case excluding Internet content on the grounds that identifying the website in question involves a lay opinion.

The reason Cloudflare is fighting to keep Mr. Easton's emails out of evidence, and the prospect of live Internet evidence, is that Cloudflare does not want the jury to realize: a) Easton's hyperlinks showed Cloudflare which works were infringed and where the infringements were located; and b) even after notice to Cloudflare of infringement, a number of infringing images disclosed in Easton's emails remain live on Cloudflare client sites.  This is highly relevant evidence, which the jury should be entitled to see.

Cloudflare seeks to confuse the issues by suggesting, without basis, that any testimony about what appears on the Internet is somehow "opinion" testimony under FRE 701.  This is nonsense.  Electronic evidence, just like

paper evidence, is subject to ordinary rules of authentication, relevance and similar principles of evidence. *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534 (D. Mar. 2007) (reviewing evidentiary bases for introduction of electronic evidence).

Evidence of Internet content supported by testimony from a lay witness has long been admitted. *See Perfect 10, Inc. v. Cybernet Ventures*, 213 F.Supp.1146, 1153-55 (C.D. Cal. 2002).   There, a declaration attesting that pages printed from the Internet reflected the page as seen at the time, together with other indicia (date and web addresses) on the printouts, was sufficient to authenticate the exhibits. *Id.* at 1154.  Further, printouts of Internet content were not statements for hearsay purposes, and thus could be used to show that certain images were on the website in question. *Id.* at 1155. *See 21st Century Financial Services, LLC v. Manchester Financial Bank*, 3:15-cv-1848-BTM (S.D. Cal. 6/8/17) (reciting cases accepting screen shots of web pages where the lay proponent testifies the exhibit is a true and correct capture of what was observed at the time).

From these cases, live display of Internet content as evidence of what the web pages contains is a short step, conceptually no different than authentication of paper screen captures.

Here, Mr. Easton will testify that when he witnessed infringing ALS content on a Cloudflare customer site, he both identified the image infringed and noted its location on the infringing site by including a live hyperlink for each infringed exhibit in his notifications.  Cloudflare's motion is an indirect attempt to prevent the jury from realizing that the Easton emails provided full actual knowledge of infringement of ALS works.  Plus, some of the infringing images in the Easton notices remain live on the Internet.  If Mr. Easton or another witness hovers the mouse over a live hyperlink and clicks, that witness should be permitted to testify to the result displayed in a browser.  The

1   phenomenon that a hyperlink, when clicked, causes a web page to appear in a
2   browser is within the ken of a lay witness and the jury.  No "opinion" testimony
3   is required.

4          If the jury sees that an ALS image listed in an Easton notice remains live
5   on a Cloudflare client site, this will not cause the out-of-control "Wild West"
6   scene over which Cloudflare wrings its hands in MIL 11.

7          Cloudflare apparently has a technical quarrel with whether use of the
8   term "resolve" accurately describes what happens when a witness clicks on a
9   hyperlink and sees the result in a browser.  Whether a witness says that clicking
10  on a hyperlink causes the browser on a computer to "resolve" to a webpage, or
11  that the webpage "appears" as a result of clicking on the browser, or words to
12  similar effect, seems like an inconsequential quarrel over word choice, nothing
13  approaching testimony that should be excluded as unfairly prejudicial or
14  constituting lay opinion.

15

16  DATED:  April 22, 2018                    SPILLANE LAW GROUP PLC
17                                            GALLAGHER & KENNEDY, P.A.

18

19

20  By: _____
21                Jay M. Spillane
22       Attorneys for Plaintiff ALS Scan, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this action.  My business address is: 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210-4507.  A true and correct copy of the foregoing document entitled (*specify*):
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO LATE-FILED MOTIONS *IN LIMINE* BY DEFENDANT CLOUDFLARE, INC. TO EXCLUDE TESTIMONY OF CHRISTOPHER BOFFOLI AND INTERNET EVIDENCE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 22, 2018, I checked the CM/ECF docket for this action and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Gary L. Bostwick– gbostwick@B1Law.com
Kevin S. Toll – kevin@silversteinlegal.com
Lawrence G. Walters – larry@firstamendment.com
Corey D. Silverstein – corey@silversteinlegal.com
Rachel Kassabian – rachelkassabian@quinnemanuel.com
Carolyn M. Homer – carolynhomer@quinnemanuel.com
Mark Thomas Gray    markgray@quinnemanuel.com
Armen Nercessian    anercessian@fenwick.com
Jedediah Wakefield    jwakefield@fenwick.com
Sapna S Mehta    smehta@fenwick.com

Colin TJ O'Brien – tm@partridgepartnerspc.com
John L. Ambrogi – jla@partridgepartnerspc.com
Daniel L Rogna    daniel@partridgepartnerspc.com
Paul Supnick – paul@supnick.com
Raymond Katrinak – pkatrinak@kernanlaw.net
Ryan Carreon – rcarreon@kernanlaw.net
Stephen M Kernan – kernanlaw@gmail.com
John P Flynn    john.flynn@gknet.com
Kevin D Neal    kevin.neal@gknet.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) April 22, 2018, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling Local Rule, on (*date*) April 22, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served by Overnight Mail or Attorney Service***
Hon. George H. Wu
U.S. District Court
350 W. 1st Street
Courtroom 9D
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/22/2018 | Jessie Gietl | *Jessie Gietl* |
|---|---|---|
| Date | Printed Name | Signature |