Appeal: 16-1972    Doc: 22-4    Filed: 11/07/2016    Pg: 400 of 603    Total Pages:(2177 of 2978)
Case 2:16-cv-05051-GW-AFM   Document 498   Filed 04/24/18   Page 1 of 7   Page ID #:14535
Case 1:14-cv-01611-LO-JFA   Document 751   Filed 12/16/15   Page 29 of 165 PageID# 21378

2145

1           Cox sought information regarding historical versions
2  of the Rightscorp source code that were in place between
3  February of 2012 and November of 2014.  Those versions of
4  Rightscorp's source code were not saved by Rightscorp.
5  Rightscorp was required to save those earlier versions because
6  it believed that litigation was likely, and the operation and
7  the accuracy of Rightscorp's system is material evidence.  You
8  may, but are not required to, consider the absence of earlier
9  versions of that code in considering the issue of infringement.
10          BMG sought Cox records identifying the Cox
11 subscribers who had been assigned the IP addresses identified
12 by Rightscorp.  Cox did not save that information after this
13 lawsuit was filed in November of 2014.  You may, but are not
14 required to, consider Cox's failure to preserve this material
15 evidence that would have allowed the parties to identify Cox
16 customers who were assigned specific IP addresses.
17          I am sending the exhibits that you have received in
18 evidence during the trial to you after you retire for
19 deliberations.  And there also will be an index of how those
20 exhibits were sponsored by different witnesses, or were
21 self-authenticating, to assist you in going through the
22 evidence itself.
23          A copyright is the exclusive right to copy.  The
24 owner of the copyright has the exclusive right to reproduce the
25 copyrighted work, prepare derivative works based upon the

Appeal: 16-1972    Doc: 22-4    Filed: 11/07/2016    Pg: 401 of 603    Total Pages:(2178 of 2978)
Case 2:16-cv-05051-GW-AFM   Document 498   Filed 04/24/18   Page 2 of 7   Page ID #:14536
Case 1:14-cv-01611-LO-JFA   Document 751   Filed 12/16/15   Page 30 of 165 PageID# 21379

2146

1  copyrighted work, distribute copies or phonorecords of the
2  copyrighted work to the public by sale or other transfer of
3  ownership, or by rental, lease, or lending.
4       It has the right to perform publicly a copyrighted
5  literary work, musical work, dramatic work, choreographic work,
6  pantomime work, or motion picture; display publicly a
7  copyrighted literary work, music work, dramatic work,
8  choreographic work, pantomime work, pictorial work, graphic
9  work, sculptural work, or the individual images of a motion
10 picture.
11      The term "owner" includes the author of the work, an
12 assignee, an exclusive licensee.  This case involves one kind
13 of authorship, namely musical compositions, which include music
14 and lyrics.
15      In this case BMG contends that Cox is contributorily
16 and vicariously liable for the infringement of 1,397 BMG
17 copyrighted musical works by users of Cox's Internet service.
18      BMG has already established that it is the owner of
19 the 1,397 musical composition works at issue in this case.  And
20 BMG has also established that the copyright in each of these
21 works is valid.
22      In order to prove contributory or vicarious copyright
23 infringement, BMG first must establish by a preponderance of
24 the evidence that users of Cox's Internet service used that
25 service to infringe BMG's copyrighted works.  BMG is not

Appeal: 16-1972    Doc: 22-4    Filed: 11/07/2016    Pg: 402 of 603
Case 2:16-cv-05051-GW-AFM   Document 498   Filed 04/24/18   Page 3 of 7   Page ID #:14537   Total Pages:(2179 of 2978)
Case 1:14-cv-01611-LO-JFA   Document 751   Filed 12/16/15   Page 31 of 165 PageID# 21380

2147

1  required to prove the specific identities of the infringing
2  users.
3          A copyright owner's exclusive right to distribute,
4  reproduce, and copy its copyrighted work is infringed by the
5  downloading or uploading of the copyrighted work without
6  authorization.
7          If you find that users of Cox's Internet service
8  uploaded or downloaded BMG's copyrighted works, then BMG has
9  established that users of Cox's Internet service have infringed
10 BMG's copyrighted works.
11         A copyright may be infringed by contributory
12 infringing.  With certain exceptions, a person is liable for
13 copyright infringement by another if the person knows or should
14 have known of the infringing activity and induces, causes, or
15 materially contributes to the activity.
16         Plaintiff has the burden of proving each of the
17 following by a preponderance of the evidence.  First, that
18 there was direct infringement of BMG's copyrighted works by
19 users of Cox's Internet service.
20         And second, that Cox knew or should have known of
21 such infringing activity.
22         And third, that Cox induced, caused, or materially
23 contributed to such infringing activity.
24         In copyright law, willful blindness is considered to
25 be knowledge.  Cox would be found to have acted with willful

Appeal: 16-1972    Doc: 22-4    Filed: 11/07/2016    Pg: 403 of 603    Total Pages:(2180 of 2978)
Case 2:16-cv-05051-GW-AFM   Document 498   Filed 04/24/18   Page 4 of 7   Page ID #:14538
Case 1:14-cv-01611-LO-JFA   Document 751   Filed 12/16/15   Page 32 of 165 PageID# 21381

