JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-5051-GW(AFMx) | Date | July 30, 2018 |
|---|---|---|---|
| Title | *ALS Scan, Inc. v. Cloudflare, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jay M. Spillane | John L. Ambrogi, by telephone |

**PROCEEDINGS:** DEFENDANT STEADFAST NETWORKS, LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES [530]

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would DENY Defendant's Motion.

: 04

Initials of Preparer    JG

<u>*ALS Scan, Inc. v. Cloudflare, Inc., et al.*</u>, Case No. CV-16-5051-GW-(AFMx)
Tentative Ruling on Defendant Steadfast's Motion for an Award of Attorneys' Fees and Expenses

**I. <u>Background</u>**

   **A. Factual Background**

   ALS Scan, Inc. ("Plaintiff") sued Cloudflare, Inc. ("Cloudflare"); Dolphin Media Ltd. ("Dolphin"); Hivelocity Ventures Corporation ("Hivelocity"); and Steadfast Networks, LLC ("Steadfast") (collectively, "Defendants")[1] for various claims related to Defendants' alleged infringement of Plaintiff's copyrighted and trademarked works.  *See generally* Third Am. Compl. ("TAC"), Docket No. 148.  The TAC asserted six causes of action: (1) direct copyright infringement, against Dolphin; (2) contributory copyright infringement, against all Defendants; (3) vicarious copyright infringement, against Dolphin, Hivelocity, and Steadfast; (4) direct trademark infringement, against Dolphin; (5) direct trademark counterfeiting, against Dolphin; and (6) contributory trademark infringement, against Dolphin, Hivelocity, and Steadfast.  *Id.*

   The TAC alleged as follows:

   Plaintiff owns a library of copyrighted and trademarked works of adult entertainment.  *Id.* ¶ 3.  Plaintiff's works are repeatedly infringed by pirate Internet sites, which display Plaintiff's works without its permission.  *Id.* ¶ 4.  These sites are supported by third-party service providers that continue doing business with the sites even after receiving actual notices of infringement from Plaintiff.  *Id.* ¶ 6.

   Steadfast operates servers on which pirate sites reside and provides domain name system ("DNS") service to pirate sites, including imagebam.com.  *Id.* ¶¶ 13, 25, 46.  Steadfast physically hosts these pirate sites on its servers, routes internet traffic to those sites, and is in control of a master switch that keeps those sites (including imagebam.com) online and available.  *Id.* ¶ 50.  Plaintiff sent numerous notifications to Steadfast alerting it to infringing content on imagebam.com, but Steadfast has failed to implement or enforce a repeat infringer policy by removing imagebam.com from its servers.  *Id.* ¶ 47.

---

[1] The Court previously granted Defendant Tiger Media, Inc.'s ("Tiger") motion to dismiss the First Amended Complaint as to Tiger.  *See* Docket No. 53.  Plaintiff did not seek to file an amended complaint against Tiger.  In addition, on February 23, 2017, Plaintiff dismissed Defendants Hebergement OVH Inc. and OVH SAS from this action.  *See* Docket No. 113.

1

### B. Procedural Background

Plaintiff sued Steadfast for contributory copyright infringement (Claim II), vicarious copyright infringement (Claim III), and contributory copyright infringement (Claim VI).[2] Plaintiff sought actual damages, statutory damages, disgorgement of profits, attorneys' fees and costs, injunctive relief and such other relief as the Court deems appropriate. *See* TAC at 19:18-20:4. On March 30, 2018 the Court granted Defendant Steadfast's motion for summary judgment[3] and dismissed all claims against Steadfast with prejudice. *See* Mar. 26, 2018 Civil Minutes, Docket No. 443.

Now pending before the Court is Steadfast's motion for attorneys' fees. *See* Defendant Steadfast's Memorandum in Support of Its Motion for an Award of Attorneys' Fees and Expenses ("Motion"), Docket No. 531. Plaintiff filed an opposition to the Motion, and Steadfast subsequently filed a Reply. *See* Plaintiff's Memorandum of Points and Authorities in Opposition to Steadfast's Motion for Attorneys' Fees ("Opp'n"), Docket No. 542; Defendant Steadfast's Reply in Support of its Motion for an Award of Attorneys' Fees and Expenses ("Reply"), Docket No. 543.