2148

1    blindness if it was aware of a high probability that Cox users
2    were infringing BMG's copyrights but consciously avoided
3    confirming that fact.
4             A copyright may also be infringed by vicariously
5    infringing.  A person is liable for copyright infringement by
6    another if the person has a financial interest in the right and
7    ability to supervise the infringing activity, whether or not
8    the person knew of the infringement.
9             In order to prove vicarious copyright infringement,
10   BMG has the burden of proving each of the following by a
11   preponderance of the evidence.  First, that there was direct
12   infringement of BMG's copyrighted works by users of Cox's
13   Internet service.
14            Second, that Cox had a direct financial interest in
15   such infringing activity.
16            And third, that Cox had the right and ability to
17   supervise such infringing activity.
18            Rightscorp is BMG's agent.  Any act or omission of
19   Rightscorp within the scope of Rightscorp's authority granted
20   by BMG is considered to be an act or omission by BMG.
21            The fact that I am instructing you as to the proper
22   measure of damages should not be considered as indicating any
23   view of mine as to which party is entitled to your verdict in
24   this case.  Instructions as to the measure of damages are given
25   for your guidance only in the event that you should find in

Appeal: 16-1972      Doc: 22-4         Filed: 11/07/2016       Pg: 404 of 603       Total Pages:(2181 of 2978)
Case 2:16-cv-05051-GW-AFM   Document 498   Filed 04/24/18   Page 5 of 7   Page ID #:14539
Case 1:14-cv-01611-LO-JFA   Document 751   Filed 12/16/15   Page 33 of 165 PageID# 21382

2149

```
 1  favor of the plaintiff from a preponderance of the evidence in
 2  the case in accordance with the other instructions.
 3          If you find that Cox is liable for contributory
 4  infringement, or if you find Cox is liable for vicarious
 5  infringement, then you should consider the amount of money to
 6  award BMG.
 7          If you find that Cox is neither liable for
 8  contributory or vicarious infringement, you should not consider
 9  this issue.
10          BMG seeks an award of statutory damages under the
11  Copyright Act.  Statutory damages are damages that are
12  established by Congress in the Copyright Act because actual
13  damages in copyright cases are often difficult to establish
14  with precision.  The purposes are to compensate the copyright
15  owner, penalize the infringer, and deter future copyright law
16  violations.
17          The amount awarded must be between 750 and $30,000
18  for each copyrighted work that you found to be infringed.  If
19  BMG proves that Cox acted willfully in contributorily or
20  vicariously infringing BMG's copyrights, you may, but are not
21  required to, increase the statutory damage award to a sum as
22  high as $150,000 per copyrighted work.
23          You should award as statutory damages an amount that
24  you find to be fair under the circumstances.  In determining
25  the appropriate amount to award, you may consider the following
```

Appeal: 16-1972    Doc: 22-4    Filed: 11/07/2016    Pg: 405 of 603    Total Pages:(2182 of 2978)
Case 2:16-cv-05051-GW-AFM   Document 498   Filed 04/24/18   Page 6 of 7   Page ID #:14540
Case 1:14-cv-01611-LO-JFA   Document 751   Filed 12/16/15   Page 34 of 165 PageID# 21383

2150

1  factors: The profits that Cox earned because of the
2  infringement; the expenses Cox saved because of the
3  infringement; the revenues that BMG lost because of the
4  infringement; the difficulty of proving BMG's damages; the
5  circumstances of the infringement; whether Cox acted willfully
6  or intentionally in contributorily or vicariously infringing
7  BMG's copyrights; deterrence of future infringement; and the
8  amount of harm, in the form of monetary loss, that BMG could
9  reasonably have avoided but for the failure to mitigate
10 damages, if you find that BMG did fail to mitigate.
11       You should award statutory damages whether or not
12 there is evidence of the actual damage suffered by BMG, and
13 your statutory damage award need not be based on the actual
14 damages suffered by BMG.
15       Cox's contributory or vicarious infringement is
16 considered willful if BMG proves by a preponderance of the
17 evidence that Cox had knowledge that its subscribers' actions
18 constituted infringement of BMG's copyrights, acted with
19 reckless disregard for the infringement of BMG's copyrights, or
20 was willfully blind to the infringement of BMG's copyrights.
21       In this case, Cox asserts the affirmative defense of
22 failure to mitigate damages. Cox must prove each element of
23 this defense by a preponderance of the evidence.
24       Plaintiff has a duty to use reasonable efforts to
25 mitigate damages. To "mitigate" means to avoid or reduce

Appeal: 16-1972    Doc: 22-4    Filed: 11/07/2016    Pg: 406 of 603    Total Pages:(2183 of 2978)
Case 2:16-cv-05051-GW-AFM   Document 498   Filed 04/24/18   Page 7 of 7   Page ID #:14541
Case 1:14-cv-01611-LO-JFA   Document 751   Filed 12/16/15   Page 35 of 165 PageID# 21384

2151

1   damages.
2           The defendant has the burden of proving by a
3   preponderance of the evidence, one, that the plaintiff, BMG,
4   failed to use reasonable efforts to mitigate damages; and, two,
5   the amount by which damages would have been mitigated.
6           You must follow these rules while deliberating and
7   returning your verdict.  First, when you go to the jury room,
8   you must select a foreperson.  The foreperson will preside over
9   your discussions and speak for you here in court.
10          Second, it is your duty as jurors to discuss this
11  case with one another in the jury and try to reach an
12  agreement.
13          Each of you must make your own conscientious
14  decision, but only after you've considered all the evidence,
15  discussed it fully with the other jurors, and listened to the
16  views of the other jurors.
17          Do not be afraid to change your opinions if you -- if
18  the discussion persuades you that you should, but do not make a
19  decision simply because other jurors think it is right or
20  simply to reach a verdict.  Remember at all times that you are
21  judges of the facts, and your sole interest is to seek the
22  truth from the evidence in the case.
23          Third, if you need to communicate with me during your
24  deliberations, you may send a note to me through Joe signed by
25  one or more of the jurors.  I will respond as soon as possible