## II. Legal Standard

"Under the Copyright Act, a district court has discretion to award attorneys' fees to the prevailing party." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 695 F.3d 946, 957 (9th Cir. 2012), *rev'd on other grounds*, 134 S. Ct. 1962 (2014) (citing 17 U.S.C. § 505). Prevailing, on its own,

---

[2] Plaintiff made similar though less detailed allegations against Steadfast in its Second Amended Complaint ("SAC"). *See* Docket No. 64 at ¶¶ 15, 49. Steadfast successfully moved to dismiss the SAC, but the Court granted leave to amend. *See generally* Minute Order Granting Steadfast Networks LLC's Motion to Dismiss ("MTD Ruling"), Docket No. 111. The Court dismissed Plaintiff's claims against Steadfast because Plaintiff only alleged Steadfast "hosted" pirate sites, but did not provide any additional allegations as to Steadfast's control over those sites. *See* MTD Ruling at 7-10. With respect to contributory copyright Infringement (Count II), the Court found that Plaintiff failed to sufficiently allege material contribution and/or inducement. *See id.* at 7. With respect to vicarious infringement, the Court found that Plaintiff failed to allege "that Steadfast has a direct financial interest in the infringing activity or has the right and ability to stop the infringing conduct." *Id.* at 9. Finally, with respect to contributory trademark infringement, the Court found that Plaintiff failed to allege that Steadfast induced infringement by the third party pirate sites and failed to allege that Steadfast controls or monitors any instrumentality used by imagebam.com to engage in trademark infringement. *Id.* After Plaintiff amended, Steadfast answered the TAC on April 10, 2017. *See* Docket No. 163.

[3] The first of Defendant Steadfast's summary judgment motions, which the Court granted, pertained to the substantive elements of Plaintiff's Second, Third, and Sixth Causes of Action. *See* Defendant Steadfast's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("MSJ I"), Docket No. 344. As a result of the Court's ruling on MSJ I, Defendant Steadfast's second summary judgment motion was deemed moot and on that basis denied. *See* Ruling on Defendant Steadfast's Motion for Partial Summary Judgment at 1, Docket No. 443; Defendant Steadfast's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment ("MSJ II"), Docket No. 339.

is insufficient to justify an award of attorneys' fees. *See McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir. 1987) ("[W]e do not believe Congress intended that the prevailing plaintiff should be awarded attorneys' fees in every case."). "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorneys' fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

In full, the Copyright Act provides in 17 U.S.C. § 505 that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorneys' fee to the prevailing party as part of the costs.

The Ninth Circuit has delineated a non-exclusive list of factors for district courts to consider when deciding whether to award attorneys' fees, and those factors include "[1]the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness . . . and [5] the need in particular circumstances to advance considerations of compensation and deterrence." *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) (internal citations omitted).

The Ninth Circuit "has emphasized that in considering motions for attorneys' fees under § 505 of the Copyright Act, the district court should 'seek to promote the Copyright Act's objectives.' " *Id.* (quoting *Historical Research v. Cabral*, 80 F.3d 377, 378–79 (9th Cir. 1996)). District courts may exercise their discretion in awarding attorneys' fees only in "exceptional cases." *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008) (quoting 28 U.S.C. § 1117(a)). The Ninth Circuit "construe[s] the 'exceptional circumstances' requirement narrowly." *Id.* "Exceptional circumstances can be found when the non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Id.* (internal citations and quotation marks omitted); *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) ("[T]he determination whether a case is 'exceptional' under § 285 is a matter of discretion.").

### III. Analysis

Steadfast argues that all five of the factors listed above support an award of attorneys' fees. Motion at 10-18. The Court thus considers Steadfast's arguments as they pertain to each individual factor.

#### A. Degree of Success

The "degree of success" factor weighs "more in favor of a party who prevailed on the

merits, rather than on a technical defense." *DuckHole Inc. v. NBCUniversal Media LLC*, 2013 U.S. Dist. LEXIS 157304, at *4 (C.D. Cal. Oct. 25, 2013) (holding that the "degree of success" factor supported an award of attorneys' fees because the moving party prevailed on a motion to dismiss without leave to amend)). Steadfast argues that because it prevailed in this case by offering arguments on the merits, the first factor from *Magnuson* favors an award of attorney fees. Motion at 10-11. Given that Steadfast succeeded on a motion for partial summary judgment, *see* Ruling on Defendant Steadfast's Motion for Partial Summary Judgment ("Summary Judgment Ruling"), Docket No. 443, and that Plaintiff did not address the degree-of-success factor in its Opposition brief, *see generally* Opp'n, the Court would agree that this factor supports Steadfast's motion.

### B. Frivolousness and Objectively Reasonableness

Steadfast argues that Plaintiff's theories of contributory and vicarious copyright infringement were frivolous and thus the second factor listed in *Magnuson* supports an award of attorneys' fees. Motion at 11-14. Citing to *Perfect 10, Inc. v. Giganews, Inc.*, 2015 U.S. Dist. LEXIS 54063, at *20 (C.D. Cal. Mar. 24, 2015) (noting that a frivolous claim "is one that, in either the factual or legal assertions . . . , involv[es] fantastic or delusional scenarios") (internal quotations and citation omitted), Steadfast argues that Plaintiff's claims required fantastic or delusional assumptions and would have obviously resulted in failure, Motion at 11-12. Steadfast also contends Plaintiff's claims were objectively unreasonable "[f]or the same reasons showing frivolousness," and thus the fourth factor listed in *Magnuson* also supports an award of attorneys' fees. Motion at 15-16. The Court finds Steadfast's reasoning flawed on this issue on several grounds, and it will analyze reasonableness and frivolousness together.

"A case may be deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal quotations and citation omitted). Additionally, a claim is objectively unreasonable when the party asserting it "should have known from the outset that its chances of success in this case were slim to none." *Marcus v. ABC Signature Studios, Inc.*, No. 17-cv-00148-RSWL-(AJWx), 2017 U.S. Dist. LEXIS 192889, at *8 (C.D. Cal. Nov. 20, 2017) (citing *SOFA Entertainment, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013)).

Despite Steadfast's contentions, the Court's earlier holding that Plaintiff's contributory copyright claim "ha[d] no basis in the case law" does not necessitate that an unsuccessful result

4

should have been obvious to Plaintiff. *See* Motion at 12; *Perfect 10, Inc.*, 2015 U.S. Dist. LEXIS 54063, at *20-21 (holding that the plaintiff's claims, although unsuccessful, were not frivolous because they involved "difficult and somewhat novel questions of law"). The lack of evidence supporting Plaintiff's vicarious copyright infringement claim does not necessarily mean that Plaintiff was making fantastic or delusional allegations in the TAC. *See Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013) ("the mere fact that [plaintiff] lost," even as a matter of law, "cannot establish his objective unreasonability"). The Court would conclude that Plaintiff's claims were not frivolous or objectively unreasonable simply because this Court dismissed those claims and justified its conclusion with reference to existing case law. *See VMG Salsoul, Ltd. Liab. Co. v. Ciccone*, 824 F.3d 871, 887 (9th Cir. 2016) (vacating an award of attorneys' fees because the plaintiff's claims were not objectively unreasonable, even though the court affirmed the district court's dismissal of those claims).

Indeed, the Court dismissed Plaintiff's claims only after a fifteen-page discussion that included detailed analysis of relevant precedent, comments about aspects of the case law that remain unclear, and findings that Plaintiff had successfully established several requirements for a contributory copyright infringement claim.[4] Summary Judgment Ruling at 8-22. Moreover, the Court notes that Steadfast's Motions for Partial Summary Judgment (Docket Nos. 338, 343) were filed after Plaintiff had added more allegations to its TAC in response to Steadfast's earlier Motion to Dismiss (Docket No. 90). The fact that Steadfast waited throughout a period of discovery and alternative dispute resolution before filing its Motions for Partial Summary Judgment, rather than responding to the TAC with another motion to dismiss, suggests that not even Steadfast considered Plaintiff's allegations to be fantastic or delusional. *See* Motion at 6-9.

Given the foregoing analysis, the Court would find that Plaintiff's claims were neither frivolous nor objectively unreasonable. Therefore, the second and fourth factors from *Magnuson* do not support awarding attorneys' fees to Steadfast.

**C. Motivation**

"[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party," and "[a] finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." *Marcus*,

---

[4] Rather than regurgitating the full, detailed discussion here, the Court would refer the parties to the Summary Judgment Ruling.

5

2017 U.S. Dist. LEXIS 192889, at *10 (quoting *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. CV 13-00496 SOM-BMK, 2015 U.S. Dist. LEXIS 127213, 2015 WL 5601853, at *7 (D. Haw. Sept. 23, 2015)). Steadfast offers three arguments to suggest Plaintiff had improper motive: (1) it should have been obvious to Plaintiff that its claims against Steadfast were meritless; (2) Plaintiff wanted to test an "outlandish" legal theory against Steadfast; and (3) Plaintiff failed to take reasonable measures to protect its copyrighted works. Motion at 14-15. Steadfast cites no cases to support any of these arguments in its Motion, and does not even address Plaintiff's motivation in its Reply. *See generally* Motion; Reply.

Steadfast's first two arguments essentially repeat its arguments pertaining to frivolousness and objective reasonableness, and they fail for the same reasons discussed above. The Court also finds that without any evidence regarding Plaintiff's intentions in filing this suit, Steadfast has offered nothing to support its allegations that Plaintiff's motivation supports an award of attorneys' fees. Unlike *DuckHole, Inc.*, in which the court found insufficient evidence of bad faith *even after* the plaintiff failed to respond in writing to numerous warnings that its claims against the defendant were meritless, *DuckHole Inc.*, 2013 U.S. Dist. LEXIS 157304, at *9-11, in this case it seems Plaintiff *was* responsive to Steadfast's objections. Plaintiff not only amended its complaint in response to Steadfast's Motion to Dismiss, *see generally* Defendant Steadfast's Motion to Dismiss; TAC, but also made several substantive arguments attempting to justify the validity of its claims, *see, e.g.*, Plaintiff's Omnibus Memorandum of Points and Authorities in Opposition to Motions for Summary Judgment, Docket No. 365. Accordingly, the Court concludes that the third factor from *Magnuson* does not support awarding attorneys' fees to Steadfast.

### D. Need for Compensation and Deterrence

"In assessing the fifth factor, courts determine whether the attorneys' fees award would advance considerations of compensation and deterrence." *Marcus*, 2017 U.S. Dist. LEXIS 192889, at *10 (quoting *Fantasy*, 94 F.3d at 558 n.2). Steadfast argues that considerations of compensation and deterrence favor an award of attorneys' fees because it will "discourage serial litigants from bringing unmeritorious suits and then unnecessarily driving up litigation costs in order to drive a settlement." Motion at 16 (citing *Perfect 10, Inc.*, 2015 U.S. Dist. LEXIS 54063, at *36-37). Steadfast also argues that attorneys' fees should be awarded as an incentive for future defendants in copyright cases to litigate on the merits, in order to develop the body of

precedent pertaining to such cases and thus to "further[] the purposes of the Copyright Act." *Id.* at 16.

Both of Steadfast's arguments rest on either the premise that Plaintiff's claims were so frivolous or unreasonable that future plaintiffs should be deterred from attempting to make such claims, or that the claims were so meritless that Steadfast should be compensated for allowing the case to progress as far as a motion for partial summary judgment. Once again, the Court rejects these arguments. Plaintiff's claims were not so baseless that the Copyright Act would seek to deter future plaintiffs from attempting to support them. *See Caiz v. Roberts*, No. 15-09044-RSWL-(AGRx), 2017 U.S. Dist. LEXIS 29794, at *8-9 (C.D. Cal. Mar. 1, 2017) (holding that considerations of compensation and deterrence did not support an award of attorney fees because the plaintiff had raised "debatable issues" and could be seen as having a "legitimate reason for bringing the lawsuit," even though they ultimately lost). Moreover, Plaintiff accurately points out that Steadfast offers no evidence to support its suggestion that Plaintiff is a "serial litigant" or that Plaintiff has lost any prior case under comparable circumstances.

E. **Summation**

This Court would conclude that among the five factors listed in *Magnuson*, only one supports Steadfast's request for attorneys' fees. Although this list of factors is not exhaustive of what the Court may consider in rendering its decision, Steadfast has offered no other persuasive reason for the Court to grant the Motion. *See generally* Motion; Reply. Therefore, the Court would exercise its discretion in concluding that this is not an "exceptional case" in which attorneys' fees ought to be awarded to the prevailing party in a copyright dispute. *See Classic Media, Inc.*, 532 F.3d at 990 (internal quotations and citation omitted).

IV. **Conclusion**

For the reasons stated above, the Court would **DENY** Defendant Steadfast's Motion for Attorneys' Fees.